UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

In re:

Wisconsin & Milwaukee Hotel LLC,

Debtor.

Case No. 24-21743-gmh
Chapter 11

**NOTICE AND APPLICATION OF DEBTOR FOR AUTHORITY TO RETAIN AND EMPLOY RICHMAN & RICHMAN LLC AS COUNSEL FOR THE DEBTOR EFFECTIVE AS OF APRIL 10, 2024**

Wisconsin & Milwaukee Hotel LLC ("**Debtor**" or "**WMH**") hereby submits this application ("**Application**") for entry of an order pursuant to Sections 327(a), and 330 of Title 11 of the United States Code ("**Bankruptcy Code**"); Rules 2014(a), and 2016 of the Federal Rules of Bankruptcy Procedure ("**Bankruptcy Rules**"); authorizing the Debtors to retain and employ the law firm of Richman & Richman LLC ("**R&R**" or the "**Firm**"), effective as of April 10, 2024 (the "**Effective Date**"). In support of this Application, the Debtor states as follows below. In further support of this Application, the Debtor submits the Declaration of Michael P. Richman ("**Richman Declaration**"), attached hereto as **Exhibit A** and incorporated herein.

**Jurisdiction and Venue**

1. This court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 1334 and 157(a) and the district court's order of reference entered in the Eastern District of Wisconsin. As a matter concerning the administration of the bankruptcy estate, this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A). Venue is proper before this court pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicates

for the relief sought herein are 11 U.S.C. §§ 327(a) and 330, Rules 2014(a) and 2016 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Local Rule 2014 of the United States Bankruptcy Court for the Eastern District of Wisconsin (the "**Local Rules**").

## Background

2. On April 9, 2024, the Debtor filed a voluntary petition for relief under chapter 11 of title 11 of United States Code ("**Bankruptcy Code**"), commencing the above-captioned bankruptcy case [Doc 1] (the "**Case**"). The Debtor is authorized to operate its business as a debtor in possession pursuant to 11 U.S.C. §§ 1107(a) and 1108.

3. The Debtor owns and operates the Milwaukee Marriott Downtown, a full-service, high-end hotel located in the heart of downtown Milwaukee.

## The Debtor's Retention of R&R

4. The Debtors retained R&R on April 5, 2024, as memorialized by an engagement agreement ("**Bankruptcy Engagement Agreement**") between the Debtors and R&R, for R&R to represent the Debtors in preparing for and filing this Case, and representing the Debtor as its primary bankruptcy counsel during this Case.

5. Under the Bankruptcy Engagement Agreement, R&R was paid $43,000.00 as an initial advance payment retainer ("**Retainer**"). As of the commencement of this Case, the outstanding unapplied balance of the Retainer is $31,826.00.

## Requested Relief

6. The Debtor files this Application seeking to retain and employ R&R as its counsel in this Case, effective as of the Effective Date. The Debtor believes that its continued representation by R&R in this Case is appropriate because of R&R's familiarity with the Debtor, the Debtor's business and capital structure, and because R&R's insolvency professionals have extensive experience in the areas of debtor and creditor rights and remedies in insolvency and reorganization matters generally; and under the Bankruptcy Code specifically.

### A. Scope of R&R's Employment

7. Local Rule 2014 requires that an employment application "must include a specific recitation of the anticipated services to be rendered together with the proposed method of calculating compensation." *See* Local Rule 2014(a). Subject to the Court's approval of its retention, R&R will act as general bankruptcy counsel to the Debtor, which shall include performing such legal services as may be required under the circumstances of this Case that are deemed to be in the interest of the Debtor as set forth in the Bankruptcy Code. The specific professional services that the Debtor expects that R&R will be called upon to render include (but are not limited to) the following:

   (a) advising the Debtor with respect to their powers and duties as a debtor in possession and the continued management and operation of its businesses and properties;

   (b) assisting the Debtor with the continuation of debtor in possession operations and monthly reporting requirements;

   (c) advising the Debtor and taking all necessary action to protect and preserve the Debtor's estates, including prosecuting actions on behalf of

3

the Debtor, defending any actions commenced against the Debtor, and representing the Debtor's interests in negotiations concerning litigation in which the Debtor is involved;

(d) preparing amendments to bankruptcy schedules, statements of financial affairs, and all related documents as necessary;

(e) assisting with the preparation of a plan of reorganization and the related negotiations and hearings;

(f) preparing pleadings in connection with the chapter 11 case, including motions, applications, answers, orders, reports, and papers necessary or otherwise beneficial to the administration of the Debtor's estates;

(g) analyzing executory contracts and unexpired leases, and the potential assumptions, assignments, or rejections of such contracts and leases;

(h) advising the Debtor in connection with any potential sales of assets;

(i) appearing at and being involved in various proceedings before this Court or other courts to assert or protect the interests of the Debtor and their estates;

(j) analyzing claims and prosecuting any meritorious claim objections; and

(k) performing other legal services for the Debtor that may be necessary and proper in connection with this Case.

8. Accordingly, the Debtor submits that it is necessary and appropriate that R&R be employed as its counsel to render these services. R&R has indicated its willingness to act on the Debtor's behalf and to render these services.

### B. R&R's Qualifications

9. The Debtor selected R&R as its counsel because of the extensive expertise of R&R's attorneys in the fields of debtor and creditor law and business reorganizations under Chapter 11 of the Bankruptcy Code, as more fully set forth in the Richman Declaration.

4

10. Attorneys at R&R are also qualified to serve as the Debtor's counsel because they have become familiar with the Debtor's business affairs and capital structure. R&R's knowledge, expertise, and relevant background to deal effectively with many of the legal issues that may arise in the context of bankruptcy cases will enable it to work in an efficient and cost-effective manner on behalf of the Debtor's estate.

### C. Compensation

11. Under Section 328(a) of the Bankruptcy Code, the Court may approve R&R's retention on any reasonable terms. The Debtor submits that the terms and conditions agreed to between R&R and the Debtor, as detailed in the Bankruptcy Engagement Agreement, this Application, and the Richman Declaration, are reasonable.

12. The names, positions, and current hourly rates of R&R's professionals and paraprofessionals presently expected to have primary responsibility for providing services to the bankruptcy estate are indicated in the following table. Additionally, each attorney and paraprofessional's biography and hourly billing rate are set forth on the Summary of Professionals, attached hereto and incorporated herein as **Exhibit B**.

| Name | Title | Years Experience | Hourly Rate |
|---|---|---|---|
| Michael P. Richman | Member | 44 | $750 per hour |
| Claire Ann Richman | Member | 30 | $575 per hour |
| Eliza M. Reyes | Associate | 19 | $450 per hour |
| David T. Fowle | Paralegal | 2 | $195 per hour |
| | Law Clerks | N/A | $195 per hour |

13. R&R may use the services of other attorneys, law clerks and paraprofessionals at R&R during the course of this case. If the services of other attorneys, law clerks and paraprofessionals not listed above are used, R&R will charge the bankruptcy estate at the individual's current hourly rate for similar work. R&R hourly rates for other attorneys and paraprofessionals fall within the range of $175 to $575 per hour. R&R, as part of its ordinary business practice, periodically reviews and adjusts the hourly rates it charges for professional services. These adjustments typically occur at the beginning of each calendar year.

14. R&R will seek court approval of compensation and reimbursement of actual, necessary, and reasonable expenses upon the filing of appropriate applications for interim and final compensation pursuant to 11 U.S.C. §§ 330 and 331, and otherwise pursuant to any interim compensation procedures the Court may approve. R&R intends to seek compensation based on the work performed, billed at the hourly rates of the attorneys, law clerks and paraprofessionals of the firm, plus reimbursement of the actual and necessary expenses R&R incurs, in accordance with the ordinary and customary rates which are in effect on the date the services are rendered, including, but not limited to, photocopies, postage, mileage (charged at the IRS rate in effect on the date of travel), courier service, computer assisted research, docket and court filing fees, document retrieval fees, court reporting charges, and any other incidental costs advanced by the Firm specifically for these matters, at the rates commonly charged for such costs to other R&R clients.

### R&R Does Not Hold or Represent Any Adverse Interest

15. To the best of the Debtors' knowledge, except as may be disclosed in the Richman Declaration, R&R (a) does not hold or represent any interest adverse to the Debtor or their bankruptcy estates, their creditors, or any other party in interest and (b) is a "disinterested person" as that term is defined in 11 U.S.C. § 101(14). Because R&R has an active Wisconsin state-wide and national bankruptcy practice, the Debtor is aware that R&R may represent, or may have represented, certain creditors of the Debtors' estate or other parties-in-interest in matters unrelated to the Debtors or these cases.

### Notice

16. Pursuant to Local Rule 2014, notice of this Application shall be served upon the following or their respective counsel, (a) the United States Trustee for the Eastern District of Wisconsin; (b) the Debtor, (c) the Debtor's attorney; (d) the attorney for any committee appointed under the Bankruptcy Code; and (e) any other persons or parties designated by the Court.

17. The Debtor asserts that notice has been provided to all required parties through the filing of this application via the Court's CM/ECF system, and by service on the Debtor as specified in the attached Certificate of Service, and requests that if no objection or request for hearing is filed within **14 days of the filing of this Application**, that the Court grant the relief requested, but no such order shall be entered prior to 21 days from the Petition Date, pursuant to F.R.B.P. 6003.

18. Subject to this Court's approval of this application, R&R has indicated that it is willing to serve as the Debtor's general bankruptcy counsel in the Chapter 11 Cases and perform the services described above.

WHEREFORE, Wisconsin & Milwaukee Hotel LLC respectfully requests entry of an order (a) granting this Application, (b) authorizing the retention of Richman & Richman LLC as general bankruptcy counsel for Wisconsin & Milwaukee Hotel LLC effective as of April 10, 2024, the date of the filing of this Application; and (c) granting such other and further relief as the Court deems just and appropriate.

Dated: April 10, 2024.

Wisconsin & Milwaukee Hotel LLC
By: Jackson Street Management, LLC

*[signature]*

By: Mark Flaherty, Manager

UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

In re:

Wisconsin & Milwaukee Hotel LLC,

Debtor.

Case No. 24-21743-gmh
Chapter 11

**DECLARATION OF MICHAEL P. RICHMAN PURSUANT TO F.R.B.P. 2014(a) AND IN SUPPORT OF NOTICE AND APPLICATION OF DEBTOR FOR AUTHORITY TO RETAIN AND EMPLOY RICHMAN & RICHMAN LLC AS COUNSEL FOR THE DEBTOR EFFECTIVE AS OF APRIL 10, 2024**

I, Michael P. Richman, hereby declare as follows:

1. I am a member of the law firm of Richman & Richman LLC ("**R&R**" or the "**Firm**"), whose offices are located at 122 W. Washington Avenue, Suite 850, Madison, Wisconsin, 53703. I submit this declaration pursuant to Fed. R. Bankr. P. 2014(a) in support of the Notice and Application of Debtor for Authority to Retain and Employ Richman & Richman LLC as Counsel for the Debtor Effective as of April 10, 2024 (the "**Application**"), of Wisconsin & Milwaukee Hotel LLC, the debtor herein ("**Debtor**" or "**WMH**").

2. Unless otherwise stated, the facts set forth herein are based on my personal knowledge, upon records maintained by R&R in the ordinary course of business, and which have been reviewed by me or other R&R attorneys or employees at my direction, or upon information provided to me by other R&R attorneys or employees. To the extent any information disclosed in this declaration requires

amendment or modification as additional information becomes available, a supplemental declaration will be submitted to the court.

**The Debtors' Retention of R&R**

3. The Debtors retained R&R on April 5, 2024, as memorialized by an engagement agreement ("**Bankruptcy Engagement Agreement**") between the Debtor and R&R, for R&R to represent the Debtor in preparing for and filing the above-captioned chapter 11 case (the "**Case**"), which was supplemented on April 9, 2024, prior to the commencement of the Case, to include representing the Debtor as its primary counsel during this Case.

4. Under the Bankruptcy Engagement Agreement, R&R was paid a total of $43,000.00 as an advance payment retainer ("**Retainer**"). As of the Petition Date, the outstanding unapplied balance of the Retainer is $31,826.00.

5. The Debtor seeks to retain and employ R&R as its counsel pursuant to 11 U.S.C. §§ 327(a) and 330, Federal Rules of Bankruptcy Procedure 2014 and 2016, and Rule 2014 of the Local Rules of the United States Bankruptcy Court for the Eastern District of Wisconsin. R&R has extensive experience and knowledge in the fields of corporate reorganization and bankruptcy law, which experience will enable it to work in an efficient and cost-effective manner on behalf of the Debtor's estate.

6. R&R has significant expertise representing debtors, creditors, creditors' committees, trustees, officers and directors, and other parties in interest in numerous bankruptcy cases. R&R attorneys also have knowledge of areas of law relevant to chapter 11 cases, and other debtor restructuring scenarios. Accordingly, I believe

R&R possesses the requisite expertise and background to handle matters likely to arise in this Case.

7. The services to be rendered by R&R include (but are not limited to) the following:

   a. advising the Debtor with respect to its powers and duties as debtor in possession and the continued management and operation of its businesses and properties;

   b. assisting the Debtor with the continuation of debtor in possession operations and monthly reporting requirements;

   c. advising the Debtor and taking all necessary action to protect and preserve the Debtor's estate, including prosecuting actions on behalf of the Debtor, defending any action commenced against the Debtor, and representing the Debtor's interests in negotiations concerning litigation in which the Debtor is involved;

   d. preparing amendments to bankruptcy schedules, statements of financial affairs, and all related documents as necessary;

   e. assisting with the preparation of a plan of reorganization and the related negotiations and hearings;

   f. preparing pleadings in connection with the chapter 11 case, including motions, applications, answers, orders, reports, and papers necessary or otherwise beneficial to the administration of the Debtor's estate;

   g. analyzing executory contracts and unexpired leases, and the potential assumptions, assignments, or rejections of such contracts and leases;

   h. advising the Debtor in connection with any potential sale of assets;

   i. appearing at and being involved in various proceedings before this Court or other courts to assert or protect the interests of the Debtor and its estate;

   j. analyzing claims and prosecuting any meritorious claim objections; and

   k. performing other legal services for the Debtor that may be necessary and proper in connection with these Chapter 11 Cases.

### R&R is a Disinterested Person Pursuant to 11 U.S.C. § 101(14)

8. To the best of my knowledge, information, and belief, R&R, including all members and staff thereof, is a disinterested person within the meaning of 11 U.S.C. § 101(14) and is eligible to serve as general bankruptcy counsel for the Debtors pursuant to 11 U.S.C. § 327.

9. I am not aware of any information indicating that R&R, its partners, associates, or I (a) hold or represent any interest adverse to the Debtors or their estates, their creditors or equity security holders; or (b) represent any other entity having an interest adverse to the Debtors in connection with these Chapter 11 Cases.

10. As far as I have been able to ascertain, other than as may be disclosed in this Declaration and in connection with rendering legal services to the Debtors, R&R does not have connections with the Debtors, their creditors, or any other party in interest in these Chapter 11 Cases, or the United States Trustee or any person employed in the Office of the United States Trustee with the exception of the following:

a) Attorney Eliza M. Reyes ("**Reyes**") was previously an associate at the law firm von Briesen & Roper, s.c. ("**VBR**"). Between approximately 2010 and 2012, VBR represented the City of Milwaukee via a consulting agreement pursuant to which city attorneys for the City of Milwaukee consulted with Reyes on bankruptcy matters as they arose. Reyes did not actually appear as counsel for the City of Milwaukee in any such bankruptcy matters, and has not since been engaged in any matter involving the City of Milwaukee.

b) Except as noted above, the attorneys of R&R have had connections with many of the attorneys expected to appear in this Case, but not related to this matter other than disclosed herein.

11. R&R employees, under my supervision, conducted a search of R&R's internal "conflicts" database for each of the following entities (collectively, the "**Search Parties**"):

- the Debtor;
- the Debtor's equity holders;
- the Debtor's management;
- the Debtor's secured and unsecured creditors; and
- other parties in interest.

12. After reviewing the conflicts search, I have determined that R&R has no conflicts with any party listed.

13. In addition, to the best of my knowledge, information, and belief, and in accordance with Bankruptcy Rule 5002, neither I, nor any attorney at R&R is a relative of any of the United States Bankruptcy Judges who may be assigned to this case, and R&R does not have a connection with any of the United States Bankruptcy Judges who would render R&R's retention in this Case improper.

14. R&R will continue to review the Debtors' complete lists of creditors. Based upon my review as of this date, I have determined that R&R does not represent any party who has a material adverse interest with respect to the Debtors.

15. In sum, I believe R&R: (a) does not hold or represent any interest adverse to the Debtors in connection with the matters for which R&R will be engaged; and (b) is disinterested.

16. R&R will periodically review its files during the pendency of the Chapter 11 Cases to ensure that no conflicts or other disqualifying circumstances exist or arise. If the results of further investigation reveal any additional connections, or if any new relevant facts or relationships are discovered or arise, R&R will use reasonable efforts to identify such future developments and will supplement this Declaration and make further disclosures as may be appropriate at that time.

## R&R's Professional Compensation

17. R&R intends to apply for compensation for professional services rendered in connection with these Chapter 11 Cases, subject to approval of this Court and in compliance with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, and any administrative order entered by this Court, on an hourly basis, plus reimbursement of actual, necessary expense and other charges incurred by R&R. I anticipate that the attorneys listed in the following table will have at least some responsibility for this engagement. These attorneys, including their hourly rates for this engagement are:

| Name | Title | Years Experience | Hourly Rate |
|---|---|---|---|
| Michael P. Richman | Partner | 44 | $750 per hour |
| Claire Ann Richman | Partner | 30 | $575 per hour |
| Eliza M. Reyes | Associate | 19 | $450 per hour |
| David T. Fowle | Paralegal | 2 | $195 per hour |
| | Law Clerks | N/A | $195 per hour |

18. The hourly rates set forth above are subject to periodic adjustments to reflect economic and other conditions, which adjustments typically occur at the beginning of each calendar year. R&R may use the services of other attorneys, law clerks and paraprofessionals at R&R during the course of this case. If the services of other attorneys, law clerks and paraprofessionals not listed above are used, R&R will charge the bankruptcy estate at the individual's current hourly rate for similar work. R&R hourly rates for other attorneys and paraprofessionals fall within the range of $175 to $575 per hour.

19. The Debtor has also agreed to reimburse R&R, subject to the Court's approval, for actual, out-of-pocket expenses incurred by R&R on the Debtor's behalf, including travel, off-site photocopying and off-site mailing services by third party vendors, messenger or overnight delivery, international and third-party conference calls, filing fees, title charges, and fees of expert witnesses, and court reporters. RR&R will charge for these expenses in a manner and at rates consistent with charges made generally to R&R's other clients. R&R will make every effort to minimize expenses in this Case.

20. R&R has not shared or agreed to share any compensation received in connection with this proceeding with any entity other than its members, counsel, or associates in accordance with 11 U.S.C. § 504(b).

I declare under penalty of perjury under the laws of the United States that, based upon my knowledge, information and belief as set forth in this Declaration, the foregoing is true and correct to the best of my knowledge.

7

Executed in Madison, Wisconsin this 10th day of April, 2024.

_____
Michael P. Richman

# EXHIBIT B

## UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF WISCONSIN

In re:

Wisconsin & Milwaukee Hotel LLC,

Debtor.

Case No. 24-21743-gmh
Chapter 11

### EXHIBIT B – SUMMARY OF PROFESSIONALS

The following is a list of all attorneys, professionals, paraprofessionals or other timekeepers performing services on the above-captioned case; a description of the experience and length of professional practice for each timekeeper; and the billing rate for each.

**Michael P. Richman**
**Partner, Admitted in 1979**
**Hourly billing rate: $750.00**

Attorney Michael P. Richman is a member of Richman & Richman LLC. Michael focuses on representing Chapter 11 business debtors, creditors and creditors' committees and advises on virtually everyaspect of financial distress and bankruptcy, as well as out-of-court restructurings. He is also an experienced litigator who frequently represents parties in commercial litigation in state and federal courts. In addition to chapter 11 business debtor, creditor, and creditor committee work, Michael's bankruptcy experience includes the prosecution and defense of complex preference and fraudulent conveyance cases, breach of duty claims against corporate insiders, and advocacy for purchasers of assets under Bankruptcy Code section 363. Prior to moving to Wisconsin in April 2018, Michael's legal practice was centered in New York City, the federal, state and bankruptcy courts located in the Southern District of New York, and he appeared frequently in Delaware. He maintains his active bar admission in New York, and continues to represent clients in bankruptcy and litigation matters across the nation. In a career of more than 40 years, Michael has appeared in courts in more than 20 states. Michael has served as President of the American Bankruptcy Institute ("ABI") (2004-05), as well as director (1996-2008), chairman of its board (2006-07) and a member of its management and executive committees. He served as chairman of the Section 363 Subcommittee of ABI's national commission to reform Chapter 11, and co-vice chair of ABI's National Ethics Task Force. He has for many successive years been named a "Super Lawyer" in peer surveys conducted by Thomson Reuters, including most recently for Wisconsin in 2023. He was recently honored by Best Lawyers as a 2024 Lawyer of the Year in Wisconsin.

Page 1

**Claire Ann Richman**
**Partner, Admitted in 1993**
**Hourly billing rate: $575.00**

Attorney Claire Ann Richman is a member of Richman & Richman LLC, concentrating her practice in bankruptcy, real estate, and commercial and claim litigation. She served on: ABI's Board of Directors, panel of chapter 7 trustees for the Western District of Wisconsin 2004-2011, National Association of Bankruptcy Trustees' New Trustee Advisory Committee, past chair of State Bar of Wisconsin's Bankruptcy, Insolvency and Creditors' Rights Section, co-chair of its Legislative Committee, chair of ABI's Central States Advisory Board, and State Bar of Wisconsin's Convention Committee. She received her B.A. from Marquette University in 1987 and graduated from the University of Wisconsin Law School in 1993. In addition to being admitted to practice in Wisconsin, she is admitted to practice in the Eastern District of Wisconsin, Western District of Wisconsin, Northern District of Illinois, and District of Colorado.

**Eliza M. Reyes**
**Associate, Admitted in 1997**
**Hourly billing rate: $450.00**

Attorney Eliza M. Reyes is an attorney with Richman & Richman LLC. Since 2005, her practice has focused on financial matters, with a practice primarily focused on representation of debtors, creditors, trustees, landlords, tenants, investors and most other parties in interest with issues before the bankruptcy, federal and state courts; including individual and commercial bankruptcy filings under Chapters 7, 13, 12, and 11; objections to discharge; fraudulent transfer issues; asset valuation issues; adversary proceedings; defense of foreclosure actions; debt collection; contract disputes; real estate matters; and individual, agricultural and commercial reorganizations. She is a member of the Bankruptcy, Insolvency, and Creditors' Rights Section and the Solo and Small Firm Section of the State Bar of Wisconsin. Eliza is a 1991 graduate of the University of Wisconsin-Milwaukee with a degree in Mass Communication/Journalism. She received her J.D. from the University of Illinois Chicago School of Law f/k/a The John Marshall Law School in 1997.

**David T. Fowle**
**Paralegal**
**Hourly billing rate: $195.00**

David T. Fowle received his B.A. in Liberal Arts at the University of Washington in 1998. He has worked as a legal assistant and paralegal in Washington State, supporting attorneys on various civil litigation matters. From 2018 to 2022, he worked in the in-house legal department at Spectrum Brands in Middleton, Wisconsin. David practices in the areas of bankruptcy and civil litigation.

| **Yabing Chong**<br>**Law Clerk**<br>**Hourly billing rate: $195.00**<br><br>Yabing Chong worked as an attorney in China for almost four years at the Beijing Kangda Law Firm. She recently completed her Master of Laws (LLM) at the University of Wisconsin Law School. As a Law Clerk with Richman & Richman LLC, Yabing assists in the representation of debtors and creditors in all aspects of cases in Chapters 7 and 11 of the Bankruptcy Code. |
|---|
| **Kayla L. Holmes**<br>**Law Clerk**<br>**Hourly billing rate: $195.00**<br><br>Kayla Holmes is a J.D. candidate at the University of Wisconsin Law School. She received her B.S. in Retail Merchandising from the University of Minnesota – Twin Cities in December, 2020. As a Law Clerk with Richman & Richman LLC, Kayla assists in the representation of debtors and creditors in all aspects of cases in Chapters 7 and 11 of the Bankruptcy Code. |
| **James E. Soo**<br>**Law Clerk**<br>**Hourly billing rate: $195.00**<br><br>James Soo is a J.D. candidate at the University of Wisconsin Law School. He received his B.A. in Political Science from Boston College in May, 2020. As a Law Clerk with Richman & Richman LLC, James assists in the representation of debtors and creditors in all aspects of cases in Chapters 7 and 11 of the Bankruptcy Code. |