# UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF WISCONSIN

In re:

Wisconsin & Milwaukee Hotel LLC,

Debtor.

Case No. 24-21743-gmh
Chapter 11

**INTERIM AGREED ORDER AUTHORIZING THE USE OF CASH COLLATERAL, GRANTING ADEQUATE PROTECTION, AND SCHEDULING HEARING ON FINAL AUTHORIZATION OF USE OF CASH COLLATERAL**

This matter came before the Court following the commencement of this case on April 9, 2024 (the "Petition Date"), upon the Emergency Motion of Wisconsin & Milwaukee Hotel LLC, the debtor herein ("**Debtor**" or "**WMH**"), for Interim and Final Orders (1) Authorizing the Use of Cash Collateral, (2) Granting Adequate Protection, and (3) Scheduling a Final Hearing on Final Authorization of Use of Cash

**Prepared by**:
Michael P. Richman
Richman & Richman LLC
122 W. Washington Avenue, Ste 850
Madison, WI 53703
Tel: (608)630-8990
Fax: (608-630-8991
mrichman@RandR.law

Collateral ("**Motion**"), seeking authority to use cash collateral and provide adequate protection to Computershare Trust Company, N.A. ("Lender"). This Court, having held a preliminary hearing to consider the Motion on April 17, 2024, as provided for under section 363(c) of the United States Bankruptcy Code, 11 U.S.C. § 101 *et seq.* (the "Code"), and Rule 4001 of the Federal Rules of Bankruptcy Procedure; upon the presentations of counsel and the pleadings herein, the agreement of the Debtor and the Lender to the relief provided on the terms herein, and the Court being otherwise fully advised in the premises,

THE DEBTOR AND THE LENDER STIPULATE AND THIS COURT FINDS AND CONCLUDES THAT:

1. The Debtor is authorized, on an interim basis, to use cash collateral, as the term is defined in Code § 363(a) ("Cash Collateral"), as provided in the budget attached hereto and incorporated herein as **Exhibit A**, through April 30, 2024 (the "Interim Period").

2. In order to protect the asserted security interests in Cash Collateral and other collateral held by Lender, as assignee of the Wisconsin Housing and Economic Development Authority ("**WHEDA**") that existed on or after the date of the filing of this Chapter 11 case, the Lender is hereby granted first position security interests, mortgages and liens (the "Replacement Liens") in and upon all property of the type described in Debtor's loan documents with WHEDA / Lender (the "Prepetition Loan Documents") that is acquired by the Debtor on and after the Petition Date. No

security interest, mortgage, or lien granted or arising on or after the Petition Date shall be senior to or *pari passu* with the Replacement Liens.

3. The Replacement Liens shall be deemed valid, binding, enforceable, and properly perfected upon entry of this Order without the execution or filing of any document otherwise required to be executed and/or filed, or the taking of any action otherwise required, under applicable non-bankruptcy law.

4. The Lender is hereby granted an allowed superpriority administrative expense claim in an amount not less than any diminution in the value of the Lender's collateral (the "Superpriority Claim"), which Superpriority Claim shall have priority over any and all other administrative expenses, whether heretofore or hereafter incurred, including, without limitation, the kind specified in or ordered pursuant to sections 105, 326, 328, 503(b), 506(c), 507(a), 507(b), 546(c), 726, 1113, or 1114 of the Code, whether or not such expenses are secured by a security interest, lien, or mortgage. Except as expressly provided in section 8 herein with respect to the Carve-Out (as defined herein) and the payment of certain fees to the United States Trustee, no other claim shall be granted or otherwise have a priority that is senior to or *pari passu* with the Superpriority Claim.

5. As additional adequate protection for the Lender's asserted security interests during the Interim Period, the Debtor shall make a payment to the Lender on or before May 9, 2024, which is equal to 25% of the "cash available for administrative expenses," as indicated in the Budget, after subtracting and accruing

for bankruptcy professional fees for the Interim Period, in accordance with the Budget.

6. The Debtor shall timely provide to the Lender all financial information required to be delivered to the Debtor by White Lodging Services Corp. ("White Lodging") under the Management Agreement between Debtor and White Lodging.

7. The Debtor shall continue to keep all of its property and Lender's interest in it insured under policies of insurance, and shall furnish to Lender upon request evidence of such insurance. Debtor shall also provide reports of its receipts and distributions consistent with the monthly reporting requirements for chapter 11 cases.

8. The Superpriority Claim shall be subject to the payment of (a) the allowed fees and expenses of counsel for the Debtor pursuant to sections 330 or 331 of the Code, as and when allowed on an interim or final basis pursuant to section 330 of the Code (the "Carve-Out") and (b) fees payable to the United States Trustee pursuant to 29 U.S.C. § 1930(a)(6). Nothing herein shall be construed to impair the ability of any party to object to any of the fees, expenses, reimbursement or compensation described above.

9. The final hearing ("Final Hearing") on the Motion will be held on _____, 2024 at ___: ____.m Central Time. Any objections or responses to the entry of a final order on the Motion must be filed no later than ____ p.m. Central Time on _____, 2024 ("Objection Deadline"), and must be served on the following parties or their respective counsel no later than the Objection Deadline:

(a) proposed counsel to the Debtor at Richman & Richman LLC, 122 W. Washington Avenue, Suite 850, Madison, WI, 53703, Attn: Attorney Michael P. Richman, mrichman@randr.law; (b) the office of the United States Trustee for the Eastern District of Wisconsin ("**UST**"); (c) counsel for the Lender at Reinhart Boerner Van Deuren s.c., 1000 N. Water Street, Suite 1700, Milwaukee, WI 53202, Attn: Attorney Frank W. DiCastri, fdicastri@reinhartlaw.com; (d) all parties in interest who have filed a notice of appearance in this Chapter 11 Case; and (e) any other party as ordered by the Court. If no objections or responses are filed as to the Motion and served by the Objection Deadline, the Court may enter a final order without further notice or hearing.

10. The requirements set forth in Rule 6003(b) of the Federal Rules of Bankruptcy Procedure are satisfied by the contents of the Motion.

11. Notwithstanding Bankruptcy Rule 6004(h), this Interim Order shall be effective and enforceable immediately upon its entry.

12. The Debtor is authorized and empowered to take all actions necessary to implement the relief granted in this Interim Order.

13. This Court shall retain exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

#####