So Ordered.

Dated: April 17, 2024



G. Michael Halfenger
Chief United States Bankruptcy Judge

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF WISCONSIN**
Court Minutes and Order

| | |
|---|---|
| CHAPTER: | 11 |
| DATE: | April 17, 2024 |
| JUDGE: | G. Michael Halfenger |
| CASE NO.: | 24-21743 |
| DEBTOR: | Wisconsin & Milwaukee Hotel LLC |
| NATURE OF HEARING: | First Day Motions and Motion to Use Cash Collateral |
| APPEARANCES: | Michael Richman and Eliza Reyes, for the debtor |
| | Cornelius Brown, for White Lodging Management Corp. |
| | Frank DiCastri, for Computershare Trust Company |
| | Laura Steele and Dillon Ambrose, for the United States Trustee |
| COURTROOM DEPUTY: | Emily Tauscheck |

  The court held a hearing on motions filed by the debtor within a week after the petition was filed, seeking interim relief on an expedited basis with respect to certain prepetition obligations to employees, the continued use of its cash management system and existing bank accounts, the use of cash collateral and adequate protection, and prepetition reservations and deposits, among other things. ECF Nos. 15, 16, 19 & 20.

  The court admitted into evidence, with no objection from any party, the supporting declarations of Mark Flaherty (ECF No. 21) and Gary Kunesh (ECF No. 26).

  Based on the record, for the reasons stated at the hearing, and subject to the limitations discussed by the parties and described by the court, the court will enter revised versions of the proposed orders on the motions filed by the debtor, granting the interim relief requested in those motions.

The court will hold a hearing on **April 29, 2024, at 3:30 p.m., in room 133 of the United States Courthouse, 517 East Wisconsin Avenue, Milwaukee, Wisconsin**, on the requests for final relief contained in the debtor's motions, as well as a final hearing on the use of cash collateral.

Any objections to the court granting final relief as requested in the debtor's motions must be filed with the court and served as required by the orders for interim relief by no later than **April 26, 2024**.

If any party in interest timely objects to the debtor's application to employ Richman & Richman LLC (ECF No. 10), the court will hear that application and any such objections to it at the April 29 hearing.

Proposed counsel for the debtor indicated that the debtor may file one or more other motions seeking interim or final relief on an expedited basis, such as a motion for authorization to pay sales tax that accrued before the petition was filed or a motion under 11 U.S.C. §366 with respect to utility service.

If the debtor files any such motion and serves it on all potentially affected parties on or before **April 22, 2024**, then the debtor must also file and serve a notice stating that the court will hear any objections to any such motions filed on or before **April 26, 2024**, at the April 19 hearing, but if no objections are filed by that date, then the court may grant the relief sought, without further notice or a hearing, subject to *de novo* review (as a motion for reconsideration) of any objections filed after the April 26 deadline but before the expiration of the application objection period.

If there are no timely filed objections to any of these requests (or all such objections are withdrawn or otherwise resolved, e.g., by stipulation and order), then the court may cancel the April 29 hearing and grant interim or final relief, based on the record, in whole or in part, without further notice or opportunity for a hearing.

The debtor must serve a copy of this minute order on all parties who are or may be affected by any of its pending or contemplated motions and file proof of such service by no later than **April 19, 2024**.

The audio of the hearing is posted on the docket.

#####