# UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| In re: | |
| | Case No. 24-21743-gmh |
| Wisconsin & Milwaukee Hotel LLC, | Chapter 11 |
| Debtor. | |

**ORDER GRANTING DEBTOR'S MOTION FOR ORDER PURSUANT TO SECTIONS 366 AND 105 OF THE UNITED STATES BANRKUPTCY CODE (1) PROHIBITING UTILITY PROVIDERS FROM ALTERING, REFUSING, OR DISCONTINUING SERVICES TO THE DEBTOR; (2) DEEMING UTILITY PROVIDERS ADEQUATELY ASSURED OF FUTURE PERFORMANCE; AND (3) ESTABLISHING PROCEDURES TO DETERMINE REQUESTS FOR ADDITIONAL ADEQUATE ASSURANCE OF PAYMENT**

Upon consideration of Wisconsin & Milwaukee Hotel LLC's Motion for Order

Pursuant to Sections 366 and 105(a) of the United States Bankruptcy Code (i)

**Prepared by**:
Michael P. Richman
Richman & Richman LLC
122 W. Washington Avenue, Ste 850
Madison, WI 53703
Tel: (608)630-8990
Fax: (608-630-8991
mrichman@RandR.law

Prohibiting Utility Providers from Altering, Refusing, or Discontinuing Services to the Debtor, (ii) Deeming Utility Providers Adequately Assured of Future Performance, and (iii) Establishing Procedures to Determine Requests for Additional Adequate Assurance of Payment (the "**Motion**") for entry of an order (i) prohibiting the Debtor's utility providers from altering, refusing, or discontinuing utility service to the Debtor; (ii) deeming the Debtor's utility providers adequately assured of future performance; and (iii) establishing procedures to determine requests for adequate assurance of payment by the Debtor's utility providers.[1]

The Court, finding that it has jurisdiction over the matters raised in the Motion pursuant to 28 U.S.C. § 1334; that this is a core proceeding under 18 U.S.C. § 157(2)(b); that notice of the Motion and the hearing on the Motion was sufficient under the circumstances; that the relief requested in the Motion is in the best interests of the Debtor, its bankruptcy estate, its creditors, and other parties in interest; and that after due deliberation of the record before this Court; good and sufficient cause exists to grant the relief set forth in this Order; therefore,

**IT IS HEREBY ORDERED**, that:

1. The Motion is granted.

2. Each of the Debtor's utility providers (collectively, the "**Utilities**") are prohibited from altering, refusing, or discontinuing utility service to the Debtor, absent a failure to comply with the following assurance procedures ("**Assurance Procedures**").

---

[1] All capitalized terms shall have the meanings ascribed to them in the Motion.

3. Absent any further order of this Court and except as otherwise provided herein, the Utilities will not be able to alter, refuse or discontinue service to, or discriminate against, the Debtor on account of the commencement of this Case or any unpaid pre-petition charges, and also will not be permitted to request payment of a deposit or receipt of other security in connection with any unpaid pre-petition charges.

4. In the event that any Utility has been inadvertently omitted from said Exhibit A, the Debtor, upon discovery of such omission, will file with this Court an amended Exhibit A (the "**Amended Exhibit**") adding the name of each omitted (and subsequently discovered) Utility (the "**Added Utilities**"), and promptly will serve on each Added Utility this Motion, the Amended Exhibit, and any order entered granting this Motion, as applicable.

5. Any Utility shall be allowed to submit a written request for additional adequate assurance of payment (an "**Additional Adequate Assurance Request**") by submitting such written request to proposed counsel to the Debtor: Richman & Richman LLC, Attn: Eliza M. Reyes, 122 W. Washington Avenue, Suite 850, Madison, Wisconsin, 53703, provided such Additional Adequate Assurance Request is received by the Debtor by **April 26, 2024**.

6. Any Additional Adequate Assurance Request must be made in writing and: (i) set forth the location for which utility services are provided; (ii) state the account number(s) for such locations; (iii) state the outstanding balance for each such account; (iv) include a summary of the Debtor's payment history relevant to the

affected account(s), including any security deposits or other prepayments or assurances previously provided by the Debtor; (v) describe in sufficient detail the reason(s) why the treatment afforded under the procedures set forth herein does not constitute satisfactory adequate assurance of payment; and (vi) include a proposal for what would constitute adequate assurance of payment from the Debtor, along with an explanation of why such proposal is reasonable.

7. Upon the Debtor's receipt of an Additional Adequate Assurance Request at the addresses referenced in paragraph c), above, the Debtor will attempt to reach a consensual agreement with the Utility regarding the Utility's request for additional or different Adequate Assurance within twenty (20) days from the date of the Debtor's receipt of such Additional Adequate Assurance Request.

8. The Debtor may, in its discretion, consensually resolve any Additional Adequate Assurance Request with the requesting Utility without further order of the Court, and may, in connection with any such resolution and in its discretion, provide the Utility additional Adequate Assurance, including an additional cash deposit, prepayments, and/or other forms of security, without further order of the Court, if the Debtor determines in its business judgment that the Additional Adequate Assurance Request is reasonable.

9. If the Debtor determines that the Additional Adequate Assurance Request by the Utility is not reasonable, then the Debtor shall file a motion to be heard by the Court, pursuant to § 366(c)(3) of the Code, requesting a determination by the Court, whether the Debtor must comply with any additional adequate

assurance requested in accordance with Additional Adequate Assurance Request procedure, if any.

10. A Utility will be deemed to have adequate assurance of payment unless and until a future order of this Court is entered requiring further assurance of payment.

11. Notwithstanding Bankruptcy Rule 6004(h), this order shall be effective and enforceable immediately upon its entry.

12. The Debtor is authorized to take all steps necessary to effectuate the terms of this Interim Order.

#####