UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

---

In re:

Wisconsin & Milwaukee Hotel LLC,

Debtor.

Case No. 24-21743-gmh
Chapter 11

---

**DEBTOR'S MOTION FOR ORDER PURSUANT TO SECTIONS 105(a), 363(b), 541, AND 507(a)(8) OF THE BANKRUPTCY CODE AUTHORIZING PAYMENT OF PREPETITION SALES AND USE TAXES AND CERTAIN OTHER GOVERNMENT CHARGES**

---

Wisconsin & Milwaukee Hotel LLC, the debtor herein ("**Debtor**" or "**WMH**"), by its proposed attorneys Richman & Richman LLC, by Attorneys Michael P. Richman and Claire Ann Richman, hereby files this motion ("**Motion**") for entry of an order authorizing, but not requiring, the Debtor to remit and pay sales and use taxes, and such other taxes as the Debtor, in its sole discretion, deems necessary. This Motion is further supported by the Declaration of Mark Flaherty in Support of the Debtor's Requests for First Day Relief ("**Flaherty Declaration**") [Doc 21], and the record herein.

## JURISDICTION & VENUE

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157(a) and 1334(a), and the order of reference in this District entered pursuant to § 157(a). This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) as a matter concerning the administration of the Debtor's bankruptcy estate. Venue is proper in this district pursuant to §§ 1404 and 1408.

2. The statutory predicates for relief sought in the Motion are Sections 105(a), 363(b), 541, and 507(a)(8) of the United States Bankruptcy Code ("**Bankruptcy Code**").

## BACKGROUND

3. On April 9, 2024 (the "**Petition Date**"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code, commencing the above-captioned chapter 11 case (the "**Case**").

4. The Debtor remains in possession of its property and is operating its business as a debtor in possession, pursuant to §§1107, 1108, and 1184 of the Bankruptcy Code.

5. The Debtor owns and operates the Milwaukee Marriott Downtown, a 205-room full-service, high-end hotel located at 625 N. Milwaukee Street, Milwaukee (the "**Hotel**").

6. Under the Debtor's corporate structure, the Debtor is a party to a Management Agreement dated June 14, 2011 ("**Management Agreement**") with White Lodging Services Corporation, a hotel management company, as Manager ("**Admin Manager**" or "**White Lodging**").

7. Pursuant to the Management Agreement, White Lodging manages and operates the Hotel. White Lodging is authorized to disburse funds from the Debtor's operating account and uses the funds derived from income of the Debtor in such account to pay all the operating expenses of the Hotel from revenues deposited in

2

the operating account, including paying sales, use, and other taxes necessary to operate their businesses.

8. On April 17, 2024, the Court entered the Interim Agreed Order Authorizing the Use of Cash Collateral, Granting Adequate Protection, and Scheduling Hearing on Final Authorization of Use of Cash Collateral ("**Interim Cash Collateral Order**") [Doc 38], which provides, among other relief, that the Debtor is authorized, on an interim basis, to use cash collateral to pay operating expenses of the Hotel, as provided in the budget attached to the Interim Cash Collateral Order ("**Budget**"). Included in the Budget are payments to tax authorities for sales and use taxes owed to the Wisconsin Department of Revenue.

9. A more complete description of the Debtor's business and history is set forth in the Flaherty Declaration.

**RELIEF REQUESTED**

10. In the ordinary course of business, the Debtor collects sales and room taxes from the Hotel's customers on behalf of various tax authorities (the "**Taxing Authorities**"), and incurs taxes, including use taxes and other taxes necessary to operate their businesses (the "**Taxes**"). The Taxes and Fees are paid monthly to the respective Taxing Authorities.

11. The Debtor seeks authority to pay any Taxes and Fees that were accrued prepetition but were not paid prepetition. There may also be taxes incurred or collected from sales and services provided prepetition that are due post-petition, which the Debtor seeks authority to pay pursuant to this Motion.

3

12. The Debtor estimates that outstanding prepetition liabilities owing to the various Taxing Authorities for Taxes and Fees are as follows (collectively, the "**Prepetition Tax Liabilities**"): Sales and Use Tax owed to the Wisconsin Department of Revenue in the amount of $57,013.43 for the tax period ending on March 31, 2024; Local Exposition Tax owed to the Wisconsin Department of Revenue in the amount of $47,711.91 for the tax period ending on March 31, 2024; Sales and Use Tax owed to the Wisconsin Department of Revenue in the amount of $22,329.86 for the period of April 1, 2024 through and including April 9, 2024; and Room Taxes owed to the Wisconsin Department of Revenue in the amount of $21,701.19 for the period of April 1, 2024 through and including April 9, 2024.

13. If the Debtor does not pay the Prepetition Tax Liabilities in a timely manner, the Taxing Authorities may seek to lift the automatic stay, seek payment from the Debtor's owners, and pursue other remedies that will harm the estate. Moreover, pursuant to Wis. Stat. § 77.60(11), the sales and use taxes owed prepetition constitute trust funds that the Debtor has collected and holds in trust for the benefit of the State of Wisconsin. *See* Wis. Stat. § 77.60(11).[1] Therefore, such

---

[1] Wis. Stat. § 77.60(11) provides:

> Whenever a person collects tax moneys imposed under s. 77.52, 77.53 or 77.71 from a consumer, user or purchaser, the person receives those tax moneys as trust funds and state property. Any person who intentionally fails or refuses to pay over those tax moneys to the state at the time required by this subchapter or who fraudulently withholds, appropriates or uses any of those tax moneys is guilty of theft under s. 943.20, punishable as specified in s. 943.20 (3) according to the amount of tax moneys involved. This subsection applies regardless of the person's interest in those tax moneys. Payment to creditors in preference to the payment of those tax moneys to the state by any person is prima facie evidence of an intent to fraudulently use those tax moneys.

funds do not constitute property of the estate and could not otherwise be used by the estate.

14. The Debtor's failure to pay the Taxes and Fees could have a material adverse impact on the Debtor's ability to operate in the ordinary course of business and thus harm this reorganization to the detriment of the Debtor's estate and its creditors. Therefore, the Debtor seeks authority to pay, in its sole discretion, the Taxes or fees, including any penalties and interest thereon and any liability resulting from the Taxes and Fees to the relevant Taxing Authorities in the ordinary course of business.

15. For these and other reasons, the Debtor believes that the relief requested herein is necessary to avoid immediate and irreparable harm. *See* Fed.R.Bankr.P. 6003(b).

## BASIS FOR RELIEF REQUESTED

16. The Court should permit the Debtor, in its discretion, to pay Taxes and Fees.

17. There are several reasons for granting the relief requested herein. First, a portion or all of the Taxes and Fees may be entitled to priority status under Section 507(a)(8) of the Bankruptcy Code, and to the extent of their priority status, must be paid in full under any plan of reorganization proposed by the Debtor. *See* 11 U.S.C. § 1129(a)(9)(C). The Debtor submits that the payment of the Taxes will likely affect only the timing of the payments, and not the amounts that would ultimately be received by the applicable Taxing Authorities.

18. Then, certain of the Taxing Authorities will likely assert that the Taxes are "trust fund" taxes that the Debtor is required to collect from third parties and hold in trust for the benefit of such Taxing Authorities. To the extent that the Debtor collects sales, use, and other Taxes on behalf of the Taxing Authorities, such Taxes may not constitute property of the Debtor's estate. *See Begier v. Internal Revenue Service,* 496 U.S. 53, 57-60 (1990); *Al Copeland Enters., Inc. v. Texas,* 991 F.2d 233 (5th Cir. 1993) (debtor's prepetition collection of sales taxes and interest thereon were held subject to trust and were not property of the estate); *In re Shank*, 792 F.2d 829, 830 (9th Cir. 1986) (sales taxes required by state law to be collected by sellers from their customers are "trust fund" taxes). *See also,* Wis. Stat. § 77.60(11).

19. To the extent the Taxes are "trust fund" taxes and the funds representing such Taxes can be adequately identified and traced, the Debtor would have no equitable interest in such funds, and they would not be property of the Debtor's estate. *See* 11 U.S.C. § 541(d); *In re Copeland Enters. Inc.,* 133 B.R. 837, 841 (Bankr. W.D. Tex. 1991), *aff'd,* 991 F.2d 233 (5th Cir. 1993) (sales taxes collected by debtor were held as trust funds); *In re Am. Int'l Airways, Inc.,* 70 B.R. 102, 103 (Bankr. E.D. Pa. 1987). Accordingly, the Debtor should be able to pay any such Taxes that constitute trust fund taxes as they come due, and payment of such taxes would not prejudice the rights of any of the Debtor's other creditors.

20. Finally, pursuant to Wis. Stat. § 77.60(9), corporate officers are personally liable for unpaid sales and use taxes.[2] To the extent that any such "trust

---

[2] Wis. Stat. § 77.60(9) provides:

fund" taxes remain unpaid by the Debtor, its owners and officers could be subject to lawsuits or criminal prosecution during the pendency of this Case. Even the possibility of any such lawsuit or criminal prosecution would most certainly distract the Debtor and its management from their efforts in this Case.

21. Furthermore, in several chapter 11 cases, courts in numerous Circuits have exercised their equitable powers under Section 105(a) of the Bankruptcy Code to authorize debtors to pay prepetition tax obligations in light of the foregoing considerations. *See, e.g., In re Kimball Hill, Inc.,* Case No 08-10065 (Bankr. N.D. Ill. May 13, 2008); *Inre Eneseco Group, Inc.,* Case No. 07-0565 (BG) (Bankr. N.D. Ill. January 22, 2007); *In re FV Steel and Wire Company,* Case No. 04-22421 (SK) (Bankr. E.D. Wis. Feb. 24, 2004).

22. For these reasons, the Debtor submits that the relief requested herein is in the best interests of the Debtor, its estate, and its creditors, and therefore, this Motion should be granted.

**NO PRIOR REQUEST**

23. No prior request for the relief sought in this Motion has been made to this or any other court.

---

Any officer or employee of any corporation subject to this subchapter or other person who has responsibility for making payment of the amount of tax imposed under this subchapter and who willfully fails to make such payment to the department shall be personally liable for such amounts…if that corporation is unable to pay such amounts to the department, and the personal liability of such officer, employee or other responsible person … shall survive the dissolution of the corporation. Such personal liability may be assessed by the department against such officer, employee or other responsible person pursuant to this subchapter …

7

## CONCLUSION

WHEREFORE, Wisconsin & Milwaukee Hotel LLC requests that the Court enter an order authorizing, but not requiring, the Debtor to remit and pay sales and use taxes, and such other taxes as the Debtor, in its sole discretion, deems necessary; and granting such other relief as is just and proper.

Dated: April 24, 2024.

**RICHMAN & RICHMAN LLC**
**Proposed Attorneys for Wisconsin & Milwaukee Hotel LLC**

By: /s/ *Michael P. Richman*
Michael P. Richman
Claire Ann Richman
Eliza M. Reyes
122 West Washington Avenue, Suite 850
Madison, WI 53703
Tel: (608) 630-8990
Fax: (608) 630-8991
mrichman@RandR.law
crichman@RandR.law
ereyes@RandR.law