# UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF WISCONSIN

In re:

Wisconsin & Milwaukee Hotel LLC,

Debtor.

Case No. 24-21743-gmh
Chapter 11

## DEBTOR'S MOTION FOR ORDER ESTABLISHING PROCEDURES FOR INTERIM COMPENSATION AND REIMBURSEMENT

Wisconsin & Milwaukee Hotel LLC, the debtor herein ("**Debtor**" or "**WMH**"), by its proposed attorneys Richman & Richman LLC, by Attorneys Michael P. Richman and Claire Ann Richman, hereby file this motion ("**Motion**") for entry of an order pursuant to 11 U.S.C. §§ 105(a) and 331, and Fed. R. Bankr. P. 2016, establishing procedures for the interim compensation and reimbursement of expenses of professionals. In support of this Motion, the Debtor states as follows herein.

### JURISDICTION & VENUE

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157(a) and 1334(a), and the order of reference in this District entered pursuant to § 157(a). This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) as a matter concerning the administration of the Debtor's bankruptcy estate. Venue is proper in this district pursuant to §§ 1404 and 1408.

2. The statutory predicates for relief sought in the Motion are Sections 105(a) and 331 of the United States Bankruptcy Code ("**Bankruptcy Code**"), and Rule 2016 of the Federal Rules of Bankruptcy Procedure ("**Bankruptcy Rules").**

## BACKGROUND

3. On April 9, 2024 (the "**Petition Date**"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code, commencing the above-captioned chapter 11 case (the "**Case**").

4. The Debtor remains in possession of its property and is operating its business as a debtor in possession, pursuant to §§ 1107, 1108, and 1184 of the Bankruptcy Code. As of the date of the filing of this Motion, no official committee has been appointed. The Section 341 Meeting of Creditors in this case was held and concluded on May 8, 2024 [*See* Docket Entry Number 104].

5. On May 2, 2024, the Court entered the Final Order Authorizing the Use of Cash Collateral and Granting Adequate Protection ("**Final Cash Collateral Order**") [Doc 93], which provides, among other relief, that the that the Debtor is authorized, on a final basis, to use cash collateral to pay expenses incurred for the administration of this case, including estimated monthly payments to the Debtor's attorneys and other professionals who may be employed in this Case. *See* Final Cash Collateral Order, Exhibit A-3.

## RETENTION OF PROFESSIONALS

6. On April 10, 2024, the Debtor filed the Notice and Application of Debtor for Authority to Retain and Employ Richman & Richman LLC as Counsel for the

Debtor ("**R&R Retention Application**") [Doc 10]. On April 25, 2024, the Debtor filed the First Supplemental Declaration of Michael P. Richman Under Bankruptcy Rule 2014 ("**Richman Declaration**") [Doc 76] in further support of the R&R Retention Application.

## RELIEF REQUESTED

7. By this Motion, the Debtor requests the entry of an order authorizing and establishing procedures for the compensation and reimbursement of court-approved professionals (each a "**Professional**," and collectively, "**Professionals**") on a monthly basis, on terms comparable to procedures established in other large chapter 11 cases. Such an order will streamline the professional compensation process and enable this Court and all other parties to effectively monitor the professional fees incurred in these chapter 11 cases.

8. The Debtor proposes that, except as may otherwise be provided in an order issued by this Court authorizing the retention of a particular Professional, the Professionals be permitted to seek interim payment of compensation and reimbursement of expenses in accordance with the following procedures (the "**Alternative Compensation Procedures**"):

   a. On or before the 10th day of each month, Professionals will serve by email their monthly invoice for services for the previous month on the United States Trustee; the Debtor; Computershare Trust Company, N.A., the Debtor's primary secured lender ("**Lender**"); and such other parties as the Court may direct.

   b. Within 7 days from the date the invoices are served by email, any interested party receiving service by email may object to some or all of the invoices by filing an objection with the Court. Prior to filing any such objection, the objecting party shall confer in good faith with the Professional to attempt

3

to resolve the objection. Once an objection is filed, the Court shall set the matter for hearing as soon thereafter as practicable. Any objections to invoices should state the specific fees to which the party is objecting and why.

c. For any fees to which there is no objection, the Professionals may submit an order for interim approval and payment from the relevant Debtor relating to all the invoiced fees and expenses. Upon entry of the order, the Debtors shall be authorized to pay Professionals an amount equal to 80% of such fees and 100% of such expenses requested. If an objection is properly filed pursuant to subparagraph (b) above, the Debtors are authorized to pay the Professional 80% of the fees and 100% of the expenses not subject to an objection.

d. Notwithstanding the foregoing, the Professionals shall seek Court approval for all compensation pursuant to the 120-day periods pursuant to the rules governing fee applications in the usual form with the Court ("Fee Applications"), regardless of prior payments on an interim basis under the terms of this Motion, with notice to all parties. The Court may in connection with Fee Applications consider all relevant compensation and reimbursement, including any objections, and may make such adjustments to prior interim payments as it deems appropriate.

e. All fees, whether on an interim basis under this Motion or on a Fee Application shall be subject to final approval and disgorgement.

## BASIS FOR RELIEF REQUESTED

9. Section 331 of the Bankruptcy Code provides as follows in relevant part:

> A trustee, an examiner, a debtor's attorney, or any professional person employed under section 327 or 1103 of this title may apply to the court not more than once every 120 days after an order for relief in a case under this title, or more often if the court permits, for such compensation of services rendered before the date of such an application or reimbursement for expenses incurred before such date as is provided under section 330 of this title. After notice and a hearing, the court may allow and disburse to such applicant such compensation or reimbursement.

11 U.S.C. § 331.

10. Absent an order of this Court, pursuant to section 331, the Professionals rendering services in this Case are limited to receiving payment of fees and expenses only three times per year.

11. Section 105(a) of the Bankruptcy Code provides, in pertinent part, that "[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a). As shown below, Courts have regularly entered orders, in accordance with section 105(a), establishing procedures providing for the interim compensation and expense reimbursement of professionals on a monthly basis. Courts generally consider the following factors to determine whether such relief is warranted: "the size of [the] reorganization cases, the complexity of the issues involved, and the time required on the part of the attorneys for the debtors in providing services necessary to achieve a successful reorganization of the debtors." *In re International Horizons, Inc.,* 10 B.R. 895, 897-898 (Bankr. N.D. Ga. 1981). In considering these factors, courts have determined that interim compensation procedures are appropriate to avoid having the professionals finance the debtor's reorganization proceedings. See, *Id.* at 897.

12. The Debtor submits that the Alternative Compensation Procedures are appropriate and consistent with interim compensation procedures established in other large chapter 11 cases in this Circuit. See, e.g., *In re Enesco Group, Inc.,* Case No. 0700565 (ABG) (Bankr. N.D. Ill. Jan 25, 2007); *In re Eagle Food Centers, Inc.*, Case No. 0315299 (PSH) Bankr. N.D. Ill. April 8, 2003); *In re Nat'l. Steel Corp.*, Case No. 0208699 (JHS) Bankr. N.D. Ill. March 7, 2002); *In re UAL Corp.*, Case No.

0248191 (ERW) (Bankr. N.D. Ill. Dec. 11, 2002). In addition, courts in this district have permitted alternative compensation procedures in cases where professionals' fees will rapidly accumulate. *See In re Archdiocese of Milwaukee*, Case No. 11-20059-svk [Doc 158]; *KPH Construction Corp., et al.*, Case No. 19-20939-beh [Doc 166]; and *In re Window Select LLC*, Case No. 23-20646-gmh [Doc 87].

13. The Debtor further submits that the efficient administration of this Case will be significantly aided by implementing the Alternative Compensation Procedures. Under the circumstances of this Case, allowing Professionals to file applications for compensation only once every 120 days may impose an undue hardship on the Professionals.

14. The anticipated legal services the Professionals will be providing to the Debtors in the next several months will require the Professionals to focus most of their attention on this Case, and may prevent them from working on other client matters to generate income. The Professionals anticipate this increased amount of services will last through the pendency of this Case, and therefore seek to have the alternative compensation guidelines in place through such time as a final decree is entered in this Case, in anticipation of the time during which the increased need for services will arise.

15. The Debtor requests that the Alternative Compensation Procedures begin upon entry of an order granting this Motion, and that Professionals be permitted to file their first invoices with all the fees and expenses incurred since the

6

Petition Date, with those fees and expenses approved and paid pursuant to the Alternative Compensation Procedures, and monthly thereafter.

16. The Debtor submits that the relief requested herein is in the best interests of the Debtor, its estates, and its creditors, and therefore should be granted.

## CONCLUSION

WHEREFORE, for the reasons set forth herein, Wisconsin & Milwaukee Hotel LLC respectfully requests that this Court enter an order granting the relief requested in this Motion and such other and further relief as this Court deems just and appropriate.

Dated: May 15, 2024.

**RICHMAN & RICHMAN LLC**
**Proposed Attorneys for Wisconsin & Milwaukee Hotel LLC**

By:     /s/ *Michael P. Richman*
Michael P. Richman
Claire Ann Richman
Eliza M. Reyes
122 West Washington Avenue, Suite 850
Madison, WI 53703
Tel: (608) 630-8990
Fax: (608) 630-8991
mrichman@RandR.law
crichman@RandR.law
ereyes@RandR.law

7