UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| In re: | Chapter 11 |
| WISCONSIN & MILWAUKEE HOTEL, LLC, | Case No. 24-21743 |
| Debtor. | Honorable G. Michael Halfenger |

**RULE 2004 MOTION FOR DISCOVERY
FROM DEBTOR AND WHITE LODGING SERVICES CORP.**

Computershare Trust Company, N.A. ("Computershare") and Wisconsin & Milwaukee Hotel Funding LLC ("W&M Funding" and together with Computershare, the "Movants" or the "Lenders"), by their attorneys, Reinhart Boerner Van Deuren s.c., hereby move the Court pursuant to Rules 2004 and 9016 of the Federal Rules of Bankruptcy Procedure, and Local Bankruptcy Rule 2004, for an order to obtain documents and answers to interrogatories from Wisconsin & Milwaukee Hotel, LLC (the "Debtor") and White Lodging Services Corp. ("White Lodging"), and to gain access to the premises located at 323 E. Wisconsin Ave. / 625 N. Milwaukee St., Milwaukee, Wisconsin (the "Property"), all to facilitate Lenders' appraisal of the Property. In support of this motion (this "Motion"), Movants state as follows:

**JURISDICTION AND BASIS FOR RELIEF**

1. This Court has subject matter jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper in this Court as provided in 28 U.S.C. § 1409. This matter is a core proceeding pursuant to 28 U.S.C. §§ 157 and 1334.

2. Federal Rule of Bankruptcy Procedure 2004 ("Rule 2004") provides a way for interested parties to obtain information concerning "the acts, conduct, or property" of a

51900846

debtor, "the liabilities and financial condition of the debtor" and "any matter which may affect the administration of the debtor's estate, or . . . the debtor's right to a discharge."

3. The scope of Rule 2004 examination is "unfettered and broad," as the plain language of the rule indicates. *See* 9 COLLIER ON BANKRUPTCY ¶ 2004.02[1] at 2004-6 (16th ed. Rev.); *In re Table Talk, Inc.*, 51 B.R. 143, 145 (Bankr. D. Mass. 1985). *See also In re Mittco, Inc.*, 44 B.R. 35, 36 (Bankr. E.D. Wis. 1984) (scope of inquiry under Rule 2004 is very broad, and great latitude of inquiry is ordinarily permitted). Indeed, it is well-settled that the scope of examination under Rule 2004 is broader than discovery allowed under the Federal Rules of Civil Procedure, which themselves contemplate broad, easy access to discovery. *In re Ionosphere Clubs, Inc.*, 156 B.R. 414, 432 (S.D.N.Y. 1993); *In re Valley Forge Plaza Assoc.*, 109 B.R. 669, 674 (Bankr. E.D. Pa. 1990).

4. Here, the Lenders' Rule 2004 request should be granted because it is "reasonably necessary for the protection of [their] legitimate interests." *In re Hammond*, 140 B.R. 197, 201 (S.D. Ohio 1992). Put simply, the Lenders need to have the Property appraised in order to, among other things, negotiate with the Debtor regarding the terms of any proposed plan of reorganization, and the Lenders' appraiser has requested the information sought hereby.

**THE REQUESTS**

5. The Debtor filed its bankruptcy case on April 9, 2024. Debtor has informed Lenders that it soon intends to propose terms for a plan of reorganization, a proposal that, by all accounts, contemplates a continuation of the Debtor's hotel business at the Property. Lenders need to have the Property appraised to prepare for plan negotiations, file a proof of claim, and to otherwise protect their rights in this bankruptcy case.

6. Lenders asked Debtor to produce the information identified herein voluntarily, but Debtor informed Lenders that it will not do so absent formal discovery requests. Debtor has also informed Lenders that White Lodging, the Debtor's manager, has some of the information being requested by Lenders. Finally, Debtor informed Lenders that some of the information requested is confidential or proprietary in nature, and that Debtor would like to enter into a confidentiality agreement before producing the requested information.

7. The information requested is pretty standard for a hotel appraisal. Lenders request that the Debtor produce the following documents and answer the following interrogatories. Lenders may have requests for documents and information beyond those listed below, but any such requests will be of a similar nature and expectation.

Documents

a. Detailed financials for all year-end periods as well as most recent year-to-date detailed financials;

b. Detailed reforecast budget for 2024, including actual year-to-date;

c. Capital expenditure history for the last five years;

d. PIP (Property Improvement Plan) from Marriott, and estimate of PIP cost;

e. Any recent property condition reports, environmental reports, and franchise inspection reports;

f. Any leases and lease amendments;

g. Documents relating to any rebates, incentives or governmental programs that affect any of the line items in the financial statements;

h. Documents identifying the top five accounts with corresponding room nights and rooms revenue for year-end 2023 and year-to-date 2024;

i. Documents relating to any major room-block contracts, such as airline crews, transportation, construction, nursing, etc.; and

j. Group booking pace report for future years.

3

51900846

Case 24-21743-gmh    Doc 138    Filed 05/31/24    Page 3 of 5

Interrogatories

    a. Identify any atypical expenses (such as one-time expenses) in the financials;

    b. Identify any expectations of changes in the next year with regard to demand, revenue and expenses that would apply to the property;

    c. Identify any recent improvements made to the hotel; and

    d. Identify any and all capital needs for the hotel.

8. Because Debtor has informed Lenders that some of the above-listed information is in the possession, custody or control of White Lodging, Lenders intend to submit the same requests to White Lodging via subpoena. And because White Lodging is Debtor's manager, Lenders request that, before responding to these requests, White Lodging and Debtor speak about which party will produce the requested information to avoid confusion and delay.

9. Lenders ask that the information requested be produced by Debtor or White Lodging, as the case may be, and that the Property inspection occur, on or before June 21, 2024, a deadline that should provide ample time for responses under the circumstances.

10. Lenders also request access to the Property for purposes of conducting the appraisal. This is a right already granted to Lenders in the loan documents, but Lenders are making the request via Motion in light of Debtor's request for formality. The access requested by Lenders must include a tour of a sampling of guestrooms on various floors, as well as all public areas and back-of-house areas for visible observation of physical condition.

11. Lenders are willing to enter into a reasonable confidentiality agreement to facilitate the discovery requested herein, as necessary.

12. This Motion is without prejudice to Lenders' right to request examination of or documentary evidence from other parties under Rule 2004 in the future. Additionally, this Motion is without prejudice to Lenders' rights to conduct discovery pursuant to Federal Rules of Bankruptcy Procedure 7026, 7030, 7033, 7034 and other Federal Rules of Bankruptcy Procedure applicable to adversary proceedings and contested matters in the event of any adversary proceeding or contested matter initiated by or against Lenders.

13. Lenders do not intend to file a brief in connection with this Motion but reserve the right to file a reply brief if necessary.

WHEREFORE, Lenders respectfully request that the Court enter an order: (1) allowing Lenders to conduct Rule 2004 documentary and interrogatory discovery of the Debtor and White Lodging; (2) directing the Debtor and White Lodging to produce the documents requested, and answer the interrogatories set forth herein (and in the formal requests issued by Lenders), by June 21, 2024; and (3) granting Lenders' appraiser access to the Property on or before June 21, 2024.

Dated this 31st day of May, 2024.

> COMPUTERSHARE TRUST COMPANY, N.A.
> and WISCONSIN & MILWAUKEE HOTEL
> FUNDING LLC
>
> BY: */s/ Frank W. DiCastri*
>
> Frank W. DiCastri
> Sara C. McNamara
> REINHART BOERNER VAN DEUREN s.c.
> 1000 North Water Street, Suite 1700
> Milwaukee, WI 53202-3186
> 414-298-1000 (phone)
> fdicastri@reinhartlaw.com
> smcnamara@reinhartlaw.com