**UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF WISCONSIN**

In re:

                                          Case No. 24-21743-gmh

Wisconsin & Milwaukee Hotel LLC,                  Chapter 11

                        Debtor.

**ORDER ESTABLISHING PROCEDURES**
**FOR INTERIM COMPENSATION**
**AND REIMBURSEMENT**

This matter having come before the Court on the Motion for Order Establishing

Procedures for Interim Compensation and Reimbursement (the "**Motion**") [Doc 120],

filed by Wisconsin & Milwaukee Hotel LLC, the debtor herein ("**Debtor**" or "**WMH**"),

requesting entry of an order pursuant to 11 U.S.C. §§ 105(a) and 331, and Fed. R.

Bankr. P. 2016, establishing procedures for the interim compensation and

**Prepared by**:
Michael P. Richman
Richman & Richman LLC
122 W. Washington Avenue, Ste 850
Madison, WI 53703
Tel: (608)630-8990
Fax: (608-630-8991
mrichman@RandR.law

reimbursement of expenses of court-approved professionals (each a "**Professional**,"

and collectively, "**Professionals**"), in the above-captioned chapter 11 case (the

"**Case**"), that notice of the Motion and the opportunity for a hearing on the Motion

was appropriate under the circumstances and that no other or further notice need be

given. This Court, having been advised that the Debtor and the United States Trustee

("**UST**") have agreed to the terms of this Order; and the Court being otherwise fully

advised in the premises,

IT IS HEREBY ORDERED that,

1.　　The Motion is granted subject to the limitations set forth in this Order.

2.　　The terms of this Order shall apply solely to Richman & Richman LLC,

general bankruptcy counsel to the Debtor ("**R&R**" or the "**Firm**").

3.　　**R&R** is permitted to seek interim payment of compensation and

reimbursement of expenses in accordance with the following procedures (the

"**Alternative Compensation Procedures**"):

a. On or before the tenth (10th) day of each month, R&R will serve by email its monthly invoice for services for the previous month on the United States Trustee; the Debtor; Computershare Trust Company, N.A., the Debtor's primary secured lender ("**Lender**"); and such other parties as the Court may direct (the "**Interested Parties**").

b. Within **ten (10)** days from the date the invoices are served by email, any of the Interested Parties receiving service by email may object to some or all of the invoices by filing an objection with the Court. Prior to filing any such objection, the objecting party shall confer in good faith with the Professional to attempt to resolve the objection. Once an objection is filed, the Court shall set the matter for hearing as soon thereafter as practicable. Any objections to invoices should state the specific fees to which the party is objecting and why.

c. For any fees to which there is no objection, R&R may submit an order for interim approval and payment from the Debtor relating to all the invoiced fees and expenses. Upon entry of the order, the Debtor shall be authorized to pay R&R an amount equal to 80% of such fees and 100% of such expenses requested. If an objection is properly filed pursuant to subparagraph (b) above, the Debtors are authorized to pay the Professional 80% of the fees and 100% of the expenses not subject to an objection.

4.      Notwithstanding the Alternative Compensation Procedures, R&R shall seek Court approval for all compensation pursuant to the 120-day periods pursuant to the rules governing fee applications in the usual form with the Court ("**Fee Applications**"), regardless of prior payments on an interim basis under the terms of this Motion, with notice to all parties. The Court may, in connection with the Fee Applications, consider all relevant compensation and reimbursement, including any objections, and may make such adjustments to prior interim payments as it deems appropriate.

5.      All fees, whether awarded to R&R on an interim basis under the Alternative Compensation Procedures or on a Fee Application, be subject to final approval and disgorgement.

6.      The Alternative Compensation Procedures shall begin upon entry of this Order, and R&R shall be permitted to file its first invoices including all fees and expenses incurred since the Petition Date, with those fees and expenses approved and paid pursuant to these Alternative Compensation Procedures, and monthly thereafter.

7.     The Alternative Compensation Procedures shall be in place through such time as a final decree is entered in this Case, unless otherwise ordered by the Court.

8.     This Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

#####