So Ordered.

Dated: June 7, 2024



G. Michael Halfenger
Chief United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

In re:

Wisconsin & Milwaukee Hotel, LLC,   Case No. 24-21743-gmh

Debtor.   Chapter 11

ORDER APPROVING ALTERNATIVE COMPENSATION PROCEDURES

The debtor filed a motion requesting entry of an order pursuant to 11 U.S.C. §331 establishing alternative procedures for the interim allowance of compensation and expense reimbursement sought by the debtor's court-approved professionals. ECF No. 120. The alternative procedures are intended to allow provisional approval of monthly invoices for services rendered and expenses incurred during the pendency of this bankruptcy case.

While the objection period on the motion was pending, the debtor filed a letter notifying the court that it was modifying the requested relief to resolve a potential objection by the United States trustee. ECF No. 143. The debtor's request is now limited to establishing alternative compensation procedures only for use by debtor's counsel, Richman & Richman LLC. *Id*. No objections were filed to the debtor's original motion.

Based on the motion, the letter, and the record in this case, **IT IS ORDERED** that the motion is granted to the extent provided below and otherwise denied:

1. Unless otherwise ordered, the procedures set forth in this order (the "Alternative Compensation Procedures") apply only to debtor's counsel, Richman & Richman LLC ("R&R").

2. On or before the tenth day of each month, R&R must file their monthly invoice for fees or expenses for services rendered during the previous month (a "Monthly Invoice").

3. No later than the tenth day after the day on which a Monthly Invoice is filed (the "Objection Deadline"), any party in interest may object to the Monthly Invoice, in whole or in part, by filing an objection with the court. Any objection to a Monthly Invoice must identify the specific fees and expenses to which the party is objecting, and state all bases for the objection. Before filing an objection, an objecting party must confer in good faith with R&R to attempt to resolve the objection.

4. If an objection is filed, the court may, in its sole discretion, either (A) schedule a hearing on the objection, (B) overrule the objection without a hearing, or (C) sustain the objection in whole or in part without a hearing.

5. If no objection is filed before the Objection Deadline expires, R&R may submit an order in substantially the form as Attachment A to this order, that authorizes the debtor to pay R&R 80% of fees listed on the Monthly Invoice and 100% of the expenses requested in the Monthly Invoice. If an objection is properly filed pursuant to paragraph 3 above, R&R may submit an order in substantially the form as Attachment A to this order that authorizes the debtor to pay R&R 80% of fees listed on the Monthly Invoice for which no objection has been made and 100% of the expenses requested in the Monthly Invoice for which no objection has been made. No fees or expenses may be paid until the court enters an order conditionally approving those fees and expenses.

6. Payment of Monthly Invoices pursuant to an order entered under paragraph 5 must first be paid from the balance of the pre-petition retainer held by R&R.

7. Notwithstanding anything in this order or a court order authorizing payment under these procedures, **R&R must apply to the court for approval of all (non-final) compensation on 120-day periods** pursuant to the rules governing fee applications in the usual manner ("Fee Applications"). For example, if the petition is filed on June 1, this order allows R&R to apply monthly for fees incurred in June, July, and August. For the fourth month of fees (in this example, September fees), R&R must file an application for approval of compensation pursuant to the rules governing fee applications and must include a request to approve interim fees for June through September.

    - All Fee Applications must include a summary report of the Monthly Invoices during the applicable fee application period, including amounts allowed, payments made, amounts allowed but unpaid, and amounts to which objections were filed. The court may consider all requested compensation and reimbursement, and any objections to those requests, and may make such adjustments to previous interim payments as it deems appropriate.

8. Payment of all interim fees and expenses are conditional and are subject to disgorgement until the court issues a final approval order. The court's entry of a final fee approval order terminates R&R's employment by the debtor in possession unless the court orders otherwise.

9. The court, on its own motion or the request of any party in interest, may terminate these Alternative Compensation Procedures at any time and in its sole discretion.

10. R&R may file, with its first Monthly Invoice only, all the fees and expenses incurred since the date on which R&R's employment was authorized and may seek approval and payment of all those fees pursuant to the Alternative Compensation Procedures.

#####

**Attachment A**

UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

---

In re:

    Wisconsin & Milwaukee Hotel, LLC,        Case No. 24-21743-gmh

    Debtor.                                                 Chapter 11

---

ORDER CONDITIONALLY APPROVING PAYMENT OF [INSERT MONTH AND YEAR] INVOICE FROM RICHMAN & RICHMAN LLC PURSUANT TO THE ORDER APPROVING ALTERNATIVE COMPENSATION PROCEDURES

---

On [INSERT DATE], Richman & Richman LLC ("R&R") filed their monthly invoice for [INSERT DATE AND MONTH] pursuant to the Order Approving Alternative Compensation Procedures.

[INSERT EITHER SENTENCE (A) OR SENTENCE (B): (A) No objections were filed by any of party within ten days after R&R filed the monthly invoice. (B) An objection was filed by [INSERT NAME] on [INSERT DATE].]

ACCORDINGLY, IT IS HEREBY ORDERED as follows:

Pursuant to the Order Approving Alternative Compensation Procedures, the fees and expenses are conditionally approved and the debtor is authorized to pay R&R the following amounts: $ [insert 80% of the fees that were requested and that are not subject to a pending objection] in fees and $ [insert all expenses not subject to objection] in expenses. This approval is subject to the terms and conditions stated in the Order Approving Alternative Compensation Procedures and all conditionally approved fees and expenses are subject to disgorgement.

# # # # #