IN THE UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| In re: | ) |
| | ) Chapter 11 |
| Wisconsin & Milwaukee Hotel, LLC | ) |
| | ) Case No. 24-21743 |
| *Debtors*. | ) |
| | ) Honorable G. Michael Halfenger |
| | ) |
| | ) |

**MOTION OF WHITE LODGING SERVICES CORPORATION TO COMPEL DEBTOR TO ASSUME OR REJECT ADMINISTRATIVE SERVICES AGREEMENT AND FOR RELATED RELIEF**

White Lodging Services Corporation ("White Lodging"), by and through its undersigned counsel, hereby moves this Court for the entry of an order, pursuant to section 365(d)(2) of the Bankruptcy Code, compelling Debtor Wisconsin & Milwaukee Hotel, LLC (the "Debtor") to immediately assume or reject its Management Agreement with White Lodging dated June 14, 2011, as amended, (the "Agreement"), and for related relief. In support thereof, White Lodging respectfully states as follows:

**Background**

1. On April 9, 2024 ("Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code.

2. The Debtor is operating its business as a debtor in possession pursuant to §§1107, 1108, and 1184 of the Bankruptcy Code.

3. Debtor owns and operates a hotel located at 624 N. Milwaukee Street, Milwaukee, known as the Milwaukee Marriot Downtown (the "Hotel").

4. Debtor and White Lodging are parties to the Agreement, pursuant to which Debtor has authorized and engaged White Lodging to supervise, direct and control the management and

1

operation of the Hotel. Pursuant to the Agreement, White Lodging is responsible for Hotel operations, including employing all employees at the Hotel, procuring inventories and fixed asset supplies, collecting revenues from Hotel operations and paying of all the expenses of the Hotel.

5. White Loding utilizes its own cash to advance payment for salaries, inventories, fixed assets and capital expenditures and obtains reimbursement from cash on hand and cash flow from the Hotel's operations deposited in the Hotel bank accounts.

6. As consideration for the Debtor to execute the Agreement, White Lodging executed a guaranty of Debtor's obligations pursuant to Debtor's Franchise Agreement with Marriott International, Inc. dated June 17, 2010 (the "Guaranty").

7. Given that White Lodging employs all of the Hotel employees, termination of the Agreement by the Debtor will create WARN Act notice obligations on the part of White Lodging and require transition plans to ensure uninterrupted hotel services.

8. Termination of the Agreement by the Debtor may trigger Guaranty obligations on the part of White Lodging that would likely increase the claim of White Lodging, which in turn will impact voting on any Plan of Reorganization.

## Jurisdiction

9. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. § 157 and 1334. This matter constitutes a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

10. Venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

11. The statutory predicate for the relief sought herein is section 365 of the Bankruptcy Code and rules 6006 and 9014 of the Federal Rules of Bankruptcy Procedure.

**Relief Requested**

12. By this Motion, White Lodging requests the entry of an Order: (i) compelling the Debtor's immediate assumption or rejection of the Agreement; and (ii) in the event of assumption, requiring the Debtor: (a) to cure all existing defaults or provide adequate assurance that the Debtor will promptly cure such defaults; (b) to compensate or provide adequate assurance that the Debtor will promptly compensate White Lodging for any actual pecuniary loss resulting from the Debtor's defaults; and (c) to provide adequate assurance of future performance under the Agreement; or, in the alternative (iii) in the event of rejection, authorizing White Lodging to take any and all actions necessary and appropriate to effectuate the termination of the Agreement, including providing WARN Act notices and commencing negotiations with the franchisor regarding the Guaranty.; or, in the alternative to immediate assumption/rejection (iv) requiring the Debtor to immediately cure all post-petition defaults and perform all of its obligations under the Agreement pending the Debtor's final decision on whether to assume or reject the Agreement.

**Basis for Relief**

13. Pursuant to section 365(d)(2) of the Bankruptcy Code, "[i]n a case under Chapter … 11 … the trustee may assume or reject an executory contract … at any time before the confirmation of a plan but the court, on the request of any party to such contract or lease, may order the trustee to determine within a specified period of time whether to assume or reject such contract or lease." 11 U.S.C. § 365(d)(2).

14. Pursuant to section 365(b)(1) of the Bankruptcy Code, if there has been a default under the Agreement, the Trustee may not assume the agreement unless the Debtor:

> **(A)** cures, or provides adequate assurance that the trustee will promptly cure, such default other than a default that is a breach of a provision relating to the satisfaction of any provision (other than a penalty rate or penalty provision) relating to a default arising from

3

Case 24-21743-gmh    Doc 154    Filed 06/13/24    Page 3 of 6

any failure to perform nonmonetary obligations under an unexpired lease of real property, if it is impossible for the trustee to cure such default by performing nonmonetary acts at and after the time of assumption, except that if such default arises from a failure to operate in accordance with a nonresidential real property lease, then such default shall be cured by performance at and after the time of assumption in accordance with such lease, and pecuniary losses resulting from such default shall be compensated in accordance with the provisions of this paragraph;

**(B)** compensates, or provides adequate assurance that the trustee will promptly compensate, a party other than the debtor to such contract or lease, for any actual pecuniary loss to such party resulting from such default; and

**(C)** provides adequate assurance of future performance under such contract or lease.

11 U.S.C. § 365(b)(1).

15. White Lodging's continued operation of the Hotel under the Agreement without any long-term plan for the operation of the Hotel is untenable due to WARN Act notice obligations that White Lodging must take into consideration if it believes in its reasonable business judgment that the Debtor will likely reject the Agreement or be unable to provide adequate assurance of future performance, and that in such judgment plans need to made now for selecting the employees who should receive such notices. Moreover, discussions with the franchisor will need to commence immediately in order to address a resolution of the Guaranty.

16. The Debtor's inability to provide assurance of payment of worker compensation claims and allow for the hiring of temporary workers essential for hotel operations, adversely impacts White Lodging's ability to meet its obligations to its employees and under the Agreement and exposes White Lodging to incur expenses it may not be able to recover from the Debtor.

17. White Loding is unable to terminate the Agreement pending the Debtor's decision whether to assume or reject the Agreement. Without the entry of an Order requiring the Debtor to

4

immediately assume or reject the Agreement, White Lodging will be harmed as the Debtor continues to accept the benefits of the Agreement without abiding by its obligations to White Lodging thereunder.

18. White Lodging believes that the parties' continued performance under the Agreement is of mutual benefit to the Debtor, the Debtor's estate and to White Lodging. By continuing to perform, the Debtor will ensure that: (i) administrative claims of employees do not continue to accrue; and (ii) the administrative claim of White Lodging does not continue to grow on account of accrued and unfunded obligations covered by White Lodging for the benefit of the Debtor.

19. However, unless the parties return to the situation in existence prior to the Petition Date, White Lodging may not be in a position to continue to perform under the Agreement due to its ongoing obligations to its employees, whether in regard to their future employment or providing worker's compensation benefits.

20. As a result, White Lodging respectfully requests the entry of an Order: (i) compelling the Debtor's immediate assumption or rejection of the Agreement; and (ii) in the event of assumption, requiring the Debtor: (a) to cure all existing defaults or provide adequate assurance that the Debtor will promptly cure such defaults; (b) to compensate or provide adequate assurance that the Debtor will promptly compensate White Lodging for any actual pecuniary loss resulting from the Debtor's defaults; and (c) to provide adequate assurance of future performance under the Agreement; or, in the alternative; (iii) in the event of rejection, authorizing White Lodging to take any and all actions necessary and appropriate to effectuate the Termination of the Agreement; .

21. In the event that this Court does not require the Debtor to immediately assume or reject the Agreement, White Lodging alternatively requests that the Debtor be required to

immediately cure all post-petition defaults and perform all of its obligations under the Agreement pending the Debtor's final decision on whether to assume or reject the Agreement. *See In re Entertainment, Inc.*, 223 B.R. 141, 152 (Bankr. N.D. Ill. 1998)("§ 365(d) requires that a debtor perform its obligations under a lease or executory contract pending assumption or rejection.")

WHEREFORE, White Lodging Services Corporation. respectfully requests the entry of an Order: (i) compelling the Debtor's immediate assumption or rejection of the Agreement; and (ii) in the event of assumption, requiring the Debtor: (a) to cure all existing defaults or provide adequate assurance that the Debtor will promptly cure such defaults; (b) to compensate or provide adequate assurance that the Debtor will promptly compensate White Lodging for any actual pecuniary loss resulting from the Debtor's defaults; and (c) to provide adequate assurance of future performance under the Agreement; or, in the alternative (iii) in the event of rejection, authorizing White Lodging to take any and all actions necessary and appropriate to effectuate the Termination of the Agreement; or, in the alternative to immediate assumption/rejection (iv) requiring the Debtor to immediately cure all post-petition defaults and perform all of its obligations under the Agreement pending its pending its final decision on whether to assume or reject the Agreement.

**WHITE LODGING SERVICES CORP.**

By: */s/ Amy E Daleo*
    One of its Attorneys

Cornelius P. Brown (nbrown@cohonraizes.com)
Amy E Daleo (adaleo@cohonraizes.com)
Cohon Raizes & Regal LLP (90192)
300 S. Wacker Drive, Suite 500
Chicago, IL 60606
Office: (312) 726-2252
Fax: (312) 726-0609

6