UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

In re:

Wisconsin & Milwaukee Hotel LLC,

Debtor.

Case No. 24-21743-gmh
Chapter 11

## DEBTOR'S OBJECTION TO RULE 2004 MOTION FOR DISCOVERY FROM DEBTOR AND WHITE LODGING SERVICES CORP.

Wisconsin & Milwaukee Hotel LLC, the debtor herein ("**Debtor**"), by its attorneys Richman & Richman LLC, by Michael P. Richman and Claire Ann Richman, hereby files this objection to the "Rule 2004 Motion for Discovery from Debtor and White Lodging Services Corp." ("**Rule 2004 Motion**") [Doc 138] filed by the Debtor's pre-petition secured lenders Computershare Trust Company, N.A. ("**Computershare**") and Wisconsin & Milwaukee Hotel Funding LLC ("**Funding LLC**") (collectively, the "**Lenders**").

1. The Lenders have a right, and the Debtor does not object in principle, to discovery under either Fed. R. Bankr. P. ("**Bankr. Rule**") 2004 and 2016, or under Bankr. Rule 7026 *et seq.* and the Federal Rules of Civil Procedure incorporated therein.[1] To the extent the Rule 2004 Motion simply seeks authority to issue discovery under Bankr. R. 2004 (and 9016), without approval of particular requests, the Debtor does not object and consents to such relief being granted. The Debtor is opposed to the Rule 2004 Motion because as presented it does not provide the Debtor

---

[1] The context here could be construed as discovery for an anticipated plan confirmation contested matter, which could make the discovery process of rules 7026 *et seq.* appropriate.

with its normal rights to object to particular discovery requests (including that production be conditioned on agreement to a confidentiality stipulation and order), nor does it set forth definitions and instructions.

2. The Rule 2004 Motion is also objectionable, and should be denied, to the extent it seeks relief which is outside the bounds of a motion for authority to take discovery (*see* Local Rule 2004). In addition, by requesting that the Debtor be compelled to respond by June 21, 2024 to discovery requests not yet even issued (including as to the lists of documents and information set forth in the motion), the Rule 2004 Motion is without legal or factual basis or cause.

3. The Debtor owns and operates the Milwaukee Marriott Downtown, a 205-room full-service, high-end hotel located at 625 N. Milwaukee Street, Milwaukee (the "**Hotel**"). In mid-late May, the Debtor invited the Lenders to engage in negotiations for the consensual treatment of their claims in a chapter 11 plan of reorganization. The Lenders responded that they could not engage in such negotiations until they could procure an appraisal of the Hotel.

4. The Lenders then informed the Debtor on May 24, 2024 that they had hired an appraiser, and in an email to the Debtor provided a list of documents and information, as well as free-rein access to the Hotel for their appraiser, in the same manner as they now seek in their Rule 2004 Motion, ¶7. The Lenders assert that they need such discovery in order "to have the Property appraised to prepare for plan negotiations, file a proof of claim, and to otherwise protect their rights in this bankruptcy case. Rule 2004 Motion, ¶5.

2

Case 24-21743-gmh    Doc 157    Filed 06/14/24    Page 2 of 6

5. The Debtor had subsequent discussions with the Lenders through counsel, making the following points, which it reiterates here:

   a. The Debtor was not opposed to discovery in principle, but that the context (rejection of negotiations (for now) and procurement of appraisal) needed to be viewed in anticipation of potential contested plan confirmation hearings. For that reason, Debtor requested that the Lenders issue formal discovery (which could be done in a settlement context, for an agreed discovery program) to permit appropriate objections to be made, and the provision of interrogatory responses or depositions "on the record," so that the information flow and discovery process would be clear in the event the information was later needed to be used in hearings.

   b. Formal discovery would also be needed for WL, because apart from their Management Agreement with the Debtor, they are an independent company with their own counsel, and not under the Debtor's control. Relatedly, the Debtor needed to be assured that it could participate in any such discovery from WL (including any form of site access for an appraiser).

   c. Any discovery would need to be conditioned on the agreement and entry by the Court of a confidentiality stipulation and order, because one or both of the Lenders, principals or managers of the Lenders, and their counsel at Reinhart are believed to be involved in management or

3

ownership (and counseling such management or ownership) of competitive hotel properties.

6. The need for confidentiality is extreme. Over two weeks ago (and reiterated more recently), the Debtor requested that the Reinhart law firm (counsel to both Lenders) identify the relationship between the Lenders, First Pathways Partners LLC ("FPP") a manager of Funding LLC)), and the Reinhart lawyers involved, so that this issue could be appropriately addressed in a confidentiality agreement. The Lenders responded through counsel only two days ago, confirming that the Reinhart firm represents both Lenders, and that FPP is represented by separate counsel. But Lenders' counsel rejected the Debtor's responsive proposal that the Reinhart lawyers who advise or have advised the Lenders or FPP be walled off from the requested discovery. Because lawyers have continuing duties to their clients and cannot reasonably wall off confidential information that is in their heads, the issue of appropriate protection of confidential competitive information still needs to be resolved.

7. Notwithstanding the Lender's failure to serve formal discovery requests (whether authorized by the Court or not, in order to facilitate an agreed settlement program) the Debtor reviewed the list of documents and information provided by email and informed the Lenders what documents it believed could be produced by the Debtor, what documents it believed could be produced by WL, and otherwise what its position would be *if such document, information and access requests were presented*

4

*in formal discovery, with appropriate definitions and instructions.* The Debtor also reported to the Lenders that some documents or information sought did not exist.

8. Referring here to the requests set forth in the Rule 2004 Motion, ¶7, the Debtor advised Lenders' counsel that subject to the issuance of formal discovery, agreement to appropriate scope (time period in particular), and agreement on confidentiality, the Debtor would produce the documents requested in (a) and (b), that documents sought in requests (c), (h), (i) and (j) were likely in the possession of and should be sought from WL, and that documents sought in requests (d), (e), (f), and (g) were not believed to exist. The Debtor also informed the Lenders that to the extent document or information requests required it to prepare documents or information that did not now exist, it would oppose them, and that it would oppose "free rein" access to the Hotel's general manager (a WL representative), but would agree to formal "on the record" discovery in which it could participate.

9. The Lenders then filed their Rule 2004 Motion which omits the background developments described above, and appears to suggest that the Debtor was uncooperative with an effort to have an agreed discovery program.

10. The motion as presented is a premature and legally inappropriate motion to compel, that fails to afford the Debtor any procedural rights. The Rule 2004 Motion does not provide the actual discovery requests that the Lenders propose to make, with definitions, instructions, time frames and deadlines. There are no proposed subpoenae or formal discovery requests as exhibits. The motion also informs the Court that the Lenders may have additional similar requests, and *seeks to compel*

5

*compliance by June 21, 2024 with the summary requests as well as the requests the Lenders have not yet even made.* See Rule 2004 Motion ¶7 and Wherefore Clause. Given the status of the foregoing communications and issues, the creation of an artificial June 21 deadline, which is unsupported by the rules or cause, is also a completely infeasible timeframe with which to respond.

11. In all respects other than a mere approval for the issuance of discovery under Rule 2004, subject to the Debtor's rights to object and otherwise respond under applicable law and rules, the Rule 2004 Motion should be denied.

## CONCLUSION

WHEREFORE, for the reasons set forth herein, Debtor respectfully requests that the Court enter an order authorizing the Lenders to issue discovery under Rule 2004, and otherwise denying the Lenders' Rule 2004 Motion in all respects, and granting such other and further relief as is just and appropriate.

Dated: June 14, 2024

**RICHMAN & RICHMAN LLC**
**Attorneys for Wisconsin & Milwaukee Hotel LLC**

By: /s/ *Michael P. Richman*
Michael P. Richman
Claire Ann Richman
Eliza M. Reyes
122 West Washington Avenue, Suite 850
Madison, WI 53703
Tel: (608) 630-8990
Fax: (608) 630-8991
mrichman@RandR.law
crichman@RandR.law
ereyes@RandR.law