So Ordered.

Dated: June 26, 2024



G. Michael Halfenger
Chief United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

In re:

Wisconsin & Milwaukee Hotel, LLC,　　　　　　　Case No. 24-21743-gmh

　　　　Debtor.　　　　　　　　　　　　　　　　Chapter 11

**ORDER AUTHORIZING THE DEBTOR TO EMPLOY ALLEN & ASSOCIATES AS APPRAISER AND PAY ALLEN & ASSOCIATES A $7,500 RETAINER**

_____

　　Debtor Wisconsin & Milwaukee Hotel LLC is involved in ongoing state court litigation to contest the amount of property tax it owes the City of Milwaukee. On May 31, 2024, the debtor filed an application to retain and employ Allen & Associates to assist it in that litigation by providing an appraisal of its hotel. ECF No. 136, at 1-5. The debtor filed the application pursuant to 11 U.S.C. §327(a), stating that it would engage Allen & Associates for a flat fee of $15,000 plus travel costs. *Id.* at 4-5. The application requests permission to pay Allen & Associates "$7,500 . . . as a retainer before services are rendered [ ], subject to approval by this Court, and the remaining $7,500 . . . to be paid upon completion of the Final Appraisal Report and approval by this Court." *Id*.

The application's request for permission to pay Allen & Associates a $7,500 retainer upon entry of the order approving the employment creates a potential procedural complication that the debtor's filing does not address. While an application to employ typically requires only service on the United States trustee and any committee with notice of a 14-day objection deadline (see Local Rule 2014(c)), a request for permission to use estate property outside the ordinary course of business generally requires that all creditors be given notice and 21 days to object. See Fed. R. Bankr. P. 2002(a)(2); see also sub. (6) (requiring 21 days' notice of a request to pay more than $1,000 in compensation). The debtor's application reports that the debtor only served parties that receive ECF filing notifications and informed those parties that objections had to be filed within 14 days of the date on which the application was filed. *Id.* at 5. No objection was filed by that deadline, but only those creditors who have appeared received notice of the application's request to immediately pay a $7,500 retainer.

Still, section 328(a) authorizes employment on reasonable terms and conditions, including the payment of a retainer. 11 U.S.C. §328(a). And, even if that were not authority enough to accomplish payment of the retainer without complying with Rule 2002(a)(2)'s default requirement of 21 days' notice on all creditors, the circumstances presented, including the relatively modest retainer amount and the need for the professional's services, would justify the court exercising its discretion to limit notice of the debtor's request to pay the $7,500 retainer to the parties who received electronic notice of the debtor's application when it was filed on May 31, 2024, and to shorten the objection deadline to the 14-day period stated in the application.

For these reasons, IT IS HEREBY ORDERED:

1. The debtor is authorized to employ Allen & Associates as an appraiser effective May 31, 2024, to (a) conduct a site visit of the hotel for interior and exterior observations; (b) determine and opine on the hotel's market value employing a combination of valuation methodologies; and (c) deliver a suitable report of the

hotel's value as of January 1, 2022, January 1, 2023, and the present (all in a manner consistent with the services description stated in the Application, ECF No. 136, at 4).

2. The debtor is authorized to pay Allen & Associates a $7,500 retainer on the date of the entry of this order.

3. All compensation to be paid and expenses to be reimbursed Allen & Associates must be approved pursuant to 11 U.S.C. section 330(a), Federal Rule of Bankruptcy Procedure 2016(a), and Local Rule 2016.

4. Any payment to Allen & Associates for compensation or expense reimbursement remains subject to recoupment and disgorgement until finally approved.

# # # # #