**UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF WISCONSIN**

In re:

Wisconsin & Milwaukee Hotel LLC,

Debtor.

Case No. 24-21743-gmh
Chapter 11

## DEBTOR'S OBJECTION TO MOTION TO COMPEL DEBTOR TO ASSUME OR REJECT ADMINISTRATIVE SERVICE AGREEMENT

Wisconsin & Milwaukee Hotel LLC, the debtor herein ("**Debtor**"), by its attorneys Richman & Richman LLC, by Michael P. Richman and Claire Ann Richman, hereby files this objection to the Motion of White Lodging Services Corporation to Compel Debtor to Assume or Reject Administrative Services Agreement and for Related Relief ("**Motion to Compel**") [Doc 154] filed by the Debtor's management company White Lodging Services Corp. ("**White Lodging**"). This Objection is further supported by the accompanying Declaration of Mark J. Flaherty ("**Flaherty Dec.**").

### Jurisdiction & Venue

1.     The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157(a) and 1334(a), and the order of reference in this District entered pursuant to § 157(a). This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) as a matter concerning the administration of the Debtor's bankruptcy estate. Venue is proper in this district pursuant to §§ 1404 and 1408.

2. The statutory predicates for the relief sought in the Motion to Compel are Section 365 of the United States Bankruptcy Code ("**Bankruptcy Code**") and rules 6006 and 9014 of the Federal Rules of Bankruptcy Procedure.

## Background

3. On April 9, 2024 (the "**Petition Date**"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code, commencing the above-captioned chapter 11 case (the "**Case**").

4. The Debtor remains in possession of its property and is operating its business as a debtor in possession, pursuant to §§ 1107, 1108, and 1184 of the Bankruptcy Code.

5. The Debtor owns and operates the Milwaukee Marriott Downtown, a 205-room full-service, high-end hotel located at 625 N. Milwaukee Street, Milwaukee (the "**Hotel**").

6. On June 14, 2011, the Debtor and White Lodging entered into the Administrative Services Agreement ("**Agreement**") which authorized White Lodging to supervise, direct, and control the management and operation of the Hotel. Pursuant to the Agreement, White Lodging is responsible for Hotel operations, including employing all employees at the Hotel, procuring inventories and fixed asset supplies, collecting revenues from the Hotel operations and paying of all the expenses of the Hotel. The current term of the Agreement expires in 2031. Agreement, schedule 1.

## Objection

7.     The Agreement is an executory contract within the meaning of section 365 of the Bankruptcy Code. The parties do not contest this. It is also indisputable that under section 365(d)(2): (a) the Debtor has the right to assume or reject the Agreement at any time before the confirmation of a plan, and (b) White Lodging may request, as it has in the Motion to Compel, an order that the decision to assume or reject be made "within a specified period of time."

8.     Such requests are rarely granted.

> "Section 365(d)(2) provides that the court, on request of a party to an executory contract or unexpired lease of nonresidential real property or personal property, may order the trustee to determine within a specified period of time whether to assume or reject. However, *the request is rarely granted*. If the other party to the contract seeks an earlier determination of whether the trustee or debtor in possession will assume or reject the contract, the settled rule, which was borrowed from equity receivership practice, is that the trustee or debtor in possession has a reasonable time within which to decide." 3 Collier on Bankruptcy, ⁋ 365.05 (16th ed. 2023), (emphasis added).

9.     By its Motion to Compel, filed only approximately 60 days after the commencement of this chapter 11 case, White Lodging seeks an order compelling the Debtor to make this decision "immediately." White Lodging provides only two asserted bases for this: one, that waiting until plan confirmation is "untenable" because it allegedly has WARN Act notice obligations under 28 U.S.C. §§ 2102 - 2109; and two, that the Debtor has allegedly failed to provide "assurance of payment of worker compensation claims and [to] allow for the hiring of temporary workers essential for hotel operations." Motion to Compel, ¶ 15. White Lodging failed to support these assertions with citations of authority or a declaration.

3

**A. The WARN Act is Likely Inapplicable; But its Applicability is Moot Because the Debtor Will Provide at Least 60 Days' Notice of its Assumption/Rejection Decision and no Later than the Date it Files its Disclosure Statement**

10.     In the absence of citations or explanation for the applicability of the WARN Act, the Debtor must necessarily guess at the basis, if any. Generally, the WARN Act requires that a 60-day advance written notice be provided by an "employer" before a "plant closing" or "mass layoff" occurs. 28 U.S.C. § 2102(a). "Employer" is a business that employs 100 or more full-time employees. *Id.*, § 2101(a)(1). "Plant closing" means the permanent or temporary shutdown of a single site of employment. *Id.*, § 2101(a)(2). "Mass layoff" means a reduction in force which is not the result of a plant closing and which results in an "employment loss" at any single site of at least 33 percent of the employees, or at least 50 full-time employees. *Id.*, § 2101(a)(3). "Employment loss" means, among other things, "a layoff exceeding 6 months." *Id.*, § 2101(a)(6).

11.     Although no evidentiary showing has been made by White Lodging, the Debtor presumes for purposes of this Objection that White Lodging is an "employer," because it employs 100 or more employees in its organization nationally. But there does not appear to be any other basis to find that the WARN Act would be applicable in this Case. The Debtor does not plan to close the Hotel, so there will be no "plant closing" within the meaning of the WARN Act. Flaherty Dec. ¶ 9. The Debtor also does not plan to terminate the Agreement unless it has engaged another hotel management company to take White Lodging's place. *Id.* For a variety of reasons, it is highly likely that any successor hotel management company would wish to rehire

4

substantially all the same employees at the Hotel in the event White Lodging terminates them upon rejection of its Agreement. *Id*. For this reason, there is no likelihood of an employment loss in excess of 6 months, and therefore no notice-triggering "mass layoff" within the meaning of the statute.

12.     Given the statutory definition of "mass layoff" as an employment loss exceeding 6 months, it is not surprising that courts have held that where an employer is immediately replaced and succeeded by a new employer at the same work site, and where substantially all the employees of the former employer are hired by the new employer, it is not a "mass layoff" within the meaning of the WARN Act. *See*, *e.g*. Leeper v. Hamilton Cty. Coal, LLC, 939 F.3d 866 (7th Cir. 2019), Rifkin v. McDonnell Douglas Corp., 78 F.3d 1277 (8th Cir. 1996). *see also* Martin v. AMR Services Corp., 877 F. Supp. 108, (E.D.N.Y. 1995), Gonzalez v. AMR Services, 68 F.3d 1529 (2d Cir. 1995).

13.     Notwithstanding the unlikelihood that the WARN Act could be applicable in this Case, the Debtor will agree to advise White Lodging of its decision to assume or reject the Agreement (and file an appropriate motion) at least 60 days before the effectiveness of any such decision, and no later than the time that it files its disclosure statement for approval under Bankruptcy Code § 1125, which should be more than sufficient advance notice for White Lodging to provide a 60-day notice to affected employees in the event the WARN Act is applicable. Because the time for (a) filing objections and hearing for approval of a disclosure statement, and if the disclosure statement is approved, (b) filing objections and hearing for confirmation of

a plan, each require at least 28 days, Fed. R. Bankr. P. 2002(b), it is highly likely that the effective date of any confirmed plan will be well more than 60 days after the latest date that the Debtor informs White Lodging of its decision.

## B. White Lodging's Alleged Insecurity About Workers' Compensation Claims and the Hiring of Temporary Employees is Moot or Insufficient Cause for an Order Accelerating the Assumption/Rejection Decision

14.    Counsel to White Lodging and the Debtor have been engaged in a regular course of collegial discussion which commenced well before White Lodging filed its Motion to Compel whether (a) the workers' compensation claims it wished to pay were prepetition claims that required the Debtor to seek and obtain Court authority, and (b) whether it was necessary to pay a prepetition invoice of the temporary agency engaged by White Lodging in order to continue to use the agency's services.

15.    As the Court is aware, the Debtor resolved the temporary employee concern by concluding it could be adequately addressed if the Court were to approve a motion to assume the contract (which would require that the prepetition invoice be paid as a cure amount). The applicable Motion to Assume Executory Contract [Doc 165] was filed on June 21, 2024.

16.    The issues concerning workers' compensation claims have been the subject of ongoing communications involving counsel and representatives of White Lodging and Eisner Amper, the Debtor's financial advisor. The Debtor has been trying to determine whether the claims are based upon prepetition accidents that need to be treated as unsecured claims, or are in the nature of ongoing ordinary

course insurance payments and employee benefits, the authority to pay for which has previously been obtained from this Court. *See* Final Order Authorizing Debtor to (1) Satisfy Prepetition Employee Obligations; and (2) Continue Administering Employee Benefit Plans [Doc 87]. This issue may be resolved well before any hearing on the Motion to Compel (should one be necessary). But whether it is resolved (or agreed) or not, is not cause to compel the Debtor to make its decision on the overall Agreement on an accelerated basis, much less "immediately."

**Basis for Objection**

17.    The Debtor submits respectfully that White Lodging used its alleged insecurity over the WARN Act, and the workers' compensation and temporary employee issues, in order to create a colorable basis to seek an order for an "immediate" assumption/rejection decision, because it definitively wants the Debtor to terminate the Agreement, and wishes to provoke the Debtor into doing so. It also appears to desire a release from Marriott International, Inc. from its guaranty of June 17, 2010 (Motion to Compel, ¶ 6) to which the Debtor is not a party.

18.    The Debtor has had a long and mostly satisfactory and cooperative relationship with White Lodging. Flaherty Dec. ¶10. The Agreement has substantial value to the Debtor. In addition, the Agreement is complex and has many economic components, including some which could be characterized as "expensive" or "above market." *Id*. The Debtor has thus informed White Lodging that it intends to undertake a review of the Agreement's economics, and engage in negotiations with

7

White Lodging about the potential restructuring and amendment of the Agreement prior to making any decision whether to assume or reject it. *Id*.

19.     Relatedly, were the Debtor to determine to reject the Agreement, it would require time to identify and negotiate with a new management company to replace White Lodging (assuming it can obtain better terms), and to seek the consent of Marriott International, Inc. to such engagement, as it is required to do under its Franchise Agreement. Flaherty Dec. ¶ 10.

20.     This chapter 11 case is still in its early stages. The Debtor is seeking to address, among other things, the Lenders' claims, the potential treatment of those claims under a plan, and an appraisal that the Lenders have commissioned (including related discovery). It has just begun analyzing the claims that were filed by the June 21, 2024 bar date. It has not yet begun its detailed analysis of the Agreement or commenced negotiations (but it has advised White Lodging that it intends to commence such negotiations in the near future). *Id*.

21.     The decision to assume or reject an executory contract is based on the business judgment of the Debtor, to which the courts show deference. *See, e.g., In re IYS Ventures, LLC*, No. 23-B-6782, 2024 Bankr. LEXIS 848 at 55 (Bankr. N.D. Ill. April 4, 2024). The court considers the overall well-being of the Debtor and its estate and the balance of harm to contract counter-parties when determining if the Debtor's decision to assume or reject such a contract is a reasonable business decision. *In re Monroe Well Service, Inc.*, 83 B.R. 317 (Bankr. E.D. Penn. 1988).

22.     Among the factors considered by courts when requested to accelerate the assumption/rejection timeline is if the debtor is in default of the contract, and if this default occurred pre- or post-petition. *See e.g. In re* Hulse, 66 B.R. 681 (Bankr. M.D. Fla. 1986), *In re* Scanlan, 80 B.R. 131 (Bankr. S.D. Iowa 1987), *In re* Garza, 462 B.R. 638 (Bankr. N.D. Tex. 2011).

23.     White Lodging does not even contend there is any default under the Agreement. The only references to "default" in the Motion to Compel are in a single paragraph discussing the adequate assurance requirements that are applicable where a contract is assumed. Motion to Compel, ¶ 14.

24.     When there is no default, as here, it is "difficult to see what purpose would be achieved by requiring the debtors to exercise their option under § 365 prior to confirmation." *In re Monroe Well Service, Inc.*, 83 B.R. 317, 323 (Bankr. E.D. Penn. 1988). Generally speaking, if the movant cannot articulate an important need for an accelerated decision, the court should not require the debtor to assume or reject an executory contract prior to confirmation. *Id.* at 323.

Case 24-21743-gmh    Doc 178    Filed 06/27/24    Page 9 of 10

## CONCLUSION

WHEREFORE, for the reasons set forth herein, Debtor respectfully requests that the Court enter an order denying White Lodging's Motion to Compel in all respects, providing that Debtor shall notify White Lodging of its decision whether to assume or reject the Agreement at least 60 days prior to the effective date of any assumption or rejection, and in no event later than the date it files a disclosure statement under Bankruptcy Code § 1125, and granting such other and further relief as is just and appropriate.


Dated: June 27, 2024

**RICHMAN & RICHMAN LLC**
**Attorneys for Wisconsin &**
**Milwaukee Hotel LLC**

By: _____ /s/ *Michael P. Richman* _____
Michael P. Richman
Claire Ann Richman
Eliza M. Reyes
122 West Washington Avenue,
Suite 850
Madison, WI 53703
Tel: (608) 630-8990
Fax: (608) 630-8991
mrichman@RandR.law
crichman@RandR.law
ereyes@RandR.law

10