UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

In re:

Wisconsin & Milwaukee Hotel LLC,

Debtor.

Case No. 24-21743-gmh
Chapter 11

**DECLARATION OF MARK FLAHERTY IN SUPPORT OF
THE DEBTOR'S OBJECTION TO MOTION OF WHITE LODGING
SERVICES CORPORATION TO COMPEL DEBTOR TO ASSUME OR
REJECT ADMINISTRATIVE SERVICES AGREEMENT**

I, Mark Flaherty, hereby declare as follows:

1. I am a managing member of Jackson Street Management LLC ("**Jackson Street Management**"), which is the manager of Wisconsin & Milwaukee Hotel LLC, the debtor herein ("**Debtor**" or "**WMH**").

2. I have over 25 years of diverse real estate industry experience, specializing in real estate development and corporate leasing and sales. I have been involved with many large sales, developments and acquisitions in a variety of product types, primarily in the Midwest.

3. I am knowledgeable and generally familiar with the Debtor's day-to-day operations, financial affairs, business affairs, and books and records.

4. I make this declaration in support of the Debtor's Objection to the Motion of White Lodging Services Corp. ("**White Lodging**") to Compel the Debtor to assume or reject the Administrative Services Agreement ("the **Objection**").

1

5. I make this Declaration based upon my personal knowledge, and I can competently testify as to the facts in this Declaration.

6. The Debtor has operated the Hotel as a debtor in possession pursuant to § 1107 of the Bankruptcy Code since the petition date and intends to seek confirmation of a chapter 11 plan to continue operating the Hotel. On June 14, 2011, the Debtor and White Lodging entered into the Administrative Services Agreement ("**Agreement**") which authorized White Lodging to supervise, direct, and control the management and operation of the Hotel. Pursuant to the Agreement, White Lodging is responsible for Hotel operations, including employing all employees at the Hotel, procuring inventories and fixed asset supplies, collecting revenues from the Hotel operations and paying of all the expenses of the Hotel.

7. The Debtor has a workforce (employed directly by the White Lodging) consisting of 73 full-time salaried and exempt employees, and 16 part-time and on-call hourly employees (collectively, the "**Employees**"). The Employees include front desk agents, food and beverage staff, culinary staff, housekeeping staff, sales associates, event/catering staff, and other positions typically employed at large full-service hotels.

8. The Employees are essential to meet the Debtor's ongoing business needs, including managing and operating the Hotel. Termination of the Employees would imperil the Debtor's ability to operate its business, and could lead to the closure of the Hotel, the continued operation of which is essential to a successful restructuring.

9. The Debtor does not plan to close the Hotel. For that and the foregoing reasons, in the event that the Debtor determines to reject the Agreement, it would necessarily have to have engaged a successor management company to take over the Hotel's management immediately. Given the substantial experience and training of the Employees, I believe it highly likely that any new management company for the Hotel would immediately rehire substantially all the Employees previously employed by White Lodging.

10. The Debtor has had a long and mostly satisfactory and cooperative relationship with White Lodging, and intends in the near future to engage White Lodging in negotiations designed to reduce some of the expenses associated with the Agreement, and if successful, to seek to assume such Agreement, as modified. The Agreement is valuable to the Debtor, but is nevertheless expensive. In the event negotiations are unsuccessful, the Debtor will need to determine whether it can engage another management company on better terms before it can make a decision whether to assume or reject the Agreement. Negotiations can be expected to take some time, and the search for a potential successor can be expected to take some time after that. In addition, our Franchise Agreement with Mariott International, Inc. requires that we obtain their consent to a new Hotel manager, which could also take some time. I cannot today predict how long this will take, but it is reasonable to project that at least several months will be required in total before the Debtor can determine whether to assume or reject the Agreement.

11. In any event, the Debtor will agree to provide White Lodging with its decision whether to assume or reject the Agreement at least 60 days before any assumption or rejection would become effective, and in no event later than the filing of a disclosure statement in support of its plan of reorganization.

## Declaration

12. Pursuant to 28 U.S.C. § 1746, I declare, under penalty of perjury, that the foregoing is true and correct to the best of my knowledge, information, and belief.

Executed this 27th day of June, 2024.

*Mark Flaherty*
Mark Flaherty