IN THE UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| In re: ) | |
| ) | Chapter 11 |
| Wisconsin & Milwaukee Hotel, LLC ) | |
| ) | Case No. 24-21743 |
| *Debtors*. ) | |
| ) | Honorable G. Michael Halfenger |
| ) | |
| _____ ) | |

## WHITE LODGING'S RESPONSE TO MOTION FOR ORDER COMPELLING PRODUCTION OF DOCUMENTS AND TO SHOW CAUSE

White Lodging Services Corporation ("White Lodging"), by and through its undersigned counsel, for its response in opposition to the Motion for Order Compelling Production of Documents and to Show Cause filed ("Motion") filed by Computershare Trust Company, N.A. and Wisconsin & Milwaukee Hotel Funding LLC (collectively, "Movants" or "Lenders") (ECF No. 184), respectfully states as follows:

## BACKGROUND

1. On May 31, 2024, Lenders filed a Rule 2004 Motion for Discovery from Debtor and White Lodging Services Corporation ("Rule 2004 Motion") on May 31, 2024, in which Lender sought leave to conduct Rule 2005 documentary and interrogatory discovery of the Debtor and White Lodging. Both Debtor and White Lodging filed objections to the Motion.

2. On June 14, 2024, the Court entered an order granting the Rule 2004 Motion *in part*. With regard to the discovery requested against White Lodging, the Court ordered as follows:

> "5. The Lenders may serve a subpoena on White Lodging under Rule 9016 (Civil Rule 45) to request the documents identified in the motion, as modified by this order, and may subpoena a representative of White Lodging to be examined under oath about the interrogatories stated in the motion; this order does not limit White Lodging's rights to oppose any such subpoena as provided in those rules."

1

(ECF No. 158).

3. On or about June 20, 2024, Lenders served a subpoena on White Lodging, asking White Lodging to produce documents by June 28, 2024.

4. On June 27, 2024, Debtor produced documents to Lenders responsive to Requests nos. 1 and 2. Debtor answered there were no documents responsive to Request nos. 4, 5 and 6. Debtor further provided an answer to interrogatory no. 13.

5. On June 28, 2024, White Lodging served Lenders with its Answer and Objections to Subpoena for Rule 2004 Examination. A copy of which is attached.

6. Lenders filed the Motion on July 8, 2024 seeking a motion to compel against White Lodging.

## **ARGUMENT**

Lenders' Motion ignores the fact that Debtor has produced some of the documents requested in the Subpoenas. Specifically, Debtor has produced documents responsive to request nos. 1, 2 and answered interrogatory no. 13. Debtor has further provided answer that there are no documents responsive to Request nos. 4, 5 and 6. Despite Lenders' suggestion that each Debtor and White Lodging each point the finger at each other as to who has what information, a review of the responses show that the only Requests to which Debtors did not respond are Request nos. 3, 5, 7, 8, 9 and 10 and Interrogatory Nos. 11 and 12.

The Motion to Compel as to White Lodging is without merit. White Lodging has properly asserted its objections to producing confidential information; it cannot be compelled to produce documents that it does not have; and has properly asserted its other general objections to protect itself from claims of waiver.

### A.   *White Lodging Has Properly Asserted its Objections Based Upon Confidentiality*

White Lodging has objected to producing certain documents and information as seeking confidential and proprietary information of not only the Debtor but White Lodging itself and has objected to producing documents prior to the entry of a protective order.

Lenders argue that White Lodging cannot object to producing documents on the grounds that certain documents are confidential and proprietary, because the Debtor did not move for entry of a protective order. Lenders' argument presumes that the only confidential and proprietary information which White Lodging seeks to protect is that belonging to Debtor. White Lodging operates and manages hotels across the country. Although the documents sought in the Subpoena focus on the operations of the Debtor's hotel, production of such documents and information would necessarily require disclosure of confidential and proprietary information related to White Lodging's own business and operations and disclosure of such information could be detrimental to White Lodging.

That Debtor chose not to move for a protective order does not preclude White Lodging from objecting to production of certain documents based upon the confidential and proprietary nature of such document.  White Lodging was not required under the June 14, 2024 order to file a motion for protective order.  Instead, the June 14, 2024 order expressly acknowledges that White Lodging had the right to raise objections to the Subpoena.

While Debtor may have determined that the documents in its possession could be produced subject to an agreement with Lenders to limit the use of certain information, White Lodging has not waived its right to request a formal protective order with regard to the documents that are in White Lodging's possession.  For instance, request no. 8 seeks documents

3

to identify the top five accounts for the hotel operated at the Property with corresponding room nights and rooms revenue for year-end 2023 and year-to-date 2024. Request no. 10 further seeks a group booking pace report. This is highly-sensitive information that would reveal not only confidential and proprietary information of the Debtor, but of White Lodging. Moreover, the relevant revenue and financial information as to certain accounts has been provided and it is not clear why the identities of certain accounts are needed.

Request no. 9 seeks documents related to major room block contracts for the hotel which is also highly-confidential. Certain of the room block contracts requested contain a provision which prohibit the parties from disclosing the existence of the room block contract to third-parties. White Lodging and Debtor may be subject to liability under those contracts if they are produced to Lenders. Considering the highly-sensitive nature of the requested information in the Subpoena, White Lodging's confidentiality objections are merited. It is Lenders' refusal to agree to a proposed protective order that lacks reasonableness or merit.

B. *White Lodging Cannot Be Compelled to Produce Documents Not in its Possession.*

Lenders fail to specifically identify which Requests for which there is a dispute as to who is in possession between Debtor and White Lodging. White Lodging cannot be compelled to produce documents or information that it does not possess. After reviewing Debtors' response and search for documents White Lodging Supplements its answer as follows:

With regard to request no. 3, White Lodging only has information related to those capital expenditures which Debtor directed White Lodging to make payment. White Lodging is not in possession of any documents related to capital expenditures that Debtor paid directly.

With regard to request nos. 4, 5, and 6, White Lodging is not in possession of such documents and Debtor has answered that no such documents exist.

4

With regard to request no. 7, White Lodging is not in possession of any such documents.

### C. *White Lodging's Remaining Specific and General Objections are Merited.*

With regard to interrogatory nos. 11 and 12, White Lodging has asserted the specific objection that these interrogatories are vague because the term "atypical" and "expectations of changes" are not defined. Moreover, these interrogatories do not state the specific time period for which the information is requested and thus is overly burdensome and unruly to attempt to answer. Because of the vagueness of what is being requested, White Lodging is unable to answer these interrogatories.

As Lenders are quick to claim waiver, White Lodging has asserted general objections based upon attorney client privilege and duplicative productions in order to expressly preserve and protect itself from a claim by Lenders that White Lodging waived these objections. As stated in its Answer, White Lodging will produce documents upon entry of a protective order that will protect its confidential and proprietary information. Upon entry of a protective order, White Lodging will produce responsive documents and will provide any privilege log or otherwise identify any specific document being withheld from production based upon these objections, if necessary. White Lodging merely is preserving its right to assert such objections over production of specific documents as necessary.

WHEREFORE, White Lodging Services Corporation respectfully requests the entry of an Order denying Motion for Order Compelling Production of Documents and to Show Cause filed ("Motion") filed by Computershare Trust Company, N.A. and Wisconsin & Milwaukee Hotel Funding LLC and grant such further relief that is equitable and just.

                                                    **WHITE LODGING SERVICES CORPORATION**

                                                    By:    /s/ Amy E Daleo
                                                                   One of its Attorneys

Cornelius P. Brown (nbrown@cohonraizes.com)
Amy E Daleo (adaleo@cohonraizes.com)
Cohon Raizes & Regal LLP (90192)
300 S. Wacker Drive, Suite 500
Chicago, IL 60606
Office: (312) 726-2252
Fax: (312) 726-0609

# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| In re: | Chapter 11 |
| WISCONSIN & MILWAUKEE HOTEL, LLC, | Case No. 24-21743 |
| Debtor. | Honorable G. Michael Halfenger |

## CERTIFICATE OF SERVICE

I hereby certify that on July 15, 2024, I caused to be filed, with the United States Bankruptcy Court for the Eastern District of Wisconsin, **White Lodging Services Corporation's Response to Motion for Order Compelling Production of Documents and to Show Cause** (the "Response"), using the Court's CM/ECF electronic filing system which caused the Response to be sent to all parties in this case receiving electronic notice. Further, I certify that on July 14, 2024, at the offices of Cohon Raizes & Regal LLP, 300 S. Wacker Drive, Ste. 500, Chicago, IL 60606, I caused the Response to be served upon the individuals and entities shown on the attached service list via first class U.S. Mail, Postage prepaid.

Dated: July 15, 2024.

                                          **WHITE LODGING SERVICES CORPORATION**

                                          By:  */s/ Amy E Daleo*
                                                   One of its Attorneys

Cornelius P. Brown
(nbrown@cohonraizes.com)
Amy E Daleo (adaleo@cohonraizes.com)
Cohon Raizes & Regal LLP (90192)
300 S. Wacker Drive, Suite 500
Chicago, IL 60606
Office: (312) 726-2252
Fax: (312) 726-0609

**SERVICE LIST:**

Office of the United States Trustee
517 E. Wisconsin Ave. Room 430
Milwaukee WI, 53202

Michael P. Richman
Richman & Richman LLC
122 W. Washington Ave., Suite 850
Madison, WI 53703

Frank W. DiCastri
Sara C. McNamara
Reinhart Boerner Van Deuren S.C.
1000 North Water Street, Suite 1700
Milwaukee, WI 53202