So Ordered.

Dated: July 19, 2024



G. Michael Halfenger  
Chief United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT  
FOR THE EASTERN DISTRICT OF WISCONSIN

In re:

Wisconsin & Milwaukee Hotel, LLC,   Case No. 24-21743-gmh

Debtor.   Chapter 11

**ORDER**
**(1) SCHEDULING AN AUGUST 1, 2024 HEARING ON (A) THE DEBTOR'S MOTION TO EXTEND THE EXCLUSIVITY PERIODS, AND (B) CASE MANAGEMENT;**
**AND**
**(2) SHORTENING THE DEADLINE TO OBJECT TO THE DEBTOR'S MOTION TO EXTEND THE EXCLUSIVITY PERIODS TO JULY 30, 2024**

_____

On July 18, 2024, the debtor filed a motion pursuant to 11 U.S.C. section 1121(d) seeking an extension of the deadline for the debtor to file a plan of reorganization and solicit acceptances for such a plan under section 1121(c)(2) & (3) ("Exclusivity Motion"). ECF No 195. The debtor filed a notice of the Exclusivity Motion setting an August 1,

2024 deadline to object, and a certificate of service stating that the motion and notice were served on all parties listed on creditor matrix in this case. ECF Nos. 196-97.

The court has reviewed the Exclusivity Motion along with the record. Presuming the motion's factual allegations are true, it makes a plausible showing of cause to extend the exclusivity periods. In the past few days, the court has scheduled an August 1, 2024 hearing to resolve motions filed by Computershare Trust Company, N.A. and Wisconsin & Milwaukee Hotel Funding LLC (collectively, "Lenders") to compel (1) the debtor to pay Lenders the adequate protection payment Lenders assert is required and (2) the debtor and White Lodging Services Corporation to produce documents. Under the circumstances, efficient judicial administration of this case is best served by considering the Exclusivity Motion at the August 1 hearing, which, in turn, creates cause to shorten the objection deadline to that motion to July 30, 2024. The parties must be prepared to address the Exclusivity Motion and any other matters of case administration at the same time as the evidentiary hearings that are currently scheduled on the Lenders' motions to compel; the court will structure the proceedings to adjudicate all three motions based on the nature of the remaining issues and any other considerations raised by the parties at the hearing's commencement. Although the court anticipates that it may be able to adjudicate the Exclusivity Motion based on uncontested proffered facts (presuming that there is a timely objection to that motion that the parties cannot resolve in advance of the hearing), this order leaves open to the parties the ability to present evidence to support or oppose that motion, should they conclude that such a presentation of evidence is warranted.

Accordingly, **IT IS HEREBY ORDERED**:

1. The court will hold a hearing on the Exclusivity Motion on **August 1, 2024, at 11:00 a.m.** in room 133 of the United States Federal Courthouse-Milwaukee, 517 E. Wisconsin Avenue, **at which it may hear evidence**, unless
    a. no objections are filed to the Exclusivity Motion by July 30, 2024, and

      b. the court gives notice on the docket that the hearing is canceled.
2. The deadline to object to the Exclusivity Motion is **<u>July 30, 2024</u>**.
3. The court will also hold a hearing on case management of the debtor's chapter 11 case on **<u>August 1, 2024, at 11:00 a.m.</u>**
4. If any party seeks to present evidence in connection with the Exclusivity Motion, then by **5:00 p.m.** on **<u>July 31, 2024</u>**, they **must** file:
    a. Copies of exhibits that they contemplate using at the evidentiary hearing; exhibits should be numbered as described in the procedures posted on the court's website at https://www.wieb.uscourts.gov/content/judge-g-michael-halfenger-chief-judge.
        i. To expedite the proceedings, the parties must bring paper copies of all exhibits to the evidentiary hearing. They should have sufficient sets for use by the court and witnesses. The sets for use by the witness and the court must include the ECF filing stamp on each page. The parties are responsible for having their own copies of each exhibit. Regardless of the parties' use of paper exhibits during the hearing, the official record exhibits will be those filed on the electronic docket, unless the court otherwise orders.
    b. A list of the witnesses that they intend to call at the evidentiary hearing in their case-in-chief, along with a brief summary of the testimony each witness will provide at the evidentiary hearing (including for any witness expected to present evidence under Federal Rule of Evidence 702, 703, or 705, the subject matter on which the witness is expected to present that evidence, and a summary of the facts and opinions to which the witness is expected to testify).
5. The failure to identify and exchange an exhibit or identify a witness will result in exclusion of the exhibit or witness except upon a showing that the failure was

substantially justified or harmless.

6. Failure to comply with the deadlines set in this order may result in the court taking adverse action against the non-compliant party without further notice or a hearing.

7. This hearing will not be rescheduled absent good cause and written order of the court.

8. The court accepts the debtor's Exclusivity Motion as the status report that the debtor is required to file pursuant to paragraph 2 of the court's June 3, 2024 Case Management Order, ECF No. 142, at 2.

# # # # #