**UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF WISCONSIN**

In re:

Wisconsin & Milwaukee Hotel LLC,

                   Debtor.

Case No. 24-21743-gmh
Chapter 11

**APPLICATION OF THE DEBTOR**
**FOR AUTHORITY TO RETAIN AND EMPLOY**
**LW HOSPITALITY ADVISORS AS APPRAISER**

Wisconsin & Milwaukee Hotel LLC, the debtor herein ("**Debtor**" or "**WMH**"), by its attorneys Richman & Richman LLC, by Michael P. Richman and Claire Ann Richman, hereby submits the Application of the Debtor for Authority to Retain and Employ LW Hospitality Advisors as Appraiser ("**Application**"), seeking entry of an order pursuant to Section 327 of the United States Bankruptcy Code, 11 U.S.C. §§ 101 *et seq*. (the "**Bankruptcy Code**"), Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Local Rule 2014 of the United States Bankruptcy Court for the Eastern District of Wisconsin (the "**Local Rules**"), authorizing the Debtor to employ and retain LW Hospitality Advisors ("**LWHA**") as its appraiser effective as of August 14, 2024, the filing date of this Application ("**Effective Date**"). The Application also seeks approval for the Debtor to make immediate payment of a fixed fee of $12,000 for the first phase of the appraisal work to be done. In support of the Application, the Debtor submits the Declaration of Jonathan Jaeger ("**Jaeger Declaration**") attached hereto as **Exhibit A** and incorporated herein.

## JURISDICTION AND VENUE

1.      The Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334, and the order of reference in this District entered pursuant to § 157(a). This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper in this district pursuant to §§ 1408 and 1409.

2.      The statutory predicates for relief sought in the Application are Sections 105(a), 327(a), 328, and 330 of the United States Bankruptcy Code ("**Bankruptcy Code**"), Rules 2014(a), 2016, and 2002(a)(2) of the Federal Rules of Bankruptcy Procedure ("**Bankruptcy Rules**"), and Local Rule 2014 of the United States Bankruptcy Court for the Eastern District of Wisconsin (the "**Local Rules**").

## BACKGROUND

3.      On April 9, 2024 (the "**Petition Date**"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code, commencing the above-captioned chapter 11 case (the "**Case**").

4.      The Debtor remains in possession of its property and is operating its business as a debtor in possession, pursuant to §§ 1107 and 1108 of the Bankruptcy Code.

5.      The Debtor owns and operates the Milwaukee Marriott Downtown, a 205-room full-service, high-end hotel located at 625 N. Milwaukee Street, Milwaukee (the "**Hotel**").

6.      The value of the Hotel is important to impending plan negotiations with the Debtor's prepetition secured lenders Computershare Trust Company, N.A. and

2

Wisconsin & Milwaukee Hotel Funding LLC (the "**Lenders**"), and if negotiations do not produce an agreement, to plan confirmation issues and potential contested hearings.

**REQUESTED RELIEF**

7.    The Debtor desires to retain and employ LWHA to appraise the Hotel, consult with Debtor's counsel on the Hotel's valuation and related issues, and potentially serve as an expert valuation witness for purposes of this Chapter 11 Case.

8.    Subject to this Court's approval of this Application, the Debtor signed an engagement undertaking with LWHA on August 12, 2024. *See* Professional Services Agreement between the Debtor and LWHA ("**Services Agreement**"), a true and correct copy of which is attached to the Jaeger Declaration as **Exhibit I**.

9.    The Debtor believes that it is in the best interests of the estate to retain and employ LWHA for the purposes described above, and LWHA is willing and able to do so.

10.    LWHA is a national real estate valuation and consulting firm, which offers hospitality real estate appraisal/valuation-related services. LWHA professionals are highly skilled valuation professionals with degrees in hospitality management, and extensive experience in hospitality operations, real estate, and finance. LWHA is staffed with career hospitality specialists who focus exclusively on the lodging and gaming sectors, and are graduates of renowned hotel schools with professional experience in a wide variety of hotels, restaurant, and food and beverage companies. LWHA's extensive experience and knowledge will enable it to work in an

3

efficient and cost-effective manner on behalf of the Debtor's estate.

11. The professional services to be rendered by LWHA, primarily by Jonathan Jaeger, Senior Managing Director of LWHA ("**Jaeger**"), are to appraise the Hotel and provide a valuation of the Hotel for purposes of the preparation of the Debtor's proposed plan of reorganization, including for plan negotiations with the Debtor's secured lenders. LWHA will also consult with Richman & Richman LLC ("**R&R**"), bankruptcy counsel for the Debtor, to assist R&R in providing legal advice to the Debtor on valuation issues. The Debtor also anticipates that it may also wish to designate LWHA as a valuation expert in connection with this Chapter 11 Case (the "**Case**"), in the event that plan confirmation is contested on valuation issues.

12. By this Application, the Debtor respectfully requests that this Court enter an Order authorizing it to employ and retain LWHA as its appraiser, and for the other services summarized above, and to pay the fixed fee of $12,000 for the first phase of the appraisal services to be provided, pursuant to Sections 327(e), 328(a), and 330 of the Bankruptcy Code.

## SCOPE OF EMPLOYMENT

13. Local Rule 2014 of the Bankruptcy Court for this district provides that an application "must include a specific recitation of the anticipated services to be rendered together with the proposed method of calculating the compensation." The specific professional services that the Debtor expects that LWHA will render, include the following:

> a. conduct a site visit of the Hotel for interior and exterior observations;

4

b. determine value based upon a combination of valuation approaches necessary to develop a credible opinion;

c. deliver a current value report for the Hotel;

d. consult with R&R on all matters related to valuation of the Hotel; and

e. if requested, act as the Debtor's valuation expert in this Case, including providing reports and testimony in plan confirmation proceedings.

## COMPENSATION

14. Compensation to LWHA will be as follows:

- **Phase 1** – Appraisal – Fixed Fee of $12,000, to be paid as a retainer before appraisal services are rendered by LWHA ("**Retainer**"), subject to approval by this Court. This flat, fixed fee will not be calculated on an hourly basis.

- **Phase II** – Consulting with R&R and Testifying as Expert Witness – Compensation for these services will be calculated based on the work performed, billed at the hourly rates of LWHA professionals, primarily Jaeger, plus reimbursement of the actual and necessary expenses LWHA professionals incur, in accordance with the ordinary and customary rates which are in effect on the date the services are rendered, including, but not limited to, postage, travel expenses other than mileage, photocopies, and mileage fees (at the rate allowable for deduction by federal law), and other incidental costs advanced by LWHA specifically for these matters, at the rates commonly charged for such costs to other LWHA clients. Subject to approval by this Court, LWHA shall be paid on a monthly basis.

5

15.     The names, positions, and current hourly rates of LWHA's professionals and paraprofessionals currently expected to have primary responsibility for providing services to the Debtor are indicated in the following table:

| Name | Title | Years Experience | Hourly Rate |
|------|-------|------------------|-------------|
| Jonathan Jaeger | Sr. Managing Director | 16 | $750 per hour |
| Christopher Hutsen | Vice President | 17 | $550 per hour |

16.     The Debtor anticipates that Compensation to LWHA will also include any out-of-pocket travel costs the professionals of LWHA will incur to conduct the appraisal of the Hotel during Phase I of LWHA's engagement.

17.     The Debtor has determined that the rates proposed to be charged by LWHA are reasonable given the work to be performed.

**LWHA DOES NOT HOLD OR REPRESENT
ANY ADVERSE INTEREST**

18.     To the best of Debtor's knowledge, based upon the Jaeger Declaration, LWHA (a) does not hold or represent any interest adverse to the Debtor or its Chapter 11 estate, its creditors, or any other party in interest, other than as may be disclosed in the Jaeger Declaration, and (b) is a "disinterested person" as that term is defined in Section 101(14) of the Bankruptcy Code.

WHEREFORE, the Debtor respectfully requests the entry of an order (a) granting this Application, (b) authorizing it to retain and employ LW Hospitality Advisors as its appraiser, effective as of August 14, 2024, (c) authorizing the Debtor to pay the $12,000 Retainer to LW Hospitality Advisors, and (d) granting such other and further relief as this Court may deem just and proper.

6

Dated this 14th day of August, 2024.

                              **RICHMAN & RICHMAN LLC**
                              **Attorneys for Debtor**
By:

                  */s/ Michael P. Richman*
                  Michael P. Richman
                  Claire Ann Richman
                  Eliza M. Reyes
                  122 West Washington Avenue, Suite 850
                  Madison, WI 53703
                  Tel: (608) 630-8990
                  Fax: (608) 630-8991
                  mrichman@RandR.law
                  crichman@RandR.law
                  ereyes@RandR.law

# EXHIBIT A

**UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF WISCONSIN**

In re:

Wisconsin & Milwaukee Hotel LLC,

                         Case No. 24-21743-gmh
                         Chapter 11

                  Debtor.

**DECLARATION OF JONATHAN JAEGER**
**IN SUPPORT OF APPLICATION OF THE DEBTOR**
**FOR AUTHORITY TO RETAIN AND EMPLOY**
**LW HOSPITALITY ADVISORS AS APPRAISER**

I, Jonathan Jaeger, hereby declare as follows:

1.    I am a Senior Managing Director with LW Hospitality Advisors ("**LWHA**"), a national real estate valuation and consulting firm. I submit this declaration pursuant to Fed. R. Bankr. P. 2014(a) in support of the Notice and Application of Debtor for Authority to Retain and Employ LW Hospitality Advisors as Appraiser (the "**Application**"), of Wisconsin & Milwaukee Hotel LLC, the debtor herein ("**Debtor**" or "**WMH**").

2.    Unless otherwise stated, the facts set forth herein are based on my personal knowledge, upon records maintained by LWHA in the ordinary course of business, and which have been reviewed by me or other LWHA employees at my direction, or upon information provided to me by other LWHA employees. To the extent any information disclosed in this declaration requires amendment or modification as additional information becomes available, a supplemental declaration will be submitted to the court.

## The Debtor's Retention of LWHA

3.     Subject to the approval of the Application, the Debtor retained LWHA on August 12, 2024, as memorialized by the Professional Services Agreement between the Debtor and LWHA ("**Services Agreement**"). A true and correct copy of the proposed Services Agreement is attached hereto and incorporated herein as Exhibit I.

4.     The Debtor owns and operates the Milwaukee Marriott Downtown, a 205-room full-service, high-end hotel located at 625 N. Milwaukee Street, Milwaukee (the "**Hotel**").

5.     The Debtor desires to retain and employ LWHA to appraise the Hotel, consult with its counsel on valuation issues, and potentially serve as an expert witness on Hotel valuation for purposes of this Chapter 11 Case.

6.     LWHA offers hospitality real estate appraisal/valuation-related services. LWHA professionals are highly skilled valuation professionals with degrees in hospitality management, and extensive experience in hospitality operations, real estate, and finance. LWHA is staffed with career hospitality specialists who focus exclusively on the lodging and gaming sectors, and are graduates of renowned hotel schools with professional experience in a wide variety of hotels, restaurant, and food and beverage companies. LWHA's extensive experience and knowledge will enable it to work in an efficient and cost-effective manner on behalf of the Debtor's estate.

7.     I have been responsible for the management and execution of over 1,000 lodging/gaming consulting and valuation assignments through the United States, Canada, Mexico, and the Caribbean on an annual basis. I am a State Certified Real

Estate Appraiser specializing in the evaluation of hotel, resort, and gaming properties. I am also a designated member of the Appraisal Institute, and a member of the International Society of Hospital Consultants.

8. The services to be rendered by LWHA include the following:

   a. conduct a site visit of the Hotel for interior and exterior observations;

   b. determine value based upon a combination of valuation approaches necessary to develop a credible opinion;

   c. deliver a current value report for the Hotel;

   d. consult with Richman & Richman LLC, bankruptcy counsel for the Debtor, on all matters related to valuation of the Hotel; and

   e. if requested, act as the Debtor's valuation expert in this Case, including providing reports and testimony in plan confirmation proceedings.

## LWHA is a Disinterested Person
## Pursuant to 11 U.S.C. § 101(14)

9. To the best of my knowledge, information, and belief, LWHA, including all members and staff thereof, is a disinterested person within the meaning of 11 U.S.C. § 101(14) and is eligible to serve as appraiser for the Debtor pursuant to 11 U.S.C. § 327.

10. As far as I have been able to ascertain, other than as may be disclosed in this Declaration and in connection with appraisal services to the Debtor, LWHA does not have connections with the Debtor, its creditors, or any other party in interest in this Case, or the United States Trustee or any person employed in the Office of the United States Trustee.

3

11.     LWHA employees, under my supervision, conducted a search of LWHA's database for each of the following entities (collectively, the "**Search Parties**"). The list of the Search Parties is attached hereto and incorporated herein as Exhibit II.

- the Debtor;

- the Debtor's equity holders;

- the Debtor's management;

- the Debtor's secured and unsecured creditors; and

- other parties in interest.

12.     After reviewing the conflicts search, I have determined that neither LWHA, its partners, associates, nor I (a) hold or represent any interest adverse to the Debtors or their estates, their creditors or equity security holders; or (b) represent any other entity having an interest adverse to the Debtors in connection with this Case.

13.     In addition, to the best of my knowledge, information, and belief, and in accordance with Bankruptcy Rule 5002, neither I, nor any member or employee of LWHA is a relative of any of the United States Bankruptcy Judges who may be assigned to this Case, and LWHA does not have a connection with any of the United States Bankruptcy Judges who would determine LWHA's retention in this Case.

14.     Based upon my review as of this date, I have determined that LWHA does not represent any party who has a material adverse interest with respect to the Debtor.

15. In sum, I believe LWHA: (a) does not hold or represent any interest adverse to the Debtor in connection with the matters for which LWHA will be engaged; and (b) is disinterested.

## LWHA's Professional Compensation

16. Pursuant to the Services Agreement, compensation to LWHA will be as follows:

- **Phase 1** – Appraisal – Fixed Fee of $12,000, to be paid as a retainer before appraisal services are rendered by LWHA ("**Retainer**"), subject to approval by this Court. This flat, fixed fee will not be calculated on an hourly basis.

- **Phase II** – Consulting with R&R and Testifying as Expert Witness – Compensation for these services will be calculated based on the work performed, billed at the hourly rates of LWHA professionals, primarily Jaeger, plus reimbursement of the actual and necessary expenses LWHA incurs, in accordance with the ordinary and customary rates which are in effect on the date the services are rendered, including, but not limited to, postage, travel expenses other than mileage, photocopies, and mileage fees (at the rate allowable for deduction by federal law), and other incidental costs advanced by LWHA specifically for these matters, at the rates commonly charged for such costs to other LWHA clients. Subject to approval by this Court, LWHA shall be paid on a monthly basis.

17. The names, positions, and current hourly rates of LWHA's professionals and paraprofessionals currently expected to have primary responsibility for providing services to the Debtor are indicated in the following table:

| Name | Title | Years Experience | Hourly Rate |
|------|-------|------------------|-------------|
| Jonathan Jaeger | Sr. Managing Director | 16 | $750 per hour |
| Christopher Hutsen | Vice President | 17 | $550 per hour |

18.     The Debtor anticipates that Compensation to LWHA will also include any out-of-pocket travel costs the professionals of LWHA will incur to conduct the appraisal of the Hotel during Phase I of LWHA's engagement.

19.     The fees charged by LWHA are reasonable given the work to be performed.

20.     LWHA has not shared or agreed to share any compensation received in connection with this proceeding with any entity other than its members, or associates in accordance with 11 U.S.C. § 504(b).

I declare under penalty of perjury under the laws of the United States that, based upon my knowledge, information and belief as set forth in this Declaration, the foregoing is true and correct to the best of my knowledge.

Executed in Orleans, Massachusetts this 13th day of August, 2024.


_____
Jonathan Jaeger

# EXHIBIT I



200 West 41st Street, Suite 602
New York, NY 10036
(212) 300-6684
www.lwhospitalityadvisors.com

August 9, 2024

Wisconsin & Milwaukee Hotel, LLC
c/o
Mr. Michael P. Richman
Richman & Richman LLC
122 W Washington Ave Suite 850
Madison, WI 53703
T: 608-709-5998
E: MRichman@RandR.law

RE:     Professional Services Agreement - Milwaukee Marriott Downtown
        625 N Milwaukee St.
        Milwaukee, WI 53202

Dear Mr. Richman,

Pursuant to your request, we are pleased to submit this proposal for the services of LW Hospitality Advisors in connection with the Milwaukee Marriott Downtown. This letter sets forth a description of the objectives and scope of the assignment, along with the methodology to be employed, an estimate of the time requirements, a schedule of professional fees, specific property data request ("Exhibit A"), our Terms and Conditions ("Exhibit B"), and Assumptions & Limiting Conditions ("Exhibit C").

## Parties to this Agreement

The undersigned, LW Hospitality Advisors LLC or its designated affiliates LW-GA, LLC and Performance Hospitality Advisors, LLC (at all times herein "LWHA") and **Wisconsin & Milwaukee Hotel, LLC** (at all times herein "Client").

## Intended Use and Intended Users

Intended User:          Client & Richman & Richman LLC
Intended Use:           Asset Valuation for Chapter 11 Bankruptcy
Report Addressee:       Client

LWHA understands that it is being engaged by Client as an appraiser and a potential valuation expert in connection with the Chapter 11 bankruptcy case.

*The Client agrees that there are no other Intended Users or Intended Use of our work.*

## Subject of the Assignment

The property to be studied (at all times herein "Subject Property" or "Hotel") is as follows:



Property Type:        Existing
Property Name:        Milwaukee Marriott Downtown
Property Address      625 N Milwaukee St.
                      Milwaukee, WI 53202

## Objective and Scope of Services

The objective of this assignment is to perform an Appraisal in order to provide the Client with our opinion of the market value of the subject property.

Our work will be prepared in accordance with the Uniform Standards of Professional Appraisal Practice (USPAP), the Code of Ethics and Certification Standards of the Appraisal Institute, and Supplemental Standards.  In addition, the Financial Institutions Reform, Recovery and Enforcement Act (FIRREA) specifies that a federally-regulated financial institution must be the Client in the appraiser-client relationship under the terms of an assignment agreement. To the extent the Client is governed by FIRREA, this appraisal will meet all applicable requirements.  The scope of work necessary to accomplish the above assignment will include the tasks outlined in the following pages.

LWHA will analyze the market conditions under which the subject property is likely to operate, and assess market forces, demand trends, and any external factors that may affect future hotel operations in the subject market area.  In addition, LWHA will evaluate the potential attainable demand levels for the subject property and estimate its future financial performance.

## Analysis / Value Parameters

LWHA will prepare an analysis of the subject reflecting the following parameters:

Interest Appraised:     Fee Simple
Date Of Value:          Date of Inspection
Values Included:        As Is

## Engagement Approach

To meet the assignment objectives, LWHA proposes the following scope of work.

### Extent to Which the Property is Identified

LWHA will collect the relevant characteristics about the subject property. The property will be legally identified through its postal address, assessor's records, the provided legal description and the provided title report.  Economic characteristics of the subject will be identified via an analysis of historical operating statements.

### Extent to Which the Property is Inspected

LWHA will, to the extent feasible, conduct a physical inspection of both the interior and exterior of the subject property, as well as its surrounding environs.

### Type and Extent of the Data Researched

LWHA will consider the micro and/or macro market environments with respect to physical and economic factors relevant to the valuation process.  This knowledge will be expanded through telephone interviews with regional and/or local market participants, available published data and other various resources.  LWHA will also conduct regional and/or local research with respect to applicable tax data, zoning requirements, demographics, income and expense data, and comparable listing, sale and rental information.



### *Type and Extent of Analysis Applied*

LWHA will analyze the data gathered through the use of appropriate and accepted appraisal methodology to arrive at a probable value indication via each applicable approach to value. LWHA will then correlate and reconcile the results into a reasonable and defensible value conclusion, and estimate a reasonable exposure time and marketing time associated with the value opinions presented.

## Timing

Time Due - Appraisal:    45 days

*The assignment process will initiate upon your signing this letter authorizing LWHA to proceed and returning it to us with the requested property specific data.*

## Expenses

Expenses:        All expenses (including travel) to be reimbursed at cost by client, subject to approval of the bankruptcy court.

## Professional Fees

Phase I - Appraisal - Fixed Fee:    $12,000 due upon authorization to proceed, subject to approval of the bankruptcy court.
Phase II - Consulting and/or Testifying Expert in Bankruptcy Case: billed @ $750 per hour for Jonathan Jaeger with payments due on a monthly basis, subject to approval of the bankruptcy court.

Please provide written confirmation of an electronic transfer when payment is made. Wiring instructions are as follows:

Flagstar Bank
Routing # 026013576
LWHA Account# 1504838214

**Please include the invoice number when remitting any payments.**

Payment of any fee(s) is/are not contingent on an outcome of the market study, a loan closing, or any other prearranged condition other than approval of the bankruptcy court.

In the event after commencing the assignment it becomes necessary to alter the parameters of the study, such as the property description; assumed date(s); financial, management, or ownership structure; or any other factor which could change the final conclusions, LWHA will be entitled to charge an additional fee based upon our current per-diem rates and the time required to incorporate the necessary changes into our analysis and report. In addition, the estimate of timing will be extended by an amount equal to the added work. In advance of commencing any additional work as outlined above, Client will be notified in writing with a request to confirm the agreed upon scope of additional work and additional fee, subject to approval of the bankruptcy court.

Additional fees will also be charged on an hourly basis for any work which exceeds the scope of this proposal, including performing additional research, analysis and/or alternate scenarios; reviewing other studies and documents related to the property; telephone calls and/or meetings with any party which we believe goes beyond the time generally expended during the course of an assignment of this nature; and attending out-of-town meetings.



Hourly rates of professional staff are as follows: Senior Managing Director/Managing Director - $750; Director - $650; Senior Vice President - $600; Vice President - $550; Senior Associate/Associate - $475.

Notwithstanding the fee payment schedule set forth above, if at any time while performing this assignment it becomes necessary to suspend work for a period of thirty (30) days or more, then LWHA will be entitled to bill for the portion of the assignment completed up to the suspension (less any retainer paid) at its current per-diem rates.

## Conditions Regarding Use of LWHA's Report and Work Product

The overall definition and scope of the work to be performed, and its adequacy in addressing Client's needs, is the responsibility of Client. Client shall perform all management functions and make all management decisions in connection with LWHA's services, and shall assign a competent individual to oversee LWHA's services. Client is responsible for ensuring that all information LWHA may reasonably require is provided on a timely basis and is accurate and complete. Client shall also notify LWHA if it subsequently learns that the information provided is incorrect or inaccurate or otherwise should not be relied upon.

LWHA's services outlined in this engagement letter will be based upon research, knowledge of the industry, and other data and sources available to us. Information provided by Client or others will be accepted without audit or verification and will be assumed to be correct. The paucity of publicly available information shall not be construed as failure of LWHA to deliver the required work product under this engagement.

The findings may contain financial information, estimates or opinions that represent the consultants' view of reasonable expectations at a particular point in time. However, such information, estimates or opinions will not be offered as predictions or as assurances that the particular level of income or profit will be achieved, or that events will occur. Actual results achieved during the period covered by the financial analyses will vary and the variations may be material.

Client acknowledges and agrees that even with LWHA's research expertise, the amount of publicly available information on the topics discussed herein will ultimately determine the amount of information LWHA can report on the topics.

Client understands and acknowledges that the inability to secure meetings with competitors and industry participants, due to factors outside LWHA's control such as current economic conditions, companies' current financial situation, companies' current strategic priorities, or timing considerations, should not be construed as LWHA's failure to perform the scope of work described in this engagement letter.

Recognizing that LWHA's role is advisory, and in partial consideration for the services to be provided hereunder, Client agrees to indemnify LWHA and its partners, principals, directors, officers, members, affiliates, agents and/or employees (LWHA and each such person being an "Indemnified Party") pursuant to the provisions set forth in Sections 16, 17, and 18 of the attached Terms and Conditions, subject to bankruptcy court approval.

LWHA makes no representations or warranties regarding the accuracy of the conclusions. LWHA's services shall remain subject to each of the conditions, limitations and assumptions stated therein.



Distribution of LWHA's report will be governed by the terms set forth in Section 15 of the attached Assumptions and Limiting Conditions.

Client acknowledges that any opinions and conclusions expressed by LWHA professionals during this assignment are representations made as employees and not as individuals. LWHA's responsibility is limited to Client, and use of LWHA's product by third parties shall be solely at the risk of Client and/or third parties.

If LWHA or any of its employees receives a subpoena or other judicial command to produce documents or to provide testimony involving this assignment in connection with a lawsuit or proceeding, LWHA notify Client of LWHA's receipt of same. However, if LWHA is not a party to these proceedings, Client agrees to compensate LWHA and/or its affiliate for the professional time and reimburse LWHA for the actual expense that it incurs in responding to any such subpoena or judicial command, including attorneys' fees, if any, as such expenses are incurred, subject to bankruptcy court approval. LWHA will be compensated at the then prevailing hourly rates of the personnel responding to the subpoena or command for testimony. Client specifically authorizes LWHA to disclose information relating to this assignment, including information which may be considered confidential, to third persons as reasonably necessary to LWHA's response to or defense of threatened or actual legal or regulatory actions. This paragraph shall be null and void if such subpoena or judicial command is a result of LWHA's negligence or willful misconduct.

Consulting assignments are accepted with the understanding that there is no obligation to furnish services after completion of the original assignment. If the need for subsequent service related to a consulting assignment (such as an appraisal, updates, conferences, reprints or copy service) is contemplated, special arrangements acceptable to LWHA are to be made in advance. The assignment assumes market conditions as observed as of the current date of LWHA's research stated in the letter of transmittal of our written report. These market conditions are believed to be correct; however, the consultants assume no liability should market conditions materially change because of unusual or unforeseen circumstances.

Client acknowledges and agrees that LWHA may from time to time be engaged in providing services to others, which are similar to those to be provided to Client hereunder. Client further agrees that such activities shall not in and of themselves create any presumption that LWHA's obligations under this Agreement have not been honored.

The attached Terms and Conditions (Exhibit A) and Specific Property Data Request (Exhibit B) are deemed a part of this agreement as though set forth in full herein. In addition to all other terms and conditions of this agreement, LWHA and Client agree that LWHA's services under this agreement and Appraisal report, and any use of the Appraisal report are subject to the statements, limiting conditions and other terms set forth in the Appraisal report. LWHA's standard statements, limiting conditions and terms are attached to this agreement as Exhibit C and incorporated herein. LWHA may determine additional conditions and terms affecting the Appraisal during performance of the assignment which may be identified in the report.

## Engagement Acceptance

If you are in agreement with the conditions regarding the use of LWHA's work product, please sign the enclosed copy of this letter and return it to LWHA. Acceptance of this engagement letter is subject to LWHA's normal client acceptance procedures. A final invoice will be submitted upon the completion of our draft report and is payable upon presentation.



We appreciate this opportunity to be of service to you on this assignment. If you have additional questions, please contact us.

Sincerely,

LW Hospitality Advisors, LLC

Jonathan Jaeger
Senior Managing Director
(212) 300-6684 x116
jonathan.jaeger@lwhadvisors.com

## Agreed and Accepted

For: **Wisconsin & Milwaukee Hotel, LLC**

_____
Signature

RANDALL G ERKERT
_____
Name

414 – 226 – 1950
_____
Phone Number

8/12/24
_____
Date

Manager, JACKSON Street Management LLC,
Manager
_____
Title

RANDY@ JACKSON STREET Holdings. Com
_____
Email Address



# Exhibit A: Specific Property Data Request

In order to complete this assignment in the timely manner requested, LW Hospitality Advisors LLC or its designated affiliate LW-GA LLC, or LW-FL LLC (at all times herein "LWHA") requests the following specific information for the property, if applicable:

**Property Information**

- Current title report and title holder name
- Plot plan, survey and legal description
- Detailed property description
- Building architectural plans and specifications, including square footage for all improvements and rooms
- Engineering and environmental reports
- Past feasibility or market studies, appraisals, impact studies, prospectuses
- Smith Travel STAR and Trend reports
- Latest marketing plan
- Sales and marketing brochures
- Any relevant information gathered by third party sources that would aid in our analysis

**Financials**

- Details regarding original or proposed construction (Hard and Soft) and site acquisition costs
- Historical capital expenditures for the past five years
- Proposed capital expenditures for next five years
- Income and expense statements with full supporting schedules for the past three calendar years, and year to date (EXISITING HOTELS ONLY)
- Average occupancy and ADR by month for the past three calendar years, and year to date (EXISTING HOTELS ONLY)
- Income and expense projections and forecasts with full supporting schedules, if available

**Contracts and Lease Agreements**

- Any leases encumbering leased spaces
- Franchise and/or management agreements, including fee calculation
- Union agreements, service contracts, reservation reports, inspection reports
- Latest real and personal property tax bills
- Terms of any current or recent purchase, sale, or leasing of the subject property including options and listings. Terms required: price, date and financing. Include a copy of the contract and closing statements.
- Detailed ownership history of the subject property for the last five years
- Name and telephone number of contact person to arrange for inspection
- Ground lease, if applicable



# Exhibit B: Terms and Conditions

The report prepared by LW Hospitality Advisors LLC or its designated affiliate LW-GA LLC or LW-FL LLC (at all times herein "LWHA") and all of its work in connection with this assignment is subject to the limiting conditions and all other terms stated in the report. Any use of LWHA's work by any party, regardless of whether such use is authorized or intended by LWHA, constitutes acceptance of all such limiting conditions and terms.

1. These Terms and Conditions, between LWHA and the Client for whom the referenced appraisal service will be performed, shall be deemed a part of such Agreement as though set forth in full therein. The Agreement shall be governed by the laws of the State of New York.

2. Client is defined as the party signing the Agreement and shall be responsible for payment of the fees stipulated in the Agreement. Payment of the fee is not contingent upon any predetermined value or on an action or event resulting from the analyses, opinions, conclusions, or use of the consulting/appraisal report.

3. If LWHA is requested to give court testimony, an additional fee will be charged on an hourly basis at our then-prevailing hourly rate. The hourly billings pertain to court preparation, waiting and travel time, document review and preparation (excludes appraisal report) and all meetings related to court testimony.

4. In the event Client requests additional services beyond the purpose stated in the Agreement, Client agrees to pay an additional charge for such services, plus reimbursement of expenses, whether or not the completed report has been delivered to Client at the time of the request.

5. It is understood that the Client has the right to cancel this assignment at any time prior to delivery of the completed report. In such event, the Client is obligated only for the pro-rated share of the fee based upon the work completed and expenses incurred through and including the date of cancellation.

6. Hard copies of the consulting/appraisal report are available at a cost of $250 per original color copy and $100 per photocopy (black and white), plus shipping cost of $30 per report.

7. If payment for professional fees and out-of-pocket research, travel, and related expenses is not received within sixty (60) days of the billing date, LWHA reserves the right to suspend all work until payment is made and apply a service charge of 1.5 percent per month or fraction thereof to the total unpaid sum. It is further agreed that in the event legal action becomes necessary to enforce collection of bills rendered, you will be responsible for all collection costs, including, but not limited to, court costs and reasonable legal fees. It is understood that LWHA may extend the time for payment on any part of billings rendered without affecting the understanding outlined above.

8. LWHA assumes that there are no major or significant items that would require the expertise of a professional building contractor or engineer. If such items need to be considered in LWHA's study, such services are to be provided by others at a cost which is not a part of the fee proposal.

9. In the event of any dispute between Client and LWHA relating to this Agreement, or LWHA's or Client's performance hereunder, LWHA and Client agree that such dispute shall be resolved by means of binding arbitration in accordance with the commercial arbitration rules of the American Arbitration Association, and judgment upon the award rendered by the arbitrator(s) may be entered in any court of competent jurisdiction. Depositions may be taken and other discovery obtained during such arbitration proceedings to the same extent as authorized in civil judicial proceedings in the State of New York. The arbitrator(s) shall be limited to awarding compensatory damages and shall have no authority to award punitive, exemplary or similar type damages. The prevailing party in the arbitration proceeding shall be entitled to recover from the losing party its expenses, including the costs of arbitration proceeding, and reasonable attorney's fees.

10. Client acknowledges that LWHA is being retained hereunder as an independent contractor to perform the services described herein and nothing in this Agreement shall be deemed to create any other relationship between Client and LWHA. This assignment shall be deemed concluded and the services hereunder completed upon delivery to Client of the consulting/appraisal report discussed herein and LWHA's receipt of Client's full payment of all fees due under the Agreement.



11. All statements of fact in the report which are used as the basis of the LWHA's analyses, opinions, and conclusions will be true and correct to the best of the LWHA's knowledge and belief. LWHA does not make any representation or warranty, express or implied, as to the accuracy or completeness of the information or the state of affairs of the Subject Property furnished to LWHA by Client.

12. LWHA shall have no responsibility for legal matters, questions of survey or title, soil or subsoil conditions, engineering, or other similar technical matters. The report will not constitute a survey of the property analyzed.

13. Client shall provide LWHA with such materials with respect to the Assignment as are reasonably requested by LWHA and in the possession or under the control of Client. Client shall provide LWHA with sufficient access to the Subject Property to be analyzed and hereby grants permission for entry, unless discussed in advance to the contrary.

14. The data gathered in the course of the assignment (except data furnished by Client) prepared pursuant to the Agreement are, and will remain, the property of LWHA. The report will be property of the Client. With respect to data provided by Client, LWHA shall not violate the confidential nature of the consultant-client relationship by improperly disclosing any confidential information furnished to LWHA. Notwithstanding the foregoing, LWHA is authorized by Client to disclose all or any portion of the report and the related data to appropriate representatives of the Appraisal Institute if such disclosure is required to enable LWHA to comply with the Bylaws and Regulations of such Institute as now or hereafter in effect or as required by applicable law or court order.

15. Unless specifically noted in the Appraisal, we will not be taking into consideration the possibility of the existence of asbestos, PCB transformers, or other toxic, hazardous, or contaminated substances and/or underground storage tanks (hazardous material), or the cost of encapsulation or removal thereof. Further, LWHA understands that there is no major or significant deferred maintenance in the property which would require the expertise of a professional cost estimator or contractor. If such repairs are needed, the estimates are to be prepared by others, and are not a part of this fee proposal.

16. Client shall indemnify and hold LWHA fully harmless against any loss, damages, claims, or expenses of any kind whatsoever (including costs and reasonable attorneys' fees), sustained or incurred by a third party as a result of the negligence or intentional acts or omissions of Client (including any failure to perform any duty imposed by law), and for which recovery is sought against LWHA by that third party; however, such obligation to defend and indemnify shall not apply if the claim or cause of action is based upon or arises in any way out of an act, failure to act or representation of LWHA. Client shall indemnify and hold LWHA harmless from any claims, expenses, judgments or other items or costs arising as a result of the Client's failure or the failure of any of the Client's agents to provide a complete copy of the appraisal report to any third party.

17. LIMITATION OF LIABILITY. EXCEPT FOR THE HOLD HARMLESS PROVISION ABOVE, ANYTHING IN THE AGREEMENT TO THE CONTRARY NOTWITHSTANDING, UNDER NO CIRCUMSTANCES WHATSOEVER SHALL EITHER PARTY BE LIABLE TO THE OTHER FOR ANY SPECIAL, CONSEQUENTIAL, PUNITIVE, OR INCIDENTAL DAMAGES OF ANY KIND WHATSOEVER. EXCEPT FOR THE HOLD HARMLESS PROVISION ABOVE, IN NO EVENT WHATSOEVER SHALL EITHER PARTY'S TOTAL LIABILITY TO THE OTHER FOR DIRECT DAMAGES UNDER THE AGREEMENT OR ANY OTHER DAMAGES WHATSOEVER EXCEED IN THE AGGREGATE THE SUM OF TEN THOUSAND DOLLARS ($10,000.00). The total liability amount shall not have a limit in the case of fraud or willful misconduct by either party.

18. Client acknowledges that any opinions, recommendations, and conclusions expressed during this assignment will be rendered by the staff of LWHA, acting solely as employees and not as individuals. Any responsibility of LWHA is limited to Client, and use of our product by third parties shall be solely at the risk of Client and/or third parties.

19. The study described in this proposal will be made subject to certain Assumptions and Limiting Conditions as set forth in Exhibit C attached to the Agreement. If in the sole opinion of LWHA it becomes necessary to add additional assumptions and limiting conditions in order to properly characterize and represent our conclusions, these additional assumptions and limiting conditions will become a part of LWHA's final report.



# Exhibit C: Assumptions and Limiting Conditions

The report prepared by LW Hospitality Advisors LLC or its designated affiliate LW-GA LLC or LW-FL LLC ("LWHA") and all of its work in connection with this assignment is subject to the limiting conditions and all other terms stated in the report. Any use of LWHA's work by any party, regardless of whether such use is authorized or intended by LWHA, constitutes acceptance of all such limiting conditions and terms.

1.  Unless otherwise specifically noted in the report, it is assumed that title to the property or properties appraised is clear and marketable and that there are no recorded or unrecorded matters or exceptions to title that would adversely affect marketability or value. LWHA is not aware of any title defects nor has it been advised of any unless such is specifically noted in the report. Further, LWHA assumes no private deed restrictions, limiting the use of the subject property in any way. LWHA, however, has not examined title and makes no representations relative to the condition thereof. Documents dealing with liens, encumbrances, easements, deed restrictions, clouds and other conditions that may affect the quality of title have not been reviewed. Insurance against financial loss resulting in claims that may arise out of defects in the subject's title should be sought from a qualified title company that issues or insures title to real property.

2.  Unless otherwise specifically noted in the report, it is assumed: that the existing improvements on the property or properties being studies are structurally sound, seismically safe and code conforming; that all building systems (mechanical/electrical, HVAC, elevator, plumbing, etc.) are in good working order with no major deferred maintenance or repair required; that the roof and exterior are in good condition and free from intrusion by the elements; and that the property or properties have been engineered in such a manner that the improvements, as currently constituted, conform to all applicable local, state, and federal building codes and ordinances. LWHA professionals are not engineers and are not competent to judge matters of an engineering nature. LWHA has not retained independent structural, mechanical, electrical, or civil engineers in connection with this appraisal and, therefore, makes no representations relative to the condition of improvements. Unless otherwise specifically noted in the body of the report: no problems were brought to the attention of LWHA by ownership or management; LWHA inspected less than 100% of the entire interior and exterior portions of the improvements; and LWHA was not furnished any engineering studies by the owners or by the party requesting this appraisal. If questions in these areas are critical to the decision process of the reader, the advice of competent engineering consultants should be obtained and relied upon. It is specifically assumed that any knowledgeable and prudent purchaser would, as a precondition to closing a sale, obtain a satisfactory engineering report relative to the structural integrity of the property and the integrity of building systems. Structural problems and/or building system problems may not be visually detectable. If engineering consultants retained should report negative factors of a material nature, or if such are later discovered, relative to the condition of improvements, such information could have a substantial negative impact on the conclusions reported in this appraisal. Accordingly, if negative findings are reported by engineering consultants, LWHA reserves the right to amend the appraisal conclusions reported herein.

3.  Unless otherwise stated in the report, the existence of hazardous material, which may or may not be present on the property, was not observed by the LWHA. LWHA has no knowledge of the existence of such materials on or in the property. LWHA, however, is not qualified to detect such substances. The presence of substances such as asbestos, urea formaldehyde foam insulation, contaminated groundwater or other potentially hazardous materials may affect the value of the property. The value estimate is predicated on the assumption that there is no such material on or in the property that would cause a loss in value. No responsibility is assumed for any such conditions, or for any expertise or engineering knowledge required to discover them. The client is urged to retain an expert in this field, if desired.

4.  Unless otherwise stated in the report, we were not given a soil report to review. However, we assume that the soil's load-bearing capacity is sufficient to support existing and/or proposed structure(s). We have inspected, as thoroughly as possible by observation, the land; however, it was impossible to personally inspect conditions beneath the soil. Therefore, no representation is made as to these matters unless specifically considered in the study.



5. The report assumes (a) responsible ownership and competent management of the subject property; (b) there are no hidden or unapparent conditions of the subject property, subsoil or structures that render the subject property more or less valuable (no responsibility is assumed for such conditions or for arranging for engineering studies that may be required to discover them); (c) full compliance with all applicable federal, state and local zoning and environmental regulations and laws, unless noncompliance is stated, defined and considered in the report; and (d) all required licenses, certificates of occupancy and other governmental consents have been or can be obtained and renewed for any use on which the opinion(s) contained in the report is/are based.

6. All furnishings, equipment and business operations, except as specifically stated and typically considered as part of real property, have been disregarded with only real property being considered in the report unless otherwise stated. Any existing or proposed improvements, on or off-site, as well as any alterations or repairs considered, are assumed to be completed in a workmanlike manner according to standard practices based upon the information submitted to LWHA. This report may be subject to amendment upon re-inspection of the subject subsequent to repairs, modifications, alterations and completed new construction. Any estimate of market value is as of the date indicated based upon the information, conditions and projected levels of operation.

7. It is assumed that all factual data furnished by the client, property owner, owner's representative, or persons designated by the client or owner to supply said data are accurate and correct unless otherwise specifically noted in the LWHA report. Unless otherwise specifically noted in the LWHA report, LWHA has no reason to believe that any of the data furnished contain any material error. Information and data referred to in this paragraph include, without being limited to, numerical street addresses, lot and block numbers, Assessor's Parcel Numbers, land dimensions, square footage area of the land, dimensions of the improvements, gross building areas, net rentable areas, usable areas, unit count, room count, rent schedules, income data, historical operating expenses, budgets, and related data. Any material error in any of the above data could have a substantial impact on the conclusions reported. Thus, LWHA reserves the right to amend conclusions reported if made aware of any such error. Accordingly, the client should carefully review all assumptions, data, relevant calculations, and conclusions within 30 days after the date of delivery of this report and should immediately notify LWHA of any questions or errors.

8. The date to which any of the conclusions and opinions expressed in this report apply, is set forth in the report. Further, that the dollar amount of any value opinion herein rendered is based upon the purchasing power of the American Dollar on that date. This LWHA report is based on market conditions existing as of the date of this appraisal. Under the terms of the engagement, LWHA will have no obligation to revise this report to reflect events or conditions which occur subsequent to the date of the appraisal. It is not LWHA's task to predict or in any way warrant the conditions of a future real estate market. LWHA can only reflect what the investment community, as of the date of the report, envisages for the future in terms of rental rates, expenses, and supply and demand. However, LWHA will be available to discuss the necessity for revision resulting from changes in economic or market factors affecting the subject.

9. Unless otherwise noted in the report, it is assumed that there are no mineral deposits or subsurface rights of value involved in this appraisal, whether they be gas, liquid, or solid. Nor are the rights associated with extraction or exploration of such elements considered unless otherwise stated in this appraisal report. Unless otherwise stated it is also assumed that there are no air or development rights of value that may be transferred.

10. LWHA is not aware of any contemplated public initiatives, governmental development controls, or rent controls that would significantly affect the value of the subject.

11. The opinion(s) and/or conclusion(s), which may be defined within the body of this report, is/are subject to change with market fluctuations over time. The value opinion(s) and/or conclusion(s), consider the productivity and relative attractiveness of the property, both physically and economically, on the open market.

12. Any cash flows included in the analysis are forecasts of estimated future operating characteristics are predicated on the information and assumptions contained within the report. Any projections of income, expenses and economic conditions utilized in this report are not predictions of the future. Rather, they are estimates of current market expectations of future income and expenses. The achievement of the financial projections will be affected by fluctuating economic conditions and is dependent upon other future occurrences that cannot be assured. Actual results may vary from the projections considered herein. LWHA does not warrant these



forecasts will occur. Projections may be affected by circumstances beyond the current realm of knowledge or control of LWHA

13. Unless specifically set forth in the body of the report, nothing contained herein shall be construed to represent any direct or indirect recommendation of LWHA to buy, sell, or hold the properties at the value stated. Such decisions involve substantial investment strategy questions and must be specifically addressed in consultation form.

14. Also, unless otherwise noted in the body of this report, it is assumed that no changes in the present zoning ordinances or regulations governing use, density, or shape are being considered. The property is appraised assuming that all required licenses, certificates of occupancy, consents, or other legislative or administrative authority from any local, state, nor national government or private entity or organization have been or can be obtained or renewed for any use on which the value estimates contained in this report is based, unless otherwise stated.

15. This study may not be duplicated in whole or in part without the specific written consent of LWHA nor may this report or copies hereof be transmitted to third parties without said consent, which consent LWHA reserves the right to deny. Exempt from this restriction is duplication for the internal use of the client-addressee and/or transmission to attorneys, accountants, or advisors of the client-addressee. Also exempt from this restriction is transmission of the report to any court, governmental authority, or regulatory agency having jurisdiction over the party/parties for whom this appraisal was prepared, provided that this report and/or its contents shall not be published, in whole or in part, in any public document without the express written consent of LWHA which consent LWHA reserves the right to deny. Finally, this report shall not be advertised to the public or otherwise used to induce a third party to purchase the property or to make a "sale" or "offer for sale" of any "security", as such terms are defined and used in the Securities Act of 1933, as amended. Any third party, not covered by the exemptions herein, who may possess this report, is advised that they should rely on their own independently secured advice for any decision in connection with this property. LWHA shall have no accountability or responsibility to any such third party.

16. The maps, plats, sketches, graphs, photographs and exhibits included in this report are for illustration purposes only and are to be utilized only to assist in visualizing matters discussed within this report. Except as specifically stated, data relative to size or area of the subject and comparable properties has been obtained from sources deemed accurate and reliable. None of the exhibits are to be removed, reproduced, or used apart from this report.

17. No opinion is intended to be expressed on matters which may require legal expertise or specialized investigation or knowledge beyond that customarily employed by real estate consultants and/or appraisers. Values and opinions expressed presume that environmental and other governmental restrictions/conditions by applicable agencies have been met, including but not limited to seismic hazards, flight patterns, decibel levels/noise envelopes, fire hazards, hillside ordinances, density, allowable uses, building codes, permits, licenses, etc. No survey, engineering study or architectural analysis has been made known to LWHA unless otherwise stated within the body of the report. If LHWA has not been supplied with a termite inspection, survey or occupancy permit, no responsibility or representation is assumed or made for any costs associated with obtaining same or for any deficiencies discovered before or after they are obtained. No representation or warranty is made concerning obtaining these items. LWHA assumes no responsibility for any costs or consequences arising due to the need, or the lack of need, for flood hazard insurance. An agent for the Federal Flood Insurance Program should be contacted to determine the actual need for Flood Hazard Insurance.

18. The forecasted income referred to in the report may be based in whole or in part on lease summaries provided by the owner or third parties. The report assumes no responsibility for the authenticity or completeness of lease information provided by others. LWHA recommends that legal advice be obtained regarding the interpretation of lease provisions and the contractual rights of parties.

19. Acceptance and/or use of this report constitutes full acceptance of the Contingent and Limiting Conditions and special assumptions set forth in this report. It is the responsibility of the Client, or client's designees, to read in full, comprehend and thus become aware of the aforementioned contingencies and limiting conditions. Neither the Consultant nor LWHA assumes responsibility for any situation arising out of the Client's failure to become



familiar with and understand the same. The Client is advised to retain experts in areas that fall outside the scope of the real estate appraisal/consulting profession if so desired.

20. No survey of the boundaries of the property was undertaken. All areas and dimensions furnished are presumed to be correct. It is further assumed that no encroachments to the realty exist.

21. The Americans with Disabilities Act (ADA) became effective January 26, 1992. Notwithstanding any discussion of possible readily achievable barrier removal construction items in this report, LWHA has not made a specific compliance survey and analysis of this property to determine whether it is in conformance with the various detailed requirements of the ADA. It is possible that a compliance survey of the property together with a detailed analysis of the requirements of the ADA could reveal that the property is not in compliance with one or more of the requirements of the ADA. If so, this fact could have a negative effect on the value estimated herein. Since LWHA has no specific information relating to this issue, nor is LWHA qualified to make such an assessment, the effect of any possible non-compliance with the requirements of the ADA was not considered in formulating opinion(s) and/or conclusion(s) of the subject.

# EXHIBIT II

## Fill in this information to identify the case:

Debtor name **Wisconsin & Milwaukee Hotel LLC**

United States Bankruptcy Court for the: EASTERN DISTRICT OF WISCONSIN

Case number (if known) **24-21743**

☐ Check if this is an amended filing

Official Form 206D

# Schedule D: Creditors Who Have Claims Secured by Property

12/15

Be as complete and accurate as possible.

1. Do any creditors have claims secured by debtor's property?

☐ No. Check this box and submit page 1 of this form to the court with debtor's other schedules. Debtor has nothing else to report on this form.

■ Yes. Fill in all of the information below.

### Part 1: List Creditors Who Have Secured Claims

2. **List in alphabetical order all creditors** who have secured claims. If a creditor has more than one secured claim, list the creditor separately for each claim.

| | | Column A<br>Amount of claim<br>Do not deduct the value of collateral. | Column B<br>Value of collateral that supports this claim |
|---|---|---|---|
| **2.1** **City of Milwaukee**<br>Creditor's Name<br><br>**Office of the City Treasurer**<br>**Customer Services**<br>**Division**<br>**PO Box 514062**<br>**Milwaukee, WI 53203-3462**<br>Creditor's mailing address<br><br>Creditor's email address, if known<br><br>Date debt was incurred<br>**December 31, 2023**<br>Last 4 digits of account number<br><br>**Do multiple creditors have an interest in the same property?**<br>☐ No<br>■ Yes. Specify each creditor, including this creditor and its relative priority.<br>**1. Computershare Trust Company, N.A.**<br>**2. Wisconsin & Milwaukee Hotel Funding, LLC**<br>**3. City of Milwaukee** | Describe debtor's property that is subject to a lien<br>**Full-service high-end hotel known as the Milwaukee Marriott Downtown**<br>**625 N. Milwaukee Street**<br>**Milwaukee, WI 53202**<br><br>Describe the lien<br>**Real Estate Taxes - Tax Year 2023**<br>Is the creditor an insider or related party?<br>■ No<br>☐ Yes<br>Is anyone else liable on this claim?<br>■ No<br>☐ Yes. Fill out *Schedule H: Codebtors* (Official Form 206H)<br><br>As of the petition filing date, the claim is:<br>Check all that apply<br>☐ Contingent<br>☐ Unliquidated<br>☐ Disputed | $549,089.87 | $26,400,000.00 |
| **2.2** **Computershare Trust Company, N.A.**<br>Creditor's Name<br><br>**250 Royall Street**<br>**Canton, MA 02021**<br>Creditor's mailing address<br><br>Creditor's email address, if known | Describe debtor's property that is subject to a lien<br>**All real and personal property of the Debtor.**<br><br>Describe the lien<br>**Mortgage**<br>Is the creditor an insider or related party?<br>■ No<br>☐ Yes<br>Is anyone else liable on this claim? | $46,288,403.25 | $26,400,000.00 |

Official Form 206D     Schedule D: Creditors Who Have Claims Secured by Property     page 1 of 2

| Date debt was incurred | ■ No |
| **August 31, 2012** | ☐ Yes. Fill out *Schedule H: Codebtors* (Official Form 206H) |
| Last 4 digits of account number | |
| **unknown** | |

| Do multiple creditors have an interest in the same property? | As of the petition filing date, the claim is: Check all that apply |
| ☐ No | ☐ Contingent |
| ■ Yes. Specify each creditor, including this creditor and its relative priority. | ☐ Unliquidated |
| **Specified on line 2.1** | ☐ Disputed |

---

| 2.3 | **Wisconsin & Milwaukee Hotel Funding, LLC** | Describe debtor's property that is subject to a lien | **$2,000,000.00** | **$26,400,000.00** |
| | Creditor's Name | **Full-service high-end hotel known as the Milwaukee Marriott Downtown 625 N. Milwaukee Street Milwaukee, WI 53202** | | |

| **311 E. Chicago Street Suite 510 Milwaukee, WI 53202** | |
| Creditor's mailing address | Describe the lien |
| | **Mortgage** |
| | Is the creditor an insider or related party? |
| | ■ No |
| Creditor's email address, if known | ☐ Yes |
| | Is anyone else liable on this claim? |
| Date debt was incurred | ■ No |
| | ☐ Yes. Fill out *Schedule H: Codebtors* (Official Form 206H) |
| Last 4 digits of account number | |

| Do multiple creditors have an interest in the same property? | As of the petition filing date, the claim is: Check all that apply |
| ☐ No | ☐ Contingent |
| ■ Yes. Specify each creditor, including this creditor and its relative priority. | ☐ Unliquidated |
| **Specified on line 2.1** | ☐ Disputed |

---

| 3. | Total of the dollar amounts from Part 1, Column A, including the amounts from the Additional Page, if any. | **$48,837,493. 12** |

**Part 2:** List Others to Be Notified for a Debt Already Listed in Part 1

List in alphabetical order any others who must be notified for a debt already listed in Part 1. Examples of entities that may be listed are collection agencies, assignees of claims listed above, and attorneys for secured creditors.

If no others need to notified for the debts listed in Part 1, do not fill out or submit this page. If additional pages are needed, copy this page.

| Name and address | On which line in Part 1 did you enter the related creditor? | Last 4 digits of account number for this entity |
|---|---|---|
| **City of Milwaukee City Hall 200 E. Wells Street Room 800 Milwaukee, WI 53202** | Line **2.1** | |
| **Wisconsin Housing & Economic Development Authority (WHEDA) 611 W. National Avenue Milwaukee, WI 53204** | Line **2.2** | **unknown** |

**Fill in this information to identify the case:**

Debtor name    **Wisconsin & Milwaukee Hotel LLC**

United States Bankruptcy Court for the:    EASTERN DISTRICT OF WISCONSIN

Case number (if known)    **24-21743**

☐ Check if this is an
    amended filing

## Official Form 206E/F
## Schedule E/F: Creditors Who Have Unsecured Claims     12/15

Be as complete and accurate as possible. Use Part 1 for creditors with PRIORITY unsecured claims and Part 2 for creditors with NONPRIORITY unsecured claims.
List the other party to any executory contracts or unexpired leases that could result in a claim. Also list executory contracts on *Schedule A/B: Assets - Real and Personal Property* (Official Form 206A/B) and on *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G). Number the entries in Parts 1 and 2 in the boxes on the left. If more space is needed for Part 1 or Part 2, fill out and attach the Additional Page of that Part included in this form.

### Part 1:    List All Creditors with PRIORITY Unsecured Claims

**1.**   **Do any creditors have priority unsecured claims?** (See 11 U.S.C. § 507).

   ■ No. Go to Part 2.

   ☐ Yes. Go to line 2.

### Part 2:    List All Creditors with NONPRIORITY Unsecured Claims

**3.**   List in alphabetical order all of the creditors with nonpriority unsecured claims. If the debtor has more than 6 creditors with nonpriority unsecured claims, fill out and attach the Additional Page of Part 2.

|  |  | Amount of claim |
|---|---|---|
| **3.1** | Nonpriority creditor's name and mailing address<br>**Access One Inc.**<br>**820 W Jackson Blvd.**<br>**6th Floor**<br>**Chicago, IL 60607**<br><br>Date(s) debt was incurred _<br>Last 4 digits of account number _ | As of the petition filing date, the claim is: *Check all that apply.*<br>☐ Contingent<br>☐ Unliquidated<br>☐ Disputed<br><br>Basis for the claim: <u>Trade Creditor - materials or services</u><br><br>Is the claim subject to offset? ■ No ☐ Yes | $213.27 |
| **3.2** | Nonpriority creditor's name and mailing address<br>**Airgas USA LLC**<br>**259 North Radnor-Chester Road**<br>**Suite 100**<br>**Radnor, PA 19087-5283**<br><br>Date(s) debt was incurred _<br>Last 4 digits of account number _ | As of the petition filing date, the claim is: *Check all that apply.*<br>☐ Contingent<br>☐ Unliquidated<br>☐ Disputed<br><br>Basis for the claim: <u>Trade Creditor - materials or services</u><br><br>Is the claim subject to offset? ■ No ☐ Yes | $1,268.81 |
| **3.3** | Nonpriority creditor's name and mailing address<br>**Akrit Sales & Service, Inc.**<br>**17300 W. Cleveland Avenue**<br>**New Berlin, WI 53146**<br><br>Date(s) debt was incurred _<br>Last 4 digits of account number _ | As of the petition filing date, the claim is: *Check all that apply.*<br>☐ Contingent<br>☐ Unliquidated<br>☐ Disputed<br><br>Basis for the claim: <u>Trade Creditor - materials or services</u><br><br>Is the claim subject to offset? ■ No ☐ Yes | $929.45 |
| **3.4** | Nonpriority creditor's name and mailing address<br>**Alliance Laundry Systems Distribution**<br>**PO Box 844226**<br>**Dallas, TX 75284-4226**<br><br>Date(s) debt was incurred _<br>Last 4 digits of account number _ | As of the petition filing date, the claim is: *Check all that apply.*<br>☐ Contingent<br>☐ Unliquidated<br>☐ Disputed<br><br>Basis for the claim: <u>Trade Creditor - materials or services</u><br><br>Is the claim subject to offset? ■ No ☐ Yes | $574.72 |

Name

| 3.5 | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: Check all that apply. | $1,792.93 |
|---|---|---|---|

**ALSCO Inc.**
**505 East 200 South**
**Salt Lake City, UT 84102**

☐ Contingent
☐ Unliquidated
☐ Disputed

Date(s) debt was incurred _

Basis for the claim:  Trade Creditor - materials or services

Last 4 digits of account number _

Is the claim subject to offset? ■ No ☐ Yes

---

| 3.6 | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: Check all that apply. | $291.24 |
|---|---|---|---|

**ASSA Abloy Global Solutions**
**PO Box 70340**
**SE-107 23**
**Stockholm, Sweden**

☐ Contingent
☐ Unliquidated
☐ Disputed

Date(s) debt was incurred _

Basis for the claim:  Trade Creditor - materials or services

Last 4 digits of account number _

Is the claim subject to offset? ☐ No ☐ Yes

---

| 3.7 | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: Check all that apply. | $357.08 |
|---|---|---|---|

**Boelter Companies**
**PO Box 734296**
**Chicago, IL 60673-4296**

☐ Contingent
☐ Unliquidated
☐ Disputed

Date(s) debt was incurred _

Basis for the claim:  Trade Creditor - materials or services

Last 4 digits of account number _

Is the claim subject to offset? ■ No ☐ Yes

---

| 3.8 | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: Check all that apply. | $310.76 |
|---|---|---|---|

**BOSS Beer Line Cleaning**
**PO Box 486**
**Germantown, WI 53022**

☐ Contingent
☐ Unliquidated
☐ Disputed

Date(s) debt was incurred _

Basis for the claim:  Trade Creditor - materials or services

Last 4 digits of account number _

Is the claim subject to offset? ■ No ☐ Yes

---

| 3.9 | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: Check all that apply. | $385.71 |
|---|---|---|---|

**Canon Solutions America, Inc.**
**One Canon Park**
**Melville, NY 11747**

☐ Contingent
☐ Unliquidated
☐ Disputed

Date(s) debt was incurred _

Basis for the claim:  Trade Creditor - materials or services

Last 4 digits of account number _

Is the claim subject to offset? ■ No ☐ Yes

---

| 3.10 | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: Check all that apply. | $72.84 |
|---|---|---|---|

**Carisolo Inc.**
**Carisolo Grinding Service**
**E7995 School Road**
**Sauk City, WI 53583**

☐ Contingent
☐ Unliquidated
☐ Disputed

Date(s) debt was incurred _

Basis for the claim:  Trade Creditor - materials or services

Last 4 digits of account number _

Is the claim subject to offset? ■ No ☐ Yes

---

| 3.11 | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: Check all that apply. | $4,902.44 |
|---|---|---|---|

**Cintas**
**N56 W13605 Silver Spring Drive**
**Menomonee Falls, WI 53051**

☐ Contingent
☐ Unliquidated
☐ Disputed

Date(s) debt was incurred _

Basis for the claim:  Trade Creditor - materials or services

Last 4 digits of account number _

Is the claim subject to offset? ■ No ☐ Yes

Case 24-21743-gmh    Doc 100    Filed 05/06/24    Page 143 of 188
Case 24-21743-gmh    Doc 224    Filed 08/14/24    Page 33 of 47

| | Name | | |

---

**3.12** | Nonpriority creditor's name and mailing address
**Courtesy Products, Inc.**
**10840 Linpage Place**
**Saint Louis, MO 63132**

Date(s) debt was incurred _

Last 4 digits of account number  **unknown**

As of the petition filing date, the claim is: *Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed

Basis for the claim:  **Trade Creditor - materials or services**

Is the claim subject to offset? ■ No ☐ Yes

**$5,663.82**

---

**3.13** | Nonpriority creditor's name and mailing address
**Coyle Hospitality Services, Inc.**
**244 Madison Avenue**
**Suite 369**
**New York, NY 10016**

Date(s) debt was incurred _

Last 4 digits of account number _

As of the petition filing date, the claim is: *Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed

Basis for the claim:  **Trade Creditor - materials or services**

Is the claim subject to offset? ■ No ☐ Yes

**$248.61**

---

**3.14** | Nonpriority creditor's name and mailing address
**CVENT**
**PO Box 822699**
**Philadelphia, PA 19182-2699**

Date(s) debt was incurred _

Last 4 digits of account number _

As of the petition filing date, the claim is: *Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed

Basis for the claim:  **Trade Creditor - materials or services**

Is the claim subject to offset? ■ No ☐ Yes

**$10,524.00**

---

**3.15** | Nonpriority creditor's name and mailing address
**Deluxe Branded Marketing**
**PO Box 645633**
**Cincinnati, OH 45264-5633**

Date(s) debt was incurred _

Last 4 digits of account number _

As of the petition filing date, the claim is: *Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed

Basis for the claim:  **Trade Creditor - materials or services**

Is the claim subject to offset? ■ No ☐ Yes

**$2,281.02**

---

**3.16** | Nonpriority creditor's name and mailing address
**Ecolab Institutional**
**PO Box 70343**
**Chicago, IL 60673**

Date(s) debt was incurred _

Last 4 digits of account number _

As of the petition filing date, the claim is: *Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed

Basis for the claim:  **Trade Creditor - materials or services**

Is the claim subject to offset? ■ No ☐ Yes

**$2,238.00**

---

**3.17** | Nonpriority creditor's name and mailing address
**Ecolab Pest Elimination Division**
**25252 Network Place**
**Chicago, IL 60673-1262**

Date(s) debt was incurred _

Last 4 digits of account number _

As of the petition filing date, the claim is: *Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed

Basis for the claim:  **Trade Creditor - materials or services**

Is the claim subject to offset? ■ No ☐ Yes

**$82.00**

---

**3.18** | Nonpriority creditor's name and mailing address
**Edward Don and Company**
**2562 Paysphere Circle**
**Chicago, IL 60674**

Date(s) debt was incurred _

Last 4 digits of account number _

As of the petition filing date, the claim is: *Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed

Basis for the claim:  **Trade Creditor - materials or services**

Is the claim subject to offset? ■ No ☐ Yes

**$1,160.92**

---

| 3.19 | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: Check all that apply. | $12.95 |
|---|---|---|---|

**FAXPIPE**
**AIRCOM LLC DBA AIRCOMUSA**
**190 W. 800 N Street**
**Suite 202**
**Provo, UT 84601**

☐ Contingent
☐ Unliquidated
☐ Disputed

Date(s) debt was incurred __

Basis for the claim:  **Trade Creditor - materials or services**

Last 4 digits of account number __

Is the claim subject to offset? ■ No ☐ Yes

---

| 3.20 | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: Check all that apply. | $2,500.00 |
|---|---|---|---|

**Fitztgerald Consultancy**
**44 East Mifflin Street**
**Suite 305**
**Madison, WI 53703**

☐ Contingent
☐ Unliquidated
☐ Disputed

Date(s) debt was incurred  **11/30/2023 - 3/31/2024**

Basis for the claim:  **Trade Creditor - materials or services**

Last 4 digits of account number  **None**

Is the claim subject to offset? ■ No ☐ Yes

---

| 3.21 | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: Check all that apply. | $8,721.17 |
|---|---|---|---|

**Fortune Fish Company**
**Lockbox 235263**
**Chicago, IL 60689-5263**

☐ Contingent
☐ Unliquidated
☐ Disputed

Date(s) debt was incurred __

Basis for the claim:  **Trade Creditor - materials or services**

Last 4 digits of account number __

Is the claim subject to offset? ■ No ☐ Yes

---

| 3.22 | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: Check all that apply. | $1,000.00 |
|---|---|---|---|

**Four Peas Consulting**
**PO Box 101**
**Eau Claire, WI 54702**

☐ Contingent
☐ Unliquidated
☐ Disputed

Date(s) debt was incurred __

Basis for the claim:  **Trade Creditor - materials or services**

Last 4 digits of account number __

Is the claim subject to offset? ■ No ☐ Yes

---

| 3.23 | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: Check all that apply. | $2,104.29 |
|---|---|---|---|

**Grainger Inc.**
**Dept 843980004**
**Palatine, IL 60038-0001**

☐ Contingent
☐ Unliquidated
☐ Disputed

Date(s) debt was incurred __

Basis for the claim:  **Trade Creditor - materials or services**

Last 4 digits of account number __

Is the claim subject to offset? ■ No ☐ Yes

---

| 3.24 | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: Check all that apply. | $2,145.65 |
|---|---|---|---|

**Guest Supply LLC**
**PO Box 6771**
**300 Davidson Avenue**
**Somerset, NJ 08873**

☐ Contingent
☐ Unliquidated
☐ Disputed

Date(s) debt was incurred __

Basis for the claim:  **Trade Creditor - materials or services**

Last 4 digits of account number __

Is the claim subject to offset? ■ No ☐ Yes

---

| 3.25 | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: Check all that apply. | $3,947.19 |
|---|---|---|---|

**Guest Tek Interactive**
**1060 Lake Susan Drive**
**Chanhassen, MN 55317**

☐ Contingent
☐ Unliquidated
☐ Disputed

Date(s) debt was incurred __

Basis for the claim:  **Trade Creditor - materials or services**

Last 4 digits of account number __

Is the claim subject to offset? ■ No ☐ Yes

---

| 3.26 | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: Check all that apply. | $3,052.00 |
|---|---|---|---|

**J.M. Brennan Inc.**
2101 W. St. Paul Avenue
Milwaukee, WI 53233

☐ Contingent
☐ Unliquidated
☐ Disputed

Date(s) debt was incurred _

Basis for the claim:  **Trade Creditor - materials or services**

Last 4 digits of account number _

Is the claim subject to offset? ■ No ☐ Yes

---

| 3.27 | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: Check all that apply. | $414,166.66 |
|---|---|---|---|

**Jackson Street Management LLC**
731 N. Jackson Street
Suite 420
Milwaukee, WI 53202

☐ Contingent
☐ Unliquidated
☐ Disputed

Date(s) debt was incurred  5/8/2020, 11/30/2020, 12/11/2020, 12/28/2020

Basis for the claim:  **Operating Loan**

Last 4 digits of account number  **None**

Is the claim subject to offset? ■ No ☐ Yes

---

| 3.28 | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: Check all that apply. | $59,922.83 |
|---|---|---|---|

**JLL**
200 East Randolph Drive
43 Floor
Chicago, IL 60601

☐ Contingent
☐ Unliquidated
☐ Disputed

Date(s) debt was incurred  11/30/2023 - 3/31/2024

Basis for the claim:  **Trade Creditor - materials or services**

Last 4 digits of account number  **None**

Is the claim subject to offset? ■ No ☐ Yes

---

| 3.29 | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: Check all that apply. | $58,719.69 |
|---|---|---|---|

**JS Asset Management LLC**
731 N. Jackson Street
Suite 420
Milwaukee, WI 53202

☐ Contingent
☐ Unliquidated
☐ Disputed

Date(s) debt was incurred  12/1/2019 to 9/30/2021

Basis for the claim:  **Operating Loan**

Last 4 digits of account number  **None**

Is the claim subject to offset? ■ No ☐ Yes

---

| 3.30 | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: Check all that apply. | $296,693.94 |
|---|---|---|---|

**JS Asset Management LLC**
731 N. Jackson Street
Suite 420
Milwaukee, WI 53202

☐ Contingent
☐ Unliquidated
☐ Disputed

Date(s) debt was incurred  1/1/2020 - 2/29/2024

Basis for the claim:  **Accrued Asset Management Fees**

Last 4 digits of account number  **None**

Is the claim subject to offset? ■ No ☐ Yes

---

| 3.31 | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: Check all that apply. | $511,857.00 |
|---|---|---|---|

**JS Asset Management LLC**
731 N. Jackson Street
Suite 420
Milwaukee, WI 53202

☐ Contingent
☐ Unliquidated
☐ Disputed

Date(s) debt was incurred  5/8/2020

Basis for the claim: _

Last 4 digits of account number  **None**

Is the claim subject to offset? ■ No ☐ Yes

---

| 3.32 | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: Check all that apply. | $1,386.00 |
|---|---|---|---|

**Knot Worlwide Inc.**
PO Box 32177
New York, NY 10087-2177

☐ Contingent
☐ Unliquidated
☐ Disputed

Date(s) debt was incurred _

Basis for the claim:  **Trade Creditor - materials or services**

Last 4 digits of account number _

Is the claim subject to offset? ■ No ☐ Yes

---

Case 24-21743-gmh    Doc 100    Filed 05/06/24    Page 146 of 188
Case 24-21743-gmh    Doc 224    Filed 08/14/24    Page 36 of 47

| 3.33 | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: *Check all that apply.* | $129,190.31 |
|---|---|---|---|

**Marriott International, Inc.**
**7750 Wisconsin Avenue**
**Bethesda, MD 20814**

☐ Contingent
☐ Unliquidated
☐ Disputed

Date(s) debt was incurred _

Last 4 digits of account number _

Basis for the claim:  __Franchise Fees__

Is the claim subject to offset? ☑ No ☐ Yes

---

| 3.34 | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: *Check all that apply.* | $819.00 |
|---|---|---|---|

**Martin Sourcing & Logistics LLC**
**533 Jackson Way**
**Pevely, MO 63070**

☐ Contingent
☐ Unliquidated
☐ Disputed

Date(s) debt was incurred _

Last 4 digits of account number _

Basis for the claim:  __Trade Creditor - materials or services__

Is the claim subject to offset? ☑ No ☐ Yes

---

| 3.35 | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: *Check all that apply.* | $1,254.24 |
|---|---|---|---|

**Meats by Linz, Inc.**
**PO Box 59**
**414 E. State Street**
**Calumet City, IL 60409-0059**

☐ Contingent
☐ Unliquidated
☐ Disputed

Date(s) debt was incurred _

Last 4 digits of account number _

Basis for the claim:  __Trade Creditor - materials or services__

Is the claim subject to offset? ☑ No ☐ Yes

---

| 3.36 | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: *Check all that apply.* | $297.60 |
|---|---|---|---|

**Milwaukee Pretzel Company**
**8050 N. Granville Woods Road**
**Milwaukee, WI 53223**

☐ Contingent
☐ Unliquidated
☐ Disputed

Date(s) debt was incurred _

Last 4 digits of account number _

Basis for the claim:  __Trade Creditor - materials or services__

Is the claim subject to offset? ☑ No ☐ Yes

---

| 3.37 | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: *Check all that apply.* | $10,000.00 |
|---|---|---|---|

**Milwaukee World Festival**
**BIN 88485**
**639 E. Summerfest Place**
**Milwaukee, WI 53202**

☐ Contingent
☐ Unliquidated
☐ Disputed

Date(s) debt was incurred _

Last 4 digits of account number _

Basis for the claim:  __Trade Creditor - materials or services__

Is the claim subject to offset? ☑ No ☐ Yes

---

| 3.38 | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: *Check all that apply.* | $200.00 |
|---|---|---|---|

**Playback Prodigy**
**PO Box 70838**
**Las Vegas, NV 89170-0838**

☐ Contingent
☐ Unliquidated
☐ Disputed

Date(s) debt was incurred _

Last 4 digits of account number _

Basis for the claim:  __Trade Creditor - materials or services__

Is the claim subject to offset? ☑ No ☐ Yes

---

| 3.39 | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: *Check all that apply.* | $1,399.69 |
|---|---|---|---|

**Restaurant Technologies, Inc.**
**12962 Collections Center Drive**
**Chicago, IL 60693**

☐ Contingent
☐ Unliquidated
☐ Disputed

Date(s) debt was incurred _

Last 4 digits of account number _

Basis for the claim:  __Trade Creditor - materials or services__

Is the claim subject to offset? ☑ No ☐ Yes

---

| 3.40 | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: Check all that apply. | $312.09 |
|---|---|---|---|

**RR Donnelley**
55111 S 9th Street
Milwaukee, WI 53221

Date(s) debt was incurred _

Last 4 digits of account number _

- ☐ Contingent
- ☐ Unliquidated
- ☐ Disputed

Basis for the claim:  Trade Creditor - materials or services

Is the claim subject to offset? ■ No ☐ Yes

---

| 3.41 | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: Check all that apply. | $1,324.01 |
|---|---|---|---|

**State Chemical Solutions**
PO Box 844284
Boston, MA 02284-4284

Date(s) debt was incurred _

Last 4 digits of account number _

- ☐ Contingent
- ☐ Unliquidated
- ☐ Disputed

Basis for the claim:  Trade Creditor - materials or services

Is the claim subject to offset? ■ No ☐ Yes

---

| 3.42 | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: Check all that apply. | $1,699.07 |
|---|---|---|---|

**Tambourine**
100 W. Cypress Creek Road
Suite 550
Fort Lauderdale, FL 33309

Date(s) debt was incurred _

Last 4 digits of account number _

- ☐ Contingent
- ☐ Unliquidated
- ☐ Disputed

Basis for the claim:  Trade Creditor - materials or services

Is the claim subject to offset? ■ No ☐ Yes

---

| 3.43 | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: Check all that apply. | $12,622.23 |
|---|---|---|---|

**Testa Produce, Inc.**
O2nd Dept 2105
PO Box 5905
Carol Stream, IL 60197-5905

Date(s) debt was incurred _

Last 4 digits of account number _

- ☐ Contingent
- ☐ Unliquidated
- ☐ Disputed

Basis for the claim:  Trade Creditor - materials or services

Is the claim subject to offset? ■ No ☐ Yes

---

| 3.44 | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: Check all that apply. | $383,555.68 |
|---|---|---|---|

**Town Bank**
9801 W. Higgins Road
Des Plaines, IL 60018

Date(s) debt was incurred  2/24/2021
Last 4 digits of account number  4083

- ☐ Contingent
- ☐ Unliquidated
- ☐ Disputed

Basis for the claim:  PPP Loan

Is the claim subject to offset? ■ No ☐ Yes

---

| 3.45 | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: Check all that apply. | $9,000.00 |
|---|---|---|---|

**Towne Park LLC**
PO Box 79349
Baltimore, MD 21279-0349

Date(s) debt was incurred _

Last 4 digits of account number _

- ☐ Contingent
- ☐ Unliquidated
- ☐ Disputed

Basis for the claim:  Trade Creditor - materials or services

Is the claim subject to offset? ■ No ☐ Yes

---

| 3.46 | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: Check all that apply. | $1,068.18 |
|---|---|---|---|

**Turano Baking Company**
6501 West Roosevelt Road
Berwyn, IL 60402

Date(s) debt was incurred _

Last 4 digits of account number _

- ☐ Contingent
- ☐ Unliquidated
- ☐ Disputed

Basis for the claim:  Trade Creditor - materials or services

Is the claim subject to offset? ■ No ☐ Yes

---

| 3.47 | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: Check all that apply. | $228.75 |
|---|---|---|---|
| | **UMF Corporation**<br>**3600 Commercial Avenue**<br>**Northbrook, IL 60062** | ☐ Contingent<br>☐ Unliquidated<br>☐ Disputed | |
| | Date(s) debt was incurred __ | Basis for the claim:  Trade Creditor - materials or services | |
| | Last 4 digits of account number __ | Is the claim subject to offset? ■ No ☐ Yes | |

| 3.48 | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: Check all that apply. | $1,760.00 |
|---|---|---|---|
| | **Urban Elevator - Wisconsin**<br>**PO Box 70**<br>**Berwyn, IL 60402** | ☐ Contingent<br>☐ Unliquidated<br>☐ Disputed | |
| | Date(s) debt was incurred __ | Basis for the claim:  Trade Creditor - materials or services | |
| | Last 4 digits of account number __ | Is the claim subject to offset? ☐ No ☐ Yes | |

| 3.49 | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: Check all that apply. | $22,407.18 |
|---|---|---|---|
| | **US Foodservice Inc.**<br>**W137N9245 WI-45**<br>**Menomonee Falls, WI 53051** | ☐ Contingent<br>☐ Unliquidated<br>☐ Disputed | |
| | Date(s) debt was incurred __ | Basis for the claim:  Trade Creditor - materials or services | |
| | Last 4 digits of account number __ | Is the claim subject to offset? ■ No ☐ Yes | |

| 3.50 | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: Check all that apply. | $410.40 |
|---|---|---|---|
| | **Valentine Coffee**<br>**5918 W. Vliet Street**<br>**Milwaukee, WI 53208** | ☐ Contingent<br>☐ Unliquidated<br>☐ Disputed | |
| | Date(s) debt was incurred __ | Basis for the claim:  Trade Creditor - materials or services | |
| | Last 4 digits of account number __ | Is the claim subject to offset? ☐ No ☐ Yes | |

| 3.51 | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: Check all that apply. | $2,576.19 |
|---|---|---|---|
| | **Vistar Corporation**<br>**16639 Gale Way Avenue**<br>**Hacienda Heights, CA 91745** | ☐ Contingent<br>☐ Unliquidated<br>☐ Disputed | |
| | Date(s) debt was incurred __ | Basis for the claim:  Trade Creditor - materials or services | |
| | Last 4 digits of account number __ | Is the claim subject to offset? ■ No ☐ Yes | |

| 3.52 | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: Check all that apply. | $449,000.00 |
|---|---|---|---|
| | **Wave Renovations LLC**<br>**731 N. Jackson Street**<br>**Suite 420**<br>**Milwaukee, WI 53202** | ☐ Contingent<br>☐ Unliquidated<br>☐ Disputed | |
| | Date(s) debt was incurred  1/22/2020, 2/28/2020,<br>6/9/2020, 6/30/2020 | Basis for the claim:  Operating Loan | |
| | Last 4 digits of account number  None | Is the claim subject to offset? ■ No ☐ Yes | |

| 3.53 | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: Check all that apply. | $350.00 |
|---|---|---|---|
| | **Winter Services LLC**<br>**5343 N. 118th Court**<br>**Milwaukee, WI 53225** | ☐ Contingent<br>☐ Unliquidated<br>☐ Disputed | |
| | Date(s) debt was incurred __ | Basis for the claim:  Trade Creditor - materials or services | |
| | Last 4 digits of account number __ | Is the claim subject to offset? ■ No ☐ Yes | |

| 3.54 | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: Check all that apply. | $2,050.00 |
|---|---|---|---|

**Wisconsin Hotel & Lodging**
**125 N. Executive Drive**
**Suite 206**
**Brookfield, WI 53005**

☐ Contingent
☐ Unliquidated
☐ Disputed

Date(s) debt was incurred __

Last 4 digits of account number __

Basis for the claim:  __Trade Creditor - materials or services__

Is the claim subject to offset? ■ No ☐ Yes

| 3.55 | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: Check all that apply. | $2,280.18 |
|---|---|---|---|

**Wolf's Dry Cleaners**
**1354 N. Seventh Street**
**Milwaukee, WI 53205**

☐ Contingent
☐ Unliquidated
☐ Disputed

Date(s) debt was incurred __

Last 4 digits of account number __

Basis for the claim:  __Trade Creditor - materials or services__

Is the claim subject to offset? ■ No ☐ Yes

| 3.56 | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: Check all that apply. | $2,008.15 |
|---|---|---|---|

**Zone Mechanical North LLC**
**731 County Road DDD**
**Suite 300**
**Wrightstown, WI 54180**

☐ Contingent
☐ Unliquidated
☐ Disputed

Date(s) debt was incurred __

Last 4 digits of account number __

Basis for the claim:  __Trade Creditor - materials or services__

Is the claim subject to offset? ■ No ☐ Yes

---

**Part 3:**   **List Others to Be Notified About Unsecured Claims**

4. List in alphabetical order any others who must be notified for claims listed in Parts 1 and 2. Examples of entities that may be listed are collection agencies, assignees of claims listed above, and attorneys for unsecured creditors.

If no others need to be notified for the debts listed in Parts 1 and 2, do not fill out or submit this page. If additional pages are needed, copy the next page.

| Name and mailing address | On which line in Part1 or Part 2 is the related creditor (if any) listed? | Last 4 digits of account number, if any |
|---|---|---|

---

**Part 4:**   **Total Amounts of the Priority and Nonpriority Unsecured Claims**

5. Add the amounts of priority and nonpriority unsecured claims.

|  |  | Total of claim amounts |
|---|---|---|
| 5a. Total claims from Part 1 | 5a. | $ 0.00 |
| 5b. Total claims from Part 2 | 5b. + | $ 2,435,339.94 |
| 5c. Total of Parts 1 and 2<br>Lines 5a + 5b = 5c. | 5c. | $ 2,435,339.94 |

Fill in this information to identify the case:

Debtor name    **Wisconsin & Milwaukee Hotel LLC**

United States Bankruptcy Court for the:    EASTERN DISTRICT OF WISCONSIN

Case number (if known)    **24-21743**

☐ Check if this is an
  amended filing

## Official Form 206G
## Schedule G: Executory Contracts and Unexpired Leases                          12/15

Be as complete and accurate as possible. If more space is needed, copy and attach the additional page, number the entries consecutively.

1.    **Does the debtor have any executory contracts or unexpired leases?**
      ☐ No. Check this box and file this form with the debtor's other schedules. There is nothing else to report on this form.
      ■ Yes. Fill in all of the information below even if the contacts of leases are listed on *Schedule A/B: Assets - Real and Personal*     *Property*
      (Official Form 206A/B).

**2. List all contracts and unexpired leases**        **State the name and mailing address for all other parties with whom the debtor has an executory contract or unexpired lease**

| | | |
|---|---|---|
| 2.1. | State what the contract or lease is for and the nature of the debtor's interest | **SIP (telephone) services contract; Contract is either with, or for the benefit of, the Debtor.** |
| | State the term remaining | **6 months** |
| | List the contract number of any government contract | |

**Access One, Inc.**
**820 W. Jackson Blvd.**
**6th Floor**
**Chicago, IL 60607**

| | | |
|---|---|---|
| 2.2. | State what the contract or lease is for and the nature of the debtor's interest | **Services contract - Beverage gas; Contract is either with, or for the benefit of, the Debtor.** |
| | State the term remaining | **1 year** |
| | List the contract number of any government contract | |

**Airgas USA, LLC**
**3101 Stafford Drive**
**Charlotte, NC 28208**

| | | |
|---|---|---|
| 2.3. | State what the contract or lease is for and the nature of the debtor's interest | **Services contract - HOTSOS preventative maintenance; Contract is either with, or for the benefit of, the Debtor.** |
| | State the term remaining | **Expires 4/30/24** |
| | List the contract number of any government contract | |

**Amadeus Hospitality Americas, Inc.**
**75 New Hampshire Avenue**
**Portsmouth, NH 03801**

## Additional Page if You Have More Contracts or Leases

**2. List all contracts and unexpired leases**

**State the name and mailing address for all other parties with whom the debtor has an executory contract or unexpired lease**

| 2.4. | State what the contract or lease is for and the nature of the debtor's interest | **Reservation of flight personnel rooms; Contract is either with, or for the benefit of, the Debtor.** | |
|---|---|---|---|
| | State the term remaining | **Month to month** | |
| | List the contract number of any government contract | | **American Airlines, Inc.**<br>**1 Skyview Drive**<br>**Fort Worth, TX 76155** |

| 2.5. | State what the contract or lease is for and the nature of the debtor's interest | **Music licensing contract; Contract is either with, or for the benefit of, the Debtor.** | |
|---|---|---|---|
| | State the term remaining | **Month to month** | |
| | List the contract number of any government contract | | **ASCAP**<br>**2 Music Square West**<br>**Nashville, TN 37203** |

| 2.6. | State what the contract or lease is for and the nature of the debtor's interest | **Services contract - kitchen hood cleaning; Contract is either with, or for the benefit of, the Debtor.** | |
|---|---|---|---|
| | State the term remaining | **Month-to-month** | |
| | List the contract number of any government contract | | **Averus Inc.**<br>**3851 Clearview Court**<br>**Gurnee, IL 60031** |

| 2.7. | State what the contract or lease is for and the nature of the debtor's interest | **Copier services; Contract is either with, or for the benefit of, the Debtor.** | |
|---|---|---|---|
| | State the term remaining | **Expires 12/31/2025** | |
| | List the contract number of any government contract | | **Canon Solutions America, Inc.**<br>**425 Martingale Road**<br>**Schaumburg, IL 60173** |

| 2.8. | State what the contract or lease is for and the nature of the debtor's interest | **Supply contract - kitchen uniforms; Contract is either with, or for the benefit of, the Debtor.** | |
|---|---|---|---|
| | State the term remaining | **Expires 6/23/2025** | |
| | List the contract number of any government contract | | **CINTAS Corporation No. 2**<br>**6415 N. 2nd Street**<br>**Milwaukee, WI 53223** |

First Name          Middle Name          Last Name

 **Additional Page if You Have More Contracts or Leases**

**2. List all contracts and unexpired leases**

**State the name and mailing address for all other parties with whom the debtor has an executory contract or unexpired lease**

| 2.9. | State what the contract or lease is for and the nature of the debtor's interest | **Services contract - hotel security; Contract is either with, or for the benefit of, the Debtor.** | |
| | State the term remaining | **Month to month** | |
| | List the contract number of any government contract | | **Elite Protection Specialist, LLC**<br>**PO Box 185**<br>**Pewaukee, WI 53072** |

| 2.10. | State what the contract or lease is for and the nature of the debtor's interest | **Services contract - EPIK (telephone); Contract is either with, or for the benefit of, the Debtor.** | |
| | State the term remaining | **Expires 9/13/2024** | |
| | List the contract number of any government contract | | **Granite Telecommunications**<br>**100 Newport Ave Ext**<br>**Quincy, MA 02171** |

| 2.11. | State what the contract or lease is for and the nature of the debtor's interest | **Consulting and Asset Management Agreement** | |
| | State the term remaining | **Annual renewal** | |
| | List the contract number of any government contract | | **JS Asset Management LLC**<br>**731 N. Jackson Street**<br>**Suite 420**<br>**Milwaukee, WI 53202** |

| 2.12. | State what the contract or lease is for and the nature of the debtor's interest | **Services contract - Reader Board Services; Contract is either with, or for the benefit of, the Debtor.** | |
| | State the term remaining | **Month to month** | |
| | List the contract number of any government contract | | **Knowland Group, LLC**<br>**1735 N. Lynn Street**<br>**Arlington, VA 22209** |

| 2.13. | State what the contract or lease is for and the nature of the debtor's interest | **Contract for brand marketing; Contract is either with, or for the benefit of, the Debtor.** | |
| | State the term remaining | **Month to month** | |
| | List the contract number of any government contract | | **Marriott International Inc.**<br>**10400 Fernwood road**<br>**Bethesda, MD 20817** |

 **Additional Page if You Have More Contracts or Leases**

**2. List all contracts and unexpired leases**

State the name and mailing address for all other parties with whom the debtor has an executory contract or unexpired lease

| 2.14. | State what the contract or lease is for and the nature of the debtor's interest | **Franchise Agreement** | |
|---|---|---|---|
| | State the term remaining | | **Marriott International Inc.** |
| | List the contract number of any government contract | | **10400 Fernwood road**<br>**Bethesda, MD 20817** |

| 2.15. | State what the contract or lease is for and the nature of the debtor's interest | **Services contract - F&B reservations and marketing; Contract is either with, or for the benefit of, the Debtor.** | |
|---|---|---|---|
| | State the term remaining | **Month to month** | **OpenTable, Inc.** |
| | List the contract number of any government contract | | **1 Montgomery Street**<br>**San Francisco, CA 94104** |

| 2.16. | State what the contract or lease is for and the nature of the debtor's interest | **Services contrct - public area music programming; Contract is either with, or for the benefit of, the Debtor.** | |
|---|---|---|---|
| | State the term remaining | **Expires 5/31/2025** | **Prescriptive Music, LLC** |
| | List the contract number of any government contract | | **5900 Canoga Avenue**<br>**Suite 300**<br>**Woodland Hills, CA 91367** |

| 2.17. | State what the contract or lease is for and the nature of the debtor's interest | **Services contract - associate distress devices; Contract is either with, or for the benefit of, the Debtor.** | |
|---|---|---|---|
| | State the term remaining | | **Relay Inc.** |
| | List the contract number of any government contract | | **4200 Six Forks Road**<br>**Suite 1800**<br>**Raleigh, NC 27609** |

| 2.18. | State what the contract or lease is for and the nature of the debtor's interest | **Services contract - fryer oil and filtration services; Contract is either with, or for the benefit of, the Debtor.** | |
|---|---|---|---|
| | State the term remaining | **Month to month** | **Restaurant Technologies, Inc.** |
| | List the contract number of any government contract | | **2250 Pilot Knob Road**<br>**Suite 100**<br>**Saint Paul, MN 55120** |

**Additional Page if You Have More Contracts or Leases**

**2. List all contracts and unexpired leases**

State the name and mailing address for all other parties with whom the debtor has an executory contract or unexpired lease

| | | |
|---|---|---|
| 2.19. | State what the contract or lease is for and the nature of the debtor's interest | Services contract - contract licensing; Contract is either with, or for the benefit of, the Debtor. |
| | State the term remaining | Month to month |
| | List the contract number of any government contract | |

SESAC
35 Music Square East
Nashville, TN 37203

| | | |
|---|---|---|
| 2.20. | State what the contract or lease is for and the nature of the debtor's interest | Services contract - marketing services; Contract is either with, or for the benefit of, the Debtor. |
| | State the term remaining | Expires 12/31/2024 |
| | List the contract number of any government contract | |

Tambourine
100 W. Cypress Creek Road
Suite 550
Fort Lauderdale, FL 33309

| | | |
|---|---|---|
| 2.21. | State what the contract or lease is for and the nature of the debtor's interest | Services contract - Valet parking services; Contract is either with, or for the benefit of, the Debtor. |
| | State the term remaining | Expires 1/1/2026 |
| | List the contract number of any government contract | |

Towne Park, LLC
555 E. North Lane
Suite 5020
Conshohocken, PA 19428

| | | |
|---|---|---|
| 2.22. | State what the contract or lease is for and the nature of the debtor's interest | Services contract - AC maintenance agreement; Contract is either with, or for the benefit of, the Debtor. |
| | State the term remaining | Expires 6/11/2024 |
| | List the contract number of any government contract | |

Trane U.S.
234 West Florida Street
Milwaukee, WI 53204

| | | |
|---|---|---|
| 2.23. | State what the contract or lease is for and the nature of the debtor's interest | Services contract - marketing services; Contract is either with, or for the benefit of, the Debtor. |
| | State the term remaining | Month to month |
| | List the contract number of any government contract | |

Trip Advisor LLC
400 - 1st Avenue
Needham Heights, MA 02494

  **Additional Page if You Have More Contracts or Leases**

| 2. List all contracts and unexpired leases | State the name and mailing address for all other parties with whom the debtor has an executory contract or unexpired lease |
| --- | --- |

**2.24.** State what the contract or lease is for and the nature of the debtor's interest

    **Services contract - Elevator maintenance services; Contract is either with, or for the benefit of, the Debtor. Expires 6/30/2027**

State the term remaining

List the contract number of any government contract

    **Urban Elevator Service, LLC
4830 WEst 16th Street
Cicero, IL 60804**

---

**2.25.** State what the contract or lease is for and the nature of the debtor's interest

    **Services contract - Temporary/contract labor; Contract is either with, or for the benefit of, the Debtor.**

State the term remaining     **Month to month**

List the contract number of any government contract

    **V&J Hospitality Services, LLC
443 Parkridge Drive
Pittsburgh, PA 15235**

---

**2.26.** State what the contract or lease is for and the nature of the debtor's interest

    **Services contract - Advertising; Contract is either with, or for the benefit of, the Debtor.**

State the term remaining     **Month to month**

List the contract number of any government contract

    **Wedding Pages LLC
462 Broadway
6th Floor
New York, NY 10013**

---

**2.27.** State what the contract or lease is for and the nature of the debtor's interest

    **Management Contract**

State the term remaining

List the contract number of any government contract

    **White Lodging Management Corp.
701 83rd Avenue
#17
Merrillville, IN 46410**

---

# United States Bankruptcy Court
## Eastern District of Wisconsin

In re  **Wisconsin & Milwaukee Hotel LLC**

Debtor(s)

Case No.  **24-21743**

Chapter  **11**

## LIST OF EQUITY SECURITY HOLDERS

Following is the list of the Debtor's equity security holders which is prepared in accordance with rule 1007(a)(3) for filing in this Chapter 11 Case

| Name and last known address or place of business of holder | Security Class | Number of Securities | Kind of Interest |
|---|---|---|---|
| **FORE Investments LLC**<br>**731 N. Jackson Street**<br>**Suite 900**<br>**Milwaukee, WI 53202** | | | **LLC Member - 0.01% interest** |
| **Jackson Street Management LLC**<br>**731 N. Jackson Street**<br>**Suite 4320**<br>**Milwaukee, WI 53202-4612** | | | **LLC Member - 99.9% interest** |

## DECLARATION UNDER PENALTY OF PERJURY ON BEHALF OF CORPORATION OR PARTNERSHIP

I, **Mark Flaherty, Manager of Jackson Street Management, LLC,** manager of the corporation named as the debtor in this case, declare under penalty of perjury that I have read the foregoing List of Equity Security Holders and that it is true and correct to the best of my information and belief.

Date  May 6, 2024

Signature  /s/ Mark Flaherty
**Jackson Street Management, LLC**
**By: Mark Flaherty, Manager**

*Penalty for making a false statement of concealing property:* Fine of up to $500,000 or imprisonment for up to 5 years or both.
18 U.S.C. §§ 152 and 3571.

Sheet 1 of 1 in List of Equity Security Holders