UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

In re:

Wisconsin & Milwaukee Hotel LLC,

Debtor.

Case No. 24-21743-gmh
Chapter 11

## DECLARATION OF CHRISTOPHER L. STROHBEHN IN SUPPORT OF NOTICE AND APPLICATION OF DEBTOR FOR AUTHORITY TO RETAIN AND EMPLOY MALLERY SC AS SPECIAL COUNSEL FOR A SPECIFIC PURPOSE

I, Chrisopher L. Strohbehn, hereby declare as follows:

1. I am a shareholder with the law firm of Mallery SC ("**Mallery**" or the "**Firm**"), whose offices are located at 731 North Jackson Street, Suite 900, Milwaukee, Wisconsin, 53202. I submit this declaration in support of the Notice and Application of Debtor for Authority to Retain and Employ Mallery SC as Special Counsel for a Specific Purpose ("**Application**") for Wisconsin & Milwaukee Hotel LLC, the debtor herein ("**Debtor**" or "**WMH**").

2. Unless otherwise stated, the facts set forth herein are based on my personal knowledge, upon records maintained by Mallery in the ordinary course of business, and which have been reviewed by me or other Mallery attorneys or employees at my direction, or upon information provided to me by other Mallery attorneys or employees. To the extent any information disclosed in this declaration requires amendment or modification as additional information becomes available, a supplemental declaration will be submitted to the court.

3. The Debtor is plaintiff in the prepetition civil action filed on June 8, 2023 and currently pending in the Circuit Court of Milwaukee County, Milwaukee, Wisconsin, styled as *Wisconsin & Milwaukee Hotel LLC vs. City of Milwaukee*, Case No. 23-CV-4237, pursuant to which the Debtor is appealing (and seeking to reduce the amounts of) the City of Milwaukee's property tax assessments of the Hotel for tax years 2022, 2023, and 2024 (the "**Property Tax Appeal**").

4. Mallery has been representing the Debtor with respect to the assessment of real and personal property taxes by the City of Milwaukee since 2021. Mallery filed the Property Tax Appeal on behalf of the Debtor on June 8, 2023, and the Debtor desires to retain and employ Mallery as special counsel to the Debtor to continue to represent the Debtor in the Property Tax Appeal.

5. Subject to the approval of the Application, the Debtor retained Mallery on May 13, 2024, to continue representing the Debtor in the Property Tax Appeal, as memorialized by an engagement agreement between the Debtor and Mallery ("**Engagement Agreement**"). A true and correct copy of the Engagement Agreement is attached hereto and incorporated herein as **Exhibit I**.

6. Given its background and involvement in the Property Tax Appeal prior to the commencement of this chapter 11 case, and the benefit to the estate if the case results in a reduction of the Debtor's property taxes, the Debtor believes that it is in the best interests of the estate to retain and employ Mallery to continue to represent it in the Property Tax Appeal, and Mallery is willing and able to continue representing the Debtor in the Property Tax Appeal.

7. Mallery is a diversified, full-service law firm based in Milwaukee, and the attorneys at Mallery are experienced in handling a broad range of the business and legal needs of its clients. Mallery's practice areas include property tax appeals, and Mallery's property tax team includes experienced attorneys who are familiar with navigating the complicated processes of challenging property tax assessments.

8. The specific professional services that the Debtor expects that Mallery will continue to render in the Property Tax Appeal include, but shall not be limited to the following:

   a. preparing and reviewing pleadings, motions, and correspondence;

   b. appearing at and representing the Debtor in various proceedings before the Circuit Court of Milwaukee County, including status and scheduling conferences, motion hearings, and trials;

   c. conducting discovery, including conducting and defending depositions of parties and witnesses;

   d. conducting settlement negotiations as appropriate;

   e. handling case administration tasks and addressing procedural issues; and

   f. any other services as necessary as counsel for the Debtor in the Property Tax Appeal.

9. The Debtor's retention of Mallery is essential and should be authorized to avoid any disruption in the Debtor's efforts to prosecute the Property Tax Appeal.

10. Compensation to Mallery will be calculated based on the work performed, billed at the hourly rates of Mallery attorneys and paraprofessionals, plus reimbursement of the actual and necessary expenses Mallery incurs, in accordance

3

with the ordinary and customary rates which are in effect on the date the services are rendered, including, but not limited to, postage, filing and recording frees, court and governmental agency fees and charges, legal data base and connect charges, witness subpoena fees, expert witness and court reporter fees, travel expenses other than mileage, photocopies, and mileage fees (at the rate allowable for deduction by federal law), and other incidental costs advanced by Mallery specifically for these matters, at the rates commonly charged for such costs to other Mallery clients.

11. The names, positions, and current hourly rates of Mallery's professionals and paraprofessionals currently expected to have primary responsibility for providing services to the Debtor in the Property Tax Appeal are indicated in the following table.

| Name | Title | Years Experience | Hourly Rate |
|---|---|---|---|
| Christopher L. Strohbehn | Shareholder | 22 | $400 per hour |
| Russell J. Karnes | Shareholder | 14 | $350 per hour |
| Paralegals/Support Staff | | N/A | $80 to $150 per hour |

12. Mallery may use the services of other attorneys, law clerks and paraprofessionals at Mallery during the course of the Property Tax Appeal. If the services of other attorneys, law clerks and paraprofessionals not listed above are used, Mallery will charge the bankruptcy estate at the individual's current hourly rate for similar work. Mallery's hourly rates for other attorneys and paraprofessionals fall within the range of $80 to $500 per hour. Mallery, as part of its ordinary business practice, periodically reviews and adjusts the hourly rates it charges for professional services. These adjustments typically occur at the beginning

4

of each calendar year.

13. Mallery understands and agrees to keep detailed records of all time spent on these matters.

14. No fees shall be paid to Mallery except upon proper application to and approval by the Court.

15. In connection with the Debtor's proposed retention of Mallery to continue its representation in the Property Tax Litigation, and in preparing this Declaration, Mallery employees, under my supervision, conducted a search of Mallery's internal "conflicts" database for each of the following entities (collectively, the "**Search Parties**"). The list of the Search Parties is attached hereto and incorporated herein as Exhibit II.

- the Debtor's equity holders;
- the Debtor's management;
- the Debtor's secured and unsecured creditors; and
- other parties in interest.

16. To the best of my knowledge, information, and belief, and in accordance with Bankruptcy Rule 5002, neither I, nor any attorney at Mallery is a relative of any of the United States Bankruptcy Judges who may be assigned to this case. To the best of my knowledge, information, and belief, Mallery does not have connections with the Debtor, its creditors, or any other party in interest in this Chapter 11 Case, , nor the United States Trustee or any person employed in the Office of the United States Trustee, with the exception of the following:

a) Since 2021, Mallery has represented, and continues to represent, Jackson Street Management LLC ("**Jackson Street Management**"), the majority member of the Debtor, and an unsecured creditor of the Debtor, with regard to Jackson Street Management's business and corporate matters. I do not believe that such concurrent representation is a conflict of interest because the interests of the Debtor and Jackson Street Management are fully aligned in the Property Tax Appeal. Additionally, since 2021, Mallery has represented, and continues to represent, JS Asset Management LLC ("**JS Asset Management**"), an unsecured creditor of the Debtor, with regard to JS Asset Management's business and corporate matters. I believe that JS Asset Management and the Debtor's interests in the Property Tax Appeal are also fully aligned.

b) Mallery represents Wave Renovations, LLC ("**Wave Renovations**"), a hotel construction/renovation project management company, with regard to Wave Renovations' business and corporate matters. Several members of Wave Renovations are also members of Jackson Street Management.

c) Randall J. Erkert ("**Erkert**") is an equity shareholder with the Firm. Erkert is a member of Jackson Street Management.

d) Mallery holds a prepetition claim against the Debtor in the amount of $6,612.95 consisting of legal fees and expenses rendered by Mallery to the Debtor in the Property Tax Appeal.

17. After reviewing the conflicts search, as far as I have been able to

6

determine after reasonable inquiry, neither I, nor Mallery, including any of it is partners, counsel, associates or any other professional person employed by Mallery, holds or represents any interest adverse to the Debtor or its estate with respect to matters on which Mallery is proposed to be retained as special counsel.

18. To the extent that Mallery holds an unsecured claim against the Debtor with respect to services rendered prepetition, I believe that neither Mallery nor any professionals who are associated with, or are members of, Mallery possess or assert an economic interest that would lessen the value of the Debtor's estate or that would create an actual or potential dispute against the estate. The interests of the Debtor and Mallery are aligned and identical with respect to the Property Tax Appeal, and therefore, I believe that Mallery does not represent any interest adverse to the Debtor or to the estate with respect to the matters for which Mallery will be providing advice and services as special counsel to the Debtor.

19. Mallery has not agreed to share any compensation received in connection with this proceeding with any entity other than its members, counsel, or associates in accordance with 11 U.S.C. § 504(b).

I declare under penalty of perjury under the laws of the United States that, based upon my knowledge, information and belief as set forth in this Declaration, the foregoing is true and correct to the best of my knowledge.

Executed in Milwaukee, Wisconsin this 6th day of June, 2024.

*[Signature]*
Christopher L. Strohbehn