So Ordered.

Dated: November 26, 2024



G. Michael Halfenger
Chief United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

In re:

Wisconsin & Milwaukee Hotel LLC,   Case No. 24-21743-gmh
                                    Chapter 11
Debtor.

**OPINION AND ORDER**

On June 6, 2024, the debtor filed an application to employ Mallery S.C. as special counsel for the debtor pursuant to 11 U.S.C. section 327(e), and the court entered an order on June 26, 2024 authorizing the debtor to employ Mallery "as special counsel to represent it in ongoing state court litigation to contest the amount of property tax it owes the City of Milwaukee." ECF No. 175, at 2; see also ECF No. 146.

Almost four months later the debtor filed an application requesting that the court allow Mallery an administrative expense under 11 U.S.C. §503(b)(1)(A) in the amount of $18,406.20 for fees and costs Mallery incurred that were not included in the scope of the debtor's authorized engagement of Mallery. ECF No. 278. The United States trustee and creditors Computershare Trust Company, N.A., and Wisconsin & Milwaukee Hotel

Funding LLC object, contending that §503(b)(1)(A) does not permit allowance of costs and fees of professionals whose employment by the estate must be authorized by §327. ECF Nos. 306 & 308.

Section 327 applies both to "attorneys" and "other professional persons", and this court has previously reasoned that controlling precedent does not authorize the court to allow professionals whose employment must be approved under §327 to seek administrative expenses under §503(b)(1):

> Section 330(a) governs awards of compensation to "professional person[s] employed under section 327" by trustees and by debtors in possession exercising the rights and powers of a trustee pursuant to section 1107(a). 11 U.S.C. §§ 330(a) & 1107(a). Employment under section 327 requires court approval. See [*In re*] *Singson*, 41 F.3d [316,] 320 [(7th Cir. 1994)]. And professional persons who fail to obtain that approval can neither be awarded and allowed compensation under sections 330(a) and 503(b)(2) nor allowed an administrative expense claim for that work under section 503(b)(1).

*In re Greenpoint Tactical Income Fund LLC*, No. 19-29613, 2023 WL 8886413, *5 (Bankr. E.D. Wis. 2023).

The debtor, however, would read §503(b)(1)'s "plain meaning" to allow the court to approve attorneys' administrative expenses under that section even when not employed under §327. ECF No. 278, at 5. That reading, however, is foreclosed by precedent: "By making express provision for employment under § 327, payment under § 330, and priority under § 503(b)(2), the Code logically forecloses the possibility of treating § 503(b)(1)(A) as authority to pay (and give priority to) claims that do not meet its substantive requirements." *In re Milwaukee Engraving Co., Inc.*, 219 F.3d 635, 636 (7th Cir. 2000); see also *In re Singson*, 41 F.3d at 320 (citing *F/S Airlease II, Inc. v. Simon*, 844 F.2d 99, 109 (3d Cir. 1988)) (Section 503 "provides for priority payment of administrative expenses, but legal (and other professional) fees during the administration of the estate *become* administrative expenses only to the extent they are approved under § 327 or

some other section, such as 11 U.S.C. § 330 or § 1103(a). Nothing in § 503 permits a law firm to recover fees for work that the bankruptcy judge has concluded is noncompensable."). Indeed, the reasoning of *F/S Airlease II*, on which both *Singson* and *Milwaukee Engraving* rely, is equally dispositive and just as applicable to lawyers' requests for allowance of administrative expenses as it is to allowance of the real estate broker's request there at issue:

> We likewise reject Simon's argument under section 503(b)(1)(A) of the Code, which permits priority payment as an administrative expense of "the actual, necessary costs and expenses of preserving the estate, including wages, salaries, or commissions for services rendered after the commencement of the case." . . . Section 503(b)(1)(A) encompasses costs such as outlays for repairs, upkeep, rent, taxes and "other costs incidental to protection and conservation" of the estate. 3 L. King, [*Collier on Bankruptcy*,] para. 503.04, at 503-20 [(15th ed. 1987)].
>
> **The authority to pay administrative expenses for professionals**, and a real estate broker, **like an attorney**, is a professional, **is found not in section 503(b)(1)(A) but in section 503(b)(2)** which permits payment as an administrative expense for "compensation and reimbursement awarded under section 330(a)." Section 330(a), in turn, empowers the court to award "reasonable compensation" to, *inter alia*, a "professional person employed under section 327." Because Simon is a professional person who was hired to "assist the [debtor-in-possession] in carrying out the [debtor-in-possession's] duties," *see* 11 U.S.C. § 327(a), and he failed to comply with that section's requirement to obtain prior approval of his appointment, he cannot rely on section 503(b)(1)(A) as a way of circumventing section 327(a). . . . If Simon were able to be compensated under section 503(b)(1)(A), it would render section 327(a) nugatory and would contravene Congress' intent in providing for prior approval.

*F/S Airlease II, Inc. v. Simon*, 844 F.2d 99, 108–09 (3d Cir. 1988) (emphasis added).

The debtor bemoans the outcome demanded by precedent, contending that its failure to get court approval for Mallery's additional work "was simply an oversight without consequence for any policies underlying the importance of main bankruptcy

counsel engagement under § 327(a)" and that "it did not make sense on a cost-benefit basis to pursue such a limited and substantially completed engagement under § 327(e)." ECF No. 330, at 3. *Singson*, however, explains the avenue available when a professional fails to get its employment approved before providing the estate with valuable services—if the professional can show excusable neglect, the court may approve the employment retroactively, making compensation for the services in an amount determined by §330 allowable under §503(b)(2). *In re Singson*, 41 F.3d at 318–20; see also *Milwaukee Engraving*, 219 F.3d at 637 (rejecting the lower court's allowance of law firm's fees under §503(b)(1) based on "equities").

In all events because *Milwaukee Engraving* and *Singson* foreclose the debtor's requested relief, **IT IS ORDERED** that the application for allowance and payment of an administrative claim of Mallery S.C. pursuant to 11 U.S.C. §503(b)(1)(A) is denied.

# # # # #