So Ordered.

Dated: December 4, 2024



G. Michael Halfenger
Chief United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

In re:

Wisconsin & Milwaukee Hotel LLC,　　　　Case No. 24-21743-gmh
　　　　　　　　　　　　　　　　　　　　　　　Chapter 11

　　　Debtor.

ORDER
(1) SETTING PROCEDURES ON THE ADJUDICATION OF THE DEBTOR'S
MOTION FOR ENTRY OF AN ORDER EXTENDING THE EXCLUSIVE PERIODS
FOR FILING A CHAPTER 11 PLAN OF REORGANIZATION AND FOR
SOLICITING ACCEPTANCES AND
(2) SETTING CASE MANAGEMENT CONFERENCE

Debtor Wisconsin & Milwaukee Hotel LLC filed a motion requesting that the court enter an order extending, by 60 days, the exclusive periods for filing a chapter 11 plan of reorganization (to February 7, 2025) and soliciting acceptances to the plan (to April 8, 2025). ECF No. 318. This is the debtor's second request for an extension of the

exclusivity deadlines. The debtor states, "[b]arring material unforeseen circumstances, the Debtor anticipates this will be the last such request." *Id.* at 2.

Debtor owns and operates the Milwaukee Marriott Downtown, a 205-room hotel located at 625 N. Milwaukee Street, Milwaukee. *Id.* The debtor asserts,

> There are . . . three overriding issues in this case, on which the proposal and confirmation of a plan depends: (a) the treatment of the asserted secured claims of the Debtor's Lenders Computershare Trust Company, N.A. ("Computershare") and Wisconsin & Milwaukee Hotel Fund LLC ("W&M Funding") (the "Lenders") (Claims 11 and 12, approximately $50.7 million), (b) the treatment of the asserted unsecured claims of the Debtor's manager White Lodging Services Corp. ("White Lodging") (Claims 15 and 16, approximately $22.5 million), and (c) the determination whether to assume or reject (and replace with a new manager) the June 14, 2011 management agreement between [White Lodging] and the Debtor ("Management Agreement"). All three issues are highly material to the economics of the plan, as well as to the value of the Hotel which likely must be agreed or adjudicated in order to confirm a plan.

*Id.* at 4. (emphasis omitted) (footnote omitted).

The debtor has the burden to demonstrate that cause exists to extend the exclusivity periods under 11 U.S.C. section 1121(d)(1). *Bunch v. Hoffinger Industries, Inc. (In re Hoffinger Industries, Inc.)*, 292 B.R. 639, 643 (8th Cir. B.A.P. 2003). Although the need to value the hotel property seems not to be a new development, the debtor apparently has not obtained a final appraisal of that property, at least not as of November 18, 2024, the date on which the debtor filed its second exclusivity-extension motion. *Id.* at 5. That motion also reports that the debtor "anticipate[d] filing shortly objections to the Lenders' Claims", but, as of December 3, 2024, no such objections have been filed. *Id.* at 7. The seeming lack of progress with respect to adjudication of the Lenders' secured claims, which the debtor says is one of the "three overriding issues in this case[ ] on which the proposal and confirmation of the plan depends", does not obviously support the debtor's

request for an additional extension of the plan-proposing and solicitation deadlines. *Id.* at 4.

The Lenders and White Lodging object to the debtor's motion to extend the exclusivity period, contending that the debtor has unnecessarily delayed obtaining an appraisal and filing claim objections. ECF Nos. 331 & 335. The objections do not make a strong case for that delay having prejudicial effect, however; neither the Lenders nor White Lodging indicate that they are ready to, or even intend to, file a competing chapter 11 plan.

Accordingly, based on the record, IT IS HEREBY ORDERED:

1. By no later than **December 17, 2024**, the debtor must file a reply in support of its motion to extend the exclusivity periods. At a minimum, the reply must explain what remains to be done before it completes its appraisal of the hotel, how long those tasks will take, what must be accomplished before the parties will be ready to try the debtor's objections to both the claims of the Lenders and White Lodging, and why some or all of those undertakings could not have been accomplished sooner.
2. The court will hold a telephone hearing on **December 19, 2024, at 11:00 a.m.** on the following matters:
    a. A preliminary hearing on the debtor's motion to extend the exclusivity periods; and
    b. A Chapter 11 Case Management Conference to schedule evidentiary proceedings on the following:
        i. The debtor's motion to extend the exclusivity periods, if that motion is not fully adjudicated at or before the December 19 hearing;

    ii. The debtor's objections to claim numbers 15 and 16 filed by White Lodging Services Corporation; and

    iii. The debtor's contemplated objections to the Lenders' claims, including any need to determine the extent of the Lenders' allowed secured claims.

3. To appear at the December 19, 2024 hearing by telephone, participants must call the court conference line at 1-669-254-5252 and enter Meeting ID 161 2029 1132 and Passcode 600430 before the scheduled hearing time.

# # # # #