UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

---

In re:

Wisconsin & Milwaukee Hotel LLC,

Case No. 24-21743-gmh
Chapter 11

Debtor.

---

## JOINT RULE 26(f) REPORT

---

The Debtor, Wisconsin & Milwaukee Hotel LLC ("**Debtor**" or "**WMH**"), and White Lodging Services Corporation ("**WL**"), submit this Joint Rule 26(f) Report.

**1.     Rule 26(f) Conference**. Pursuant to Fed. R. Civ. P. 26(f), a discovery and case management conference was held by WMH and WL on December 10, 2024, and was attended by Attorney Claire Ann Richman of Richman & Richman LLC, for the Debtor, and Attorney Amy E. Daleo of Cohon Raizes & Regal LLP, for WL.

**2.     Preliminary Matters**

   **a.     Case Summary.** The parties jointly submit the following case summary:

   On June 14, 2011, the Debtor and White Lodging entered into the Administrative Services Agreement ("**Agreement**") which authorized White Lodging to supervise, direct, and control the management and operation of the Hotel. Pursuant to the Agreement, White Lodging is responsible for Hotel operations, including employing all employees at the Hotel, procuring inventories and fixed asset supplies, collecting revenues from the Hotel operations and paying of all the expenses of the Hotel. The current term of the Agreement expires in 2031. Agreement, schedule 1. The Agreement is an executory contract within the meaning of section 365 of the Bankruptcy Code.

   WMH filed an Objection to Claim and Notice of Opportunity for Hearing White Lodging Services Corporation, Claim 15 ("**Claim 15 Objection**") [Doc 267] and an Objection to Claim and Notice of Opportunity for

Hearing White Lodging Services Corporation, Claim 16 ("**Claim 16 Objection**") [Doc 268].

Pursuant to the Claim 15 Objection, WMH asserts that the portion of Claim 15 in the amount of $51,335.35 for "Management Fees and Reimbursements", and for $1,290,204.00 for "Guaranty Fee Due" [Claim 15 Part 2, Page 1 of 15] (assuming that Guaranty Fee refers to the Guaranty Management Fee under § 13.01 of the Management Contract), should not be allowed under Bankruptcy Code § 502(b)(1). WMH disputes the amounts asserted, and any amounts that are owed should be determined from an accounting from claimant for all such costs and fees charged, including the methodologies utilized for their calculation, particularly as they relate to the systems and accounting fees, and e-commerce, sales, revenue management, and recruiting allocations charged to WMH, as well as to the applicability and precise calculation of the Guaranty Management Fee.

WMH further asserts that the results of the foregoing accounting may result in setoffs that may not only reduce the amounts claimed for Management Fees and Reimbursements, and for Guaranty Fee Due, but which may result in findings that WL has overcharged WMH in breach of its Management Agreement, and that WMH has an affirmative right to recover damages.

WMH further asserts that the portion of Claim 15 in the amount of $210,604.00 for "Amounts Due under Franchise Agreement" [Claim 15 Part 2, Page 1 of 15] should not be allowed under Bankruptcy Code § 502(e)(1)(B) because such claim for reimbursement or contribution is contingent as of the time of allowance or disallowance of such claim for reimbursement or contribution. Additionally, this portion of Claim 15 should not be allowed under Bankruptcy Code § 502(b)(1). Such claim is unenforceable against WMH because WMH disputes this amount, and no accounting or calculation supporting this portion of the claim has been provided.

WMH further asserts that allowance of Claim 14 filed by Marriott International, Inc. that includes a portion in the amount of $218,825.66 for "Franchise Fees" [Claim 14, Page 2 of 3] should moot the foregoing portion of Claim 15 which seeks Amounts Due under Franchise Agreement.

Pursuant to the Claim 16 Objection, the entirety of Claim 16, to the extent it arises from the hypothetical termination of the Management Contract and is not otherwise disallowed under Bankruptcy Code § 502(e)(1)(B), is unenforceable against the Debtor and should be disallowed or reduced pursuant to Bankruptcy Code § 502(b)(1), because the Management Contract contains a provision (§ 11.11(g)) for liquidated damages in the event of its termination by the Debtor. As defined in Schedule 1 to the Management Contract (definition of "Termination Fee"), the liquidated damages are capped at the greater of $1,000,000 or the Base Management Fee and Incentive Management Fee earned by the Manager in the Fiscal Year preceding the Fiscal Year in which Termination occurred. Such amounts require that WL provide a complete accounting of the calculation of the applicable fees.

WMH further asserts that the results of the foregoing accounting may result in setoffs that may not only reduce the amounts claimed for damages arising from the hypothetical termination of the Management Contract, but which may result in findings that WL has overcharged Debtor in breach of its Management Contract, and that WMH has an affirmative right to recover damages.

WMH further asserts that the portion of Claim 16 in the amount of $14,000,000.00 for "Contribution Claim for amounts due under the Guaranty" [Claim 16 Part 2, Page 1 of 9] should not be allowed under Bankruptcy Code § 502(e)(1)(B) because such claim for reimbursement or contribution is contingent as of the time of allowance or disallowance of such claim. This portion of Claim 16 appears to be based on that certain Guaranty of June 17, 2011, from WL to Marriott International, Inc. (the "Guaranty").

WMH further asserts that the portion of Claim 16 in the amount of $7,042,609.00 for "Net Present Value of the management agreement" [Claim 16 Part 2, Page 1 of 9] should not be allowed under Bankruptcy Code § 502(b)(1).

WL filed White Lodging's' Response to Debtor's Objection to Claim 15 ("**Response to Claim 15 Objection**") [Doc 310] and White Lodging's Response to Debtor's Objection to Claim 16 ("**Response to Claim 16 Objection**") [Doc 311]

WHITE LODGING'S RESPONSE

WL filed its Response to Debtor's Objection to Claim 15 ("**Response to Claim 15 Objection**") [Doc 310] and White Lodging's Response to Debtor's Objection to Claim 16 ("**Response to Claim 16 Objection**") [Doc 311].

In the response WL asserts that Claim 15 sets forth a claim for prepetition amounts due from Debtor to WL under the Management Agreement. Claim 15 satisfies the requirements of rule 3001 and is prima facie evidence of the validity and amount of the claim. Debtor has failed to present evidence to establish that the amounts claimed due are inaccurate or that it is entitled to setoff.

WL asserts that Claim 16 is a contingent claim. In the event the Debtor elects to terminate the Management Agreement, Claim 16 asserts the net present value of the Management Agreement is $7,042,609.00 and that a contribution claim for amounts due under the Guaranty in the amount of $14,000,000. WL asserts Claim 16 satisfies the requirements of rule 3001 and is prima facie evidence of the validity and amount of the claim. Debtor has failed to present evidence in its to establish that the amounts due claimed due are inaccurate or that it is entitled to setoff.
WL also asserts that Debtor's objection that Claim 16 is contingent is premature. If Debtor elects to reject the Management Agreement, the rejection gives rise to a pre-petition claim for breach of contract. Debtor further has also not provided a calculation of what it believes would be owed upon a termination of the Management Agreement.

    **b.**     **Jurisdiction.** This Court has jurisdiction under 28 U.S.C. §§ 1334 and 157 as an adversary proceeding arising in the above-referenced case under Chapter 11 of the Bankruptcy Code now pending in this Court. This adversary proceeding is a core proceeding because it includes allowance or disallowance of claims against the estate and estimation of claims or interests for the purposes of confirming a plan under Chapter 11, pursuant to 28 U.S.C. § 157(b)(2)(B).

    **c.**     **Related Cases. None**

**3.**     **Alternative Dispute Resolution (ADR)**. The parties do not object to ADR, but do not believe it is appropriate at this time.

4

4. **Deadline for Initial Disclosures.** Pursuant to Fed. R. Civ. P. 26(a), the parties will exchange their initial disclosures of information and documents by January 10, 2025.

5. **Plans for Discovery.** The parties jointly propose the following discovery plan:

   a. **Anticipated Subjects of Discovery.** The parties anticipate that discovery will be needed on the following specific topics:

      - Basis for claim pursuant to the terms of the contract
      - Amount of claim pursuant to the contract terms

   b. **Anticipated Issues During Discovery.** The parties do not anticipate any disputed issues in discovery. The parties do not believe any changes are necessary to the limitations on discovery imposed by the Federal Rules of Civil Procedure or local rules.

   c. **Claims of Privilege.** With respect to claims of privilege and/or protection of trial preparation materials that are asserted during discovery, the parties mutually agree that any materials or documents that are privileged or protected as trial preparation materials and inadvertently disclosed or produced by one party to another, shall be handled and returned in accordance with Fed. R. Civ. P. 26(b)(5). This agreement includes the handling of all privileged or protected materials or documents that are disclosed or produced electronically.

   d. **Interrogatories.** There will be a maximum of twenty-five (25) interrogatories, including all discrete subparts, served by any party on another party. Responses due 30 days after service unless otherwise agreed to pursuant to Fed. R. Civ. P. 29. WL has already provided answers to Debtor's first set of interrogatories. Debtor was served with interrogatories on December 12, 2024.

   e. **Requests for Admission.** There will be a maximum of twenty-five (25) requests for admission, including all discrete subparts, served by any party on another party. Responses due 30 days after service unless otherwise agreed to pursuant to Fed. R. Civ. P. 29.

   f. **Depositions.** Plaintiff proposes a maximum of 5 depositions for each party. Each deposition will be limited to one, seven-hour day (unless

otherwise agreed by the parties). Defendant proposes a maximum of 5 depositions for each party. Each deposition will be limited to one, seven-hour day (unless otherwise agreed by the parties). Expert witness depositions are in addition to these anticipated fact-witness depositions. Non-expert depositions are to be completed by February 28, 2025. All expert depositions are to be completed by April 4, 2025.

g. **Expert Witnesses.** If expert testimony is used in this case, disclosures required by Fed. R. Civ. P. 26(a)(2), including reports from retained experts, will be served by Debtor and Defendants by February 28, 2025. Disclosures and reports of any rebuttal experts will be served by March 21, 2025.

h. **Close of Discovery.** The parties will complete all discovery by April 4, 2025

6. **Anticipated Motions.**

   a. **Motions to Dismiss.** The parties do not anticipate the filing of any motions to dismiss.

   b. **Motions to Amend.** The parties do not at this time anticipate the filing of any motions to amend. However, Debtor anticipates filing an adversary proceeding against WL shortly and will request the Court to proceed with that litigation consistent with the timeline presented in this claim objection.

   c. **Joinder of Parties.** The parties do not at this time anticipate the filing of any motions to join other parties.

   d. **Other dispositive Motions.** The parties anticipate that dispositive motions (e.g. for summary judgment) will be filed on the legal issues by February 18, 2024, with responses due 30 days after the date the initial brief is filed, and a reply brief due 14 days after the response brief if filed.

   e. **Motions to Limit and/or Exclude Expert Testimony.** All motions to exclude testimony of expert witnesses pursuant to Fed. R. Evid. 702-705, *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), *Kumho Tire Co. v. Carmichael*, 526 U.S. 137 (1999), or similar case law, will be filed no later than thirty (30) days before the time set for trial.

6

**7. Factual Issues to be Resolved at Trial.**

- Whether Claim 15 is an allowable claim for prepetition amounts due and owing by Debtor to White Lodging.
- Whether the amounts included in Claim 15 are allowable under the contract.
- Whether Debtor is entitled to a credit, set-off, or refund against Claim 15.
- Whether Claim 16 is an allowable contingent claim and the amount of such claim that is allowable by Debtor to White Lodging should the Debtor terminate the Management Agreement.

**8. Legal Issues to be Resolved at Trial.**

- Whether a Guaranty Management Fee is allowed under the contract pursuant to applicable law, including the Bankruptcy Code and 11 U.S.C. § 502(b)(1).
- Whether a Contribution Claim for amounts due under the Guaranty is allowed under the contract pursuant to applicable law, including the Bankruptcy Code and 11 U.S.C. § 502(e)(1)(B) because such claim for reimbursement or contribution is contingent as of the time of allowance or disallowance of such claim.
- Whether "Net Present Value of the management agreement" [Claim 16 Part 2, Page 1 of 9] is allowed under the contract pursuant to applicable law, including the Bankruptcy Code and 11 U.S.C. § 502(b)(1).

**9. Other Items.**

**Trial Date.** The parties anticipate being ready for trial beginning May 5, 2025. The parties anticipate that the trial will take approximately 2 days. The trial is expected to be a bench trial before the Honorable G. Michael Halfenger.

7

Dated: December 13, 2024.  **RICHMAN & RICHMAN LLC**
**Attorneys for Wisconsin & Milwaukee Hotel LLC**

By:

/s/ *Claire Ann Richman*
Michael P. Richman
Claire Ann Richman
Eliza M. Reyes
122 West Washington Avenue, Suite 850
Madison, WI 53703
Tel: (608) 630-8990
Fax: (608) 630-8991
mrichman@RandR.law
crichman@RandR.law
ereyes@RandR.law


**WHITE LODGING SERVICES CORPORATION**


By: /s/ Amy E. Daleo
One of its Attorneys
Cornelius P. Brown
Amy E. Daleo
Cohon Raizes and Regal LLP
300 South Wacker Drive, Ste. 500
Chicago, IL 60606
Tel: (312) 726-2252
Fax: (312) 726-0609
nbrown@cohonraizes.com
adaleo@cohonraizes.com

8