So Ordered.

Dated: December 30, 2024



G. Michael Halfenger  
Chief United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT  
FOR THE EASTERN DISTRICT OF WISCONSIN

In re:

Wisconsin & Milwaukee Hotel LLC,

Debtor.

Case No. 24-21743-gmh

Chapter 11

**ORDER ON DEBTOR'S OBJECTION TO  
CLAIM NUMBER 2 OF VALENTINE COFFEE CO.**

The debtor filed its chapter 11 petition on April 9, 2024. Valentine Coffee Co. filed claim number 2 against the debtor on May 24, 2024, asserting a nonpriority unsecured claim in the amount of $2,750.81 for "goods sold". Claim No. 2, at 2.

On November 1, 2024, the debtor objected to the allowance of a portion of claim number 2 filed by Valentine Coffee Co., stating as follows:

> The portion of Claim 2 in the amount of $1,423.06 for "Goods" [Claim 2, Attachment 1, pages 1 and 6-7 of 7] should not be allowed under Bankruptcy Code § 502(b) because the applicable invoices which are the basis for the debt indicate that the claim is for after the date of the filing of the petition. The Court can take judicial notice that debts incurred after the petition date of April 9, 2024.

ECF No. 289, at 1–2. The pages of the claim to which the debtor's objection refers

relate to invoices dated April 8, 2024, and April 29, 2024. Claim No. 2, Part 2, at 1 & 6–7. The statement attached to the claim lists the charges included in the calculation of the claim and one of those charges was the result of a post-petition purchase on April 29, 2024, in the amount of $710.59. *Id*. at 1 & 7. The statement also shows another charge, with an invoice date of April 8, 2024, but a shipping date of April 10, 2024, in the amount of $712.47. *Id*. at 1 & 6. Valentine Coffee Co. did not file a response to the debtor's claim objection.

Although the objection does not specifically explain why the court should disallow the amount represented by the April 8 invoice, the debtor presumably contends that Valentine Coffee Co. does not have a claim, contingent or otherwise, resulting from the April 8 invoice because such claim did not arise until the goods were shipped by Valentine to the debtor on April 10, after the April 9 petition date. Maybe, but, if so, the record does not establish that sufficiently to overcome the presumption of validity and amount imposed by Rule 3001(f). Indeed, even if one disregards that presumption, the record is insufficient to disallow the claim to the extent supported by the April 8 invoice. The creditor's May 21, 2024 statement calculates the "net 30" payment date for the April 8 invoice as May 8, suggesting that the creditor viewed the debtor's obligation as arising on April 8 with payment due without penalty no later than May 8, thirty days later. Therefore, the existing record affords an inadequate basis from which to disallow the portion of the claim based on the April 8 invoice, in the amount of $712.47, as representing post-petition debt.

While the debtor's objection to the claim's inclusion of the April 8 invoice amount cannot be determined on the current record, given the amount in dispute, both the debtor and the creditor may conclude that investing further resources to adjudicate allowance of the April 8 invoice's $712.47 charge is not sensible. Because the debtor included that amount in its objection, however, the court will

afford the debtor an opportunity to either supplement the record or request a hearing as provided below. If the debtor fails to do so, the court will allow Valentine Coffee Co.'s claim in the amount of $2,040.22, reduced only by $710.59, the amount of the April 29 invoice.

Based on the court's review of the record and the debtor's objection to Claim Number 2, IT IS HEREBY ORDERED AS FOLLOWS:

1. If the debtor seeks to pursue further its contention that Valentine Coffee Co.'s April 8, 2024 invoice represents post-petition debt, then **within <u>21 days of the date of the entry of this order</u>, the debtor must file a supplement that explains the legal basis for the contention or requests a hearing.**

2. **If the debtor fails to file a timely response**, the court may, for the reasons stated above, enter an order sustaining the debtor's objection in part and overruling it in part and **allowing Valentine Coffee Co.'s claim in the amount of $2,040.22 without further notice or a hearing**.

#####