UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

In re: Wisconsin & Milwaukee Hotel LLC,

Debtor.

Case No. 24-21743-gmh
(Chapter 11)

**UNITED STATES TRUSTEE'S OBJECTION TO THE APPLICATION FOR ORDER AUTHORIZING THE RENTENTION AND EMPLOYMENT OF MALLERY S.C. AS SPECIAL COUNSEL FOR A SPECIFIC PURPOSE EFFECTIVE AS OF THE PETITION DATE**

**NOW COMES** the United States Trustee, Adam G. Brief, by Attorney Dillon J. Ambrose, who objects to (1) the retroactive application for payment of Mallery S.C.'s attorneys' fees, as the Debtor has not established excusable neglect; and (2) the prospective employment of Mallery S.C. on grounds that it (a) does not seek Mallery S.C. as "special counsel," but seeks to represent the Debtor in conducting the bankruptcy case, contrary to 11 U.S.C. § 327(e); and (b) holds, and represents clients that hold, adverse interests to the Debtor.

**SUMMARY OF MOTION**

The Debtor again seeks to pay Mallery S.C. ("Mallery") as its attorney for work done at the beginning of this bankruptcy. The Debtor now applies for payment, retroactively, under sections 327 and 330. ECF No. 374. The United States Trustee objects because the Debtor has failed to meet the standard of excusable neglect, as the Debtor made a strategic choice not to apply for employment.

Further, the Debtor also applies to employ Mallery prospectively, for continued work on this case, as special counsel for corporate work under section 327(e). The United States Trustee objects as under section 327(e), a special counsel is employed for a "specified special purpose,

Attorney Dillon J. Ambrose
Office of the United States Trustee
517 East Wisconsin Avenue, Room 430
Milwaukee, WI  53202
Phone:  414-297-4499 / Dillon.J.Ambrose@usdoj.gov

other than to represent the trustee in conducting the case." Here, the Debtor does not truly seek to employ Mallery as special counsel, but as additional bankruptcy counsel, which is not allowed under section 327(e). Additionally, Mallery itself is a creditor in this case, and represents multiple other creditors in this case, which constitute adverse interests related to the items for which Mallery would be hired—the bankruptcy—which is not allowed under section 327(e).

## BACKGROUND

1. On April 9, 2024, the Debtor filed a petition for bankruptcy under Chapter 11. ECF No. 1.

2. On June 6, 2024, the Debtor applied, under section 327(e), to employ Mallery S.C. as Special Counsel for a Specific Purpose. ECF No. 146.

3. Within that application for Mallery's employment, the Debtor stated "[t]he law firm of Mallery SC ("Mallery") has been representing the Debtor since 2021 with respect to the City of Milwaukee's property tax assessments of the Hotel and filed the Property Tax Appeal on behalf of the Debtor on June 8, 2023. The Debtor wishes to engage them to continue the Property Tax Appeal because of their substantial background and involvement with the City of Milwaukee's property tax assessments of the Hotel, and the Property Tax Appeal, and because a successful outcome could be highly beneficial to the estate." ECF No. 146.

4. The Debtor noted within that filing: "[l]ocal Rule 2014 of the Bankruptcy Court for this district provides that an application 'must include a specific recitation of the anticipated services to be rendered together with the proposed method of calculating the compensation.' Mallery shall act as special counsel to the Debtor, including continuing to represent the Debtor in the Property Tax Appeal, and performing such legal services as may be required under the

circumstances of the Property Tax Appeal that are deemed to be in the interests of the Debtor as set forth the Bankruptcy Code." ECF No. 146.

5. Mallery provided a "Declaration of Christopher L. Strohbehn" to employ Mallery as special counsel for the limited purpose of litigating a property tax appeal. *Id*.

6. In assessing whether it represented any adverse interest, Atty Stroebehn, in his Declaration noted Mallery represents or has represented multiple creditors of the Debtor but stated that the interests of all creditors and the Debtor are aligned with respect to the Property Tax Appeal. *Id*.

7. The Declaration states Mallery "has represented, and continues to represent, Jackson Street Management LLC" and that Jackson Street Management is an unsecured creditor of the Debtor. *Id*.

8. The Declaration states Mallery represents Wave Renovations, LLC, of which several members are members of Jackson Street Management, which is an unsecured creditor of the Debtor. *Id*.

9. The Declaration states Mallery's equity shareholder, Randall Eckert, is a member of Jackson Street Management, which is an unsecured creditor of the Debtor. *Id*.

10. Further, the Declaration states Mallery itself is a creditor of the Debtor, holding a prepetition claim of $6,612.95. *Id*.

11. The Debtor's application specifically noted its limitation of its representation: "The interests of the Debtor and Mallery are aligned and identical with respect to the Property Tax Appeal, and therefore, Mallery does not represent any interest adverse to the Debtor or to the estate *with respect to the matters for which Mallery will be providing advice and services as special counsel* to the Debtor." ECF No. 146, at 9 (emphasis added).

12. On October 23, 2024, the Debtor filed an Application for Allowance of an Administrative Expense under section 503(b)(1)(A). ECF No. 278.

13. Creditor Computershare Trust Company, N.A. and Wisconsin & Milwaukee Hotel Funding LLC and the United States Trustee objected to that application. ECF Nos. 305 & 306.

14. On November 26, 2024, the Court denied that application. ECF No. 332.

15. On January 6, 2024, the Debtor filed a Notice and Application for Order Authorizing the Retention and Employment of Mallery S.C. as Special Counsel for a Specific Purpose Effective as of the Date of Petition ("Application to Employ Mallery"). ECF No. 374.

16. The Application to Employ Mallery seeks retroactive payment of the fees sought in the previous application (ECF No. 278), as well as prospective employment for future legal advice.

17. In assessing whether Mallery represents any adverse interest, the application continued to note Mallery is a creditor in this case, and also that Mallery represents or has represented multiple creditors of the Debtor. ECF No. 374 at 12-13.

## ARGUMENT

**A. The Debtor has not established excusable neglect by which to be retroactively paid for services.**

This Court previously denied the Debtor's application under 11 U.S.C. § 503(b)(1)(A), providing the Debtor with the only path available to it:

> when a professional fails to get its employment approved before providing the estate with valuable services—if the professional can show excusable neglect, the court may approve the employment retroactively, making compensation for the services in an amount determined by §330 allowable under §503(b)(2).

ECF No. 332 at 4 (citations omitted). Taking the Court's direction, the Debtor now applies for retroactive employment of Mallery under 11 U.S.C.§ 327, which requires a showing of excusable neglect.

The Debtor correctly cites the *Pioneer* case for outlining the factors to consider in establishing "excusable neglect." *Pioneer Inv. Servs. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993). However, the Debtor fails to note the Supreme Court specifically disagreed with the factor relating to whether clients should be penalized for their counsel's mistake or neglect. The Supreme Court disagreed with that factor, stating precedent "requires that respondents be held accountable for the acts and omissions of their chosen counsel." *Id.*, 507 U.S. at 397. As such, the factors to consider are "the danger of prejudice to the debtor, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Id*, 507 U.S. at 395.

None of these factors weigh in favor of establishing excusable neglect. There is no prejudice to the Debtor for not paying for legal services retroactively. Those fees amount to additional monies that can be used to secure a Plan of Reorganization. The length of the delay is admittedly long, and there is no potential impact on any judicial proceeding by denying these fees. Lastly, and most importantly, the reason for the delay, which was in the reasonable control of the Debtor, was a wholly voluntary one: "it did not appear to make sense for the Debtor, on a cost/benefit basis, to incur the time and fees that would be required to prepare an application to employ Mallery." ECF No. 374 at 4. In short, the Debtor contemplated applying for employment and made a willful decision not to draft and file that application. While "R&R submits that Mallery should not be punished for its oversight," (ECF No. 374 at 7), *Pioneer* demands the Court not

consider this factor. Accordingly, the Debtor has not established excusable neglect, thus this retroactive application should be denied.

**B. The Debtor is not seeking to employ "special counsel," but seeking substantive bankruptcy counsel to aid the Debtor's bankruptcy attorneys.**

The Debtor also seeks to prospectively hire Mallery under 11 U.S.C. § 327(e) for work as corporate counsel. However, that section has certain limitations, "[t]he trustee, with the court's approval, may employ, for a specified special purpose, *other than to represent the trustee in conducting the case . . . .*" 11 U.S.C. § 327(e)(emphasis added). The employment cannot be for working on this bankruptcy case.

Unlike the previous Mallery employment application, which sought employment for the specific purpose of the tax appeal litigation, the current application specifically seeks to represent the Debtor "in conducting the case." The Debtor states, under the Scope of Employment: "The specific professional services that the Debtor expects that Mallery will continue to provide include but are not limited to general corporate counsel services in connection with potential disputes with the Debtor's Lenders over claims objections, the Debtor's financial structure, and anticipated contested plan hearings." ECF No. 374 at 10. These all are "services in connection with" the bankruptcy case, not some sort of specified special purpose, like the tax appeal litigation. Because the Debtor seeks to employ Mallery on matters related to the bankruptcy, section 327(e) will not permit this application.

**C. An application under Section 327(e) involving Mallery being employed as bankruptcy counsel should be denied based upon Mallery's adverse interest to the Debtor with respect to the matter on which Mallery would be employed.**

The United States Trustee also objects to Mallery being employed under section 327(e) because Mallery holds adverse interests to the Debtor in this bankruptcy. That section requires that "such attorney does not represent or hold any interest adverse to the debtor or to the estate with

respect to the matter on which such attorney is to be employed." 11 U.S.C. § 327(e). Here, as noted within the Scope pf Employment, the matter on which Mallery would be employed relates directly to the bankruptcy case. As such, if Mallery holds adverse interests related to the bankruptcy case, it cannot serve as counsel.

"The 'adverse interest' referenced in section 327(e) refers to either an actual or a reasonably probable conflict of interest." *In re J.S. II, LLC*, 371 BR 311, 321 (Bankr. N.D. Illinois 2007). That court analyzed the standard as such: "if it is plausible that the representation of another interest may cause the debtor's attorneys to act any differently than they would without that other representation, then they have a conflict and an interest adverse to the estate." *Id*. 371 B.R. at 321-22 (*citing In re Leslie Fay Cos., Inc.*175 B.R. 525, 533 (Bankr. S.D.N.Y. 1994)).

Unlike the previous Mallery application to prosecute the tax appeal, a matter on which there was no apparent adverse interest, and upon which all parties agree would benefit the estate, that is not the case here. The "matter on which such attorney is to be employed" here *is* the bankruptcy case, in which Mallery *is itself a creditor*, and is also retained by various current clients that are also creditors. ECF No. 374 at 12-14. Mallery represents JS Asset Management, which is a substantial creditor. It also represents Wave Renovations, several members of which are members of JS Asset Management. And lastly, Mallery has an equity shareholder who is also a member of JS Asset Management. Mallery, and all of these clients, have creditor claims against the Debtor, and a creditor is, by definition, adverse to a debtor's interests. *See In re Raymond Professional Group, Inc.*, 421 B.R. 891, 901 (Bankr. N.D. Ill. 2009) ("Attorneys represent an adverse interest when they serve as an attorney for any party holding an adverse interest.") (citation omitted). Because Mallery holds a claim against the Debtor, and represents other claimants against the Debtor, it cannot serve as its counsel in the capacity of working through this bankruptcy.

**WHEREFORE,** the United States Trustee requests that the Court deny the Debtor's Application for Order Authorizing the Retention and Employment of Mallery, S.C. as Special Counsel for a Specific Purpose.

Dated: January 17, 2025.

                                          ADAM G. BRIEF
                                          United States Trustee

                                          */s/ Dillon J. Ambrose*
                                          Dillon J. Ambrose
                                          Trial Attorney
                                          Office of the United States Trustee
                                          517 East Wisconsin Avenue, Room 430
                                          Milwaukee, Wisconsin 53202
                                          Phone: 414-297-4499
                                          Email: Dillon.J.Ambrose@usdoj.gov

## CERTIFICATE OF SERVICE

      I hereby certify that on January 17, 2025, I filed the **UNITED STATES TRUSTEE'S OBJECTION TO THE APPLICATION FOR ORDER AUTHORIZING THE RENTENTION AND EMPLOYMENT OF MALLERY S.C. AS SPECIAL COUNSEL FOR A SPECIFIC PURPOSE EFFECTIVE AS OF THE PETITION DATE** with the Clerk of the Bankruptcy Court using the ECF system, which will send notification of such filings to all appropriate ECF filers.

      *Lindsay Vahrandian*
Lindsay Vahradian, Paralegal Specialist
Office of the United States Trustee