# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| In re: | Chapter 11 |
| WISCONSIN & MILWAUKEE HOTEL, LLC, | Case No. 24-21743 |
| Debtor. | Honorable G. Michael Halfenger |

## NOTICE OF MOTION OF WHITE LODGING SERVICES FOR RELIEF FROM THE AUTOMATIC STAY TO ISSUE WARN ACT NOTICES TO EMPLOYEES

**PLEASE TAKE NOTICE** that on February 14, 2025, White Lodging Services Corporation, filed a **Motion of White Lodging Services Corporation for Relief from the Automatic Stay to Issue WARN Act Notices to Employees** (the "Motion").

If you do not want the Court to grant the Motion, or if you want the Court to consider your views on the Motion, then on or before **February 28, 2025**, you or your attorney must file with the Court such written response at:

United States Bankruptcy Court for the
Eastern District of Wisconsin
Attn: Sean D. McDermott, Clerk
517 East Wisconsin Avenue, Room 126
Milwaukee, WI 53202

If you mail your response for filing, you must mail it early enough so the Court will receive it by **February 28, 2025**. You must also mail a copy of your written response to:

Cornelius P. Brown
Amy E Daleo
Cohon Raizes & Regal LLP
300 S. Wacker Drive, Suite 500
Chicago, IL 60606-6758

If a timely response is filed, the Court will schedule a hearing to consider the Motion.

**Your Rights May Be Affected.  You should read this notice carefully and discuss it with your attorney, if you have one in this bankruptcy case.  (If you do not have an attorney, you may wish to consult one.)**

**PLEASE TAKE FURTHER NOTICE** that if you do not file an objection, the Court may decide that you do not oppose the relief sought in the Motion and may enter an order granting the relief requested in the Motion without a hearing.

Dated: February 28, 2025

**WHITE LODGING SERVICES CORPORATION**

By: */s/ Amy E Daleo*
      One of its Attorneys

Cornelius P. Brown (nbrown@cohonraizes.com)
Amy E Daleo (adaleo@cohonraizes.com)
Cohon Raizes & Regal LLP
300 S. Wacker Drive, Suite 500
Chicago, IL 60606
Office: (312) 726-2252
Fax: (312) 726-0609

# IN THE UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| In re: ) | |
| ) | Chapter 11 |
| Wisconsin & Milwaukee Hotel, LLC ) | |
| ) | Case No. 24-21743 |
| *Debtors*. ) | |
| ) | Honorable G. Michael Halfenger |
| ) | |
| _____ ) | |

## MOTION OF WHITE LODGING SERVICES CORPORATION FOR RELIEF FROM THE AUTOMATIC STAY TO ISSUE WARN ACT NOTICES TO EMPLOYEES

White Lodging Services Corporation ("White Lodging"), by and through its undersigned counsel, hereby moves this Court for the entry of an Order modifying the automatic stay of 11 U.S.C. § 362(d) so that White Lodging may issue WARN Act notices to its employees currently employed at the Milwaukee Marriott Downtown Hotel owned by Wisconsin & Milwaukee Hotel, LLC, Debtor/Debtor-in-Possession herein (the "Debtor"); and in support thereof, states as follows:

### Background

1. On April 9, 2024 ("Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code.

2. The Debtor is operating its business as a debtor in possession pursuant to §§1107, 1108, and 1184 of the Bankruptcy Code.

3. Debtor owns and operates a hotel located at 624 N. Milwaukee Street, Milwaukee, known as the Milwaukee Marriot Downtown (the "Hotel").

4. Debtor and White Lodging are parties to a Management Agreement dated June 14, 2011, as amended, (the "Management Agreement"), pursuant to which Debtor has authorized and engaged White Lodging to supervise, direct and control the management and operation of the Hotel. Pursuant to the Management Agreement, White Lodging has exclusive supervision and

1

control over Hotel operations, including employing all employees at the Hotel, procuring inventories and fixed asset supplies, collecting revenues from Hotel operations and paying of all the expenses of the Hotel.

5. White Loding utilizes its own cash to advance payment for salaries, inventories, fixed assets and capital expenditures and obtains reimbursement from cash on hand and cash flow from the Hotel's operations deposited in the Hotel bank accounts.

6. White Lodging has continued to manage the Hotel during the pendency of this Bankruptcy Case. To operate the Hotel, White Lodging employs 44 full-time employees and 18 part-time and on-call employees at the Hotel. White Lodging also uses 13 temporary employees who provide services at the Hotel.

7. White Lodging filed a Motion to Compel Debtor to Assume or Reject Administrative Services Agreement and For Related Relief on June 13, 2024 [ECF 154]. One concern raised by White Lodging in that motion was that in the event the Management Agreement was rejected White Lodging had an obligation to provide 60-day notice of termination to employees under the Federal Worker Adjustment and Retraining Notification Act ("WARN Act").

8. On June 28, 2024, the Court entered an order denying the motion but held that "The debtor must notify White Lodging of any decision to assume or reject the contract at least 60 days before the effective date of any assumption or rejection, and in no event later than the date it files a disclosure statement under Bankruptcy Code sec. 1125." [ECF 180].

9. On February 7, 2025, Debtor filed its Chapter 11 Plan of Reorganization of Wisconsin & Milwaukee Hotel LLC (the "Plan") and Disclosure Statement ("Disclosure Statement").

10. Article 4 of the Plan provides that:

*Any and all executory contracts or unexpired leases to which the Debtor was a party as of the Petition Date shall be deemed rejected as of the Effective Date, except with respect to any contracts assumed with Court authority during the pendency of this chapter 11 case….*

11. The Disclosure Statement provides, in part, as follows: The Judgment outlines the procedures for petitioning the CCHR for attorneys' fees as follows:

*In addition, Debtor's efforts to reach a consensual agreement for the Plan treatment of White Lodging were stymied by the parties' numerous disagreements, including over the budget for 2025 ("2025 Budget"). White Lodging previously filed a Motion to Compel Debtor to Assume or Reject Administrative Service Agreement [the Management Agreement] and for Related Relief [Doc 154]. The Debtor objected [Doc 178], and the Court entered a Docket Text Order denying the Motion to Compel, and ordering the Debtor to notify White Lodging "of any decision to assume or reject the contract at least 60 days before the effective date of any assumption or rejection, and in no event later than the date [the Debtor] files a disclosure statement under Bankruptcy Code sec. 1125." June 28, 2024 Docket Text Order [Doc 180].*

*As stated above, **the Debtor has since determined to reject the Management Agreement and in accordance with the foregoing Docket Text Order, the representations herein constitute notice to White Lodging that it will do so** (upon motion if appropriate) such that rejection becomes effective no earlier than April 8, 2025 (unless White Lodging is requested and agrees to an earlier termination date) and no later than the Effective Date of the Plan.*

(Disclosure Statement p. 13).

12. The Disclosure Statement further states:

*Debtor intends as part of its Plan to assume the Marriott Franchise Agreement in an agreed, modified form, following negotiations with Marriott. The Debtor also intends to reject the Management Agreement either as part of its Plan or prior to Plan confirmation, and to replace White Lodging with a new Hotel management company. Negotiations with potential replacement management companies are ongoing.*

(Disclosure Statement, p. 8).

13. The filing of the Disclosure Statement and Plan was the first Notice that White Lodging received that Debtor would seek to reject the Management Agreement.

14. On January 31, 2025, White Lodging filed its motion for the entry of an order, authorizing the use of Debtor's Cash Collateral to pay certain bonus payments to Debtor's employees as set forth in the Cash Collateral Order, entered by this court on May 2, 2024 [ECF 389]. The filing of this motion was necessary due to Debtor's objection to White Lodging paying employee bonuses provided for in the cash collateral order. This motion is currently pending.

15. White Lodging maintains that Debtor's actions are unwarranted and expose White Lodging to employee claims for unpaid wages.

16. Rejection of the management of the Management Agreement, absent a replacement management company offering employment to White Lodging's employees at the Hotel, will mean that all current employees of the Hotel will necessarily be terminated.

17. Under the WARN Act, an employer, "shall not order a plant closing or mass layoff until the end of a 60-day period after the employer serves written notice of such an order…to each affected employee." 29 U.S.C. § 2102. Such notice must include "(1) A statement as to whether the planned action is expected to be permanent or temporary and, if the entire plant is to be closed, a statement to that effect; (2) The expected date when the plant closing or mass layoff will commence and the expected date when the individual employee will be separated; (3) An indication whether or not bumping rights; and (4) the name and telephone number of a company official to contact for further information." 20 C.F.R. § 639.7.

18. Wisconsin has its own "mini-WARN Act" applicable to any business that employs 50 or more people in Wisconsin. Wis. Stat. Ann. § 109.07. The Wisconsin stature provides that any reduction in workforce affecting (1) at least 25 percent of employees or 25

employees, whichever is greater, or (2) at least 500 employees at an employment site or within a single municipality, a 60-day notice similar to the WARN Act must be given. Wis. Stat. Ann. § 109.07.

19. The Disclosure Plan does not provide a rejection date, so White Lodging cannot properly advise the Hotel's employees of the date of termination of their employment as required by the Federal and Wisconsin law.

20. Debtor admits it has not entered an agreement with a new management company and has not disclosed whether the new management company will rehire any of the Hotel employees after rejection of the Management Agreement.

21. White Lodging is thus unable to give Notice to its employees as to what date they will be terminated, whether such termination is temporary or permanent, and whether they will be rehired by the new management company.

## Relief Requested

22. By this Motion, White Lodging respectfully request that this Court enter an Order modifying the automatic stay pursuant to 11 U.S.C. § 362 to permit White Lodging to issue WARN Act notices to all employees working at the Hotel.

## Legal Standard

23. Section 362(d) of the Bankruptcy Code allows this Court to modify the automatic stay "by terminating, annulling, modifying or conditioning such stay – for cause." 11 U.S.C. § 362(d).

24. "Section 362(d)(1)…identifies only one example of cause: lack of adequate protection. Otherwise, "'[c]ause' as used in § 362(d) has no clear definition and is determined on a case-by-case basis." *In re Bohland*, 2019 WL 2511735, at *3 (Bankr. E.D. Wis. June 17, 2019)

5

(citing *Matter of Fernstrom Storage & Van Co.*, 938 F.2d 731, 735 (7th Cir. 1991)). In determining whether there is cause under Section 362(d)(1), the court may consider factors including "interference with the bankruptcy, good or bad faith of the debtor, injury to the debtor and other creditors if the stay is modified, injury to the movant if the stay is not modified, and the proportionality of the harms from modifying or continuing the stay." *Id*. (citing *In re Milne*, 185 B.R. 280, 283 (N.D. Ill. 1995)).

## **Modification of the Automatic Stay**

25. Good cause exists to allow White Lodging to issue WARN Act notices to Hotel employees because failure to issue the WARN Act notices may subject White Lodging or the Debtor to liability under both the WARN Act and Wisconsin Law. Moreover, failure to provide sufficient notice to Hotel employees of termination of their employment could cause harm to Hotel employees who are entitled to sufficient notice of termination in order to secure other employment.

26. Debtor here has requested that the rejection become effective no later than April 8, 2025, which is 60 days after filing of the plan, which suggests that Debtor believes issuance of notices under the WARN Act is appropriate.

27. White Lodging files this Motion out of an abundance of caution and to avoid any disagreement as to whether issuance of such notices violates the automatic stay.

28. As such, White Lodging respectfully requests that this Court modify the automatic stay for the limited purpose of permitting White Lodging to protect itself from substantial claims arising from the failure to promptly issue the required notices to its employees as required under the WARN Act and Wisconsin Law.

WHEREFORE, White Lodging Services Corporation respectfully requests the entry of an Order modifying the stay in order for White Lodging to issue its WARN Act notices all employees working at the Hotel and for related relief.

*     *     *

**WHITE LODGING SERVICES CORP.**

By: */s/ Amy E Daleo*
     One of its Attorneys

Cornelius P. Brown (nbrown@cohonraizes.com)
Amy E Daleo (adaleo@cohonraizes.com)
Cohon Raizes & Regal LLP (90192)
300 S. Wacker Drive, Suite 500
Chicago, IL 60606
Office: (312) 726-2252
Fax: (312) 726-0609

# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| In re: | Chapter 11 |
| WISCONSIN & MILWAUKEE HOTEL, LLC, | Case No. 24-21743 |
| Debtor. | Honorable G. Michael Halfenger |

## CERTIFICATE OF SERVICE

I hereby certify that on February 14, 2025, I caused to be filed, with the United States Bankruptcy Court for the Eastern District of Wisconsin, **Motion of White Lodging Services Corporation for Relief from the Automatic Stay to Issue WARN Act Notices to Employees** (the "Motion"), using the Court's CM/ECF electronic filing system which caused the Motion to be sent to all parties in this case receiving electronic notice. Further, I certify that on February 14, 2025, at the offices of Cohon Raizes & Regal LLP, 300 S. Wacker Drive, Ste. 500, Chicago, IL 60606, I caused the Motion to be served upon the individuals and entities shown on the attached service list via first class U.S. Mail, Postage prepaid.

Dated: February 14, 2025

> WHITE LODGING SERVICES CORPORATION
>
> By: /s/ Amy E Daleo
>       One of its Attorneys
>
> Cornelius P. Brown (nbrown@cohonraizes.com)
> Amy E Daleo (adaleo@cohonraizes.com)
> Cohon Raizes & Regal LLP
> 300 S. Wacker Drive, Suite 500
> Chicago, IL 60606
> Office: (312) 726-2252
> Fax: (312) 726-0609

**SERVICE LIST:**
Wisconsin & Milwaukee Hotel LLC
731 North Jackson Street, Suite 420
Milwaukee, WI 53202

Office of the United States Trustee
517 E. Wisconsin Ave. Room 430
Milwaukee WI, 53202

Attorney Michael P. Richman
Richman & Richman LLC
122 W. Washington Ave., Suite 850
Madison, WI 53703

Frank W. DiCastri
Sara C. McNamara
Reinhart Boerner Van Deuren s.c.
1000 North Water Street, Suite 1700
Milwaukee, WI 53202

Cintas
N56 W13605 Silver Spring Drive
Menomonee Falls, WI 53051

City of Milwaukee
Office of the City Treasurer Customer Services Division
PO Box 514062
Milwaukee, WI 53203-3462

Courtesy Products, Inc.
10840 Linpage Place
Saint Louis, MO 63132

CVENT
PO Box 822699
Philadelphia, PA 19182-2699

Deluxe Branded Marketing
PO Box 645633
Cincinnati, OH 45264-5633

Fitzgerald Consultancy
44 East Mifflin Street
Suite 305
Madison, WI 53703

Fortune Fish Company
Lockbox 235263
Chicago, IL 60689-5263

Guest Tek Interactive
1060 Lake Susan Drive
Chanhassen, MN 55317

J.M. Brennan Inc.
2101 W. St. Paul Avenue
Milwaukee, WI 53233

JLL
200 East Randolph Drive
43 Floor Chicago, IL 60601

Marriott International, Inc.
7750 Wisconsin Avenue
Bethesda, MD 20814

Milwaukee World Festival
BIN 88485
639 E. Summerrfest Place
Milwaukee, WI 53202

Testa Produce, Inc.
O2nd Dept 2105
PO Box 5905
Carol Stream, IL 60197-5905

Town Bank
9801 W. Higgins Road
Des Plaines, IL 60018

Towne Park LLC
PO Box 79349
Baltimore, MD 21279-0349

US Foodservice Inc.
W137N9245 WI-45
Menomonee Falls, WI 53051

Vistar Corporation
16639 Gale Way Avenue
Hacienda Heights, CA 91745

Wisconsin & Milwaukee Hotel Funding, LLC
311 E. Chicago Street
Suite 510
Milwaukee, WI 53202

Wisconsin Housing & Economic Development
Authority (WHEDA)
611 W. National Avenue
Milwaukee, WI 53204

Wolf's Dry Cleaners
1354 N. Seventh Street
Milwaukee, WI 53205