| | |
|---|---|
| In re: | |
| Wisconsin & Milwaukee Hotel LLC, | Case No. 24-21743-gmh<br>Chapter 11 |
| Debtor. | |

**SECOND INTERIM APPLICATION FOR ALLOWANCE AND PAYMENT
OF FEES AND EXPENSES INCURRED BY RICHMAN & RICHMAN LLC
FOR THE PERIOD OF SEPTEMBER 1, 2024 THROUGH DECEMBER 31, 2024**

Richman & Richman LLC ("**Applicant**"), by Attorneys Michael P. Richman and Claire Ann Richman, as counsel for Wisconsin & Milwaukee Hotel LLC ("**WMH**" or "**Debtor**"), hereby submits its Second Interim Application for Allowance and Payment of Fees and Expenses Incurred by Richman & Richman LLC for the Period September 1, 2024 through December 31, 2024 (the "**Second Interim Application**"), in the amount of $117,166.68, representing $114,142.50 in attorney fees, plus $3,024.18 in expenses, and for authority to pay the fees not previously paid pursuant to the Alternative Compensation Order (as defined herein), in the amount of $15,978.00, pursuant to 11 U.S.C. §§ 330, 331, 503(b)(1) and (2), Rule 2016 of the Federal Rules of Bankruptcy Procedure, and Local Rule 2016, and in support thereof states as follows:

### Jurisdiction and Background

1. This Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

2. The statutory predicates for the relief sought herein are 11 U.S.C. §§ 330, 503(b), 507(a)(1), and Rule 2016 of the Federal Rules of Bankruptcy Procedure.

3. On April 9, 2024, the Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code ("**Petition Date**").

4. The Debtor owns and operates the Milwaukee Marriott Downtown (the "**Hotel**"), a full-service, high-end hotel located in the heart of downtown Milwaukee.

5. On April 10, 2024, the Debtor filed the Notice and Application of Debtor for Authority to Retain and Employ Richman & Richman LLC as Counsel for the Debtor Effective as of April 10, 2024 ("**R&R Employment Application**") [Doc 10].

6. On May 22, 2024, the Court signed and entered the Order Granting Notice and Application of Debtor for Authority to Retain and Employ Richman & Richman LLC as Counsel for the Debtor Effective as of April 10, 2024 ("**R&R Retention Order**") [Doc 131]. Pursuant to the R&R Retention Order, Applicant's effective date of employment as general bankruptcy counsel for the Debtor was April 10, 2024.

7. On May 15, 2024, the Debtor filed the Motion for an Order Establishing Procedures for Interim Compensation and Reimbursement, seeking entry of an order authorizing and establishing procedures for the compensation and reimbursement of court-approved professionals on a monthly basis ("**Motion for Alternative Compensation Procedures**") [Doc 120] of 80% of the invoiced fees (or, in the event of an unresolved objection, such lesser amount that is not subject to objection) and 100% of expenses. The Debtor modified its request for relief pursuant to an agreement

2

reached with the Office of the United States Trustee ("**UST**") to limit to the Applicant the relief requested in the Motion, and to provide ten (10) days from service of monthly invoices for UST and other parties to assert, seek to resolve, and otherwise file any objections. [*See* Doc 143].

8. On June 7, 2024, the Court signed and entered the Order Approving Alternative Compensation Procedures ("**Alternative Compensation Order**") [Doc 147].

9. Pursuant to the Alternative Compensation Order, Applicant received approval for interim and conditional allowance and payment of 80% of its invoiced fees and 100% of its expenses incurred on behalf of the Debtor from April 10, 2024 through August 31, 2024 in the total amount of $228,464.44, representing $224,357.60 in attorney fees plus $4,106.84 as reimbursement of expenses.

10. On October 3, 2024, Applicant filed its First Interim Application for Allowance and Payment of Fees and Expenses Incurred by Richman & Richman LLC for the Period of April 10, 2024 through August 31, 2024 ("**First Interim Application**") [Doc 251].

11. On October 9, 2024, Applicant filed an Amended Exhibit B – Summary of Professionals, to amend the hourly billing rate for Michael B. Richman as originally stated in Exhibit B – Summary of Professionals attached to and incorporated therein to the First Interim Application [Doc 256].

12. On October 14, 2024, Applicant filed the Declaration of Eliza M. Reyes in Support of First Interim Application for Allowance and Payment of Fees and

Expenses Incurred by Richman & Richman LLC for the Period of April 10, 2024 through August 31, 2024 (the "**Initial Fee Period**") to correct the average hourly rate listed for one of R&R's professionals who provided services to the Debtor during the Initial Fee Period [Doc 263].

13. On October 28, 2024, the Court signed and entered the Order Approving First Interim Application for Allowance and Payment of Fees and Expenses Incurred by Richman & Richman LLC for the Period of April 10, 2024 through August 31, 2024 ("**Order Approving First Interim Fee Application**") [Doc 286].

14. The Order Approving First Interim Application awarded Applicant interim compensation for all fees and costs requested in the First Interim Application in the amount of $284,553.84, representing $280,447.00 in attorneys' fees, plus $4,106.84 in reasonable and necessary expenses, and the fees and costs were allowed as an administrative expense pursuant to 11 U.S.C. § 503(b)(2).

15. To the extent held back pursuant to the Alternative Compensation Order, pursuant to the Order Approving First Interim Application, the Debtor was authorized to pay Applicant the remaining unpaid invoiced fees incurred during the Initial Fee Period in the amount of $56,089.40, representing $56,089.40 in attorneys' fees, plus $0.00 in reasonable and necessary expenses.

16. Pursuant to the Alternative Compensation Order, Applicant filed the following monthly requests for conditional approval of payment during the period of September 1, 2024 through December 31, 2024 (collectively, the "**Monthly Fee Requests**"):

- September 2024 Fee Statement of Richman & Richman LLC as Counsel to the Debtor with an invoice for the period of September 1, 2024 to September 30, 2024 for fees and expenses ("**September 2024 Fee Request**"), filed October 10, 2024 [Doc 258];

- October 2024 Fee Statement of Richman & Richman LLC as Counsel to the Debtor with an invoice for the period of October 1, 2024 to October 31, 2024 for fees and expenses ("**October 2024 Fee Request**"), filed November 10, 2024 [Doc 301];

- November 2024 Fee Statement of Richman & Richman LLC as Counsel to the Debtor with an invoice for the period of November 1, 2024 to November 30, 2024 for fees and expenses ("**November 2024 Fee Request**"), filed December 10, 2024 [Doc 341];

- December 2024 Fee Statement of Richman & Richman LLC as Counsel to the Debtor with an invoice for the period of December 1, 2024 to December 31, 2024 for fees and expenses ("**December 2024 Fee Request**"), filed January 10, 2025 [Doc 376].

17. On February 5, 2025, the Court entered an Order [Doc 391], stating that the court will not approve December 2024 fees based on the December 2024 Fee Request, but will await Applicant's filing of an interim application for approval of the fees and expenses between September 1, 2024 and December 31, 2024. There were no objections made to the December 2024 Fee Request.

18. As of the date of this Second Interim Application, Applicant has received approval for interim and conditional allowance and payment of 80% of its invoiced fees (no objections were made) and 100% of its expenses incurred on behalf of the Debtor pursuant to the Monthly Fee Requests from September 1, 2024 through November 30, 2024 in the total amount of $66,932.18, representing $63,912.00 in attorney fees plus $3,020.18 as reimbursement of expenses, is summarized in the table below.[1]

| Period Covered | Requested | | Fees Not Subject to Objection | Allowed 80% of Fees Not Subject to Objection and 100% Expenses | | Balance Due |
| --- | --- | --- | --- | --- | --- | --- |
| | FEES | EXPENSES | FEES | FEES | EXPENSES | |
| 9-1-2024 to 9-30-2024 | $13,589.00 | $995.70 | $13,589.00 | $10,871.20 | $995.70 | $2,717.80 |
| 10-1-2024 to 10-31-2024 | $37,524.50 | $156.31 | $37,524.50 | $30,019.60 | $156.31 | $7,504.90 |
| 11-1-2024 to 11-30-2024 | $28,776.50 | $1,868.17 | $28,776.50 | $23,021.20 | $1,868.17 | $5,755.30 |
| **Total** | **$79,980.00** | **$3,024.18** | **$79,890.00** | **$63,912.00** | **$3,020.18** | **$15,978.00** |

19. Applicant received payment for attorney fees and expenses pursuant to its monthly invoices from the Debtor upon conditional approval of Applicant's

---

[1] *See* Order Conditionally Approving Payment of September 2024 Invoice from Richman & Richman LLC Pursuant to the Order Approving Alternative Compensation Procedures, signed on October 22, 2024 [Doc 276]; Order Conditionally Approving Payment of October 2024 Invoice from Richman & Richman LLC Pursuant to the Order Approving Alternative Compensation Procedures, signed on November 25, 2024 [Doc 328]; and Order Conditionally Approving Payment of November 2024 Invoice from Richman & Richman LLC Pursuant to the Order Approving Alternative Compensation Procedures, signed on December 23, 2024 [Doc 364];.

Monthly Fee Requests for September 2024, October 2024, and November 2024, as indicated in the following table:

| Date(s) of Payment | Allowed Amount Owed to Applicant Pursuant to Monthly Fee Requests | Payment Made on Allowed Amount/Expenses | Balance Due |
|---|---|---|---|
| 11-1-2024 | $11,866.90 | $11,866.90 | $2,717.80 |
| 12-3-2024 | $30,175.91 | $30,175.91 | $7,504.90 |
| 1-2-2025 | $24,889.37 | $24,889.37 | $5,755.30 |
| | **TOTAL** | **$66,932.18** | **$15,978.00** |

20. As of the date of the filing of this Second Interim Application, Applicant has received payment in the total amount of $66.932.18, representing $63,912.00 in attorney fees and $3,020.18 as reimbursement of expenses. Applicant seeks authority herein for the payment of the 20% of invoiced fees held back from September 1, 2024 through November 30, 2024 pursuant to the Alternative Compensation Order.

21. Applicant has not yet received approval for interim and conditional allowance and payment of 80% of its invoiced fees (no objections were made) and 100% of its expenses incurred on behalf of the Debtor pursuant to the Monthly Fee Request for December 2024. Through this Second Interim Application, Applicant also seeks authority for the total amount of the fees pursuant to the Monthly Fee Request for December 2024, in the amount of $34,256.50, representing $34,252.50 in attorney fees plus $4.00 as reimbursement of expenses.

7

## Fee Period Request

22. This is Applicant's second request for fees in this matter.

23. The Application requests approval on an interim basis of all fees and expenses incurred from September 1, 2024 through December 31, 2024 (the "**Fee Period**"), including interim approval of the Monthly Fee Requests from September 2024 through November 2024 which were provisionally approved under the Alternative Compensation Order, interim approval of the December 2024 Monthly Fee Request, and the balances of the fees incurred during the Fee Period, and not previously paid pursuant to the Alternative Compensation Procedures.

| Name and Address of Applicant | Compensation Requested | Expenses Requested | Total Requested |
|---|---|---|---|
| Richman & Richman LLC<br>122 W. Washington Ave., Ste 850<br>Madison, WI 53703 | $114,142.50 | $3,024.18 | $117,166.68 |

24. Throughout the course of representing Debtor, Applicant allocated responsibilities between two partners, two associates, two paralegals, and three law clerks in a manner designed to maximize its resources and minimize the costs and expenses to Debtor. At no time did more than two lawyers appear for Debtor at any hearing, and in such cases, each of the two lawyers had lead responsibility for different matters.

25. The regular hourly rates for attorneys and paraprofessionals of the firm who performed work during the Fee Period range from $175.00 to $795.00 per hour.

26. During the Fee Period, attorneys and paraprofessionals of the Applicant expended 279.5 hours on behalf of WMH. A breakdown of total time spent by each timekeeper providing services on behalf of WMH during the Fee Period is as follows:

8

| Timekeeper Name | Position | Hours Worked | Total Billed | Average Hourly Rate |
|---|---|---|---|---|
| Michael P. Richman | Member | 55.3 | $41,475.00 | $750.00 |
| Claire Ann Richman | Member | 26.2 | $15,065.00 | $575.00 |
| Eliza M. Reyes | Senior Associate | 66.7 | $30.015.00 | $450.00 |
| James Soo | Associate | 24.8 | $6,820.00 | $275.00 |
| David T. Fowle | Paralegal | 40.3 | $7,858.50 | $195.00 |
| Kiran Hayer | Paralegal | 34.5 | $6,727.50 | $195.00 |
| Yabing Chong | Law Clerk | 20.4 | $3,978.00 | $195.00 |
| Jude Odebeli | Law Clerk | 10.0 | $1,950.00 | $195.00 |
| Jeva Rhoden | Law Clerk | 1.3 | $253.50 | $195.00 |

27. Based upon the hourly rates stated above and the time expended by Applicant on behalf of WMH, the value of the services rendered by Applicant during the Fee Period was $114,142.50. In addition, reasonable and necessary expenses of

$3,024.18 were incurred by Applicant during the Fee Period, for an aggregate total of $117,166.68 earned by Applicant during the Fee Period on behalf of WMH.

28. Detailed time records of the Fee Period for WMH are attached as **Exhibit A** to this Application including: (a) summary of fees billed by project code; (b) summary of fees billed by professional and paraprofessional; (c) all services rendered by project code; and (d) all services rendered chronologically by date.

29. Pursuant to Local Rule 2016(a)(1), the regular hourly rates for attorneys and paraprofessionals of the firm who performed work on this case during the Fee Period, together with a description of their experience and length of professional practice is attached hereto and incorporated herein as **Exhibit B**.

## STANDARD

30. Compensation for professionals employed under 11 U.S.C. § 327 is governed by Section 330. This provision "was intended to allow lawyers and other professionals retained by the trustee to get compensation comparable to what they would receive in nonbankruptcy cases." *In re Taxman Clothing Co.*, 49 F.3d 310, 313 (7th Cir. 1995).

31. Section 330(a) of the Bankruptcy Code provides, in part, that:

> [T]he court may award . . . reasonable compensation for actual, necessary services rendered by the . . . attorney and by any paraprofessional person . . . and . . . reimbursement for actual, necessary expenses. In determining the amount of reasonable compensation to be awarded, the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including – (A) the time spent on such services; (B) the rates charged for such services; (C) whether the services were necessary to the administration of, or beneficial at the time at which

10

the service was rendered toward the completion of, a case under [the Bankruptcy Code]; (D) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed; and (E) whether the compensation is reasonable, based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

11 U.S.C. § 330(a).

32. To determine appropriate compensation, Section 330 requires the Court to evaluate "all relevant factors," including "whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title." 11 U.S.C. § 330(a)(3)(C). If the services were not "reasonably likely to benefit the debtor's estate," or not "necessary to the administration of the estate," then the Court may disallow compensation for those services. 11 U.S.C. § 330(a)(4)(A)(ii).

33. "In sum, section 330 empowers the Court to award, in its discretion, reasonable compensation for actual, necessary services, and reimbursement for actual, necessary expenses, but it prohibits compensation for services that were unnecessarily duplicative or not 'reasonably likely to benefit the debtor's estate' or 'necessary to the administration of the case.'" *In re Harry Viner, Inc.*, 520 B.R. 268, 275 (Bankr. W.D. Wis. 2014).

## SERVICES PROVIDED DURING THE FEE PERIOD

34. This Application sets forth a summary of the work performed by Applicant and the time spent during the Fee Period.

35. Applicant rendered valuable professional services to, for, and on behalf of the Debtor which resulted in substantial benefit to the Debtor, including allowing the Debtor to continue its business operations and continue its efforts to reorganize.

11

Applicant primarily rendered the following professional services, among others, on behalf of the Debtor in connection with these proceedings during the Fee Period.

### 1102 – Case Administration, Communication with U.S. Trustee, and Compliance with U.S. Trustee Requirements

36. Applicant spent a total of 1.1 hours, incurring fees in the amount of $478.00 during the Fee Period, on Case Administration, Communication with the U.S. Trustee, and Compliance with U.S. Trustee Requirements. Applicant responded to an inquiry from a representative of the U.S. Trustee ("**UST**"), regarding the Debtor's finances and resolving an issue in the Debtor's Monthly Operating Reports. Applicant also communicated and worked with professionals of Eisner Advisory Group ("**EA Group**"), financial advisors of the Debtor, to prepare, finalize, and file the Debtor's Monthly Operating Reports.

### 1103 – Petition, Schedules, and Financials

37. Applicant spent a total of 40.8 hours, incurring fees in the amount of $9,704.00 during the Fee Period, on Petition, Schedules and Financials. Time spent on this matter included assistance with preparation of the Debtor's Monthly Operating Reports, review of schedules for addressing and resolving issues with extensive undeliverable returned mail from creditors, amending the court's creditor matrix, and preparing appropriate proofs of service for serving notices and pleadings on creditors with the corrected addresses.

### 1104 – DIP Financing, Cash Collateral, and Adequate Protection Issues

38. Applicant spent 0.5 hours during the Fee Period, incurring fees in the total amount of $375.00, on DIP Financing, Cash Collateral, and Adequate Protection

Issues. Applicant communicated with counsel for Computershare Trust Company, N.A. ("**Computershare**") and Wisconsin & Milwaukee Hotel Funding LLC ("**WMH Funding**"), the Debtor's prepetition secured lenders (collectively, the "**Lenders**") regarding necessary emergency repairs and related budgetary and expense issues, and questions related to distributions in the Debtor's Monthly Operating Reports.

### 1105 – Disclosure Statement, Plan of Reorganization

39. Applicant spent 63.7 hours during the Fee Period incurring fees in the amount of $37,013.00 on Disclosure Statement, Plan of Reorganization. Applicant worked on preparing the Debtor's proposed disclosure statement and plan of reorganization and communicated with the Debtor to address appraisal issues and the terms of the plan of reorganization. Applicant also prepared and filed the Debtor's Motion for Entry of An Order Further Extending By 60 Days the Exclusive Periods for Filing Chapter 11 Plan of Reorganization and for Soliciting Acceptances Thereto on November 18, 2024 ("**Motion to Extend Exclusivity Period**") [Doc 318], reviewed and replied to objections from the Lenders and White Lodging Services Corporation ("**White Lodging**") to the Motion to Extend Exclusivity Period, which was granted pursuant to the Court Minutes and Order on December 20, 2024, and which extended the Debtor's exclusive period for the filing of a plan of reorganization through and including February 7, 2025, and extended the Debtor's exclusive period for the solicitation of acceptances to a plan of reorganization filed by the Debtor through and including April 8, 2025 [*See* Doc 357].

13

### 1106- Miscellaneous Motions and Court Hearings

40. The Applicant spent 14.2 hours during the Fee Period, incurring fees in the amount of $5,565.00 on Miscellaneous Motions and Court Hearings. Time spent on this category primarily included the preparing, along with a declaration including research, finalizing, and filing an Application Pursuant to 11 U.S.C. § 503(b)(1)(A) for Allowance and Payment of Administrative Claim of Mallery, S.C. [Doc 278]

### 1107 – Adversary Proceedings

41. The Applicant spent 5.1 hours during the Fee Period, incurring fees in the amount of $994.50 on Adversary Proceedings. Applicant investigated, and began drafting, a proposed adversary proceeding complaint against White Lodging to recover certain damages related to the management contract between the parties.

### 1108 – Employment, Billing Compensation and Fee Applications

42. The Applicant spent 72.7 hours during the Fee Period, incurring fees in the amount of $26,500.00, on Employment, Billing Compensation, and Fee Applications. Applicant spent considerable time during the Fee Period on the employment of the various professionals of, and special counsel to, the Debtor, which time included preparing and filing employment applications. Through the Applicant's efforts, the Debtor obtained the Court's authority to employ such professionals to provide services to the Debtor related to the administration of the Debtor's estate. The employment applications filed by Applicant during the Fee Period include, but are not limited to, Notice and Application of the Debtor for Authority to Retain and Employ Sikich LLC as Accountants for the Debtor Effective as of September 6, 2024

[Doc 237]; Notice and Application of the Debtor for Authority to Retain and Employ ICAP Development LLCL as Accountant for a Limited Purpose [Doc 240]; and Notice and Application of the Debtor for Authority to Retain and Employ Lennhoff Real Estate Consulting LLC as Expert Witness Effective as of October 16, 2024 [Doc 269].

43. During the Fee Period, Applicant also prepared its monthly fee requests and orders granting such fee requests pursuant to the Alternative Compensation Order, and prepared its First Interim Application.

### 1109 – Asset Analysis and Recovery

44. The Applicant spent 4.4 hours during the Fee Period, incurring fees in the amount of $1,080.00 on Asset Analysis and Recovery. Time spent on this category included communicating with and preparing documentation for LW Hospitality Advisors to assist in the appraisal of Debtor's assets, and conducting a UCC lien search and retrieval of UCC financing statements.

### 1110 – Claims Management, Analysis and Objection Issues

45. Applicant spent 65.7 hours during the Fee Period, incurring fees in the amount of $24,637.50 on Claims Management, Analysis and Objection Issues. Applicant conducted analyses of proofs of claim filed by various interested parties, including White Lodging and Computershare, to address treatment of same. Applicant also prepared various objections to proofs of claim filed by creditors, communicating with the Debtor on the proofs of claim analyses and objections. Applicant also communicated with counsel for Computershare regarding issues with bonus payments and adequate protection payments. With respect to the pending

objections to White Lodging's proofs of claim, Applicant prepared discovery requests to White Lodging, conducted a discovery and case management conference with White Lodging, and prepared, finalized, and filed a Joint Rule 26(f) Report pursuant to the Court's order for same [Doc 343]. In addition, Applicant represented the Debtor at the preliminary hearing on the objections to White Lodging's proofs of claim.

### 1112 - Debtor Meeting and Communications

46. Applicant spent 9.7 hours during the Fee Period, incurring fees in the amount of $6,715.00 on this category. Applicant conducted various ongoing strategy meetings and telephone conferences with management of the Debtor that may not have otherwise been recorded in other billing categories, including an issue involving unpaid Badger Liquor invoices, and a meeting to discuss plan classes and provisions. Throughout the Fee Period, Applicant continued to perform its due diligence by regularly communicating with the management of the Debtor regarding all matters related to this case.

### 1113 – Executory Contracts

47. Applicant spent 1.6 hours during the Fee Period, incurring fees in the of $1,080.00 on this category. The time spent by Applicant on this category primarily included communications with counsel for Marriott International Inc. ("**Marriott**") to discuss issues concerning Marriott's claim and franchise agreement, and communications with the Debtor's management regarding Marriott, and the JS Asset management contract.

16

## REASONABLE COSTS AND EXPENSES INCURRED

48. Applicant incurred reasonable and necessary expenses during the Fee Period, totaling $3,024.18, including printing and postage costs primarily associated with service of bankruptcy pleadings on the creditor matrix.

- <u>Copying, Postage and Mailing</u>: Applicant incurred expenses in the amount of $3,020.18 for postage, printing, and mailing charges of Motions, Court Notices, and other documents, using Stretto, an approved Bankruptcy Notice Provider authorized by the United States Courts Administrative Office. Applicant also incurred internal copying and postage expenses for serving documents on various creditors to their corrected addresses.

- <u>UCC search</u>: Applicant incurred expenses in the amount of $4.00 for the cost of online retrieval of UCC Financing Statements.

## THE SERVICES PROVIDED BY APPLICANT BENEFITED THE DEBTOR'S ESTATE

49. Applicant submits the services set forth in this Application benefitted the Debtor, its estate, and its creditors.

50. The Debtor filed this case in order to facilitate a reorganization of its business and satisfy claims of its creditors. Through Applicant's efforts, the Debtor continues to operate its business and thus far, has been able to meet the objectives it identified at the time of the filing of this case.

17

## INTERIM APPROVAL OF FEES AND COSTS
## INCURRED BY APPLICANT
## IS WARRANTED

51. Applicant is experienced in bankruptcy matters and in Chapter 11 proceedings. Applicant's hourly rates are in conformity with the rates charged by similarly situated bankruptcy counsel.

52. This Application is submitted in conformity with the standards set forth in this district, which this Court uses in assessing the propriety of bankruptcy attorneys' fees. The standards include the time and labor required, the novelty and difficulty of the questions, the skill requisite to perform the legal service properly, the preclusion of other employment by the attorney due to acceptance of this case, the customary fees charged for like cases, whether the fee is fixed or contingent, time limitations imposed by the client or other circumstances, the amount involved and the results obtained, the experience, reputation, and ability of the attorney, the nature and length of the professional relationship with the client, and awards in similar cases.

53. In accordance with the factors enumerated in 11 U.S.C. § 330, the Applicant submits that the amount requested is fair and reasonable given (a) the complexity of this case, (b) the time expended, (c) the nature and extent of the services rendered, (d) the value of such services, and (e) the costs of comparable services other than in a case under this title.

54. Moreover, allowance and payment of fees and expenses to Applicant will not create an undue hardship for the Debtor, as the Debtor's budget provides for payment of Applicant's allowed fees and expenses.

55. Applicant provided an itemization of the fees and expenses to the Debtor, and the Debtor approved such fees and expenses.

56. All services for which compensation is requested by Applicant were performed for, or on behalf of the Debtor, and not on behalf of any committee, creditor, or other person.

57. Applicant certifies that it has generally compiled with the guidelines set forth by the United States Trustee concerning fee applications.

WHEREFORE, Richman & Richman LLC prays that the Court enter an Order as follows:

A. Approving Richman & Richman LLC's compensation for the Fee Period on an interim basis under the provisions of 11 U.S.C. § 330 and 331 incurred on behalf of Wisconsin & Milwaukee Hotel LLC in the amount of $117,166.68, representing $114,142.50 in attorney fees, plus $3,024.18 in reasonable and necessary expenses;

B. Authorizing Wisconsin & Milwaukee Hotel LLC to pay to Richman & Richman LLC to pay the invoiced fees held back pursuant to the Alternative Procedures Order of $15,978.00; and

C. For such other relief the Court deems just and appropriate.

Dated this 19th day of February 2024.

                **RICHMAN & RICHMAN LLC**
                **Attorneys for Debtor**

By:

                */s/ Michael P. Richman*
                Michael P. Richman
                Claire Ann Richman
                Eliza M. Reyes
                122 West Washington Avenue, Suite 850
                Madison, WI 53703
                Tel: (608) 630-8990
                Fax: (608) 630-8991
                mrichman@RandR.law
                crichman@RandR.law
                ereyes@RandR.law