UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| In re: | |
| Wisconsin & Milwaukee Hotel LLC, | Case No. 24-21743-gmh<br>Chapter 11 |
| Debtor. | |

**DEBTOR'S OBJECTION TO WHITE LODGING'S
MOTION TO COMPEL DEBTOR TO PRODUCE DOCUMENTS
AND TO RESET DISCOVERY DEADLINES**

Wisconsin & Milwaukee Hotel LLC, the debtor herein ("**Debtor**" or "**WMH**"), by its attorneys Richman & Richman LLC, by Michael P. Richman, hereby files this objection to White Lodging's Motion to Compel Debtor to Produce Documents and to Reset Discovery Deadlines ("**Motion to Compel**") [Doc 440], pursuant to the Court's Order of March 11, 2025 [Doc 442], which also set March 21, 2025 as a date for White Lodging to reply to this Objection, and an in-person hearing and pre-hearing meeting in Milwaukee for March 25, beginning at 3:30 p.m.

The Motion to Compel seeks the production of documents sought in six requests (part of Exhibit A to the Motion to Compel). The Debtor believed it was in full compliance with those requests, which sought documents underlying Debtor's objections to Claims 15 and 16. Those documents included portions of White Lodging's Claims and attachments, the parties' Management Agreement, the White Lodging Guaranty to Marriott, the Marriott Franchise Agreement, and White Lodging's schedules of unpaid payables. The foregoing documents were identified in the Debtor's discovery responses (*see* Exhibit A to Motion to Compel) and were not

duplicatively produced because White Lodging already had possession of them.

On March 7, 2025, Debtor's counsel received an email from White Lodging's counsel requesting that by March 14, 2025, the Debtor produce certain source materials underlying the Debtor's February 28, 2025 Expert Report in Support of Debtor's Objections to White Lodging Claims 15 & 16 ("**Expert Report**") [Doc 430]. In many subsequent emails, the parties disputed whether and to what extent such additional document production was required. As of the filing of the March 10 Motion to Compel, the matters of dispute (and continuing negotiation) concerned the Debtor's 2023 tax return and some historic information on debt service and expenses (the "**Disputed Items**") that were sought as source materials for the Debtor's Expert Report. Their production was disputed by Debtor because they were not considered by the Debtor's expert (the premise for White Lodging's demand). In the case of the historic debt service and expense information (used to calculate the Guaranty Fee component of Claim 15), the express language of the Management Agreement limited the Guaranty Fee to the most recent fiscal year prior to the commencement of the chapter 11 case (2023 – 24). That was the only year considered by the Debtor's expert. But White Lodging demanded the production of such information back to 2019.[1]

Notwithstanding its objections to the Disputed Items, in order to avoid further litigation of these matters, the Debtor produced some of the Disputed Items on March

---

[1] The Expert Report also mistakenly referred to the 2023 Tax Return as a document considered in calculating the Guaranty Fee. The Debtor informed White Lodging of this mistake. The tax return was on a list of documents requested by the expert, but the information on debt service and owner expenses was provided by other produced source data before the tax return was provided to the expert, and the tax return was therefore never consulted or considered.

2

11, the tax return today, and promised to provide the additional debt service/expense information tomorrow.

The Motion to Compel is therefore moot; it does not request any relief that can be granted.[2] Even without the foregoing document productions made by the Debtor, the Motion to Compel actually does not identify any document that White Lodging believes the Debtor possesses and should produce, or why. The Motion to Compel merely asserts erroneously that no documents have been produced and seeks an order "compelling Debtor to produce [unspecified] documents by a date certain."[3]

The Debtor made numerous attempts today by email to persuade White Lodging's counsel to withdraw the Motion to Compel in light of the foregoing. These requests were refused, necessitating the filing of this Objection.

**Request for Rescheduling of Hearing.** In the event the Motion to Compel is not withdrawn or denied prior to March 25, 2025, the Debtor respectfully requests that the in-person meeting and Court hearing on the Motion to Compel that was scheduled for March 25, 2025 be rescheduled to the morning of March 27 or any time on March 28 in order to avoid a conflict with out-of-state travel commitments by Michael Richman, who is principally responsible for the litigation of Claims 15 and 16, and the Motion to Compel.

## CONCLUSION

WHEREFORE, for the reasons set forth herein, Debtor respectfully requests

---

[2] It contains a request to adjust the remaining discovery schedule, to which the Debtor does not object in principle.
[3] Counsel to the Debtor also believed, as of the filing of the Motion to Compel on March 10, that good faith discussions to resolve any differences of view were in process.

3

that the Court enter an order denying White Lodging's Motion to Compel in all respects.

Dated: March 17, 2025

        **RICHMAN & RICHMAN LLC**
        **Attorneys for Debtor**

By: */s/ Michael P. Richman*
   Michael P. Richman
   Claire Ann Richman
   Eliza M. Reyes
   122 West Washington Avenue, Suite 850
   Madison, WI 53703
   Tel: (608) 630-8990
   Fax: (608) 630-8991
   mrichman@RandR.law
   crichman@RandR.law
   ereyes@RandR.law