So Ordered.

Dated: April 21, 2025



G. Michael Halfenger
Chief United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

In re:

Wisconsin & Milwaukee Hotel LLC,      Case No. 24-21743-gmh
                                                            Chapter 11

         Debtor.

**ORDER ON WHITE LODGING SERVICES CORPORATION'S MOTION FOR ALLOWANCE AND PAYMENT OF ADMINISTRATIVE EXPENSE CLAIM**

Debtor Wisconsin & Milwaukee Hotel LLC owns a hotel in Milwaukee, Wisconsin, that is operated and managed by White Lodging Services Corporation under a management agreement. ECF No. 432-2, at ¶2. Under that agreement, "White Lodging has exclusive supervision and control over Hotel operations, including employing all employees at the Hotel" and the debtor "is obligated to pay all costs in connection with operation of the Hotel including payment of employee wages . . . ." *Id.* at ¶¶3 & 16. As a part of its staffing the Hotel, White Lodging instituted a Short-Term Incentive Plan effective May 2024 (the STI Plan). ECF No. 505-1, at ¶¶7-8. White Lodging offered the STI Plan to certain employees who were "full-time, actively employed and in good standing on the award payment date . . . ." *Id.* at 36. White

Lodging asserts that the STI Plan entitles these employees to bonus payments in the total amount of $136,705.09. ECF No. 432, at 6. White Lodging asks this court to allow it an administrative expense pursuant to 11 U.S.C. §503(b)(1)(A) equal to the total bonus amount and to authorize it to pay the bonuses from the debtor's operating account, thus facilitating immediate payment from estate funds. ECF No. 432.

The debtor objects both to allowing the administrative expense and to authorizing immediate payment. ECF No. 474.

I

A

Section 503(b)(1)(A) provides that the court may allow, after notice and a hearing, "administrative expenses . . . , including . . . the actual, necessary costs and expenses of preserving the estate . . . ." 11 U.S.C. §503(b)(1)(A). "Generally speaking, 'a claim will be afforded priority under § 503 if the debt both (1) 'arise[s] from a transaction with the debtor in possession' and (2) 'is beneficial to the debtor-in-possession in the operation of the business.''" *Corporate Assets, Inc. v. Paloian*, 368 F.3d 761, 773 (7th Cir. 2004) (quoting *In re Jartran, Inc.*, 732 F.2d 584, 587 (7th Cir. 1984)). "To serve the policy of the priority, inducement of the creditor's performance by the debtor-in-possession is crucial to a claim for administrative priority in the context of the furnishing of goods or services to the debtor." *Jartran*, 732 F.2d at 587 (emphasis omitted).

The management agreement obligates White Lodging to staff the hotel and the debtor to pay for that staff, which it does by allowing White Lodging to use hotel funds to pay employee wages. ECF No. 432-1, at 4 & ECF No. 432-2, at ¶¶ 2, 3 & 16. The debtor does not contest that White Lodging's provision of hotel employees is beneficial to the debtor's operations. Nor does the debtor contest that the management agreement authorizes White Lodging to pay employee bonuses. The debtor argues that White Lodging has failed to demonstrate that the bonuses "are actual and necessary expenses

of preserving the estate" because it has neither disclosed the specific performance criteria that the employees had to meet to obtain the bonuses nor established that payment of the bonuses "was essential to the retention" of those employees. ECF No. 474, at 5–6.

The management agreement, however, gives White Lodging "absolute discretion with respect to all personnel employed at the Hotel, including, without limitation, decisions regarding . . . compensating . . . all employees at the Hotel, and generally establishing and maintaining all policies relating to employment." ECF No. 432-1, at 2. The hotel staff is undeniably necessary to the debtor's operation of its hotel. Accordingly, the court concludes that, to the extent White Lodging has paid bonuses to specific hotel employees in compliance with the STI Plan or is legally obligated to do so, the Bankruptcy Code allows it an administrative expense claim against the debtor.

B

But White Lodging does not report having paid any of the bonuses for which it now seeks allowance of an administrative expense. It instead suggests that it is legally obligated to pay those bonuses, because the bonuses are wages that Wis. Stat. chapter 109 requires it to pay.

Section 109.01(3) defines "'Wage' or 'wages'" to "mean remuneration payable to an employee for personal services, including salaries . . . , bonuses and any other similar advantages **agreed upon between the employer and the employee or provided by the employer to the employees as an established policy**." Wis. Stat. §109.01(3) (emphasis added). Section 109.03(1), Wis. Stat., requires each employer to timely pay "every employee engaged in the employer's business, . . . all wages earned by the employee". And §109.03(5) provides employees with "a right of action against any employer for the full amount of the employee's wages due on each regular pay day as provided in this section and for increased wages as provided in s. 109.11(2), in any court of competent jurisdiction."

Since White Lodging rests its contention that it is obligated to pay bonuses on Wis. Stat. ch. 109, it must demonstrate that the bonuses were either "agreed upon between" White Lodging and its employees or provided by White Lodging to those employees under "an established policy." Wis. Stat. §109.01(3). White Lodging argues that its STI Plan is such a policy and thus obligates it to pay the bonuses. White Lodging also argues that it agreed with each of the eligible employees that they could participate in the STI Plan by sending those employees offer letters stating their eligibility to participate in the plan. ECF No. 505, at 2 & ECF No. 505-1, at 6–24; 27–34.

The rub is that the STI Plan states that it *does not* create a right to payment:

> **No participant**, associate or other person **shall have any rights to receive an award or a payment** under this Short-term Incentive (STI) Program, and **nothing in this STI Program shall be deemed as giving** any such person **a right to any award, benefit or payment**, including any right to receive a partial or pro-rata payment regardless of such person's length of service or performance during the applicable performance or other measuring period except as otherwise expressly stated herein. **No right to payment under an Award will be deemed to accrue or be earned by the performance of services**. A participant's termination of employment for any reason (except due to death, disability or approved retirement (each as defined herein)) prior to the date on which a payment is scheduled to be made will result in the complete forfeiture of any right to payment.

ECF No. 505-1, at 37 (emphasis added). The STI Plan thus does not appear to give any employee a "right to any award, benefit or payment". *Id.* And White Lodging, now in its second attempt to persuade the court to allow it to pay bonuses from the debtor's operating account, identifies no other basis for finding that bonuses are required by an "established policy" or "agreed upon between" White Lodging and its employees. Wis. Stat. §109.01(3).

White Lodging's failure to submit evidence that it paid bonuses or to show that it is legally obligated to pay bonuses is reason to deny its request. Still, White Lodging's briefing suggests that absent the debtor's refusal to allow access to the funds to disburse

the bonus payments, White Lodging would have paid employees bonuses for their staffing of the hotel. And if White Lodging paid the bonuses or established that it is legally obligated to do so, then, it seemingly would be entitled an allowed administrative expense to that extent. To avoid all ambiguity the court will provide White Lodging with a final opportunity to supplement the record with evidence showing that (a) it actually paid certain employees bonuses and the amount of those payments or (b) it is legally obligated to pay identified employees bonuses of specific amounts. To the extent While Lodging makes this filing and in doing so consents to an order that it is legally obligated to pay the bonuses identified in that filing, this court will either allow those bonus payments as administrative expenses pursuant to 11 U.S.C. §503(b)(1)(A) or schedule further proceedings on the matter. But to the extent White Lodging fails to show that it paid bonuses or that it is legally obligated to do so, then the court will deny White Lodging's request to allow administrative expenses.

II

In addition to asking the court to allow its claimed administrative expenses, White Lodging requests that the court order the debtor to pay those expenses immediately, rather than awaiting payment through a confirmed plan as contemplated by §§1123(a) and 1129(a)(9)(A) of the Bankruptcy Code. Some courts have concluded that bankruptcy courts have discretion to order a chapter 11 debtor in possession to pay an administrative claim before the effective date of a confirmed chapter 11 plan. See *In re Modern Metal Prods. Co.*, No. 08 B 73908, 2009 WL 1362632, *2–3 (Bankr. N.D. Ill. May 13, 2009) (denying a request for immediate payment of an allowed administrative expense "until a Reorganization Plan is confirmed or a bar date is established for bringing claims for administrative expenses runs" and noting that the timing of the payment of an administrative expense under section 503(b)(9) "is within the Court's discretion"); *In re Global Home Prods. LLC*, No. 06-10340, 2006 WL 3791955, *3 (Bankr. D. Del. Dec. 21, 2006) (citing *In re HQ Global Holdings, Inc.*, 282 B.R. 169 (Bankr. D. Del.

2002)) (deferring payment of an administrative expense claim until after confirmation of the chapter 11 plan and noting that "[d]istributions to administrative claimants are generally disallowed prior to confirmation if there is a showing that the bankruptcy estate may not be able to pay all of the administrative expenses in full."); and *In re Bookbinders' Restaurant, Inc.*, No. 06-12302, 2006 WL 3858020 (Bankr. E.D. Pa. Dec. 28, 2006) (scheduling an evidentiary hearing to determine whether the court should order immediate payment of a §503(b)(9) claim before confirmation of a plan). The court presumes without deciding that it has the authority to require the debtor to pay allowed administrative expenses before plan confirmation.

When determining whether to require a debtor to pay an administrative expense before confirmation, "courts consider prejudice to the debtor, hardship to the claimant, and potential detriment to other creditors." *In re Garden Ridge Corp.*, 323 B.R. 136, 143 (Bankr. D. Del. 2005). "'In making this determination, one of the chief factors courts consider is bankruptcy's goal of an orderly and equal distribution among creditors and the need to prevent a race to a debtor's assets.' . . . Courts will also consider the particular needs of each administrative claimant and the length and expense of the case's administration." *In re Global Home Prods., LLC*, 2006 WL 3791955 at *3 (quoting *In re HQ Global Holdings, Inc.*, 282 B.R. at 173).

White Lodging argues that immediate payment is justified because the debtor is administratively solvent and thus other creditors will not be prejudiced by the payment. But, even if this is correct, in the absence of the debtor's consent, a lack of prejudice to the debtor and other creditors is not a sufficient justification for deviating from the course directed by the Code—that the debtor is required to pay allowed administrative expenses on the effective date of the plan or as those parties otherwise agree. 11 U.S.C. §1129(a)(9)(A). The court will not force the debtor to pay an administrative expense immediately unless the claimant at a minimum demonstrates that it has an immediate need for that payment. And while White Lodging states that it

"will suffer a hardship if not authorized to pay" "the Bonus Payments" "from the Debtor-in-Possession operating account", the statement is wholly conclusory: White Lodging offers no specific facts suggesting a plausible basis for concluding that White Lodging will be prejudiced if the debtor does not pay the administrative expense until a confirmed plan's effective date. ECF No. 432, at 9.

For this reason, even if the court determines that White Lodging is entitled to an allowed administrative expense claim, White Lodging has not justified an order that directs the debtor to pay that claim in advance of the effective date of a confirmed plan, as required by §1129(a)(9)(A) of the Code.

III

At a more general level, this is a perplexing matter. The debtor hired White Lodging to staff the hotel and agreed White Lodging could pay the staff out the debtor's funds. The cash collateral order left that arrangement in place. But when White Lodging recently prepared to pay employee bonuses, reportedly following prior policy and usage, the debtor balked at White Lodging using its funds to do so, perhaps in breach of the management agreement. Since the parties' arrangement makes the debtor the source of the funds to pay employees, White Lodging presumably won't pay the bonuses those employees would have otherwise received, unless White Lodging is legally obligated to pay them (which, as discussed above, has not been shown). The hotel staff then bears the brunt of this dispute. One might suppose a reorganizing debtor wouldn't want that: Even though the debtor intends to hire a new management company, it presumably expects that the individuals who staff its hotel will continue to do so.

In all events, for the reasons stated herein, IT IS HEREBY ORDERED as follows:

1. Unless White Lodging files a supplement to its request for allowance of an administrative expense claim, supported by an affidavit or unsworn declaration made pursuant to 28 U.S.C. §1746, that states in detail whether and to what extent White Lodging has either paid employee bonuses for which it seeks an

allowed administrative expense claim or consents to entry of an order declaring that it is legally obligated to pay identified employees specific bonus amounts, the court will deny its request for allowance of an administrative expense, as requested in ECF No. 432. White Lodging must file any such supplement by no later than 14 days after the date of the entry of this order.

2. Because White Lodging has not shown adequate grounds to allow the administrative expense it requests and has not shown that immediate payment of any such expense is justified, its request for immediate payment of an allowed administrative expense (see ECF No. 432, at 9) is denied without prejudice.

# # # # #