So Ordered.

Dated: June 3, 2025



G. Michael Halfenger
Chief United States Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF WISCONSIN
Court Minutes and Order

| | |
|---|---|
| CHAPTER: | 11 |
| DATE: | June 2, 2025 |
| JUDGE: | G. Michael Halfenger |
| CASE NO.: | 24-21743-gmh |
| DEBTOR: | Wisconsin & Milwaukee Hotel LLC |
| APPEARANCES: | Michael Richman, appearing for the debtor |
| | Frank DiCastri and Sara McNamara, appearing for Computershare Trust Company, N.A. and Wisconsin & Milwaukee Hotel Funding LLC |
| | Amy Daleo, appearing for White Lodging Services Corporation |
| | Randy Pflum and Benjamin Gilbert, appearing on behalf of Marriott International |
| HEARING: | Status hearing |
| COURTROOM DEPUTY: | Sara Hackbarth |

The court held a status hearing. A recording of the hearing has been posted to the docket.

The court ordered White Lodging to file a full copy of the June 14, 2011 Management Agreement between White Lodging and the debtor, or direct the court to the location of the full management agreement in the record.

After a discussion on the record, the court scheduled an evidentiary hearing on June 27, 2025, on White Lodging Services Corporation's motion for allowance of an administrative expense claim, ECF No. 432, and the debtor's motion to reconsider the court's May 15, 2025 order granting in part White Lodging Services Corporation's motion for allowance of an administrative expense claim, ECF No. 563.

With respect to the June 27, 2025 evidentiary hearing, the court hereby ORDERS as follows:

1. Because the debtor, in the manner authorized by the May 15, 2025 order, timely filed a request to reconsider that order's allowance of White Lodging's administrative expense claim in the amount of $136,705.09, the court will conduct an evidentiary proceeding to adjudicate White Lodging's request and the debtor's objection to it de novo; evidence supporting or refuting allowance of the claimed administrative expense must be presented at that hearing and the court will not consider other evidence in adjudicating allowance, unless that evidence is subject to judicial notice as authorized by Federal Rule of Evidence 201(b).

2. The court will hold the evidentiary hearing on **June 27, 2025**, **at 9:30 a.m.** in room 133 of the U.S. Federal Courthouse-Milwaukee, 517 E. Wisconsin Avenue, Milwaukee, Wisconsin. The debtor and White Lodging must appear in person (through a designated representative) and by counsel; witnesses and counsel for any other party seeking to be heard or desiring to examine witnesses or present evidence must also appear in person.

3. By no later than **June 6, 2025**, White Lodging and the debtor must disclose to each other the witnesses they intend to call at the June 27, 2025 evidentiary hearing.

4. White Lodging and the debtor must complete all discovery related to this contested matter by no later than **June 20, 2025**. Because of the need to resolve this matter on an expedited basis so as not to disturb the plan-confirmation schedule and based on the expectation that the parties will be parsimonious and cooperative in pursuing discovery in this matter, the deadlines set by Rules 30-36 (Fed. R. Bankr. P. 7030–7036, made otherwise applicable here by Rule 9014 and this order) are modified so that any discovery request sent with **five days' notice** is presumed reasonable and deemed enforceable, unless the court orders otherwise. Discovery under Rules 7031, 7033, 7035, and 7036 may be utilized only with the consent of the other party or leave of court.

5. The parties must file any discovery related motions by no later than **June 18, 2025**, with responses due by **June 20, 2025**.

6. The court will hold a final pretrial hearing and a hearing on all unresolved discovery related motions on **June 23, 2025, at 9:00 a.m. by telephone**. Participants must appear by telephone by calling the court conference line at 1-669-254-5252, entering Meeting ID 161 2029 1132, and then entering Passcode 600430 before the scheduled hearing time.

7. By no later than **June 25, 2025,** the debtor and White Lodging must file copies of exhibits that they contemplate using at the evidentiary hearing. Exhibits should be numbered as described in the procedures posted on the court's website at https://www.wieb.uscourts.gov/content/judge-g-michael-halfenger-chief-judge. To expedite the proceedings, the parties must bring paper copies of all exhibits to the evidentiary hearing. They should have sufficient sets for use by the court and witnesses. The sets for use by the witness and the court must include the ECF filing stamp on each page. The parties are responsible for having their own copies of each exhibit. Regardless of the parties' use of paper exhibits during the trial, the official record exhibits will be those filed on the electronic docket, unless the court otherwise orders.

8. By no later than **June 25, 2025,** the debtor and White Lodging must file with the court a list of the witnesses that they intend to call at the evidentiary hearing in their case-in-chief, along with a summary of the testimony each witness will provide at the evidentiary hearing. For any witness expected to present evidence under Federal Rule of Evidence 702, 703, or 705, the witness list must also include the subject matter on which the witness is expected to present that evidence, and a summary of the facts and opinions to which the witness is expected to testify.

9. The failure to identify an exhibit or witness will result in exclusion of the exhibit or witness, except upon a showing that the failure was substantially justified or harmless.

10. The failure to timely comply with any provision of this order may result in the court taking adverse action against the non-compliant party without further notice or a hearing.

11. This evidentiary hearing will not be rescheduled, except for good cause and by written order of the court.

# # # # #