

**Michael P. Richman**
122 W Washington Ave Suite 850
Madison, WI 53703-2732
608.630.8990
mrichman@randr.law

June 6, 2025

*Via CM/ECF*

Honorable G. Michael Halfenger
Chief United States Bankruptcy Judge
United States Bankruptcy Court
Eastern District of Wisconsin
517 East Wisconsin Avenue, Room 140
Milwaukee, WI 53202

      RE:    *In re: Wisconsin & Milwaukee Hotel LLC*
               Case No. 24-21743: Request for Urgent Status Conference/Case Schedule

Dear Judge Halfenger:

I am writing on behalf of Wisconsin & Milwaukee Hotel LLC (the "**Debtor**") to request that the Court hold a status conference on an urgent basis (on Monday, June 9 if possible) with respect to the current case schedule [Docs 562 and 573] to consider Debtor's request to modify the schedule and focus of Plan confirmation hearings in light of recent and unexpected developments.

When we negotiated and agreed to the schedule first proposed and approved by the Court on May 29 [Doc 562], we were unaware that a consequence of our motion for reconsideration of the White Lodging administrative expense motion [Doc 563] was that further discovery and proceedings would need to be conducted in the midst of the already-agreed schedule for plan confirmation.

When the Court conducted a status conference this past Monday, June 2 to consider the overall schedule, we were also unaware that the Lenders planned imminently to file a lift stay motion, which was filed late yesterday [Doc 577] and calls for objections to be filed on June 19. [Lenders' counsel previously informed us that such a motion might be filed in connection with the confirmation hearings, but did not suggest it would be filed immediately and with consequences for the overall schedule previously agreed.]

Other very recent developments are the disclosure in the Lenders' lift stay motion that their appraiser's valuation of the collateral changed from their prior appraisal from $39.2 million to $36.9 million. The Debtor also sought a refreshed appraisal from their appraiser, given the passage of time from the prior appraisal, and learned this week that their appraiser also changed the valuation of the collateral (to be shown in their expert report to be served today) from $24 million to $26 million. Thus, there has been a meaningful narrowing of the gap between the appraisals and valuations.



Also, in the last several days, the Debtor has been evaluating potential amendments to the Plan in order to address, mitigate, or eliminate some of the objections, in an effort to render litigation of them at confirmation hearings unnecessary, and has initiated settlement discussions with both White Lodging and the Lenders.

It is clear to the Debtor that, absent agreement of the parties, the Court's determination of the collateral value is key to Plan confirmation. If the Court determines that the value is higher than the Debtor's Plan (which will now be amended to reflect its appraiser's updated conclusions), the feasibility projections are being refreshed, and the payments proposed to be made under the Plan may need to be changed. In other words, an amendment to the Plan will be made shortly, and another may be necessitated after valuation is determined by the Court, whether or not the Plan is amended to address other issues raised by the objections.

The Debtor thus believes that the schedule previously agreed should be re-worked, and the focus of the hearings the week of July 21 changed, so that the pre-hearing discovery process is more efficient. At this time, absent a change, there are simply too many overlapping layers of litigation involving updated and changed circumstances that cannot be effectively managed in so short a period of time.

The Debtor proposes and wishes at the status conference to discuss the following, which works within the prior agreed framework, but alters the focus of the hearings and the pre-hearing discovery:

First, the confirmation hearings should be a phase I trial of the valuation issues only.

Second, existing agreed deadlines (including those for today) will be maintained, including the July 11 deadline for the Debtor to provide definitive clarity with respect to the Management Agreement and the Franchise Agreement.

Third, the Lenders' lift stay motion should be held in abeyance (without objections being required to be filed). The Debtor's expectation is that the phase I trial of the valuation issues will lead either to approval of the Debtor's valuation or a valuation that requires amendment of the Plan. The Debtor would then amend the Plan to address that, as well as provide other amendments that would conceivably mitigate or eliminate other Plan objections.

Fourth, following the Plan amendment (which the Debtor will try to do without necessitating re-solicitation of votes), there would be a further objection period and then a phase II trial on confirmation that would address all remaining objections (if any) other than valuation.



During this time, the Debtor will continue to pursue settlement discussions with White Lodging and the Lenders, with the objective of resolving pending issues and achieving a fully consensual plan.

Respectfully,

RICHMAN & RICHMAN LLC

Michael P. Richman
MPR/hms