

Reinhart Boerner Van Deuren s.c.
1000 North Water Street, Suite 1700
Milwaukee, WI 53202-3197

Telephone: 414.298.1000
Facsimile: 414.298.8097
reinhartlaw.com

June 6, 2025

Frank W. DiCastri
Direct Dial: 414-298-8356
fdicastri@reinhartlaw.com

ELECTRONICALLY FILED (CM/ECF)

Honorable G. Michael Halfenger
Chief United States Bankruptcy Judge
Eastern District of Wisconsin
517 E. Wisconsin Ave.
Room140
Milwaukee, WI 53202

Dear Judge Halfenger:  Re:  In re Wisconsin & Milwaukee Hotel LLC
Case No. 24-21743-gmh

    A short time ago, Debtor filed correspondence with the Court seeking a fundamental change to the scheduling order in this case and the confirmation hearing itself. Lenders Computershare Trust Company, N.A. and Wisconsin & Milwaukee Hotel Funding LLC write to oppose these requests and to clear the record on some of the assertions made therein.

    First, Debtor begins by saying that it was unaware that a consequence of its motion for reconsideration of the White Lodging administrative expense motion was that further discovery and proceedings would need to be conducted. Yet Debtor and White Lodging participated in another hearing at the beginning of this week, where all of these matters were discussed, and Debtor agreed to the schedule for White Lodging's administrative expense claim. This does not justify an adjustment to the confirmation schedule.

    Second, Debtor admits that Lenders informed Debtor that they would be filing a motion for stay relief. In fact, Lenders disclosed this at a hearing many months ago (and again within the last couple of weeks), and the motion is, in any event, heavily dependent on evidence that will be offered at the confirmation hearing. June 19 was scheduled as the response date because that is the standard, 14-day response deadline. (In fact, Debtor would have until June 20, because the 19th is a federal holiday.) But Lenders are not opposed to giving Debtor additional time to respond. If necessary, Debtor can have until the week before the confirmation hearing to respond if it would like. That's nearly six weeks. No adjustment to the confirmation schedule is necessary for this.

    Third, Debtor informs the Court that it will make amendments to the Amended Plan, and appears to suggest that a settlement is possible. Although Lenders would have liked to see these amendments happen earlier, Lenders are prepared to address Debtor's amendments on the current confirmation schedule. And as for settlement negotiations, Debtor has not actually made a new

offer of settlement, it only asked Lenders to make one.  A settlement in this case is *extremely unlikely*, and if Debtor wishes to make a new offer, there is no reason it cannot do so on the current confirmation schedule.  (To be clear, a change in the appraised value of the hotel does not change the likelihood of settlement.  The parties' appraisers are still more than $10 million apart, and more than $14 million if Debtor's own conclusion of value is used.)

Debtor then asks the Court to bifurcate the confirmation hearing, with valuation being considered first.  Lenders strongly oppose this approach, which contradicts all of the scheduling and the planning to date, and will be inefficient and more costly in the end.  Adopting such an approach would require that expert reports be redone, strategies changed, and many thousands of dollars of avoidable expenses incurred.  Debtor's correspondence reveals as much—it proposes:

- A "Phase I" trial on valuation;
- followed by plan amendments (all of which, it appears, Debtor wants to delay until after the Phase I trial);
- followed by possible resolicitation (Debtor cannot rule that out);
- followed by another objection period;
- followed by a Phase II trial on confirmation.

Debtor's effort to string the confirmation proceedings along for many more months would be very inefficient, would (for no good reason) upset the agreed-upon schedule the parties have worked for months to implement, would cost the parties tens of thousands of additional dollars in litigation cost, including attorneys' fees and expert witness fees, and would prejudice Lenders by forcing them to incur still more months without debt service.  Debtor has committed to its Amended Plan.  (Recall that witness lists and expert reports are due today.)  It has had more than one year to get to this point, with plenty of opportunity to make amendments and settlement offers before now.  Lenders are entitled to a trial on Debtor's Amended Plan on the current schedule, with hearings to begin July 21.

Lenders respectfully ask that the Court deny Debtor's request to change the current confirmation schedule.  If the Court is otherwise inclined, Lenders reserve their rights to request that exclusivity be lifted immediately, and that the current hearing dates the week of July 21 be preserved for a hearing on Lenders' motion for relief from the automatic stay.

    Sincerely,

    *s/ Frank DiCastri*

    Frank W. DiCastri
    *Counsel for the Lenders*

cc: CM/ECF Notice Parties