**UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF WISCONSIN**

In re:

Wisconsin & Milwaukee Hotel LLC,

Case No. 24-21743-gmh
Chapter 11

Debtor.

**NOTICE AND APPLICATION OF THE DEBTOR
FOR ORDER AUTHORIZING THE RETENTION
AND EMPLOYMENT OF MUCH SHELIST, P.C.
AS SPECIAL COUNSEL FOR A SPECIFIC PURPOSE**

Wisconsin & Milwaukee Hotel LLC, the debtor herein ("**Debtor**" or "**WMH**"), by its attorneys Richman & Richman LLC, by Michael P. Richman and Eliza M. Reyes, hereby submits this application ("**Application**") pursuant to Sections 327 and 330 of the United States Bankruptcy Code ("**Bankruptcy Code**"), Rules 2014 and 2016 of the Federal Rules of Bankruptcy Procedure ("**Bankruptcy Rules**"), and Local Rule 2014 of the United States Bankruptcy Court for the Eastern District of Wisconsin (the "**Local Rules**"), authorizing the Debtor to retain and employ Much Shelist, P.C. ("**Much**"), as special counsel for the Debtor for a specific purpose effective as of effective as of June 24, 2025, the filing date of this Application ("**Effective Date**"). In support of this Application, the Debtor submits the Declaration of David T. Brown ("**Brown Declaration**"), attached hereto and incorporated herein as **Exhibit A**. In further support of this Application, the Debtor states as follows:

**JURISDICTION AND VENUE**

1. The Court has jurisdiction over this Application pursuant to 28 U.S.C.

15505234

§§ 157 and 1334, and the order of reference in this District entered pursuant to § 157(a). This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper in this district pursuant to §§ 1408 and 1409.

2. The statutory predicates for relief sought in the Motion are Sections 327(e) and 330 of title 11 of the Bankruptcy Code, Rules 2014(a) and 2016 of the Bankruptcy Rules.

## BACKGROUND

3. On April 9, 2024 (the "**Petition Date**"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code, commencing the above-captioned chapter 11 case (the "**Case**").

4. The Debtor remains in possession of its property and is operating its business as a debtor in possession, pursuant to §§ 1107 and 1108 of the Bankruptcy Code.

5. The Debtor owns and operates the Milwaukee Marriott Downtown, a 205-room full-service, high-end hotel located at 625 N. Milwaukee Street, Milwaukee (the "**Hotel**").

6. The Debtor is currently amending its Amended Chapter 11 Plan of Reorganization [Doc 504] to provide, among other things, for the conversion of existing equity interests into new Class A membership interests, and a $6,000,000 equity rights offering to holders of general unsecured claims for the issuance of new Class B membership interests, with the Debtor's existing equity holders providing a backstop commitment for any unsubscribed membership interest ("**Rights**

**Offering**"). In these circumstances, the retention of equity by existing equity holders is justified by the substantial new value being contributed by such holders through the backstop commitment, which will ensure that the Reorganized Debtor will receive the full $6,000,000 rights offering amount regardless of the level of participation by eligible creditors. This new value contribution is reasonably equivalent to the value of the equity being retained, as the Debtor believes is demonstrated by the valuation analysis contained in the Disclosure Statement, as supplemented in the Plan Supplement to be filed July 3, 2025, and in the Debtor's view should satisfy the requirements of the "new value" exception to the absolute priority rule under applicable case law.

7. The Debtor believes that the corporate documents required to effectuate the Rights Offering should be included in the Plan Supplement, currently due to be filed on or before July 3, 2025. These include Rights Offering solicitation materials, a subscription agreement for eligible creditors, an amended and restated operating agreement of the Debtor to govern the relationship between the Class A and Class B interests, and other amendments to the Debtor's governance documents, all of which require specialized corporate and securities law experience. The Much firm has this expertise and is able and willing to do the corporate and securities law work needed to draft and assist the Debtor in filing these and any other necessary Rights Offering documents by the applicable deadline.

**RELIEF REQUESTED**

8. Much is a diversified, full-service law firm based in Chicago, and the

3

attorneys at Much are experienced in handling a broad range of the business and legal needs of its clients. Much's practice areas include corporate and finance, and Much's corporate and finance team includes experienced attorneys who are familiar with navigating corporate finance, business law, and tax law and planning issues, especially including the issues raised by the Debtor's proposed Rights Offering.[1]

9. The Debtor seeks approval of the retention and employment of Much under Section 327(a) of the Bankruptcy Code, which provides:

> Except as otherwise provided in this section, the trustee, with the court's approval, may employ one or more attorneys, accountants, appraisers, auctioneers, or other professional persons, that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the trustee in carrying out the trustee's duties under this title.

11 U.S.C. § 327(a).

10. Subject to the Court's approval of its retention, Much, under the leadership of Attorney David Brown ("**Brown**"), will assist the Debtor in the structuring, preparation and implementation of the Equity Rights offering.

**SCOPE OF EMPLOYMENT**

11. Local Rule 2014 requires that a retention application "include a specific recitation of the anticipated services to be rendered, together with the proposed method of calculating the compensation." Bankr. E.D. Wis. Local R. 2014(a).

12. Specifically, the professional services that the Debtor expects that Much will provide in connection with the Chapter 11 Case are to assist in structuring, preparing and implementing the equity Rights Offering.

---

[1] https://www.muchlaw.com/services/corporate-finance/

4

15505234

Case 24-21743-gmh    Doc 605    Filed 06/24/25    Page 4 of 15

13. The Debtor's retention of Much is essential and should be authorized to avoid any disruption in the Debtor's business and related legal matters, including the current schedule for Plan confirmation hearings that are expected to begin on July 21, 2025.

**COMPENSATION**

14. Subject to the Court's approval, Much will charge the Debtor for legal services on an hourly basis in accordance with its ordinary and customary rates for matters of this type in effect on the date such services are rendered, and for reimbursement of all costs and approximately $725.00 to $995.00 per hour for partners, approximately $450.00 to $600.00 per hour for associates and approximately $280.00 to $390.00 per hour for paraprofessionals. These hourly rates are subject to adjustment on a periodic basis.

15. The names, positions, and current hourly rates of Much's professionals and paraprofessionals currently expected to have primary responsibility for providing services to the Debtor are indicated in the following table.

| Name | Title | Hourly Rate |
|---|---|---|
| David Brown | Corporate Partner | $995.00 per hour |
| Robert Glantz | Insolvency Partner | $800.00 per hour |
| David A. Alman | Corporate Partner | $725.00 per hour |
| Reid J. Fulkerson | Corporate Associate | $515.00 per hour |
| Lauren Buckman | Corporate Paralegal | $310.00 per hour |

16. Much may use the services of other attorneys, law clerks and paraprofessionals in the course of Much's representation of the Debtor. If the services of other attorneys, law clerks and paraprofessionals not listed above are used, Much

5

will charge the bankruptcy estate at the individual's current hourly rate for similar work.

17. Consistent with Much's policy with respect to its other clients, Much will continue to charge the Debtor for reimbursement of costs, out of pocket and office expenses, and disbursements incurred in the rendition of services. These include, but are not limited to photocopying, printing, media duplication, legal research, long distance telephone and conference calls, secretarial overtime, couriers, business meals, off-site storage retrieval, and other costs, expenses, and disbursements. Notwithstanding the foregoing and consistent with the Local Rules, Much will charge no more than $0.10 per page for standard duplication services in this chapter 11 case.

18. Much has advised the Debtor that it intends to apply to the Court for allowance of compensation for professional services rendered and reimbursement of expenses incurred in this chapter 11 case in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules, and any applicable orders of this Court.

19. Much understands and agrees to keep detailed records of all time spent on these matters.

20. No fees shall be paid to Much except upon proper application to and approval by the Court.

21. The Debtor has determined that the rates charged by Much are reasonable given the work Much is expected to perform.

## MUCH DOES NOT HOLD OR REPRESENT ANY ADVERSE INTEREST

22. To the best of the Debtor's knowledge, based upon the Brown Declaration, Much does not have connections with the Debtor, its creditors, or any other party in interest in this Chapter 11 Case, nor the United States Trustee or any person employed in the Office of the United States Trustee, with the exception of the following:

   a) Much previously represented Trane U.S. in matters unrelated to the Debtor and this Case, and

   b) Much currently represents US Foodservice, Inc. in matters unrelated to the Debtor and this Case.

23. Therefore, to the best of Debtor's knowledge, based upon the Brown Declaration, Much does not hold or represent any interest adverse to the Debtor or their respective estates with respect to the matters for which the Debtor wishes to employ Much.

## NOTICE

24. Pursuant to Local Rule 2014, notice of this Application shall be served upon the following or their respective counsel, (a) the United States Trustee for the Eastern District of Wisconsin; (b) Computershare Trust Company, N.A., the Debtor's primary secured lender; and (c) any other persons or parties designated by the Court.

25. The Debtor asserts that notice has been provided to all required parties through the filing of this application via the Court's CM/ECF system, and requests that if no objection or request for hearing is filed within **14 days of the filing of this**

7

15505234

Case 24-21743-gmh    Doc 605    Filed 06/24/25    Page 7 of 15

**Application**, that the Court grant the relief requested.

26. Subject to this Court's approval of this application, Much has indicated that it is willing to serve as the Debtor's corporate counsel in this Chapter 11 case and perform the services described herein.

**WHEREFORE**, Wisconsin & Milwaukee Hotel LLC respectfully requests entry of an order (a) granting this Application, (b) authorizing the retention and employment of Much Shelist, P.C. as special counsel for a specific purpose effective as of June 24, 2025; and (c) granting such other and further relief as the Court deems just and appropriate.

Dated: June 24, 2025.

**RICHMAN & RICHMAN LLC**
**Attorneys for Wisconsin &**
**Milwaukee Hotel LLC**

By: /s/ *Michael P. Richman*
Michael P. Richman
Claire Ann Richman
Eliza M. Reyes
122 West Washington Avenue,
Suite 850
Madison, WI 53703
Tel: (608) 630-8990
Fax: (608) 630-8991
mrichman@RandR.law
crichman@RandR.law
ereyes@RandR.law

# EXHIBIT A

# UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| In re:<br><br>Wisconsin & Milwaukee Hotel LLC,<br><br>Debtor. | Case No. 24-21743-gmh<br>Chapter 11 |

### DECLARATION OF DAVID T. BROWN IN SUPPORT OF DEBTORS' APPLICATION FOR ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF MUCH SHELIST, P.C. AS SPECIAL COUNSEL FOR A SPECIFIC PURPOSE

I, David T. Brown, hereby declare as follows:

1. I am a partner with the law firm of Much Shelist, P.C. ("**Much**" or the "**Firm**"), whose offices are located at 191 North Wacker Drive Suite 1800, Chicago, Illinois 60606. I submit this declaration in support of Debtors' Application for Order Authorizing the Retention and Employment of Much Shelist, P.C. as Special Counsel for a Specific Purpose ("**Application**") for Wisconsin & Milwaukee Hotel LLC, the debtor herein ("**Debtor**" or "**WMH**").

2. Unless otherwise stated, the facts set forth herein are based on my personal knowledge, upon records maintained by Much in the ordinary course of business, and which have been reviewed by me or other Much attorneys or employees at my direction, or upon information provided to me by other Much attorneys or employees. To the extent any information disclosed in this declaration requires amendment or modification as additional information becomes available, a supplemental declaration will be submitted to the court.

15505197

3. I understand that the Debtor is currently amending its Amended Chapter 11 Plan of Reorganization to provide, among other things, for the conversion of existing equity interests into new Class A membership interests, and a $6,000,000 equity rights offering to holders of general unsecured claims for the issuance of new Class B membership interests, with the Debtor's existing equity holders providing a backstop commitment for any unsubscribed membership interests ("**Rights Offering**"), and requires specialized corporate and securities law expertise to assist in the preparation (and filing by July 3, 2025) of documents necessary to implement the Rights Offering, including solicitation materials, a subscription agreement for eligible creditors, an amended and restated operating agreement to govern the relationship between the Class A and Class B members, and other amendments to the Debtor's corporate governance.

4. Much is a diversified, full-service law firm based in Chicago, and the attorneys at Much are experienced in handling a broad range of the business and legal needs of its clients. Much's practice areas include corporate and finance, and Much's corporate and finance team includes experienced attorneys who are familiar with navigating corporate finance, business law, and tax law and planning issues, especially including the issues raised by the Debtor's proposed Rights Offering.[1]

5. The professional services that the Debtor expects that Much will therefore provide in connection with the Debtor's pending Chapter 11 Case ("**Case**") are to assist the Debtor in structuring, preparing and implementing the Equity

---

[1] https://www.muchlaw.com/services/corporate-finance/

Rights.

6.     The Debtor's retention of Much is essential and should be authorized to avoid any disruption in the Debtor's business and related legal matters, including the current schedule for Plan confirmation hearings that are expected to begin on July 21, 2025.

7.     Much will charge the Debtor for their legal services on an hourly basis in accordance with its ordinary and customary rates for matters of this type in effect on the date such services are rendered, and for reimbursement of all costs and approximately $725.00 to $995.00 per hour for partners, approximately $450.00 to $600.00 per hour for associates and approximately $280.00 to $390.00 per hour for paraprofessionals. These hourly rates are subject to adjustment on a periodic basis.

8.     The names, positions, and current hourly rates of Much's professionals and paraprofessionals currently expected to have primary responsibility for providing services to the Debtors are indicated in the following table.

| Name | Title | Hourly Rate |
| --- | --- | --- |
| David Brown | Corporate Partner | $995.00 per hour |
| Robert Glantz | Insolvency Partner | $800.00 per hour |
| David A. Alman | Corporate Partner | $725.00 per hour |
| Reid J. Fulkerson | Corporate Associate | $515.00 per hour |
| Lauren Buckman | Corporate Paralegal | $310.00 per hour |

9.     Much may use the services of other attorneys, law clerks and paraprofessionals in the course of Much's representation of the Debtors. If the services of other attorneys, law clerks and paraprofessionals not listed above are used, Much will charge the bankruptcy estate at the individual's current hourly rate

for similar work.

10. Consistent with Much's policy with respect to its other clients, Much will charge the Debtor for reimbursement of costs, out of pocket and office expenses, and disbursement incurred in the rendition of services. These include but are not limited to photocopying, printing, media duplication, legal research, long distance telephone and conference calls, secretarial overtime, couriers, business meals, off-site storage retrieval, and other costs, expenses, and disbursements as set forth in the Engagement Agreement. Notwithstanding the foregoing and consistent with the Local Rules, Much will charge no more than $0.10 per page for standard duplication services in these chapter 11 cases.

11. Much understands and agrees to keep detailed records of all time spent on these matters.

12. No fees shall be paid to Much except upon proper application to and approval by the Court.

13. In connection with the Debtor's proposed retention of Much to continue its representation as corporate counsel, and in preparing this Declaration, Much employees, under my supervision, conducted a search of Much's internal "conflicts" database for each of the following entities (collectively, the "**Search Parties**").

- the Debtors' equity holders,
- the Debtors' management,
- the Debtors' secured and unsecured creditors,

- the parties that entered executory contracts and leases with the Debtor, and
- the parties who have been added as notice parties in this bankruptcy case.

14. To the best of my knowledge, information, and belief, and in accordance with Bankruptcy Rule 5002, neither I, nor any attorney at Much is a relative of any of the United States Bankruptcy Judges who may be assigned to this Case. To the best of my knowledge, information, and belief, Much does not have connections with the Debtor, its creditors, or any other party in interest in this Case, nor the United States Trustee or any person employed in the Office of the United States Trustee except that:

   a. Much previously represented Trane U.S. in matters unrelated to the Debtor and this Case, and
   b. Much currently represents US Foodservice, Inc. in matters unrelated to the Debtor and this Case.

15. After reviewing the conflicts search, as far as I have been able to determine after reasonable inquiry, neither I, nor Much, including any of it is partners, counsel, associates or any other professional person employed by Much, holds or represents any interest adverse to the Debtor or its estate with respect to matters on which Much is proposed to be retained as special counsel.

16. Much has not agreed to share any compensation received in connection with this proceeding with any entity other than its members, counsel, or associates

in accordance with 11 U.S.C. § 504(b).

I declare under penalty of perjury under the laws of the United States that, based upon my knowledge, information and belief as set forth in this Declaration, the foregoing is true and correct to the best of my knowledge.

Executed in Chicago, Illinois this 24th day of June, 2025

<em>David T. Brown/s/</em><br>
David T. Brown