# UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF WISCONSIN

In re:

Wisconsin & Milwaukee Hotel LLC,

Debtor.

Case No. 24-21743-gmh
Chapter 11

**DEBTOR'S OBJECTION TO RENEWED MOTION OF
WHITE LODGING SERVICES CORPORATION TO COMPEL DEBTOR TO
ASSUME OR REJECT ADMINISTRATIVE SERVICES AGREEMENT**

Wisconsin & Milwaukee Hotel LLC, the debtor herein ("**Debtor**" or "**WMH**"), by its attorneys Richman & Richman LLC, by Michael P. Richman, hereby files this objection to the Renewed Motion of White Lodging Services Corporation ("**WL**") to Compel Debtor to Assume or Reject Administrative Services Agreement ("**Renewed Motion**") [Doc 595].

The Renewed Motion appears to seek relief that the Court granted on May 29, 2025 [Doc 562], a deadline just 9 days from today, July 11, by which the Debtor must move to assume or reject the Management Agreement. In addition, it appears that WL seeks an order requiring the Debtor to comply in the future with the Bankruptcy Code requirements applicable to assumption or rejection, on the basis that the Debtor's dispute of WL's administrative expense claim for certain bonus payments is a "default" of Debtor's post-petition obligations pre-assumption/rejection, and is so "litigious" as to render WL's performance under the Management Agreement untenable. Renewed Motion, ¶ 30. The Renewed Motion is completely unnecessary, and should be denied as moot or otherwise inappropriate and without basis.

The Court's scheduling order of May 29, 2025 [Doc 562] provided, in pertinent part, that on or before July 11, 2025, "the debtor must file and serve any new or revised management agreement and franchise agreement, with appropriate motions to authorize, assume, or reject agreements." It was clear from that order, and the context of the related status hearings and colloquy with counsel, that this meant that July 11, 2025 was the deadline for the Debtor to move to either assume or reject the Management Agreement. The Debtor intends to comply with the deadline.

The Renewed Motion did not request a modification of the May 29 scheduling order setting the July 11 deadline, and WL made no effort to seek expedited treatment or shortened deadlines, nor provide any basis to do so.

WL correctly notes (Renewed Motion, ¶ 13), that the Amended Plan of April 4, 2025 [Doc 504] (as well as the Second Amended Plan of June 27, 2025 [Doc 621], which was filed after the Renewed Motion was made) each contain a condition of the Effective Date (as defined in the Second Amended Plan) that the Debtor have a new management agreement with a new management company to replace WL. However, all parties, including WL, and the Court, have been advised that the Debtor may determine to assume the Management Agreement in its current or amended form. WL's Renewed Motion seeks an order compelling assumption or rejection, also making clear that assumption remains an available option. Were the Debtor to move to do so on July 11, it would waive the condition of the Second Amended Plan that requires a replacement for WL, as it is entitled to do.

WL's argument for an order requiring future compliance with the Bankruptcy Code appears to be based on its contention that Debtor's dispute of its administrative expense claim for bonus payments is a default under the Management Agreement. Whether and to what extent such a claim (or reimbursement) was required under the Management Agreement, or is a basis for some relief other than the award of a claim, remains to be determined. In any event, WL agreed at the status hearing held on June 10 to stay until after plan confirmation hearings the completion of litigation of Debtor's Motion for Reconsideration of May 15, 2025 Order Granting in Part White Lodging Service Corporation's Motion for Allowance of Administrative Expense Claim [Doc 563] ("**Bonus Claim Litigation**"). The stay was then ordered [Doc 593] on the basis of Debtor's counsel's representation that it would add a Plan provision to escrow the amount in controversy. The Debtor has done so. Second Amended Chapter 11 Plan [Doc 621, section 3.1 at p. 8 of 62].

## CONCLUSION

WHEREFORE, for the reasons set forth herein, Debtor respectfully requests that the Court enter an order denying the Renewed Motion to Assume or Reject, and granting such other and further relief as is just and appropriate.

Dated: July 2, 2025.

                            **RICHMAN & RICHMAN LLC**
                            **Attorneys for Debtor**

By: */s/ Michael P. Richman*
      Michael P. Richman
      Claire Ann Richman
      Eliza M. Reyes
      122 West Washington Avenue, Suite 850
      Madison, WI 53703
      Tel: (608) 630-8990
      Fax: (608) 630-8991
      mrichman@RandR.law
      crichman@RandR.law
      ereyes@RandR.law