IN THE UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| In re: ) | |
| ) | Chapter 11 |
| Wisconsin & Milwaukee Hotel, LLC ) | |
| ) | Case No. 24-21743 |
| *Debtors*. ) | |
| ) | Honorable G. Michael Halfenger |
| ) | |
| ) | |

### REPLY IN SUPPORT OF THE RENEWED MOTION OF WHITE LODGING SERVICES CORPORATION TO COMPEL DEBTOR TO ASSUME OR REJECT ADMINISTRATIVE SERVICES AGREEMENT

White Lodging Services Corporation ("White Lodging"), by and through its undersigned counsel, for its reply in further support of its motion pursuant to section 365(d)(2) of the Bankruptcy Code, compelling Debtor Wisconsin & Milwaukee Hotel, LLC (the "Debtor") to immediately assume or reject the Management Agreement with White Lodging states as follows:

Despite filing a final Second Amended Plan of Reorganization on June 27, 2025 stating again that it intends to reject its Management Agreement with White Lodging [ECF 621, p. 57], Debtor now suggests that it may assume the Management Agreement. Debtor has less than a week, July 11, 2025, to file a motion to disclose the new Management Agreement and it is only weeks away from a confirmation hearing and Debtor has yet to make up its mind as to who will manage the Hotel. Debtor's objection can only be viewed as another effort to further delay this proceeding because of its inability to find a replacement manager, which itself shows that Debtor has no real plan towards an effective reorganization.

Although the deadline to disclose a new management agreement is merely days away, Debtor is not able to offer any information regarding the status of its negotiations with a purported new manager or the status of any new management agreement required by the Debtor's Second

1

Amended Plan. White Lodging is unaware of any potential new hotel manager visiting the Hotel, which any manager would typically do prior to entering into a new management agreement. It does not appear Debtor has any new manager lined up to take over management of the Hotel.

The final Second Amended Plan filed on June 27, 2025 plainly states that the Debtor intends to replace White Lodging and requires the Debtor to have in effect a new Management Agreement on or before the Effective Date. Debtor has not taken any action that would indicate that Debtor intends to assume the Management Agreement with White Lodging. Despite repeated statements made by Debtor's counsel suggesting that Debtor may assume a modified management agreement with White Lodging, there have been no discussions between Debtor and White Lodging on assuming or modifying the Management Agreement.

To the extent the Debtor intends to assume the Management Agreement (which is not provided for in the Second Amended Plan), Debtor would be required to cure any default of the Management Agreement. The Management Agreement plainly states that all payments made by the Manager for the operation of the Hotel are to be paid by the Debtor, and that White Lodging "shall not be required to make any advance or payment with respect to the Hotel . . and Manager shall not be obligated to incur any liability or obligation with respect to the Hotel." (Management Agreement §4.03(B), ECF 536, p. 11). Debtor has admitted that White Lodging "pays all the operating expenses of the Hotel from revenues deposited in the Hotel bank accounts" and "employs and pays from the Debtor's case, the persons who act as the Hotel's employees." [ECF 21, p. 4-5]. The failure of Debtor to reimburse White Lodging for the Bonus Payments is a default under Section 9.01(E) under the Management Agreement. [ECF 536, p. 32].

Debtor's Motion for Reconsideration of the Court's May 15, 2025 order granting White Lodging's Administrative Expense Claim is another example of Debtor's disingenuousness by

2

now asserting that it may assume White Lodging's Management Agreement. Debtor surely knows that its failure to reimburse White Lodging these employee expenses is a default under the Management Agreement that must be cured prior to assumption of the agreement. Since Debtor continues to fight the payment of these expenses, it certainly cannot expect White Lodging to acquiesce to any contract assumption unless all of the Bonus Payments are reimbursed upon any Plan confirmation. Debtor clearly has no intention of assuming the Management Agreement and it is inequitable for White Lodging to be forced to wait any further for Debtor to confirm its articulated decision to reject the Management Agreement.

White Lodging is not obligated to advance any of its own funds to operate the Hotel but that is what it has had to do in order to meet its obligations to pay its employees. And since Debtor clearly has no intention of paying such expenses, the court should rule that the Management Agreement is deemed rejected if not assumed by Debtor on July 11, 2025.

WHEREFORE, White Lodging Services Corporation respectfully requests the entry of an Order deeming the Management Agreement rejected by the Debtor on July 11, 2025 if not assumed by the Debtor without modification of its existing terms, which necessarily requires withdrawal of Debtor's Motion to Reconsider.

**WHITE LODGING SERVICES CORP.**

By: /s/ *Amy E Daleo*
      One of its Attorneys

Cornelius P. Brown (nbrown@cohonraizes.com)
Amy E Daleo (adaleo@cohonraizes.com)
Cohon Raizes & Regal LLP (90192)
300 S. Wacker Drive, Suite 500
Chicago, IL 60606
Office: (312) 726-2252