UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| In re: | Case No. 24-21743-gmh |
| WISCONSIN & MILWAUKEE HOTEL LLC, | Chapter 11 |
| Debtor. | Honorable G. Michael Halfenger |

**MOTION FOR SHORTENED NOTICE AND EXPEDITED HEARING ON MOTION *IN LIMINE* TO EXCLUDE TESTIMONY OF ATTORNEY DAVID T. BROWN AND INTEREST RATE TESTIMONY OF DEBORAH S. FRIEDLAND**

Computershare Trust Company, N.A. ("Computershare") and Wisconsin & Milwaukee Hotel Funding LLC ("Funding" and together with Computershare, "Lenders"), by their attorneys, Reinhart Boerner Van Deuren s.c., hereby moves the Court pursuant to Rules 2002(m), 9006(c) and 9007 of the Federal Rules of Bankruptcy Procedure (the "Rules") for an order shortening the notice period for, and authorizing an expedited hearing on, Lenders' *Motion in Limine to Exclude Testimony of Attorney David T. Brown and Interest Rate Testimony of Deborah S. Friedland* (the "Motion in Limine").

## BACKGROUND

1. Lenders filed the Motion in Limine contemporaneously herewith, which describes in detail the relief sought. Terms capitalized but not defined herein have the meanings assigned in the Motion in Limine.

2. The Confirmation Hearing is set to begin on July 21, 2025. On July 1, 2025, Lenders first learned that Debtor would seek to introduce testimony from Attorney Brown at the Confirmation Hearing. While Debtor indicated in its Supplemental Witness List that Attorney Brown would testify about the equity offering provided for under the Plan, the details of such

equity offering were not disclosed until Debtor filed its Plan Supplement on the evening of July 3, 2025, right before a holiday weekend.

3. Similarly, Lenders did not learn until July 3 that Debtor intends to offer interest rate testimony from Ms. Friedland. On July 7, Debtor filed a "Subject Matter Supplement to Witness List" that purports to "clarify" the subject matter of her testimony. [Dkt 630]

4. The Court has scheduled a final pretrial conference for July 17, 2025, at 1:30 p.m. (the "Pretrial Conference"), at which the Court plans to hear several pretrial matters. The Motion in Limine seeks relief that must be adjudicated prior to the Confirmation Hearing, or, at a minimum, prior to the testimony of Attorney Brown and Ms. Friedland. Therefore, it is prudent and efficient for the Court to consider the Motion in Limine at the Pretrial Conference, and to shorten notice accordingly.

5. The issues in the Motion in Limine are limited and Debtor will have a full week to review and consider the issues prior to the Pretrial Conference. Neither Debtor nor any other party in interest will be prejudiced by shortened notice or an expedited hearing.

## **RELIEF REQUESTED**

6. Lenders request that the time period for providing notice of the hearing on the Motion in Limine be reduced pursuant to Rules 2002(m), 9006(c), and 9007, and that the Court authorize an expedited hearing on July 17, 2025, at 1:30 p.m. Lenders further propose that the deadline for objections to the motion be set for 4:00 p.m. on July 16, 2025.

7. Courts in the Seventh Circuit and elsewhere routinely exercise their discretion to shorten notice periods pursuant to Rule 9006(c). *See In re Bartle*, 560 F.3d 724, 729 (7th Cir. 2009); *In re Mandalay Shores Coop. Hous. Ass'n, Inc.*, 63 B.R. 842, 852 (N.D. Ill. 1986); *State Bank of S. Utah v. Gledhill (In re Gledhill)*, 76 F.3d 1070, 1084-85 (10th Cir. 1996). Given the

circumstances described herein and in the Motion in Limine, Lenders submit that it is appropriate to reduce the time period for objections and to expedite the hearing.

8. As set forth in more detail in the Motion in Limine, Lenders had little time to review and respond to Debtor's filings in the last week and filed the Motion in Limine as promptly as possible to give the Court and Debtor sufficient time to review prior to the Pretrial Conference.

9. Pursuant to Bankruptcy Rule 9006(d), this Motion may be heard *ex parte*. Nevertheless, notice of this Motion and the Motion in Limine will be served on counsel for Debtor, the United States Trustee and other parties that have appeared in this case via the CM/ECF system. In light of the nature of the relief requested herein, Lenders submit that no other or further notice is necessary or required.

WHEREFORE, Lenders respectfully request that the Court enter an order (a) granting this Motion; (b) shortening notice of the Motion in Limine; (c) providing that a hearing on the Motion in Limine be heard on an expedited basis on July 17, 2025, at 1:30 p.m.; (d) setting the deadline for objections to the Motion in Limine as 4:00 p.m. on July 16, 2025; and (e) granting such other and further relief as the Court may deem proper.

Dated this 9th day of July, 2025.

COMPUTERSHARE TRUST COMPANY, N.A. and WISCONSIN & MILWAUKEE HOTEL FUNDING LLC

BY: */s/ Frank W. DiCastri*

Frank W. DiCastri
Sara C. McNamara
REINHART BOERNER VAN DEUREN s.c.
1000 North Water Street, Suite 1700
Milwaukee, WI 53202-3186
414-298-1000
fdicastri@reinhartlaw.com
smcnamara@reinhartlaw.com