# **RESTATED PROMISSORY NOTE**

$7,909,905.90                                                                                                        January 3, 2022

FOR VALUE RECEIVED, the undersigned, WISCONSIN & MILWAUKEE HOTEL LLC, a Wisconsin limited liability company ("**Borrower**"), whose address is c/o Jackson Street Management, 731 North Jackson Street, Suite 900, Milwaukee, Wisconsin 53202, hereby promises and agrees to pay to the order of WISCONSIN HOUSING AND ECONOMIC DEVELOPMENT AUTHORITY, a Wisconsin public body corporate and politic ("**Lender**"), whose mailing address is 201 West Washington Avenue, Suite 700, Madison, Wisconsin 53703, or its successors and assigns, the principal sum of Seven Million Nine Hundred Nine Thousand Nine Hundred Five and 90/100THS DOLLARS ($7,909,905.90), pursuant to the Loan Agreement dated as of August 31, 2012, between Borrower and Lender (as previously amended, as further amended as of the date hereof, and as further amended, supplemented or modified from time to time, the "**Loan Agreement**"), with interest on the unpaid principal sum owing hereunder, from the date hereof, at the rate per annum equal to the interest rate applicable to the Series C Bonds (as defined in the Indenture). This Note replaces that certain Restated Promissory Note dated October 1, 2015 in the stated principal amount of $7,500,000.00 issued by Borrower to Lender (the "**Replaced Note**"). The principal amount set forth above includes accrued interest on the Replaced Note to the date hereof, which has been deferred and added to the principal balance pursuant to the Loan Agreement.

This Promissory Note (as amended, restated or otherwise modified from time to time, this "**Note**") shall be payable (subject to deferral as provided in the Loan Agreement) in monthly installments as follows:

(i)     on the first Business Day of each month, commencing on February 1, 2022, through and until January 1, 2042 (the "**Maturity Date**"), interest accrued during the previous calendar month on the unpaid principal balance hereunder;

(ii)    on the Initial Conversion Date, all Deferred Interest not previously paid; and

(iii)   on January 1, 2042, all of the unpaid principal and accrued but unpaid interest thereon and all other sums due under this Note.

Interest shall be computed on the basis of a 365- or 366-day year, as the case may be, and the actual number of days incurred.

Upon the occurrence of an Event of Default and until such Event of Default is cured to the satisfaction of Lender, the outstanding principal balance of this Note shall bear interest at a rate per annum which is three percent (3%) in excess of the interest rate otherwise applicable in this Note, not to exceed, however, the maximum rate permitted by law. In the event any installment of principal or accrued interest is not made within five (5) days of its due date,

Borrower agrees to pay to Lender a late payment fee equal to five percent (5%) of such delinquent amount as compensation for the costs and expenses of Lender in handling such delinquent payment.

This Note is the "Note C" referenced in the Loan Agreement. This Note is issued, is to be repaid and may be accelerated under the terms and provisions of the Loan Agreement. The holders hereof are entitled to all the benefits provided for in the Loan Agreement or referred to therein. The provisions of the Loan Agreement are incorporated by reference herein with the same force and effect as if fully set forth herein. All terms not otherwise defined herein shall have the meanings set forth in the Loan Agreement.

Prepayment of this Note is subject to the terms of the Loan Agreement. All payments on this Note shall be applied first to the payment of accrued interest and other amounts due under this Note (other than principal) and the balance to principal. No partial payment shall change any due date or the amount of any regularly scheduled installment of principal due.

This Note is secured by Mortgage C and other Loan Documents on certain real and personal property owned by Borrower located in the City of Milwaukee, Milwaukee County, Wisconsin, generally located at the Southwest corner of the intersection of East Wisconsin Avenue and North Milwaukee Street. The terms of Mortgage C are incorporated herein and made a part hereof by reference.

Except as herein provided, Borrower and all others who may become liable for all or part of the principal balance hereof or for any obligations of Borrower to Lender or the holder hereof (a) jointly and severally, forever waive presentment, protest and demand, notice of protest, demand and dishonor and non-payment of this Note and all other notices in connection with the delivery, acceptance, performance, default or enforcement of the payment of this Note, (b) agree that the time of payment of the debt or any part thereof may be extended from time to time without modifying or releasing the lien of Mortgage C or the other Loan Documents or the liability of Borrower or any other such parties, the right of recourse against Borrower and such parties being hereby reserved by Lender (c) agree that the release of any party liable for the liability or obligations under this Note, release of any security under Mortgage C, any other Loan Document or which may have been or which may hereafter be granted in connection herewith, or any other indulgence or forbearance may be made without notice to Borrower and without in any way affecting the liability of Borrower (or any other party who may become liable) hereunder and (d) agree that time is of the essence. Borrower agrees to pay all costs of collection when incurred, whether suit be brought or not, including reasonable attorneys' fees and costs of suit and preparation therefore and to perform and comply with each of the covenants, conditions, provisions and agreements of Borrower contained in this Note, Mortgage C and the other Loan Documents. It is expressly agreed by Borrower that no extensions of time for the payment of this Note, nor the failure on the part of Lender to exercise any of its rights hereunder, shall operate to release, discharge, modify, change or affect the original liability under this Note, Mortgage C or any of the other Loan Documents, either in whole or in part.

2

Whenever Lender or Borrower desires to give any notice to the other under this Note, it shall be sufficient for all purposes if such notice is given in accordance with the terms of the Loan Agreement.

If, from any circumstances whatsoever, by reason of acceleration or otherwise, the fulfillment of any provision of this Note involves transcending the limit of validity prescribed by any applicable usury statute or any other applicable law, with regard to obligations of like character and amount, then the obligations to be fulfilled will be reduced to the limit of such validity as provided in such statute or law, so that in no event shall any exaction be possible under this Note in excess of the limit of such validity.

All rights, powers, privileges and immunities herein granted to Lender shall extend to its successors and assigns and any other legal holder of this Note, with full right by Lender to assign and/or sell the same.

THE VALIDITY, CONSTRUCTION AND ENFORCEABILITY OF THIS NOTE SHALL BE GOVERNED BY THE INTERNAL LAWS OF THE STATE OF WISCONSIN WITHOUT GIVING EFFECT TO CONFLICT OF LAWS OR PRINCIPLES THEREOF. WHENEVER POSSIBLE, EACH PROVISION OF THIS NOTE AND ANY OTHER STATEMENT, INSTRUMENT OR TRANSACTION CONTEMPLATED HEREBY OR RELATING HERETO, SHALL BE INTERPRETED IN SUCH MANNER AS TO BE EFFECTIVE AND VALID UNDER SUCH APPLICABLE LAW, BUT, IF ANY PROVISION OF THIS NOTE OR ANY OTHER STATEMENT, INSTRUMENT OR TRANSACTION CONTEMPLATED HEREBY OR RELATING HERETO SHALL BE HELD TO BE PROHIBITED OR INVALID UNDER SUCH APPLICABLE LAW, THEN SUCH PROVISION SHALL BE INEFFECTIVE ONLY TO THE EXTENT OF SUCH PROHIBITION OR INVALIDITY, WITHOUT INVALIDATING THE REMAINDER OF SUCH PROVISION OR THE REMAINING PROVISIONS OF THIS NOTE OR ANY OTHER STATEMENT, INSTRUMENT OR TRANSACTION CONTEMPLATED HEREBY OR RELATING HERETO.

AT THE OPTION OF LENDER, THIS AGREEMENT MAY BE ENFORCED IN ANY FEDERAL COURT OR WISCONSIN STATE COURT SITTING IN MILWAUKEE COUNTY, WISCONSIN. BORROWER CONSENTS TO THE JURISDICTION AND VENUE OF ANY SUCH COURT AND WAIVES ANY ARGUMENT THAT VENUE IN SUCH FORUMS IS NOT CONVENIENT. IN THE EVENT BORROWER COMMENCES ANY ACTION IN ANOTHER JURISDICTION OR VENUE UNDER ANY TORT OR CONTRACT THEORY ARISING DIRECTLY OR INDIRECTLY FROM THE RELATIONSHIP CREATED BY THIS NOTE, THEN LENDER AT ITS OPTION SHALL BE ENTITLED TO HAVE THE CASE TRANSFERRED TO ONE OF THE JURISDICTIONS AND VENUES ABOVE-DESCRIBED, OR, IF SUCH TRANSFER CANNOT BE ACCOMPLISHED UNDER APPLICABLE LAW, THEN TO HAVE SUCH CASE DISMISSED WITHOUT PREJUDICE.

BORROWER IRREVOCABLY WAIVES ANY AND ALL RIGHT TO TRIAL BY JURY IN ANY LEGAL PROCEEDING ARISING OUT OF OR RELATING TO THIS NOTE OR THE TRANSACTIONS CONTEMPLATED HEREBY.

The indebtedness evidenced by the Replaced Note has not been extinguished and no novation has occurred.

**[SIGNATURE PAGE FOLLOWS]**

*BORROWER:*

**WISCONSIN & MILWAUKEE HOTEL LLC,** a Wisconsin limited liability company


By: Jackson Street Management LLC, its
    Manager

By: _____/s/ Mark Flaherty_____
        Mark Flaherty, Manager

[SIGNATURE PAGE TO RESTATED PROMISSORY NOTE (NOTE C)]

ALLONGE

_____, 2022

This Allonge is affixed and is made part of that certain Restated Promissory Note made by Wisconsin & Milwaukee Hotel LLC in the original amount of Seven Million Nine Hundred Nine Thousand Nine Hundred Five and 90/100ths Dollars ($7,909,905.90) and dated January 3, 2022.

**Pay to the order of WELLS FARGO BANK, NATIONAL ASSOCIATION, without recourse**

                              WISCONSIN HOUSING AND ECONOMIC
                              DEVELOPMENT AUTHORITY

                              By:_____
                                    Kimberly Plache
                                    Interim Executive Director