# FIRST SUPPLEMENTAL INDENTURE

### Dated as of October 1, 2015

to

## INDENTURE OF TRUST

Between

## WISCONSIN HOUSING AND ECONOMIC DEVELOPMENT AUTHORITY

and

## WELLS FARGO BANK, NATIONAL ASSOCIATION,
### as Trustee

Relating to

### $42,500,000
## WISCONSIN HOUSING AND ECONOMIC DEVELOPMENT AUTHORITY
## ECONOMIC DEVELOPMENT BONDS
## 2012 SERIES A, B AND C

**EXHIBIT**

**105**

_____

# FIRST SUPPLEMENTAL INDENTURE

This First Supplemental Indenture (this "Supplement") dated as of October 1, 2015 between WISCONSIN HOUSING AND ECONOMIC DEVELOPMENT AUTHORITY, a public body corporate and politic duly created, organized and existing under the laws of the State of Wisconsin (the "Authority") and WELLS FARGO BANK, NATIONAL ASSOCIATION, a national banking association created, organized and existing under the laws of the United States, as a trustee (the "Trustee"), supplements and amends that certain Indenture of Trust dated as of August 1, 2012 (the "Indenture") between the Authority and the Trustee.

The Authority and the Trustee hereby agree as follows:

1.    **Purpose and Authority.**  This Supplement is being entered into pursuant to the terms of the Indenture, and particularly <u>Section 13.2</u>, for the purpose of making certain amendments to the Indenture.  Except as otherwise provided in this Supplement, capitalized terms used in this Supplement shall have the meanings set forth in the Indenture.

2.    **Amendments to Indenture.**  The Indenture is amended as follows:

(a)    The following definitions are inserted into Section 1.1 of the Indenture to appear in proper alphabetical order therein:

"<u>EB-5 Program</u>" means the Immigrant Investor Program established pursuant to Section 203(b)(5) of the Immigration and Nationality Act, as amended, and the Departments of Commerce, Justice, and State, the Judiciary, and Related Agencies Appropriations Act of 1993, Pub. L. No. 102-395, Section 610, as amended, and all applicable regulations promulgated thereunder.

"<u>Form I-829</u>" means the form so designated and filed by a Loan Participant with the United States Citizenship and Immigration Services pursuant to the EB-5 Program.

"<u>Hotel Funding</u>" Wisconsin & Milwaukee Hotel Funding LLC, a Wisconsin limited liability company.

"<u>Initial Conversion Date</u>" means December 31, 2020.

"<u>Loan Participants</u>" means the investors in Hotel Funding pursuant to the Private Placement.

"<u>Originator</u>" means FirstPathway Partners LLC, a Wisconsin limited liability company.

"<u>Private Placement</u>" means a private placement of units in Hotel Funding by the Originator pursuant to the EB-5 Program.

(b)     The definition of the term "Conversion Date" in Section 1.1 of the Indenture is amended and restated in its entirety to read as follows:

"Conversion Date" means, initially, the Initial Conversion Date and, thereafter, the date on which the interest rate on the Bonds is converted from the Variable Rate to a Fixed Rate, as provided in Section 4.2(b) of this Indenture.

(c)     The definition of the term "Fixed Rate" in Section 1.1 of the Indenture is amended and restated in its entirety to read as follows:

"Fixed Rate" means, prior to the Initial Conversion Date, for each Series of Bonds, the rate per annum set forth in the Bond for each Series of Bonds in the form attached hereto as Exhibit A-1, A-2 or A-3, as applicable, calculated on the basis of a 360-day year (in the case of the Series A Bonds) or a 365 or 366-day year, as the case may be (in the case of the Series B Bonds and the Series C Bonds), and the actual number of days elapsed, and thereafter the interest rate borne by the Bonds from and after a Conversion Date, and specifically, during each Reset Period, means the lesser of (i) the maximum rate of interest permitted by law or (ii) the minimum rate of interest which, in the judgment of the Remarketing Agent, under prevailing market conditions, taking into account the current rates for tax-exempt securities comparable in security and creditworthiness to the Bonds and with a term comparable to the length of the Reset Period designated by the Authority, would enable the Bonds to be sold at a price of par on the commencement date of such Reset Period in accordance with the following procedure: (A) On the twentieth (20th) day (or, if such day is not a Business Day, the next succeeding Business Day) preceding the commencement of such Reset Period (or on an earlier date selected by the Remarketing Agent with the approval of the Authority, but not earlier than the twenty-fifth (25th) day (or, if such day is not a Business Day, the next succeeding Business Day) preceding the commencement of such Reset Period), the Remarketing Agent shall estimate such interest rate based upon then prevailing market conditions and certify such estimate to the Trustee and the Authority by facsimile transmission or by other electronic means and (B) on or before 12:00 noon on the seventh (7th) day (or, if such day is not a Business Day, the next succeeding Business Day) next preceding the commencement of such Reset Period the Remarketing Agent shall make any necessary adjustments to such interest rate and certify the actual rate to the Trustee and the Authority by facsimile transmission or by other electronic means, in each case calculated on the basis of a 360-day year (in the case of the Series A Bonds) or a 365 or 366-day year, as the case may be (in the case of the Series B Bonds and the Series C Bonds), and the actual number of days elapsed.

(d)     The definition of the term "Proposed Conversion Date" in Section 1.1 of the Indenture is amended and restated in its entirety to read as follows:

2

"Proposed Conversion Date" means the date (after the Initial Conversion Date) identified in a Conversion Notice properly delivered by the Authority pursuant to Section 4.2(b)(1) hereof as the date on which the interest rate on the Bonds is to be converted from the Variable Rate to a Fixed Rate.

(e)     Section 4.2(a) of the Indenture is amended and restated in its entirety to read as follows:

(a)     Prior to the Initial Conversion Date, each Series of the Bonds shall bear interest at the Fixed Rate, and interest accrued though the end of each month shall be payable on the tenth Business Day of the following month in the case of the Series A Bonds and the first Business Day of the following month in the case of the Series B Bonds and the Series C Bonds. Upon and during the continuance of an Event of Default, each Series of the Bonds shall bear interest at the Default Rate. Following the Initial Conversion Date, the Bonds shall bear interest at the Variable Rate, determined from time to time in accordance with the provisions of this Section 4.2(a), payable on the first Business Day of each March, June, September and December, commencing March 1, 2021, and at maturity. The Variable Rate for each Calculation Period shall be determined on the Determination Date with respect thereto and shall be the lesser of (i) the Maximum Rate, or (ii) the minimum rate of interest which, in the judgment of the Remarketing Agent, under prevailing market conditions, taking into account the current rates for tax-exempt securities, or taxable securities as applicable, comparable in length of interest rate adjustment periods, liquidity, security and creditworthiness to the Bonds, would enable the Bonds to be sold at a price of par, plus accrued interest, if any, on the Determination Date. The Remarketing Agent shall determine the Variable Rate for each Calculation Period on the corresponding Determination Date, and shall notify the Trustee and the Authority of such determination on such date by facsimile or other electronic means. In the event that the Remarketing Agent shall fail for any reason to determine, and notify the Trustee and the Authority of, the Variable Rate for any Calculation Period, the Variable Rate for such Calculation Period shall be equal to the Variable Rate in effect immediately prior to the commencement of such Calculation Period. Interest accruing at the Variable Rate shall be computed on the basis of a 365 or 366-day year, as the case may be, and the actual number of days elapsed.

Notwithstanding the foregoing, it shall be a condition to the conversion of the interest rate on the Bonds to the Variable Rate that, on or before the Initial Conversion Date, there shall be delivered a written opinion of Bond Counsel, addressed to the Trustee, the Authority and the Remarketing Agent, to the effect that the conversion of the interest rate on the Bonds from the Fixed Rate to the Variable Rate on the Initial Conversion Date (and the delivery or omission of a Liquidity Facility in respect thereto) is permitted by this Indenture, and that such conversion and the delivery of a Liquidity Facility, or the omission of a Liquidity Facility will not (upon satisfaction of such conditions as may be set forth therein) result in interest on the Bonds being

3

included in gross income for federal income tax purposes. If such opinion is not delivered and the opinion requirement is not waived in writing by the Authority, then the Bonds shall continue to bear interest at the Fixed Rate.

(f)     Section 4.2(d) of the Indenture is amended and restated in its entirety to read as follows:

(d)     From and after a Conversion Date pursuant to Section 4.2(b), if any, the Bonds shall bear interest during each Reset Period at the Fixed Rate for such Reset Period established as described herein, payable on the first day of April and October of each year, commencing the first such date which is at least 30 days after the Conversion Date, and at maturity. Interest accruing at the Fixed Rate shall be calculated on the basis of a 360-day year (in the case of the Series A Bonds) or a 365 or 366-day year, as the case may be (in the case of the Series B Bonds and the Series C Bonds) and the actual number of days elapsed.

(g)     Section 4.3 of the Indenture is amended and restated in its entirety to read as follows:

Section 4.3     Optional Redemption of Bonds.

Upon the direction of the Project Owner to the Authority (which direction shall be made in the event of a prepayment of a Promissory Note but otherwise may be made by the Project Owner from any source of funds available), the Bonds are subject to redemption, without notice prior to the Initial Conversion Date pursuant to this Section 4.3:

(a)     on any Business Day on or after the earlier of (i) the date on which United States Citizenship and Immigration Services has adjudicated all the Forms I-829 for all Loan Participants under the EB-5 Program as evidenced by a written notice from Hotel Funding and (ii) June 30, 2018, in whole or in part (in multiples of $100), at a redemption price of 100% (101% if such redemption occurs prior to December 1, 2018) of the principal amount of the Bonds so redeemed, plus accrued interest to the redemption date; the Bonds are not subject to redemption prior to the earlier of such dates;

(b)     during any Reset Period, on the redemption dates and at redemption prices as determined by the Remarketing Agent, which in the judgment of the Remarketing Agent, under prevailing market conditions, shall be the redemption dates and prices which enable the Remarketing Agent to sell the Bonds at par on the commencement date of such Reset Period; and

(c)     in addition, the Bonds are subject to redemption in whole or in part (in multiples of $100) (i) on any Reset Date or (ii) on any Business Day while the Bonds bear interest at the Variable Rate, in each case at a redemption price equal to the principal amount of the Bonds or portions thereof

4

so redeemed, plus accrued interest to the redemption date, and without premium.

The Trustee shall give notice of the call for redemption pursuant to this <u>Section 4.3</u> in the manner provided in <u>Section 3.2</u> of this Indenture

(i)     The third paragraph of Section 6.2 of the Indenture is amended and restated in its entirety to read as follows:

After the Lockout Period, in the event of damage, destruction or condemnation or other event which results in the receipt of insurance proceeds, condemnation awards or other moneys by the Project Owner and if under the terms of the Loan Agreements the Project Owner and the Borrower are not required or do not elect to prepay the Promissory Notes, and there is no redemption of Bonds in accordance with <u>Section 4.5</u> hereof, such moneys shall be deposited in the Project Fund and shall be used to rebuild or replace the Project. The Trustee is authorized and directed to disburse moneys from the Project Fund to pay (or reimburse the Project Owner or the Borrower for) Eligible Costs of the Project. Except as otherwise provided below, such disbursements shall be made only upon requisition of the Authority (upon receipt of proper documentation from the Project Owner and the Borrower meeting the requirements of and submitted in accordance with the terms of the Loan Agreements). The Trustee may condition any disbursement from the Project Fund upon its receipt of such information and documentation as it may reasonably require to evidence the truth and accuracy of the statements and representations contained in the requisition. The Trustee shall have the right to withhold disbursements from the Project Fund if the information in the requisition is incomplete or inaccurate in any material respect.

(j)     The second paragraph of Section 7.3 of the Indenture is amended and restated in its entirety to read as follows:

The Trustee shall deposit into each Subaccount of the Bond Fund, when and as received:

(a)     All payments from or for the account of the Authority on the related series of Bonds (except prepayments of principal and the premium, if any, thereon required to be deposited into the Redemption Fund);

(b)     Moneys required to be transferred to the related Subaccount of the Bond Fund from related Subaccount of the other Trust Funds in accordance with this Indenture; and

(c)     Moneys required to be deposited into the related Subaccount of the Bond Fund pursuant to the terms of a Supplemental Indenture.

(k)     Schedule I of the Indenture is replaced with Schedule I hereto.

5

4845-3666-2308.9

(l)      Exhibit A to the Indenture is replaced with Exhibits A-1, A-2 and A-3 hereto.

3.      The Trustee hereby: (a) consents to the amendments to the Loan Agreements in the respective forms attached hereto as Exhibits B and C, and (b) confirms that Wisconsin & Milwaukee Hotel Funding LLC is the sole Bondholder.

4.      **Delivery of Documents to the Trustee**.  As is required by <u>Section 13.2</u> of the Indenture, the Trustee hereby acknowledges receipt of:

(a)      This Supplement; and

(b)      Written consent of the Bondowner for the Trustee to enter into this Supplement.

5.      **Supplement Construed with Indenture.**   All of the provisions of this Supplement shall be deemed to be construed as part of the Indenture to the same extent as if fully set forth therein.

6.      **Indenture as Amended and Supplemented to Remain in Effect.**  Except as amended and supplemented by this Supplement, the Indenture shall remain in full force and effect.

7.      **Execution in Counterparts**.  This Supplement may be executed in any number of counterparts, each of which, when so executed and delivered, shall be an original, but such counterparts shall together constitute but one and the same instrument.

8.      **Severability.**  If any section, paragraph, clause or provision of this Supplement shall for any reason be held to be invalid or unenforceable, the invalidity or unenforceability of such section, paragraph, clause or provision shall not affect any of the remaining provisions of this Supplement.

9.      **Governing Law**.  This Supplement shall be construed in accordance with the laws of the State of Wisconsin.

[remainder of page intentionally left blank]

4845-3666-2308.9

**IN WITNESS WHEREOF** the Authority and the Trustee have executed this Supplement as of the date first stated above.

WISCONSIN HOUSING AND ECONOMIC
DEVELOPMENT AUTHORITY


By:_____
    Wyman B. Winston
    Executive Director


WELLS FARGO BANK, NATIONAL
ASSOCIATION, as Trustee


By:_____
Name:_____
Title:_____

### Consent of Bondholder

The undersigned, as the sole Bondholder of the Bonds referred to in the foregoing First Supplemental Indenture (the "Supplemental Indenture") hereby (i) waives notice of the proposed execution of the Supplemental Indenture and (ii) consents to and approves the execution of (a) the Supplemental Indenture and (b) the amendments to the Loan Agreements in the forms attached thereto.

WISCONSIN & MILWAUKEE HOTEL
FUNDING LLC, as sole Bondholder

By:_____
Name:_____
Title:_____

[Signature Page to First Supplemental Indenture]

4845-3666-2308.7

**IN WITNESS WHEREOF** the Authority and the Trustee have executed this Supplement as of the date first stated above.

WISCONSIN HOUSING AND ECONOMIC DEVELOPMENT AUTHORITY

By: _____
Wyman B. Winston
Executive Director

WELLS FARGO BANK, NATIONAL ASSOCIATION, as Trustee

By: _____
Name: _____
Title: _____

## Consent of Bondholder

The undersigned, as the sole Bondholder of the Bonds referred to in the foregoing First Supplemental Indenture (the "Supplemental Indenture") hereby (i) waives notice of the proposed execution of the Supplemental Indenture and (ii) consents to and approves the execution of (a) the Supplemental Indenture and (b) the amendments to the Loan Agreements in the forms attached thereto.

WISCONSIN & MILWAUKEE HOTEL
FUNDING LLC, as sole Bondholder

By: _____
Name: _____
Title: _____

[Signature Page to First Supplemental Indenture]

4845-3666-2308.

**IN WITNESS WHEREOF** the Authority and the Trustee have executed this Supplement as of the date first stated above.

WISCONSIN HOUSING AND ECONOMIC
DEVELOPMENT AUTHORITY

By:_____

     Wyman B. Winston
     Executive Director

WELLS FARGO BANK, NATIONAL
ASSOCIATION, as Trustee

By:_____
Name:_____PAUL C. HOEK_____
Title:_____VICE PRESIDENT_____

### Consent of Bondholder

The undersigned, as the sole Bondholder of the Bonds referred to in the foregoing First Supplemental Indenture (the "Supplemental Indenture") hereby (i) waives notice of the proposed execution of the Supplemental Indenture and (ii) consents to and approves the execution of (a) the Supplemental Indenture and (b) the amendments to the Loan Agreements in the forms attached thereto.

WISCONSIN & MILWAUKEE HOTEL
FUNDING LLC, as sole Bondholder

By:_____
Name:_____
Title:_____

[Signature Page to First Supplemental Indenture]

4845-3666-2308.