# FIRST AMENDMENT TO LOAN AGREEMENT

THIS FIRST AMENDMENT TO LOAN AGREEMENT ("Amendment"), dated as of October 1, 2015, amends and supplements that certain Loan Agreement dated as of August 31, 2012 (the "Loan Agreement"), between WISCONSIN & MILWAUKEE HOTEL LLC, a Wisconsin limited liability company ("Borrower"), and WISCONSIN HOUSING AND ECONOMIC DEVELOPMENT AUTHORITY, a Wisconsin public body corporate and politic duly created ("Lender").

## RECITAL

Borrower and Lender desire to amend and supplement the Loan Agreement as provided below.

## AGREEMENTS

In consideration of the promises and agreements set forth in the Loan Agreement, as amended hereby, the parties agree as follows:

1. <u>Definitions and References.</u> Capitalized terms not otherwise defined herein have the meanings assigned in the Loan Agreement. All references to the Loan Agreement contained in the Loan Documents shall, upon fulfillment of the conditions specified in section 3 below, mean the Loan Agreement as amended by this Amendment.

2. <u>Amendments to Loan Agreement.</u> The Loan Agreement is amended as follows:

    (a) The following definition is added to Section 1.1 of the Loan Agreement:

    "Indenture" means the Indenture of Trust, dated as of August 1, 2012 between Lender and Wells Fargo Bank, National Association, as trustee, relating to WHEDA Economic Development Bonds 2012 Series A, B, and C, as amended by the First Supplemental Indenture dated as of October 1, 2015, and as further supplemented and amended in accordance with its terms.

    (b) Section 2.4 of the Loan Agreement is amended in its entirety to read as follows:

      Section 2.4    [Intentionally Omitted]

    (c) Section 2.5(a) of the Loan Agreement is amended in its entirety to read as follows:

      (a)    [Intentionally Omitted]

    (d) Section 2.7 of the Loan Agreement is amended in its entirety to read as follows:

    Borrower may not prepay the Notes prior to the date determined in accordance with Section 4.3(a) of the Indenture. Borrower

EXHIBIT

109

may prepay either or both of the Notes, in whole or in part, at any time on or after such date; provided that any prepayment of the Notes prior to December 1, 2018 shall be subject to a prepayment premium equal to 1% of the amount so prepaid. On and after December 1, 2018, Borrower may prepay either or both of the Notes, in whole or part, without premium or penalty. The Loans have been made with the proceeds of Bonds (as that term is defined in the Indenture). In the event the Bonds are prepaid in accordance with Section 4.3, 4.5, or 4.7 of the Indenture, other than by effecting a prepayment of the Notes, Borrower may be required to prepay the Loans to the extent required to refund the proceeds of the Bonds to the Bondholders (as that term is defined in the Indenture). Additionally, in the event of a mandatory tender under Section 4.9 of the Indenture with respect to the Series B Bonds and the Series C Bonds (each as defined in the Indenture), if there are insufficient monies in the Bond Purchase Account (as defined in the Indenture) on the Mandatory Tender Date (as defined in the Indenture) to purchase the Series B Bonds and Series C Bonds, the Borrower shall be required to prepay the Loan on the later of the Mandatory Tender Date or December 31, 2020 in an amount equal to such shortfall. Notwithstanding anything else to the contrary herein, permissible prepayments (which exclude mandatory prepayments referenced in the preceding two sentences) (i) may only be made on any Business Day (as defined in the Indenture) upon 48 hours prior written notice to Wells Fargo Bank, National Association, whose mailing address is 625 Marquette Avenue, 11$_{th}$ Floor; Minneapolis, Minnesota 55479 and (ii) must include all accrued interest through the day before the prepayment date.

(e) Clause (i) of Section 6.1(e) of the Loan Agreement is amended in its entirety to read as follows:

(i) such extension does not diminish the security given under this Loan Agreement or the other Loan Documents.

(f) The notice and cure provisions of Section 6.1(e) of the Loan Agreement shall be deemed to apply to any event referenced in Section 6.1(i) or Section 6.1(n), in place of any notice or cure provision (or the lack thereof) provided for such Section.

3. Closing Conditions. This Amendment shall become effective upon the execution and delivery by Borrower and Lender of this Amendment and receipt by Lender of:

(a) consent of the sole Bondowner (as defined in the Indenture); and

(b) effectiveness of that certain First Supplemental Indenture related to the Bonds.

4. No Waiver. Borrower agrees that nothing contained herein shall be construed by Borrower as a waiver by Lender of Borrower's compliance with any

2

4844-5277-6228.8

representation, warranty or covenant contained in the Loan Agreement (as amended hereby) and that no waiver of any provision of the Loan Agreement (as amended hereby) by Lender has occurred as a result of the execution and delivery hereof. Borrower further agrees that nothing contained herein shall impair the right of Lender to require strict performance by the Borrower of the Loan Agreement (as amended hereby).

5. <u>Representations and Warranties</u>. Borrower represents and warrants to Lender that:

(a) the execution and delivery of this Amendment are within the power of Borrower, have been duly authorized by proper action on the part of Borrower, are not in violation of any existing law, rule or regulation of any governmental agency or authority, any order or decision of any court, the charter documents of Borrower or the terms of any agreement, restriction or undertaking to which Borrower is a party or by which it is bound, and do not require the approval or consent of any governmental body, agency or authority or any other person or entity; and

(b) the representations and warranties of Borrower contained in the Loan Agreement and the other Loan Documents are true and correct in all material respects as of the date of this Amendment.

6. <u>Costs and Expenses</u>. Borrower agrees to pay on demand all out-of-pocket costs and expenses paid or incurred by Lender in connection with the negotiation, preparation, execution and delivery of this Amendment and all documents, instruments and agreements related hereto and thereto, including (i) a $50,000 fee payable to the Lender and (ii) the reasonable fees and expenses of Lender's counsel.

7. <u>Full Force and Effect</u>. The Loan Agreement, as amended hereby, remains in full force and effect.

[remainder of page intentionally left blank]

WISCONSIN HOUSING AND ECONOMIC
DEVELOPMENT AUTHORITY

By: _____
Wyman B. Winston
Executive Director

WELLS FARGO BANK, NATIONAL
ASSOCIATION

By: _____
Name: _____
Title: _____

Consented to as of the date first
above written:

WISCONSIN & MILWAUKEE HOTEL
FUNDING LLC, as sole Bondholder

By: _____
Name: _____
Title: _____

[Signature Page to First Amendment to Loan Agreement]

4844-5277-6228.

WISCONSIN HOUSING AND ECONOMIC
DEVELOPMENT AUTHORITY

By: _____
    Wyman B. Winston
    Executive Director


WISCONSIN & MILWAUKEE HOTEL LLC
By: Jackson Street Management LLC, its
    Manager

By: */s/ Edward G. Carow*
    Edward G. Carow, Manager


Consented to as of the date first
above written:

WISCONSIN & MILWAUKEE HOTEL
FUNDING LLC, as sole Bondholder

By: _____
Name: _____
Title: _____

[Signature Page to First Amendment to Loan Agreement]

4844-5277-6228.7

WISCONSIN HOUSING AND ECONOMIC
DEVELOPMENT AUTHORITY

By: _____
    Wyman B. Winston
    Executive Director

WISCONSIN & MILWAUKEE HOTEL LLC
By: Jackson Street Management LLC, its
    Manager

By: _____
    Edward G. Carow, Manager

Consented to as of the date first
above written:

WISCONSIN & MILWAUKEE HOTEL
FUNDING LLC, as sole Bondholder

By: *(signed)*
Name: ROBERT W. KRAFT
Title: Mgr

[Signature Page to First Amendment to Loan Agreement]

4844-5277-6228.7