BUSINESS

| W. BA. | 461 (11/10) | 11221 |

©2010 Wisconsin Bankers Association/Distributed by FIPCO®

# BUSINESS NOTE
(Use only for business purpose loans)

Boxes checked are applicable.
Boxes not checked are inapplicable.

Jackson Street Management LLC, a Wisconsin limited liability company    as of January 3, 2022    $2,104,633.90
<br>(MAKER)             (DATE)

**1. Promise to Pay and Payment Schedule.** The undersigned (**"Maker**," whether one or more) promises to pay to the order of Wisconsin & Milwaukee Hotel Funding LLC, a Wisconsin limited liability company (**"Lender"**) at _____, Wisconsin, the sum of TWO MILLION ONE HUNDRED FOUR THOUSAND SIX HUNDRED SIXTY-THREE AND 90/100 DOLLARS ($2,104,633.90) plus interest as set forth below:

**[Check (a), (b), (c) or (d); only one shall apply.]**

(a) ☒ **Single Payment.** In one payment of principal on the earlier of (a) March 31, 2022 (the "Stated Maturity Date") or (b) upon repayment, redemption or purchase from Lender of those certain Wisconsin Housing and Economic Development Authority Economic Development Bonds, 2012 Series A, B and C (the "Bonds"), **PLUS** interest payable as set forth in section 3 below.

(b) ☐ **Installments of Principal and Interest.** In _____ equal payments of $ _____ due on _____, and on ☐ the same day(s) of each _____ month thereafter ☐ every 7th day thereafter ☐ every 14th day thereafter, **PLUS** a final payment of the unpaid balance and accrued interest due on _____, all subject to modification as set forth in section 2(d) below, if applicable. All payments include principal and interest.

(c) ☐ **Installments of Principal.** In _____ equal payments of principal of $_____ due on _____ and on ☐ the same day(s) of each _____ month thereafter ☐ every 7th day thereafter ☐ every 14th day thereafter, **PLUS** a final payment of the unpaid principal due on _____, **PLUS** interest payable as set forth in section 3 below.

(d) ☐ **Other.** _____.

**2. Interest.** Interest shall accrue before maturity (whether by acceleration or lapse of time) at the stated interest rate(s) identified in section (a), (b) or (c) below, as applicable, on the unpaid principal balance, calculated as provided in section (g) below:

**[Check (a), (b) or (c); only one shall apply.]**

(a) ☒ **Fixed Interest Rate.** 3.75%.

(b) ☐ **Stepped Fixed Interest Rate.** _____% until _____ and _____% thereafter.

(c) ☐ **Variable Interest Rate.** The stated interest rate is variable and will adjust to equal the Index Rate (as described below) ☐ plus ☐ minus _____ percentage points. However, the stated interest rate shall not exceed _____% and shall not be less than _____% and until the first change date described below the stated interest rate shall be _____%. The stated interest rate shall be adjusted on the change dates as provided below. The **"Index Rate"** is:

☐ The prime rate ☐ The reference rate ☐ The base rate, adopted by ☐ Lender ☐ _____ from time to time as its base or reference rate for interest rate determinations.

☐ _____.

The Index Rate may or may not be the lowest rate charged by Lender. The stated interest rate shall be adjusted on the following change dates: ☐ the first of each month ☐ each scheduled payment date ☐ as and when the Index Rate changes ☐ _____. If the Index rate ceases to be made available to Lender during the term of this Note, Lender may substitute a comparable index.

(d) **Payment Modification.** If section 2(b) or (c) above is checked, an adjustment in the stated interest rate will result in an increase or decrease in (1) ☐ the amount of each payment of interest, (2) ☐ the amount of the final payment, (3) ☐ the number of scheduled periodic payments sufficient to repay this Note in substantially equal payments, (4) ☐ the amount of each remaining payment of principal and interest so that those remaining payments will be substantially equal and sufficient to repay this Note by its scheduled maturity date, (5) ☐ the amount of each remaining payment of principal and interest (other than the final payment) so that those remaining payments will be substantially equal and sufficient to repay this Note by its scheduled maturity date based on the original amortization schedule used by Lender, plus the final payment of principal and interest, or (6) ☐ _____.

In addition, Lender is authorized to change the amount of periodic payments if and to the extent necessary to pay in full all accrued interest owing on this Note. Maker agrees to pay any resulting payments or amounts.

(e) **Interest After Maturity.** Interest shall accrue on unpaid principal and interest after maturity (whether by acceleration or lapse of time) until paid ☒ at the stated interest rate(s) under section 2(a), (b) or (c) above, as applicable, plus 2.00 percentage points ☐ at the stated interest rate of _____%, calculated as provided in section (g) below. All payments shall be applied first to accrued and unpaid interest, second to other charges payable by Maker to Lender and third to unpaid principal.

(f) ☐ **Compounding. Prior to maturity (whether by acceleration or lapse of time), unpaid and past due interest shall bear interest from its due date at the stated interest rate then in effect for this Note, calculated as provided in section (g) below.**

(g) ☒ **Interest Calculation.** Interest will be calculated by applying a daily interest rate for the actual number of days interest is owing, up to 365 days in a full year or 366 days in a full leap year. The daily interest rate will be calculated as follows:

**[Check (1) or (2); only one shall apply.]**

(1) ☐ 360 Day Rate Calculation. The daily interest rate will be calculated on the basis of a 360 day year, which means that it is calculated by dividing the applicable stated interest rate in section (a), (b) or (c) above, and in section (e), above, by 360. Prior to maturity (whether by acceleration or lapse of time) and any rate adjustment under section (b) or (c), above, if applicable, the daily interest rate **based on this 360 day rate calculation is _____%. Maker understands and agrees that calculating the daily interest rate using a 360 day year means the actual annual interest rate in a 365 day year and in a 366 day leap year is higher than the stated interest rate in section (a), (b) or (c), above, as applicable, and in section (e), above.**

(2) ☒ 365 Day Rate Calculation. The daily interest rate will be calculated on the basis of a 365 day year, which means that it is calculated by dividing the applicable stated interest rate in section (a), (b) or (c) above, and in section (e), above, by 365. Prior to maturity (whether by acceleration or lapse of time) and any rate adjustment under section (b) or (c), above, if applicable, the daily interest rate based on this 365 day rate calculation is 3.75% %. **Maker understands and agrees that calculating the daily interest rate using a 365 day year means the actual annual interest rate in a 366 day leap year is higher than the stated interest rate in section (a), (b) or (c), above, as applicable,**

45699678v5

**EXHIBIT**
**126**

**and in section (e), above.**

**3. Interest Payment.** Unless the payment of interest is included in the payments required under section 1 above, interest is payable on February 1, 2022 _____, and on ☒ the same day(s) of each successive month thereafter, ☐ every 7th day thereafter, ☐ every 14th day thereafter, and at maturity (whether by acceleration of lapse of time).

**4. Other Charges.** If any payment (other than the final payment) is not made on or before the __10th_____ day after its due date, Lender may collect a delinquency charge of ☒ _5.00____% of the unpaid amount ☐ _____. Maker agrees to pay a charge of $ _35.00_____ for each check or electronic debit presented for payment under this Note which is returned unsatisfied.

**5. Renewal.** ☒ This Note amends and restates and does not satisfy or discharge a note Maker executed to Lender dated January 1, 2015.

**6. Prepayment.** Full or partial prepayment of this Note ☒ is permitted at any time without penalty ☐ _____

**7. Default and Enforcement.** Upon the occurrence of any one or more of the following events of default: (a) Maker fails to pay any amount when due under this Note or under any other instrument evidencing any indebtedness of Maker to Lender, and Borrower fails to make such past due payment within five (5) days of receipt of written notice from Lender, (b) any representation or warranty made under this Note or information provided by Maker or any guarantor of this Note to Lender in connection with this Note is or was false or fraudulent in any material respect, (c) an Event of Default (as defined in the Covenant Agreement) occurs under that certain Covenant Agreement dated as of the date hereof (the "Covenant Agreement") among Maker, Lender and Wisconsin & Milwaukee Hotel LLC, a Wisconsin limited liability company ("WMH"), (d) Maker fails to timely observe or perform any of the covenants or duties contained in this Note (other than payment of any amount when due under this Note) and such failure continues for a period of 30 days after notice thereof from Lender, (e) any guarantee of Maker's obligations under this Note is revoked or becomes unenforceable for any reason, (f) Maker ceases to exist, or (g) an event of default occurs under any agreement securing this Note and continues beyond any applicable notice and cure period, then the unpaid balance shall, at the option of Lender, without notice, mature and become immediately payable. The unpaid balance shall automatically mature and become immediately payable in the event any Maker or any surety, indorser or guarantor for any of Maker's obligations under this note becomes the subject of bankruptcy or other insolvency proceedings. Lender's receipt of any payment on this Note after the occurrence of an event of default shall not constitute a waiver of the default or the Lender's rights and remedies upon such default. Lender may waive any default without waiving any other subsequent or prior default by Maker. Lender may also fail or delay in exercising any right, power or remedy under this Note without waiving any such right, power or remedy. Lender's single or partial exercise of any right, power or remedy under this Note shall not preclude any other or further exercise of any right, power or remedy. To the extent not prohibited by law, Maker consents that venue for any legal proceeding relating to collection of this Note shall be, at Lender's option, the county in which Lender has its principal office in Wisconsin, the county in which any Maker resides or the county in which this Note was executed and Maker submits to the jurisdiction of any such court.

**8. Security.** This Note is secured by a mortgage granted by WMH.

**9. Rights of Lender.** Without affecting the liability of any Maker, indorser, surety, or guarantor, Lender may, without notice, accept partial payments, release or impair any collateral security for the payment of this Note or agree not to sue any party liable on it. Lender may apply prepayments, if permitted, to such future installments as it elects. Lender may without notice to Maker apply payments made by or for Maker to any obligations of Maker to Lender. Without affecting the liability of any indorser, surety or guarantor, Lender may from time to time, without notice, renew or extend the time for payment.

**10. Obligations and Agreements of Maker.** The obligations under this Note of all Makers are joint and several. All Makers, indorsers, sureties, and guarantors agree to pay all costs of collection before and after judgment, including reasonable attorneys' fees (including those incurred in successful defense or settlement of any counterclaim brought by Maker or incident to any action or proceeding involving Maker brought pursuant to the United States Bankruptcy Code) and waive presentment, protest, demand and notice of dishonor. Maker agrees to indemnify and hold harmless Lender, its directors, officers, employees and agents, for, from and against any and all claims, damages, judgments, penalties, and expenses, including reasonable attorneys' fees, arising directly from credit extended under this Note or the activities of Maker. This indemnity shall survive payment of this Note. Each Maker acknowledges that Lender has not made any representations or warranties with respect to, and that Lender does not assume any responsibility to Maker for, the collectability or enforceability of this Note or the financial condition of any Maker. Each Maker has independently determined the collectability and enforceability of this Note. Maker represents that the legal name of Maker and the address of Maker's principal residence are as set forth on the reverse side. Maker shall not change his legal name or address without providing at least 30 days prior written notice of the change to Lender.

**11. Interpretation.** This Note is intended by Maker and Lender as a final expression of this Note and as a complete and exclusive statement of its terms, there being no conditions to the enforceability of this Note. This Note may not be supplemented or modified except in writing. This Note benefits Lender, its successors and assigns, and binds Maker and Maker's heirs, personal representatives, successors and assigns. The validity, construction and enforcement of this Note are governed by the internal laws of Wisconsin except to the extent such laws are preempted by federal law. Invalidity or unenforceability of any provision of this Note shall not affect the validity or enforceability of any other provisions of this Note.

**12. Miscellaneous.** Loan proceeds which are repaid to Lender may not be reborrowed.

**13. Restriction on Dividends.** Maker shall not make any dividends or distributions unless all debt service payments on this Note have been made and no uncured event of default exists hereunder or under the Loan Agreement dated as of August 31, 2012, as amended to date (the "Bond Loan Agreement"), between WMH and Wisconsin Housing and Economic Development Authority.

**14. Special Payment Provisions.** Notwithstanding Section 3 above, (i) interest on this Note accrued from the date of this Note through the Stated Maturity Date shall be due on any interest payment date only in an amount equal to the lesser of (A) interest accrued at the Current Pay Rate and (B) excess cash flow of WMH, as determined in accordance with the terms of the Covenant Agreement, after paying the amount of interest then required to be paid on the Notes (as defined in the Bond Loan Agreement) pursuant to Section 2.4 of the Bond Loan Agreement, and (ii) Deferred Interest on this Note shall be due on the Stated Maturity Date. Deferred Interest shall bear interest from the date on which it would otherwise be due (but for the operation of this Section 14) at the rate borne by this Note, payable on the Stated Maturity Date. All payments of interest on this Note accrued prior to the Stated Maturity Date shall be applied, *first*, to interest accrued on this Note at the Current Pay Rate, *second* to interest accrued on the Deferred Interest, and *third*, to the Deferred Interest.

"Current Pay Rate" means (i) for the period from the date hereof to March 31, 2022, the rate of 2% per annum, and (ii) thereafter 3.625% per annum

"Deferred Interest" means interest accrued and unpaid on this Note (a) on and after April 1, 2021 but prior to January 1, 2022, and (b) on and after January 1, 2022 but prior to the Stated Maturity Date to the extent it exceeds the amount required to be paid on any interest payment date as provided in this Section 14.

2

45699678v5

**15. Extension of Stated Maturity Date.**  So long as no uncured event of default exists as of March 31, 2022, the Stated Maturity Date will be extended to March 31, 2023.  If the Stated Maturity Date is so extended, subject to the same condition, it will again be extended to March 31, 2024 in the same manner.  No extension of the Stated Maturity Date beyond March 31, 2024 shall be made.

[remainder of page intentionally left blank]

3

45699678v5

JACKSON STREET MANAGEMENT LLC

By:_____
Mark Flaherty, Manager

[Signature Page to $2,000,000 Business Note]

45699678v5