W.B.A. 428B (5/09) 11429
© 2009 Wisconsin Bankers Association / Distributed by FIPCO®

DOCUMENT NO.

# REAL ESTATE MORTGAGE
(Use Only to Secure Business Transactions)

<u>Wisconsin & Milwaukee Hotel LLC, a Wisconsin limited liability company</u>
("**Mortgagor**," whether one or more), whose address is <u>731 N. Jackson Street,</u>
<u>Suite 818, Milwaukee, WI 53202</u>
mortgages, conveys, assigns, grants a security interest in and warrants to _____
<u>Wisconsin & Milwaukee Hotel Funding LLC, a Wisconsin limited liability company</u>
("**Lender**") in consideration of the sum of <u>Two Million One Hundred Four Thousand</u>
<u>Six Hundred Sixty-Three and 90/100</u> Dollars
(<u>$2,104,633.90</u>), loaned or to be loaned to __
<u>Jackson Street Management LLC, a Wisconsin limited liability company</u>
("**Borrower**," whether one or more) by Lender, evidenced by Borrower's note(s) or agreement(s) dated, <u>as of the date hereof</u> the real estate described below, together with all privileges, hereditaments, easements and appurtenances, all rents, leases, issues and profits, all claims, awards and payments made as a result of the exercise of the right of eminent domain, all existing and future improvements and all goods that are or are to become fixtures (all called the "**Property**") to secure the Obligations described in paragraph 5, including, but not limited to, repayment of the sum stated above plus certain other debts, obligations and liabilities arising out of past, present and future credit granted by Lender.
**SINCE THIS MORTGAGE SECURES ALL OBLIGATIONS DESCRIBED IN PARAGRAPH 5, IT IS ACKNOWLEDGED AND AGREED THAT THIS MORTGAGE MAY SECURE OBLIGATIONS FROM TIME TO TIME IN A DOLLAR AMOUNT GREATER THAN THE DOLLAR AMOUNT STATED ABOVE.**
☐ If checked here, and not in limitation of paragraph 5, this Mortgage is also given to secure all sums advanced and re-advanced to Borrower by Lender from time to time under the revolving credit agreement between Borrower and Lender described above.

Recording Area

Name and Return Address

David B. Schulz, Esq.
Reinhart Boerner Van Deuren s.c.
1000 North Water Street, Suite 1700
Milwaukee, WI 53202

<u>see Exhibit A</u>
Parcel Identifier No.

(This Property <u>is not</u> the homestead of Mortgagor.)
(is) (is not)

**1. Description of Property.**

SEE EXHIBIT A ATTACHED HERETO

☒ If checked here, description continues or appears on attached sheet(s).
☐ If checked here, this Mortgage is a construction mortgage.
☐ If checked here, Condominium Rider is attached.

**2. Title.** Mortgagor warrants title to the Property, excepting only restrictions and easements of record, municipal and zoning ordinances, current taxes and assessments not yet due and <u>liens and matters disclosed to Lender pursuant to a letter report dated August 17, 2020</u>.

**3. Escrow.** If maintained with Lender, interest will not be paid on escrowed funds if an escrow is required under paragraph 8(a).

**4. Additional Provisions.** This Mortgage includes the additional provisions on pages 2 and 3, which are made a part of this Mortgage.

## ADDITIONAL PROVISIONS

**5. Mortgage as Security.** This Mortgage secures prompt payment to Lender of (a) the sum stated in the first paragraph of this Mortgage, plus interest and charges, according to the terms of the promissory note(s) or agreement(s) of Borrower to Lender identified in the first paragraph of this Mortgage, and any extensions, renewals or modifications of such promissory note(s) or agreement(s), **plus** (b) except as disclaimed below, all other debts, obligations and liabilities arising out of credit previously granted, credit contemporaneously granted and credit granted in the future by Lender to any Mortgagor, **plus** all interest and charges, **plus** (c) all costs and expenses of collection or enforcement (all called the "**Obligations**"). This Mortgage also secures the performance of all covenants, conditions and agreements contained in this Mortgage. **This Mortgage does not secure and Lender disclaims this Mortgage as security for any consumer credit transaction governed by the Wisconsin Consumer Act, any loan governed by Chapter 428, Wisconsin Statutes, and any loan governed by the Federal Truth-in-Lending Act.** Unless otherwise required by law, Lender will satisfy this Mortgage upon request by Mortgagor if (a) the Obligations have been paid according to their terms, (b) any commitment to make future advances secured by this Mortgage has terminated, (c) Lender has terminated any line of credit under which advances are to be secured by this Mortgage, and (d) all other payments required under this Mortgage and the Obligations and all other terms, conditions, covenants, and agreements contained in this Mortgage and the documents evidencing the Obligations have been paid and performed.

**6. Taxes.** To the extent not paid to Lender under paragraph 8(a), Mortgagor shall pay before they become delinquent all taxes, assessments and other charges which may be levied or assessed against the Property, against Lender upon this Mortgage or the Obligations or other debt secured by this Mortgage, or upon Lender's interest in the Property, and deliver to Lender receipts showing timely payment.

**7. Insurance.** Mortgagor shall keep the improvements on the Property insured against direct loss or damage occasioned by fire, flood, extended coverage perils and such other hazards as Lender may reasonably require, through insurers reasonably approved by Lender, in amounts, without co-insurance, not less than the unpaid balance of the Obligations or the full replacement value, whichever is less, and shall pay the premiums when due. The policies shall contain the standard mortgagee and lender loss payee clauses in favor of Lender. Subject to Lender's approval, Mortgagor is free to select the insurance agent or insurer through which insurance is obtained. Mortgagor shall promptly give notice of loss to insurance companies and Lender. Subject to the prior liens reference in paragraph 2, in the event of foreclosure of this Mortgage or other transfer of title to the Property, in extinguishment of the indebtedness secured hereby, all right, title, and interest of Mortgagor in and to any insurance then in force shall pass to the purchaser or grantee. If Mortgagor fails to keep any required insurance on the Property, Lender may purchase such insurance for Mortgagor, such insurance may be acquired by Lender solely to protect the interest of Lender (it will not cover Mortgagor's equity in the Property), and Mortgagor's obligation to repay Lender shall be in accordance with paragraph 10.

**8. Mortgagor's Covenants.** Mortgagor covenants and warrants:

  (a) **[Intentionally Left Blank]**;
  (b) **Condition and Repair.** To keep the Property in good and tenantable condition and repair, and to restore or replace damaged or destroyed improvements and fixtures;
  (c) **Liens.** To keep the Property free from liens and encumbrances superior to the lien of this Mortgage and not described in paragraph 2;
  (d) **Other Mortgages.** To perform all of Mortgagor's obligations and duties under any other mortgage or security agreement on the Property and any obligation to pay secured by such a mortgage or security agreement;
  (e) **Waste.** Not to commit waste or permit waste to be committed upon the Property or abandon the Property;
  (f) **Conveyance.** Not to sell, assign, lease, mortgage, convey or otherwise transfer any legal or equitable interest in all or part of the Property, or permit the same to occur without the prior written consent of Lender and, without notice to Mortgagor, Lender may deal with any transferee as to its interest in the same manner as with Mortgagor, without in any way discharging the liability of Mortgagor under this Mortgage or the Obligations. Notwithstanding the foregoing, Mortgagor may lease and/or license use of portions of the Property in the ordinary course of its business without the prior consent of Lender;
  (g) **Alteration or Removal.** Not to remove, demolish or materially alter any part of the Property, without Lender's prior written consent, which shall not be unreasonably withheld, conditioned or delay, except Mortgagor may remove a fixture, provided the fixture is obsolete or promptly replaced with another fixture of at least equal utility;
  (h) **[Intentionally Left Blank]**;
  (i) **Inspection.** Upon the occurrence of an event of default under paragraph 11 below, Lender and its authorized representatives may enter the Property at reasonable times to inspect it, and at Lender's option to repair or restore the Property and to conduct environmental assessments and audits of the Property;
  (j) **Laws.** To comply, in all material respects, with all laws, ordinances and regulations affecting the Property;
  (k) **Subrogation.** That Lender is subrogated to the lien of any mortgage or other lien discharged, in whole or in part, by the proceeds of the note(s) or agreement(s) identified in the first paragraph of this Mortgage; and
  (l) **Leases.** To pay and perform all obligations and covenants under and pursuant to the terms of each lease of all or any part of the Property required of Mortgagor, and to not cancel, accept a surrender of, modify, consent to an assignment of the lessee's interest under, or make any other assignment or other disposition of, any lease of all or any part of the Property or any interest of Mortgagor in the lease and to not collect or accept any payment of rent more than one month before it is due and payable.

**9. Environmental Laws.** Except as previously disclosed to Lender in writing, Mortgagor represents, warrants and covenants to Lender to its knowledge (a) that during the period of Mortgagor's ownership or use of the Property no substance has been, is or will be present, used, stored, deposited, treated, recycled or disposed of on, under, in or about the Property in a form, quantity or manner which if known to be present on, under, in or about the Property would require clean-up, removal or some other remedial action ("**Hazardous Substance**") under any federal, state or local laws, regulations, ordinances, codes or rules ("**Environmental Laws**"); (b) that Mortgagor has no knowledge of any prior use or existence of any Hazardous Substance on the Property by any prior owner of or person using the Property; (c) that, without limiting the generality of the foregoing, Mortgagor has no knowledge that the Property contains asbestos, polychlorinated biphenyl components (PCBs) or underground storage tanks; (d) that there are no conditions existing currently or likely to exist during the term of this Mortgage which would subject Mortgagor to any damages, penalties, injunctive relief or clean-up costs in any governmental or regulatory action or third-party claims relating to any Hazardous Substance; (e) that Mortgagor is not subject to any court or administrative proceeding, judgment, decree, order or citation relating to any Hazardous Substance; and (f) that Mortgagor in the past has been, at the present is, and in the future will remain in compliance, in all material respects, with all Environmental Laws. Mortgagor shall indemnify and hold harmless Lender, its directors, officers, employees and agents (each, a "Lender Party") from all loss, cost (including reasonable attorneys' fees and legal expenses), liability and damage whatsoever directly or indirectly resulting from, arising out of, or based upon (i) the presence, use, storage, deposit, treatment, recycling or disposal, at any time, of any Hazardous Substance on, under, in or about the Property, or the transportation of any Hazardous Substance to or from the Property, (ii) the violation or alleged violation of any Environmental Law, permit, judgment or license relating to the presence, use, storage, deposit, treatment, recycling or disposal of any Hazardous Substance on, under, in or about the Property, or the transportation of any Hazardous Substance to or from the Property, or (iii) the imposition of any governmental lien for the recovery of environmental clean-up costs expended under any Environmental Law; provided, however, Mortgagor shall not be required to indemnify or hold harmless any Lender party for any of the foregoing to the extent caused by or resulting from the acts or omissions of a Lender Party. Mortgagor shall immediately notify Lender in writing of any governmental or regulatory action or third-party claim instituted or threatened in connection with any Hazardous Substance on, in, under or about the Property.

**10. Authority of Lender to Perform for Mortgagor.** If Mortgagor fails to perform any of Mortgagor's duties set forth in this Mortgage, including

without limitation, preserving and insuring the Property, not committing waste or abandoning the Property, keeping the Property free of liens or encumbrances other than those approved by Lender, keeping the Property in good and tenantable condition and repair, and complying with all laws, ordinances and regulations affecting the Property, Lender may after giving Mortgagor any notice and opportunity to perform which are required by law, perform the covenants or duties or cause them to be performed, or take such other action as may be necessary to protect Lender's interest in the Property and to secure and repair the Property. Such actions may include, without limitation, assessing the value of the Property, paying liens that become superior to this Mortgage and making any other payments required, signing Mortgagor's name, engaging an attorney, appearing in court and paying reasonable attorneys' fees, and entering the Property to make repairs, change locks, replace and board up doors and windows, drain water from pipes, eliminate building code violations and dangerous conditions and maintain appropriate utilities to the Property. Any such amounts expended by Lender shall be due on demand and secured by this Mortgage, bearing interest at the highest rate stated in any document evidencing an Obligation, but not in excess of the maximum rate permitted by law, from the date of expenditure by Lender to the date of payment by Mortgagor.

**11. Default; Acceleration; Remedies.** If (a) there is a default under any Obligation secured by this Mortgage, which remains uncured beyond any applicable notice and cure period, or (b) Mortgagor fails timely to observe or perform any of Mortgagor's covenants, warranties or duties contained in this Mortgage and such failure continues for a period of 30 days after notice thereof from Lender, then, at the option of Lender each Obligation will become immediately due and payable unless notice to Mortgagor or Borrower and an opportunity to cure are required by applicable law or the document evidencing the Obligation and, in that event, the Obligation will become due and payable if the default is not cured as provided in the document evidencing the Obligation or as otherwise provided by law. If Lender exercises its option to accelerate, the unpaid principal and interest owed on the Obligation, together with all sums paid by Lender as authorized or required under this Mortgage or any Obligation, shall be collectible in a suit at law or by foreclosure of this Mortgage by action, or both, or by the exercise of any other remedy available at law or equity.

**12. Waiver and Consent.** Lender may waive any default without waiving any other subsequent or prior default by Mortgagor. Each Mortgagor who is not also a Borrower expressly consents to and waives notice of the following without affecting the liability of any such Mortgagor: (a) the creation of any present or future Obligations, default under any Obligations, proceedings to collect from any Borrower or anyone else, (b) any surrender, release, impairment, sale or other disposition of any security or collateral for the Obligations, (c) any release or agreement not to sue any guarantor or surety of the Obligations, (d) any failure to perfect Lender's security interest in or realize upon any security or collateral for the Obligations, (e) any failure to realize upon any of the Obligations or to proceed against any Borrower or any guarantor or surety, (f) any renewal or extension of the time of payment, (g) any determination of the allocation and application of payments and credits and acceptance of partial payments, (h) any application of the proceeds of disposition of any collateral for the Obligations to any obligation of any Mortgagor or Borrower secured by such collateral in such order and amounts as it elects, (i) any determination of what, if anything, may at any time be done with reference to any security or collateral, and (j) any settlement or compromise of the amount due or owing or claimed to be due or owing from any Borrower, guarantor or surety.

**13. Power of Sale.** In the event of foreclosure, Lender may sell the Property at public sale and execute and deliver to the purchasers deeds of conveyance pursuant to statute.

**14. Assignment of Rents and Leases.** Subject to the prior liens referenced in paragraph 2 above, Mortgagor conveys, assigns and transfers to Lender, as additional security for the Obligations, all leases of all or any part of the Property, whether oral or written, now or hereafter entered into by Mortgagor, together with any and all extensions and renewals of any leases, and all rents which become or remain due or are paid under any agreement or lease for the use or occupancy of any part or all of the Property. Until the occurrence of an event of default under this Mortgage or any Obligation, Mortgagor has a license to collect the rents, issues and profits (the "**Rents**") from the Property. Upon or at any time after the occurrence of such an event of default and the expiration of any applicable cure period described in paragraph 11, and lapse of any applicable grace, notice or cure period provided in any document evidencing such Obligation, the license granted Mortgagor to collect the Rents shall automatically and immediately terminate and Mortgagor shall hold all Rents (whether paid before or after an event of default) in trust for the use and benefit of Lender, and Lender may, at its option, without any further notice, either in person or by agent, with or without taking possession of or entering the Property, with or without bringing any action or proceeding, or by a receiver to be appointed by a court, collect all of the Rents payable under the leases. All such payments shall be applied in such manner as Lender determines to payments required under this Mortgage and the Obligations. This Assignment shall be enforceable and Lender shall be entitled to take any action to enforce the assignment (including notice to the tenants to pay directly to Lender or the commencement of a foreclosure action) without seeking or obtaining the appointment of a receiver or possession of the property. Any entering upon and taking possession of Property, and collection of Rents, and any application of Rents as allowed by this Mortgage shall not cure or waive any default or waive, modify or affect notice of default under this Mortgage or invalidate any act done pursuant to such notice, and not in any way operate to prevent Lender from pursuing any other remedy which it now or hereafter may have under the terms or conditions of this Mortgage, any document evidencing any Obligation or any other instrument securing the Obligations.

**15. Receiver.** Upon the commencement or during the pendency of an action to foreclose this Mortgage, or enforce any other remedies of Lender under it, without regard to the adequacy or inadequacy of the Property as security for the Obligations, Mortgagor agrees that the court may appoint a receiver of the Property (including homestead interest) without bond, and may empower the receiver to take possession of the Property and collect the rents, issues and profits of the Property and exercise such other powers as the court may grant until the confirmation of sale, and may order the rents, issues and profits, when so collected, to be held and applied as the court may direct.

**16. Foreclosure Without Deficiency Judgment.** If the Property is a one-to-four family residence that is owner-occupied at the commencement of a foreclosure, a farm, a church or owned by a tax exempt charitable organization, Mortgagor agrees to the provisions of §846.101 Wis. Stats., and as the same may be amended or renumbered from time to time, permitting Lender, upon waiving the right to judgment for deficiency, to hold the foreclosure sale of real estate of 20 acres or less six months after a foreclosure judgment is entered. If the Property is other than a one-to-four family residence that is owner-occupied at the commencement of a foreclosure, a farm, a church or owned by a tax exempt charitable organization, Mortgagor agrees to the provisions of §846.103, Wis. Stats., and as the same may be amended or renumbered from time to time, permitting Lender, upon waiving the right to judgment for deficiency, to hold the foreclosure sale of real estate three months after a foreclosure judgment is entered.

**17. Expenses.** Mortgagor shall pay all reasonable costs and expenses before and after judgment, including, without limitation, attorneys' fees, fees and expenses for environmental assessments, inspections and audits, and fees and expenses for obtaining title evidence incurred by Lender in protecting or enforcing its rights under this Mortgage.

**18. Successors and Assigns.** The obligations of all Mortgagors are joint and several. This Mortgage benefits Lender, its successors and assigns, and binds Mortgagor(s) and their respective heirs, personal representatives, successors and assigns.

**19. Interpretation.** The validity, construction and enforcement of this Mortgage are governed by the internal laws of Wisconsin except to the extent such laws are preempted by federal law. All references in this Mortgage to sections of the Wisconsin Statutes are to those sections as they may be renumbered from time to time. Invalidity of any provision of this Mortgage will not affect the validity of any other provision. This Mortgage is intended by Mortgagor and Lender as a final expression of this Mortgage and as a complete and exclusive statement of its terms, there being no conditions to the enforceability of this Mortgage. This Mortgage may not be supplemented or modified except in writing.

**20. Other Provisions.** (If none are stated below, there are no other provisions.)

45699707v5

The undersigned agrees to the terms of this Mortgage and acknowledges receipt of an exact copy of this Mortgage.

Signed and Sealed     as of January 3, 2022                      .
                                         (Date)

WISCONSIN & MILWAUKEE HOTEL LLC

a limited liability company
                         (Type of Organization)

Wisconsin
                         (State of Organization)

W057260
                (Organizational I.D. Number, if any)


By: Jackson Street Management LLC, sole Manager

By: _____/s/ Mark Flaherty_____
      Mark Flaherty, Manager

                         (Title)

| AUTHENTICATION | OR | ACKNOWLEDGMENT |
|---|---|---|

Signatures of _____

_____

authenticated this _____ day of _____

Title: Member State Bar of Wisconsin or _____
authorized under § 706.06, Wis. Stats.

This instrument was drafted by
David B. Schulz, Esq.

*Type or print name signed above.

STATE OF WISCONSIN  } ss.
County of Milwaukee
This instrument was acknowledged before me on January 19 2022,
by  Mark Flaherty
                         (Name(s) of person(s))
as   Manager  of Jackson Street Management LLC, sole Manager
           (Type of authority, e.g., officer, trustee, etc., if any)
of Wisconsin & Milwaukee Hotel LLC
           (Name of party on behalf of whom instrument was executed, if any)

* /s/ Jon S. Herreman
Notary Public, Wisconsin
My Commission  is permanent

[Notary Seal: JON S. HERREMAN, NOTARY PUBLIC, STATE OF WISCONSIN]

EXHIBIT A

Legal Description

Unit 1, together with said unit's undivided interest in the common elements all in Wisconsin & Milwaukee Condominium, a condominium declared and existing under and by virtue of the Condominium Ownership Act of the State of Wisconsin and recorded by a Declaration as such condominium in the Office of the Register of Deeds for Milwaukee County, Wisconsin, on December 28, 2011, as Document No. 10067047, said condominium being located in the City of Milwaukee, County of Milwaukee, State of Wisconsin on the real estate described in said Declaration and incorporated herein by this reference thereto.

Tax Key Nos. 392-0735-5, 392-0734-X, 392-0736-0, 392-0737-6 and 392-0738-1

Address 319-327 East Wisconsin Avenue and 625-633 North Milwaukee Street