W. B. A. — BUSINESS 151B (5/14) — eWORD 11350
© 2014 Wisconsin Bankers Association/Distributed by FIPCO®

# CONTINUING GUARANTY (Unlimited)
(For Business Transactions)

Dated **as of January 3, 2022**

**GUARANTY.** For good and valuable consideration, the receipt of which is acknowledged, and to induce <u>Wisconsin & Milwaukee Hotel Funding LLC, a Wisconsin limited liability company</u> ("**Lender**"), to extend credit or to grant or continue other credit accommodations to <u>Jackson Street Management LLC, a Wisconsin limited liability company</u> ("**Debtor**"), the undersigned ("**Guarantor**," whether one or more) jointly and severally guarantees payment of all Obligations defined below on the earlier of when due or at the time any Debtor becomes the subject of bankruptcy or other insolvency proceedings. "**Obligations**" shall mean all loans, drafts, overdrafts, checks, notes, and all other debts, obligations and liabilities of every kind and description, whether of the same or a different nature, arising out of credit previously granted, credit contemporaneously granted or credit granted in the future by Lender to any Debtor, to any Debtor and another, or to another guaranteed or endorsed by any Debtor. Obligations shall include (a) interest and charges and the amount of payments made to Lender or another by or on behalf of any Debtor which are recovered from Lender by a trustee, receiver, creditor or other party pursuant to applicable federal or state law, and (b) all costs, expenses and reasonable attorneys' fees at any time paid or incurred by Lender before and after judgment in endeavoring to collect all or part of any of the above or to realize upon this Guaranty or any collateral securing any of the above, including those incurred in successful defense or settlement of any counterclaim brought by Debtor or Guarantor or incident to any action or proceeding involving Debtor or Guarantor brought pursuant to the United States Bankruptcy Code (collectively the "**Costs of Collection**"). However, Obligations do not include consumer credit transactions governed by the Wisconsin Consumer Act. Unless a lien would be prohibited by law or would render a nontaxable account taxable, Guarantor grants to Lender a security interest and lien in any deposit account Guarantor may at any time have with Lender. Lender may, at any time after the occurrence of an event of default with respect to any Obligation, without prior notice or demand, set-off any amount unpaid on such Obligation and Costs of Collection against any deposit balances Guarantor may at any time have with Lender, or other money now or hereafter owed Guarantor by Lender. This Guaranty is also secured by all existing and future security agreements between Lender and Guarantor and by any mortgage between Lender and Guarantor stating it secures guaranties of Guarantor. This Guaranty is valid and enforceable against Guarantor even though any Obligation is invalid or unenforceable against any Debtor for any reason, including, but not limited to, waiver of judgment for deficiency against any Debtor in any action to realize upon any collateral securing the Obligations or acceptance of a deed in lieu of foreclosure. If, in any action to realize upon any collateral securing the Obligations, the collateral that is the subject of such action is sold, the amount of the Obligations which is secured by such collateral shall be reduced by the price for which such collateral is sold, whether by credit bid of Lender or otherwise, even if the collateral sold is worth more than the sale price.

**WAIVER.** Guarantor expressly waives (a) notice of the acceptance of this Guaranty, the creation of any present or future Obligation, default under any Obligation, notice of acceleration or intent to accelerate any Obligation, proceedings to collect from any Debtor or anyone else, (b) all diligence of collection and presentment, demand, notice and protest, (c) any right to disclosures from Lender regarding the financial condition of any Debtor and any guarantor of the Obligations or the enforceability of the Obligations, and (d) all other legal and equitable defenses of suretyship and impairment of collateral other than actual payment of the Obligations. Guarantor's performance under this Guaranty is continuing, absolute and unconditional, irrespective of any circumstance whatsoever which might otherwise constitute a legal or equitable discharge or defense. No claim, including a claim for reimbursement, subrogation, contribution or indemnification which Guarantor may, as a guarantor of the Obligations and Costs of Collection, have against a co-guarantor of any of the Obligations and Costs of Collection or against any Debtor shall be enforced nor any payment accepted until the Obligations and Costs of Collection are paid in full and no payments to or collections by Lender are subject to any right of recovery.

**CONSENT.** With respect to any of the Obligations, Lender may from time to time before or after revocation of this Guaranty without notice to Guarantor and without affecting the liability of Guarantor for the full amount of the unpaid Obligations (a) surrender, release, impair, sell or otherwise dispose of any security or collateral for the Obligations, (b) release or agree not to sue any guarantor, surety or Debtor, (c) fail to perfect its security interest in or realize upon any security or collateral, (d) fail to realize upon any of the Obligations or to proceed against any Debtor or any guarantor or surety, (e) renew or extend the time of payment, (f) increase or decrease the rate of interest or the amount of the Obligations, (g) accept additional security or collateral, (h) determine the allocation and application of payments and credits and accept partial payments, (i) apply the cash proceeds of disposition of any collateral for the Obligations to any obligation of Debtor secured by such collateral in such order and amounts as it elects, (j) determine what, if anything, may at any time be done with reference to any security or collateral, (k) settle or compromise the amount due or owing or claimed to be due or owing from any Debtor, guarantor or surety, (l) accept a deed in lieu of foreclosure or make a credit bid of any part or all of the amount of the unpaid Obligations at the sale of any collateral for the Obligations which results in the transfer or sale of the collateral to Lender, and (m) sell, assign or otherwise transfer all or part of its interests in the Obligations and in any collateral or security for the Obligations. Guarantor expressly consents to and waives notice of all of the above. Guarantor consents to and authorizes Lender or its agents to obtain information concerning Guarantor's financial condition, including credit reports. Nothing contained in this Guaranty shall require Lender to first seek or exhaust any remedy against Debtor or to first proceed against any collateral or security for any of the Obligations or this Guaranty.

**PERSONS BOUND.** This Guaranty benefits Lender, and its successors and assigns, and binds Guarantor, and Guarantor's successors and assigns. This Guaranty shall continue in full force and effect notwithstanding any change in structure or status of Debtor or Lender, whether by merger, consolidation, reorganization or otherwise, or assignment of this Guaranty to a successor or assignee of Lender. **Guarantor agrees that Guarantor has read and fully understands the terms of this Guaranty, and that Guarantor has had the opportunity to be advised by Guarantor's attorney with respect to this Guaranty. This Guaranty includes additional provisions on page 2.**

**NOTICE TO GUARANTOR**
You are being asked to guarantee the payment of the past, present and future Obligations of Debtor. You may also have to pay Costs of Collection. Lender can collect the Obligations and Costs of Collection from you without first trying to collect from Debtor or another guarantor or from any collateral for the Obligations.

WISCONSIN & MILWAUKEE HOTEL LLC

By Jackson Street Management LLC, Manager

By _____/s/ Mark Flaherty_____
Mark Flaherty, Manager

Acknowledgment of signature on page 2.

45699737v4

**EXHIBIT 128**

Page 1 of 2

## ADDITIONAL PROVISIONS

**ENTIRE AGREEMENT.** This Guaranty is intended by Guarantor and Lender as a final expression of this Guaranty and as a complete and exclusive statement of its terms, there being no conditions to the full effectiveness of this Guaranty. **This Guaranty may not be contradicted or varied by evidence of prior, contemporaneous or subsequent oral agreements or discussions of Guarantor and Lender. There are no oral agreements among Guarantor and Lender.** This Guaranty may not be supplemented or modified except in writing.

**REPRESENTATIONS.** Guarantor acknowledges and agrees that Lender (a) has not made any representations or warranties with respect to, (b) does not assume any responsibility to Guarantor for, and (c) has no duty to provide information to Guarantor regarding, the enforceability of any of the Obligations or the financial condition of any Debtor or guarantor. Guarantor represents and warrants that each of the waivers described in this Guaranty is made with Guarantor's full knowledge of its significance and consequences and that, under the circumstances, the waivers are reasonable and not contrary to public policy or law. Guarantor represents and warrants that no representations or agreements of any kind have been made to Guarantor by Lender which would limit or qualify in any way the terms of this Guaranty. **Guarantor has independently determined the creditworthiness of Debtor and the enforceability and all circumstances bearing upon the risk of nonpayment of the Obligations that diligent inquiry would reveal, and until the Obligations are paid in full will independently and without reliance on Lender continue to make such determinations.**

**REVOCATION.** This is a continuing guaranty and shall remain in full force and effect until Lender receives written notice of its revocation signed by Guarantor. Upon revocation by written notice, this Guaranty shall continue in full force and effect as to all Obligations contracted for or incurred before such revocation, and as to them Lender shall have the rights provided by this Guaranty as if no revocation had occurred. Any renewal, extension or increase in the interest rate of any such Obligation, whether made before or after such revocation, shall constitute an Obligation contracted for or incurred before such revocation. Obligations contracted for or incurred before such revocation shall also include credit extended after such revocation pursuant to commitments made by Lender before such revocation. Revocation by one Guarantor shall not affect any of the liabilities or obligations of any other Guarantor and this Guaranty shall continue in full force and effect with respect to them.

**INTERPRETATION.** The validity, construction and enforcement of this Guaranty are governed by the internal laws of Wisconsin except to the extent such laws are preempted by federal law. All terms not otherwise defined have the meanings assigned to them by the Wisconsin Uniform Commercial Code. Invalidity of any provision of this Guaranty shall not affect the validity of any other provision.

**JURISDICTION.** Guarantor irrevocably consents with respect to any suit, action or proceeding relating to this Guaranty or any of the other loan documents relating to the Obligations, that venue for any legal proceeding relating to the collection of this Guaranty shall be, at Lender's option, the county in which Lender has its principal office in Wisconsin, the county and state in which any Guarantor resides or the county and state in which this Guaranty was executed by Guarantor, and Guarantor waives any objection it, she or he may have at any time to the venue of any such proceeding brought in any such court, waives any claim that any such proceeding has been brought in an inconvenient forum and waives the right to object, with respect to any such proceeding that such court does not have jurisdiction over such party.

---

## JURY WAIVER

GUARANTOR KNOWINGLY AND VOLUNTARILY WAIVES TRIAL BY JURY IN ANY ACTION, PROCEEDING, CLAIM OR COUNTERCLAIM BASED UPON, ARISING OUT OF OR IN ANY WAY RELATING TO THIS GUARANTY, THE OBLIGATIONS GUARANTEED BY THIS GUARANTY OR ANY CONDUCT, ACT OR OMISSION OF LENDER, AND AGREES AND CONSENTS THAT ANY SUCH ACTION, PROCEEDING, CLAIM OR COUNTERCLAIM SHALL BE DECIDED BY TRIAL TO THE COURT WITHOUT A JURY. GUARANTOR ACKNOWLEDGES AND UNDERSTANDS THAT THIS WAIVER AND CONSENT CONSTITUTES A MATERIAL INDUCEMENT TO LENDER TO ENTER INTO THE TRANSACTION WITH THE DEBTOR.

**GUARANTOR**

WISCONSIN & MILWAUKEE HOTEL LLC

By: Jackson Street Management LLC, Manager

By: _____/s/ Mark Flaherty_____
Mark Flaherty, Manager

---

## ACKNOWLEDGMENT

STATE OF WISCONSIN  } ss.
COUNTY OF _____  }

This instrument was acknowledged before me on _____, 2022 _____, by Mark Flaherty, Manager of Jackson Street Management LLC, manager of Wisconsin & Milwaukee Hotel LLC.

_____
(Notary Signature)

Notary Public, _____ County, WI.

My Commission (expires) (is) _____

45699737v4