

Reinhart Boerner Van Deuren s.c.
1000 North Water Street, Suite 1700
Milwaukee, WI 53202-3197

Telephone: 414.298.1000
Facsimile: 414.298.8097
reinhartlaw.com

July 13, 2025

Frank W. DiCastri
Direct Dial: 414-298-8356
fdicastri@reinhartlaw.com

ELECTRONICALLY FILED (CM/ECF)

Honorable G. Michael Halfenger
Chief United States Bankruptcy Judge
Eastern District of Wisconsin
517 E. Wisconsin Ave.
Room140
Milwaukee, WI 53202

Dear Judge Halfenger:         Re:     In re Wisconsin & Milwaukee Hotel LLC
                                      Case No. 24-21743-gmh

This letter is being filed and served in response to Debtor's submissions on July 11, 2025, and as a supplement to Lenders' pending *Motion in Limine to Exclude Testimony of Attorney David T. Brown and Interest Rate Testimony of Deborah S. Friedland*, filed with the Court on July 9, 2025 [ECF 633] (the "Motion in Limine"). The Court has scheduled a hearing on the Motion in Limine for July 17, 2025 (the "Final Pretrial"), and Lenders request that the Court also consider at the Final Pretrial the information presented in this letter and the additional relief sought herein.

As the Court will recall, the May 29 scheduling order in this case provided that the parties' expert reports were due on or before June 6, 2025. Rebuttal reports were initially due June 20, but the parties agreed to extend the deadline for non-appraisal expert reports to July 3, 2025. July 11 was established as the deadline for Debtor to submit any new management or franchise agreements. The May 29 order provides clearly that "any failure to **fully comply** with all provisions of this order may result in the court taking adverse action against the non-compliant party without further notice or a hearing." [ECF 633]

On Friday, July 11, 2025, Debtor:

1. Filed a motion to assume the Marriott Franchise Agreement as it will be amended, but failed to provide any actual amendments to the Franchise Agreement. Instead, Debtor reports that such amendments should be available "within the next two weeks." [ECF 645, ¶ 8]

2. Shared with Lenders a new exhibit prepared by one of its experts, Deborah Friedland, that purports to show, for the first time in this case, an 18-year forecast of Debtor's operations.

3. Shared with Lenders a new, 23-page expert report of William Pederson.

These actions, each of which is addressed below, come after Debtor filed Plan supplements that included two unsigned commitment letters.

**No Franchise Agreement**

Debtor did not submit amendments to the Franchise Agreement, including the terms of any agreed-upon performance improvement plan (PIP), by July 11 as the May 29 Order requires. (The July 11 deadline was repeated in the Court's June 10 Order (ECF 593).) This puts Lenders in a very difficult position to assess feasibility of the Second Amended Plan and the value of the Hotel. Discovery on such terms is not possible before the Confirmation Hearing (recall that the May 29 Order provides a specific extension of the discovery cutoff for discovery relating to the new Franchise Agreement and management agreement), and Lenders have no time to consult with their experts about the new terms. Yet, presumably, Debtor intends to offer testimony about its negotiations with Marriott at the Confirmation Hearing. Given its failure to meet the July 11 deadline, Lenders request that Debtor be precluded from offering any evidence regarding the terms of an amended Franchise Agreement with Marriott, including, but not limited to, any new or agreed requirements for a performance improvement plan.

**New Friedland Exhibit**

Lenders' expert noted in its June 6 expert report that Debtor provided only five years of projections for an 18-year plan, a fact which has been apparent since Debtor filed its first Disclosure Statement on February 7, 2025. For more than five months, Debtor has led Lenders to believe that it intends to present at the Confirmation Hearing projections covering only the first five years of the Plan. Yet on July 11, after all expert reports were due and served, Debtor shared the new 18-year projection with a note that it was being shared "so that you have the opportunity to question [Ms. Friedland] about it in her deposition next week if you wish." Debtor seems to think that Ms. Friedland can testify about a new 18-year projection not included in either of her expert reports, as long as Lenders have a single business day to review it before Ms. Friedland's deposition on Tuesday, July 15, and notwithstanding the Court's clear deadlines to submit opening and rebuttal expert reports. This new exhibit should be excluded from the Confirmation Hearing.

**New Pederson Expert Report**

Debtor produced the new Pederson expert report after all deadlines for expert reports, and after Mr. Pederson already submitted two expert reports. The third Pederson report appears to opine on the value of a 100% equity interest in the Debtor. Mr. Pederson's deposition is tomorrow, Monday, July 14, at 9:30 a.m. Thus, Lenders will have not a single business day to review Mr. Pederson's third report, or to consult with expert witnesses about it, before taking Mr. Pederson's

deposition, and very little time to prepare for Mr. Pederson's proposed testimony at trial. This should not be allowed.

Your Honor, with Debtor's actions on July 11, and those described in the Motion in Limine, one could be forgiven for thinking that Debtor believes the Court's deadlines simply do not apply to it, or that Debtor is entitled to flexibility because Debtor *chose* to make last-minute Plan amendments to address Lenders' Plan objections *filed on May 21*.[1]  Lenders respectfully ask the Court to grant the Motion in Limine, and to further:

> (1) exclude any of Debtor's evidence regarding the terms of an amended Franchise Agreement with Marriott, including, but not limited to, any new or agreed requirements for a performance improvement plan;

> (2) exclude Ms. Friedland's new 18-year forecast exhibit; and

> (3) exclude the new, 23-page expert report of William Pederson dated July 11, 2025.

In addition, if Debtor needs more time before presenting its Second Amended Plan for confirmation (consider, for example, that Debtor has not filed a new disclosure statement, which means that none of the creditors have seen Debtor's new projections or any of the equity offering materials), Lenders request that the July 21 hearing dates be preserved for a hearing on Lenders' motion for relief from the automatic stay.[2]

Respectfully Submitted,

*s/ Frank DiCastri*

Frank W. DiCastri
*Counsel for the Lenders*

cc: CM/ECF Notice Parties

---

[1] Note also that Debtor has not filed or shared its exhibits for trial; Debtor apparently believes it has no Court-ordered deadline to do so.

[2] Surprising creditors with an equity offering package after the Confirmation Hearing could adversely affect the creditor participation rate, intentionally or not.