UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| In re: | Chapter 11 |
| WISCONSIN & MILWAUKEE HOTEL, LLC, | Case No. 24-21743 |
| Debtor. | Honorable G. Michael Halfenger |

**SUPPLEMENT TO MOTION FOR RELIEF FROM THE AUTOMATIC STAY**

Computershare Trust Company, N.A. ("Computershare") and Wisconsin & Milwaukee Hotel Funding LLC ("Funding," and together with Computershare, "Lenders"), by their attorneys, Reinhart Boerner Van Deuren s.c., hereby supplement their *Motion for Relief from the Automatic Stay* filed on June 5, 2025 (ECF #577) (the "Motion"), in light of recent developments in this case.

**INTRODUCTION**

1. The Court "shall" grant relief from the automatic stay under § 362(d)(2) if the debtor does not have any equity in the property, and such property is not necessary for an effective reorganization. Lenders have the burden to show that Debtor has no equity in the property; Debtor bears the burden on all other issues. *See In re GAC Storage El Monte, LLC,* 489 B.R. 747, 771-72 (Bankr. N.D. Ill. 2013).

2. There is still no dispute that Debtor lacks equity in the property. Debtor's appraiser will testify that the property has a value of $26 million, and Lenders' appraiser will testify that it has a value of $36.9 million, each on the assumption that the hotel would be sold and a "change of control" property improvement plan ("PIP") would be required. Computershare holds an undisputed, allowed secured claim of more than $45 million.

3. The evidence will show that the property is not necessary for an "effective" reorganization. To be effective, a plan must be confirmable. *See, e.g., GAC Storage,* 489 B.R. at 771. After fifteen (15) months in Chapter 11, and three attempts to propose a confirmable plan, all of which ended with the plans being withdrawn/amended, Debtor's burden to show that it can confirm a plan is at its highest point yet. *See, e.g., In re Kent Terminal Corp.*, 166 B.R. 555, 560-61 (Bankr. S.D.N.Y. 1994) ("To reflect the ongoing and cumulative costs of reorganization to secured creditors, a debtor's burden of exhibiting a reasonable probability of a successful reorganization increases as the case progresses."). Debtor cannot meet its high burden.

## **SUPPLEMENT**

4. The final pretrial hearing for Debtor's confirmation hearing on its Second Amended Plan occurred yesterday (the "Final Pretrial"). The morning of the Final Pretrial, the Court instructed Debtor on the law for the second time, on the same absolute priority rule issue, and Debtor's immediate response was to withdraw the Second Amended Plan and seek a new confirmation hearing in the fall. *Yet still counsel was only willing to say that Debtor would conduct an equity offering that looks "more like an auction."* This is not encouraging, and certainly is not a basis to adjourn the hearing on this Motion.

5. Bankruptcy Code section 362(e) requires that a final hearing be held on the Motion within 30 days after the conclusion of the preliminary hearing, unless the 30-day period is extended with the consent of the parties or for a specific time which the Court finds is required by "compelling circumstances." Lenders only consented to adjourn the final hearing on this Motion to the week of July 21; they do not consent to further adjournments. Debtor has never argued there are "compelling circumstances" to adjourn the hearing further, and the Court has found none.

54235954

2

Case 24-21743-gmh    Doc 659    Filed 07/18/25    Page 2 of 5

6. Debtor's failure to move forward for the third time provides further evidence that it cannot (or will not, in the case of the absolute priority issue) propose a confirmable plan. (Lest the point be missed, Debtor will *never* propose a fair auction of all equity interests, because to do so would be to risk losing control.) Under similar circumstances, and in similar timeframes, many courts have granted stay relief. *See, e.g., United Sav. Ass'n of Texas v. Timbers of Inwood Forest Associates, Ltd.*, 484 U.S. 365, 376 (1988) ("The cases are numerous in which § 362(d)(2) relief has been provided within less than a year from the filing of the bankruptcy petition.") ("[E]ven within [Debtor's exclusive] period [to file a plan,] lack of any realistic prospect of effective reorganization will require § 362(d)(2) relief.") (citing cases). *See also GAC Storage*, at 772-73 (lifting stay after denying confirmation of plan more than one year after petition date); *In re 4848, LLC*, 490 B.R. 343 (Bankr. E.D. Wis. 2013) (granting stay relief after four months, following determination that plan was not feasible); *In re Multiut Corp.*, 449 B.R. 323, 355 (Bankr. N.D. Ill. 2011) (denying confirmation and subsequently converting case after approximately two years); *In re Mayslake Village-Plainfield Campus, Inc.*, 441 B.R. 309, 324 (Bankr. N.D. Ill. 2010) (lifting stay after denying confirmation of plan more than one year after petition date). *Cf. In re Settler's Housing Service, Inc.*, 505 B.R. 483, 496 (Bankr. N.D. Ill. 2014) (finding plan not feasible six months after petition date but maintaining stay only to decide adversary proceeding against lender). This Court should do so here.

7. Recent developments also show that Debtor is not living up to its commitments to provide information critical to its proposed restructuring plan by the deadlines imposed on it. July 11 was Debtor's deadline to "file and serve any new or revised . . . franchise agreement." *Court Minutes and Order*, June 11, 2025, at 2 (ECF #593). Debtor failed to do so, though it has

known since the Petition Date that amendments to the franchise agreement, and the scope of an expected PIP, were going to be required.

8. Further delay is prejudicial to all involved. Administrative expenses are continuing to rise; Lenders expect that professional fees in this case are quickly approaching the $1.5 million mark. Every time a confirmation hearing is delayed to afford Debtor yet another opportunity to tweak its plan, to address the issue of the day, it adds tens, if not hundreds, of thousands more in professional expense. Attorney fees accumulate; experts need to revise reports; more pleadings are filed; and Lenders carry on without debt service, and without post-petition interest or fees.

9. "Chapter 11 provides a reasonable opportunity for corporate reorganization[;] it does not guarantee reorganization nor does it permit an indefinite suspension of creditors' rights and remedies pending the unsuccessful attempts of any party to effect a reorganization of debt." *In re Woodbrook Assocs.*, 19 F.3d 312, 322 (7th Cir. 1994) (citation omitted) (holding that bankruptcy court did not abuse its discretion in dismissing case after 10 months). This Motion should be granted.

## REQUEST FOR IMMEDIATE HEARING

10. "The parties consented to hold the final hearing on the motion for relief from the automatic stay at the end of the confirmation hearing, scheduled for July 21, 2025, through July 25, 2025." *Court Minutes and Order*, June 11, 2025, at 2 (ECF #593). Because Debtor is not ready to move forward with its Second Amended Plan, Lenders respectfully request that the Court move forward on Lenders' Motion.

WHEREFORE, Lenders respectfully request that the Court enter an order lifting the automatic stay to allow Lenders to foreclose other interests in the Collateral, and waiving the 14-day stay otherwise imposed by Bankruptcy Rule 4001(a)(4).

DATED: July 18, 2025

COMPUTERSHARE TRUST COMPANY, N.A.
WISCONSIN & MILWAUKEE HOTEL FUNDING LLC

BY: */s/ Frank W. DiCastri*

Frank W. DiCastri
Sara C. McNamara
REINHART BOERNER VAN DEUREN s.c.
1000 North Water Street, Suite 1700
Milwaukee, WI 53202-3186
414-298-1000
fdicastri@reinhartlaw.com
smcnamara@reinhartlaw.com