So Ordered.

Dated: July 18, 2025



G. Michael Halfenger
Chief United States Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF WISCONSIN
Court Minutes and Order

| | |
|---|---|
| CHAPTER: | 11 |
| DATE: | July 17, 2025 |
| JUDGE: | G. Michael Halfenger |
| CASE NO.: | 24-21743-gmh |
| DEBTOR: | Wisconsin & Milwaukee Hotel LLC |
| APPEARANCES: | Michael Richman, appearing for the debtor |
| | Frank DiCastri and Sara McNamara, appearing for Computershare Trust Company, N.A. and Wisconsin & Milwaukee Hotel Funding LLC |
| | Amy Daleo, appearing for White Lodging Services Corporation |
| | L. Katie Mason and Benjamin Gilbert, appearing on behalf of Marriott International, Inc. |
| | Dillion Ambrose, appearing for the United States trustee |
| HEARING: | 1. Final pretrial conference regarding confirmation of the debtor's chapter 11 plan |
| | 2. The debtor's application to employ Much Shelist, P.C. as special counsel for a specific purpose |

|                      |                                                                                                                                                                        |
|----------------------|------------------------------------------------------------------------------------------------------------------------------------------------------------------------|
|                      | 3. White Lodging Services Corporation's renewed motion to compel debtor to assume or reject its Management Agreement with White Lodging                                |
|                      | 4. Computershare Trust Company, N.A. and Wisconsin & Milwaukee Hotel Funding LLC's motion in limine and motion to expedite the hearing on the motion in limine         |
| COURTROOM DEPUTY:    | Sara Hackbarth                                                                                                                                                         |

The court held a hearing in this chapter 11 case on the matters listed above. A recording of the hearing has been posted to the docket.

**Final pretrial conference**

After a discussion on the record, the debtor stated that it would be amending its chapter 11 plan in the future to address the absolute priority rule issues identified by the court in its July 17, 2025 docket order. As a result, the debtor will not go forward with an evidentiary confirmation hearing next week, though it will hear evidence and adjudicate issues that may be applicable to confirmation of a future modified plan.

The court will instead proceed with an evidentiary hearing on the valuation of Computershare Trust Company, N.A.'s collateral, and on Computershare Trust Company, N.A. and Wisconsin & Milwaukee Hotel Funding LLC's motion for relief from the automatic stay.

The evidentiary hearing will not begin on Monday, July 21, 2025, as previously scheduled; instead, **the evidentiary hearing will commence on Tuesday, July 22, 2025, at 10:00 a.m.** at the U.S. Federal Courthouse-Milwaukee, 517 East Wisconsin Avenue, Room 133, Milwaukee, Wisconsin, and will continue each day thereafter through and including Friday, July 25, 2025, unless the parties file correspondence by the end of the day on July 18, 2025, notifying the court that their witnesses are unavailable to attend an evidentiary hearing under this new schedule.

Any party in interest who would like to appear at the July 22, 2025 hearing by telephone for observational purposes only may do so by filing a letter so requesting by no later than 5:00 p.m. on Monday, July 21, 2025. The court will enter a docket entry providing telephone instructions for parties in interest who so request. Any party who appears for

observations purposes is not authorized to present argument or evidence at the evidentiary hearing.

## The debtor's application to employ Much Shelist, P.C. as special counsel for a specific purpose

Computershare Trust Company, N.A. and Wisconsin & Milwaukee Hotel Funding LLC objected to the debtor's application to employ Much Shelist as special counsel. After a discussion on the record, the court overruled the objection and approved the application effective June 24, 2025, without prejudice to any future objection by Computershare Trust Company, N.A. and Wisconsin & Milwaukee Hotel Funding LLC to any compensation and expenses that Much Shelist later pursues in this case under 11 U.S.C. §§330 and 503(b)(2).

## White Lodging Services Corporation's renewed motion to compel debtor to assume or reject its Management Agreement with White Lodging

White Lodging Services Corporation argued that its motion to compel the debtor to assume or reject its Management Agreement is not moot; although the debtor has since filed a motion to reject White Lodging's management agreement, the debtor's motion does not contain a definite rejection date for White Lodging's management agreement.

The court will adjudicate White Lodging's motion when it adjudicates the debtor's pending motions to (1) reject White Lodging Services Corporation's management agreement and (2) enter into a management agreement with Avion Hospitality, LLC. The deadline to object to those motions is August 1, 2025, and the court will take up this matter after the objection deadline expires.

## Computershare Trust Company, N.A. and Wisconsin & Milwaukee Hotel Funding LLC's motion for limine and motion to expedite hearing on the motion in limine

The court granted Computershare Trust Company, N.A. and Wisconsin & Milwaukee Hotel Funding LLC's motion to expedite the hearing on the motion in limine to the extent adjudicated at the hearing.

The court granted the motion in limine with respect to the testimony of David Brown without prejudice to the debtor renewing the request to provide testimony from David Brown should circumstances warrant in the future.

With respect to Computershare's motion in limine regarding the testimony from Deborah Friedland about the appropriate interest rate and the new exhibit she created containing updated projections, the court concluded that it would hold this portion of the motion in abeyance and will decide the motion at the time that Ms. Friedland attempts to present the evidence identified by Computershare.

With respect to Computershare's objection to the new expert report that it received from William Pederson, the debtor's expert, the court concluded that it would hold this motion in abeyance and will decide the motion at the time that Mr. Pederson attempts to present the evidence identified by Computershare.

As to the objections relating to Friedland and Pederson, Computershare must renew the objections before or during their testimony to preserve those objections.

Finally, with respect to Computershare's objection to the debtor's provision of testimony or other evidence regarding the terms of an amended franchise agreement with Marriott or the performance improvement plan that Marriott has approved for the debtor's hotel, the motion in limine is denied but with leave to renew those arguments in the future.

# # # # #