So Ordered.

Dated: July 25, 2025



G. Michael Halfenger
Chief United States Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF WISCONSIN
Court Minutes and Order

| | |
|---|---|
| CHAPTER: | 11 |
| DATE: | July 22, 2025, through July 25, 2025 |
| JUDGE: | G. Michael Halfenger |
| CASE NO.: | 24-21743-gmh |
| DEBTOR: | Wisconsin & Milwaukee Hotel LLC |
| APPEARANCES: | Michael Richman, appearing for the debtor |
| | Frank DiCastri and Sara McNamara, appearing for Computershare Trust Company, N.A. and Wisconsin & Milwaukee Hotel Funding LLC |
| | L. Katie Mason, appearing on behalf of Marriott International, Inc. |
| | Dillon Ambrose, appearing for the United States trustee (in person on July 22, 2025, and by telephone on July 23, 2025, through July 25, 2025) |
| HEARING: | Evidentiary hearing on Computershare Trust Company, N.A. and Wisconsin & Milwaukee Hotel Funding LLC's motion for relief from the automatic stay |
| COURTROOM DEPUTY: | Sara Hackbarth (July 22, 2025) |
| | Emily Tauscheck (July 23, 2025-July 25, 2025) |

The court held an evidentiary hearing on Computershare Trust Company, N.A. and Wisconsin & Milwaukee Hotel Funding LLC's ("Computershare") motion for relief from the automatic stay to determine the valuation of the debtor's hotel, which it conducted on July 22, 2025, July 23, 2025, and part of July 24, 2025.

Computershare moved under Federal Rule of Evidence 615(a) to exclude the witnesses from the courtroom on July 22, 2025, and July 23, 2025, and those motions were granted.

The debtor offered the appraisal testimony of Jonathan Jaeger, senior managing director of LW Hospitality Advisors. The Lenders offered the appraisal testimony of Tanya Pierson, senior managing director of TS Worldwide, LLC, which does business as HVS Consulting and Valuation. The court will file a separate exhibit list that details the exhibits that were offered and admitted at the evidentiary hearing.

On July 25, 2025, the court announced its oral ruling on valuation by telephone, concluding that the hotel has a fair market value of $26 million. A recording of the oral ruling has been posted to the docket. All parties listed above appeared by telephone for the announcement of the July 25, 2025 oral ruling.

After a discussion on the record with the parties regarding how to proceed with the remainder of the evidentiary hearing on Computershare's motion for relief, the court scheduled further hearings and deadlines for the further adjudication of Computershare's motion for relief from the automatic stay. As a result, IT IS HEREBY ORDERED as follows:

- The debtor must file a final version of its chapter 11 plan by no later than **August 4, 2025**. This is the final plan amendment deadline. The debtor may not amend its chapter 11 plan after August 4, 2025 without leave of court.

- The court will convene a continued evidentiary hearing on Computershare's motion for relief from the automatic stay on **August 6, 2025, starting at 10:00 a.m.** in Room 133 of the US Federal Courthouse-Milwaukee, 517 E. Wisconsin Avenue, Milwaukee, Wisconsin, and continuing August 11, 2025, at 10:00 a.m. and August 14, 2025, at 10:00 a.m. in Room 133 of the Courthouse.

- The court will hold a pretrial conference on **August 5, 2025, at 9:30 a.m.** by telephone. To appear by telephone, you must call the court conference line at 1-669-254-5252, and enter Meeting ID 161 2029 1132 and Passcode 600430 before the scheduled hearing time.

- By no later than **Tuesday, August 5,** the parties must file with the court:

    o Copies of exhibits that they contemplate using at the evidentiary hearing. Exhibits should be numbered as described in the procedures posted on the court's website at https://www.wieb.uscourts.gov/content/judge-g-michael-halfenger-chief-judge.

    - To expedite the proceedings, the parties must bring paper copies of all exhibits to the evidentiary hearing. They should have sufficient sets for use by the court and witnesses. The sets for use by the witness and the court must include the ECF filing stamp on each page. The parties are responsible for having their own copies of each exhibit. Regardless of the parties' use of paper exhibits during the trial, the official record exhibits will be those filed on the electronic docket, unless the court otherwise orders.

    o A list of the witnesses that they intend to call at the evidentiary hearing in their case-in-chief, along with a summary of the testimony each witness will provide at the evidentiary hearing. For any witness expected to present evidence under Federal Rule of Evidence 702, 703, or 705, the witness list must also include the subject matter on which the witness is expected to present that evidence, and a summary of the facts and opinions to which the witness is expected to testify.

- The failure to identify an exhibit or witness may result in exclusion of the exhibit or witness on that ground, except upon a showing that the failure was substantially justified or harmless.

- The failure to timely comply with any provision of this order may result in the court taking adverse action against the non-compliant party without further notice or a hearing.

- This evidentiary hearing will not be rescheduled, except for good cause and by written order of the court.

# # # # #