So Ordered.

Dated: August 15, 2025



G. Michael Halfenger  
Chief United States Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF WISCONSIN
Court Minutes and Order

| | |
|---|---|
| CHAPTER: | 11 |
| DATE: | August 6, 2024, August 11, 2025, and August 14, 2025 |
| JUDGE: | G. Michael Halfenger |
| CASE NO.: | 24-21743-gmh |
| DEBTOR: | Wisconsin & Milwaukee Hotel LLC |
| APPEARANCES: | Michael Richman, appearing for the debtor |
| | Frank DiCastri and Sara McNamara, appearing for Computershare Trust Company, N.A. and Wisconsin & Milwaukee Hotel Funding LLC |
| | L. Katie Mason, appearing on behalf of Marriott International, Inc. |
| | Amy Daleo, appearing for White Lodging Services Corporation (appearing in person on August 6 and 11, and by telephone on August 14) |
| | Dillon Ambrose, appearing for the United States trustee (appearing by telephone) |
| HEARING: | Continued evidentiary hearing on Computershare Trust Company, N.A. and Wisconsin & Milwaukee Hotel Funding LLC's motion for relief from the automatic stay |
| COURTROOM DEPUTY: | Sara Hackbarth |

The court held a continued evidentiary hearing on August 6, 11, and 14, 2025, on Computershare Trust Company, N.A., and Wisconsin & Milwaukee Hotel Funding LLC's (the "Lender") motion for relief from the automatic stay. A recording of the hearing has been posted to the docket.

The debtor offered the testimony of William Pederson, a Director at Eisner Advisory Group LLC and Deborah Friedland, a Managing Director at Eisner Advisory Group LLC. Cynthia Nelson, a Senior Managing Director at FTI Consulting, Inc., testified on behalf of Computershare Trust Company, N.A., and Wisconsin & Milwaukee Hotel Funding LLC (the "Lender"). The court will file a separate exhibit list that details the exhibits that were admitted at the evidentiary hearing.

At the conclusion of the hearing, the court ordered as follows:

1. By no later than September 15, 2025, the debtor must file a response to the Lender's motion for relief from the automatic stay. The response must also address the matters discussed in detail on the record regarding *Till v. SCS Credit Corp.*, 541 U.S. 465 (2004), and the methodology to select the base rate to determine the interest rate to be used to calculate the present value of the plan's deferred payments to the Lender; i.e., to determine whether the plan's deferred payments total an amount, as of the effective date of the plan, that is at least equal to the value of the Lender's interest in the estate's interest in the hotel.

2. At the August 14 proceedings the court directed the Lender to file a reply to the debtor's response by no later than September 22, 2025. On August 15, 2025, Lender's counsel filed a letter requesting an extension of the deadline to September 29, 2025, reporting that he had overlooked a previously scheduled trip out of the country from September 20, 2025, through September 24, 2025. Counsel's request is granted. The Lender must file any reply to the debtor's response by no later than September 29, 2025.

3. The court's local rule on page limitations is inapplicable to these filings, though the court hopes for reasonable parsimony of presentation.

After reviewing the parties' responses, the court will schedule further proceedings.

# # # # #